Leave to file GRANTED

TREVOR N. MCFADDEN
United States District Judge

3/24/21

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------x
UNITED STATES OF AMERICA,
    PLAINTIFF

-v-                              1;20-cr-00278 TNM

KEITH BERMAN,
    DEFENDANT                NOTICE OF MOTION

------------------x

PLEASE TAKE NOTICE that upon the annexed Declaration of Walter P. Loughlin. and the exhibits annexed to the Declaration, the Defendant Keith Berman will move this Court, as soon as this matter can be heard for an Order modifying the terms and conditions of the Defendant's pretrial release and for such other and further relief the Court deems just and proper.

Dated:

March 22, 2021

New York, New York

Walter P. Loughlin

Counsel for Defendant Keith Berman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Leave to file GRANTED

TREVOR N. MCFADDEN
United States District Judge

3/24/21

------------------x

UNITED STATES OF AMERICA,
    PLAINTIFF

-v-

1-20-cr-00278 TNM

KEITH BERMAN,
    DEFENDANT

------------------x

## DECLARATION OF WALTER P. LOUGHLIN

1. I am an attorney admitted to practice in the State of New York, the United States District Court for the Southern District of New York, and other federal courts. My application for admission to the United States District Court for the District of Columbia has been submitted and is in process.

2. I make this Declaration pursuant to Title 28 United States Code, Section 1746 in support of the defendant's application to modify the terms of his pretrial release.

Mr. Berman's Arrest and the Conditions of His Pretrial Release

3. In the pre-dawn hours of December 17, 2020, Mr. Berman was aroused from sleep at his place of residence in the greater Los Angeles area by the arrival of a large group of armed federal agents who arrested him on a warrant issued on the basis of a sealed Indictment dated two days earlier, December 15, 2020, and which was unsealed the day of his arrest. Mr. Berman was not allowed to get dressed. He was handcuffed while still in his nightclothes, restrained by shackles, and transferred to detention to await his initial appearance which

occurred later that afternoon. All of this was excessive and needlessly heavy-handed. Had defense counsel been informed of the return of an Indictment, we would have arranged for Mr. Berman's voluntary surrender.

4. Following the arrest, Ronald S. Herzog and I, representing Mr. Berman, entered into discussions on the issue of Mr. Berman's release on bail with the Government, represented by Christopher Fenton. As a 67-year old man (soon to be 68 years of age) who had never before had any brush with the criminal law, and who was charged with non-violent and classic white collar offenses—securities fraud and making a false statement in an SEC deposition—we believed Mr. Berman should be released on a personal recognizance bond. The Government's contrary position was that Mr. Berman's age actually heightened the risk that he would flee to avoid prosecution: "In the government's view, Mr. Berman has a significant incentive to flee—he is 67 years old and, if convicted, is facing a substantial sentence." (Email exchange between counsel, December 17, 2020). This assessment of Mr. Berman's supposed propensity to flee occurred before it was learned that Mr. Berman had no passport. Indeed, on December 21, 2020, five days after his arrest, Mr. Berman submitted an affidavit to the District Court attesting to this fact, and to an undertaking not to apply for a passport during the pendency of this case. The veracity of these representations has never been questioned.

5. Government counsel then argued that Mr. Berman's attitude toward his prosecution and some of the conduct alleged in the Indictment affected the terms of bail : "There are also serious questions whether [Mr. Berman] will comply with conditions of release [because] he has demonstrated a disdain for the federal government, and repeatedly lied to both the FBI and the SEC." (Id.) Whatever the Government may seek to prove at trial about Mr. Berman's truthfulness, it has chosen to prosecute him solely with making a single false statement, in violation of 18 U.S.C. Section 1001, during an SEC deposition that extended over two days

during which he allegedly falsely denied being "involved with posting on Investor Hub message boards." (Count Two).

6. The Government's position was also that Mr. Berman should be required to post a secured bond in the amount of $100,000 and be subject to electronic monitoring. Two additional "special conditions" were also required by the Government: "(1) the defendant is prohibited from directly or indirectly communicating with Decision Diagnostics Corp.'s investors on an individualized basis," and "(2) the defendant is prohibited from using a fake identity to influence matters related to Decision Diagnostics Corp." With respect to the possibility that an individual shareholder or investor might initiate contact with Mr. Berman, it was agreed that any such person would be referred to defense counsel. The Government has explained that the first special condition was aimed at preventing Mr. Berman from engaging in possibly wrongful communication with persons the Government deems to be victims of the alleged securities fraud or with persons the Government may call as trial witnesses. The second special condition appears to relate to the allegation in the Indictment to the effect that "Mr. Berman used an alias to post positive messages about DECN's business and operations on investor message boards." (Ind. par. 13c).

7. Defense counsel felt constrained to agree to these special conditions in order to obtain Mr. Berman's release from custody. However, upon reviewing the bail document created at Mr. Berman's initial appearance before Magistrate Judge Karen L. Stevenson, it appeared that these special conditions were redundant. This is because the standard conditions of bail already addressed these issues. Separate and apart from the special conditions, Judge Stevenson's bail order required that Mr. Berman:

> "Avoid all contact, directly or indirectly (including by electronic means) with any person who is a known victim or witness in the subject investigation or prosecution."

> "[N]ot use or possess any identification...access device...other

than in your legal or true name....(Exhibit A).

8. The special condition restriction on what would ordinarily be typical business communication was imposed even though the Government knew that DECN's primary business is completely unrelated to the COVID-19 blood sample test kit that is the subject of the Indictment, which describes DECN is "a medical device company…in the business of developing, manufacturing, and distributing glucose test strips and meters," a product aimed at monitoring diabetes. (Ind. par. 1). Moreover, the restriction ignores the undisputed fact that Mr. Berman is the sole officer and director of DECN. The Indictment describes his roles at DECN as including "Chief Executive Officer, Chief Financial Officer, Secretary, and Treasurer [and] sole director," (Ind. par. 3). He is therefore the only person who is can communicate effectively with company investors and shareholders.

9. Defense counsel advised the Government that it did not believe electronic monitoring was necessary but would agree to it if Mr. Berman could be released immediately and be afforded a reasonable time to obtain any secured bond imposed. Mr. Berman and all counsel appeared remotely before Magistrate Judge Stevenson who ruled that no electronic monitoring hardware was called for—only a remote location monitoring program such as voice or instant picture identification was required. Instead of the $100,000 secured bond initially proposed by the Government, the Court required only an appearance bond of $20,000 to be submitted by Mr. Berman or another responsible third party surety by December 22, 2020. The special conditions were imposed. The Court ruled that Mr. Berman be released forthwith. Exhibit A). When released, and still in his nightclothes, Mr. Berman inquired of the officials where he had been detained about how he should manage to get back home, roughly fifty miles away. It was suggested that he borrow a telephone from someone and call an Uber.

10. In the more than three months since the date of his arrest and the setting of bail,

neither Government counsel nor Pretrial Services has advised defense counsel of any instance of non-compliance by Mr. Berman with any of the conditions of his pretrial release.

The Current Application

11. On February 24, 2021, there was a status conference with the Court attended remotely Mr. Berman and counsel for the parties. After consideration of Mr. Berman's declaration on the issue of defenses counsels' possible conflicts of interest, as to which the Government pronounced itself satisfied, and the issue of scheduling in preparation for a potential July 12, 2021 trial date, the issue of Mr. Berman's bail conditions arose. Defense counsel observed that DECN was an ongoing business and that the restrictions on his travel and communication with company shareholders and investors were impairing the DECN's ability to conduct business. The Court instructed counsel for the parties to confer about these issues to see if any agreement could be reached that would avoid bail conditions that were overly broad.

12. On March 10, counsel discussed these issues in detail by telephone. Government counsel asked that the proposed modifications be submitted in writing. I did so by letter dated March 12, 2021, a copy of which is attached as Exhibit B. As set forth in the letter, the proposed modifications relate to Mr. Berman's travel restrictions and to the limits on his ability to speak with individual DECN investors and shareholders or prospective investors who may want to purchase shares in the company. On March 19, nine days after the conference call, and one week after the submission of my letter, I received an email from Government counsel which stated: "The government has considered your proposed modifications to the defendant's conditions of release and we cannot agree to those changes. If you make a motion, please mark it as opposed." (Email of December 19, 2021).

The Proposed Modification on Travel

13. Mr. Berman is presently limited to the Central District of California, where he lives and works, and to the District of Columbia. The proposed modification is that Mr. Berman be permitted to travel to the areas directly adjoining the Central District—the Southern and Northern Districts of California and the Districts of Arizona and Nevada—all of which are no more than a few hundred miles from the Central District ofCalifornia. As we explained to the Government, the purpose of this travel is primarily business. DECN, like many smaller public companies, is in need of financing to support its operations. Mr. Berman has reason to believe that there are potential sources of such funding he may be able obtain through meetings in these locations. In addition, Mr. Berman wishes to visit his son, a physician in San Diego, in the Southern District of California. It is also of note that DECN is incorporated in Nevada, which it has been since the company's inception.

14. The proposed travel modification poses no risk relevant to bail. Mr. Berman's travel within the State of California and two adjoining states hardly increases his opportunity to flee to avoid prosecution—the justification for pretrial travel restrictions. His bail includes a requirement of location monitoring which the Pretrial Services Officer supervising Mr. Berman uses regularly to contact him and determine his location. There is also a surety bond in place furnished by a third party. The potential forfeiture of that bond operates as moral suasion against any risk of flight.

15. The second proposed modification seeks to permit Mr. Berman to communicate with specific categories of investors and shareholders, and to similarly communicate with prospective investors and shareholders. The relevant special condition prohibits him from communicating with any such person on an individual basis. Specifically, the proposal is that Mr. Berman be permitted to communicate with the following categories of persons even if this involves

conversations with individuals:

> -Any person as to whom DECN has a contractual obligation including persons who may be entitled to the issuance of warrants or bonus stock.
>
> -Any person as to whom there is a requirement that they be included in DECN's filing of its year-end 2020 financial report, due March 31, 2021, such as for accounting, confirmation, or reporting purposes.
>
> -Any person who may be interested in investing in DECN now or at a future time.
>
> -Any person who may be interested in representing DECN as a dealer or distributor of its products or who may introduce DECN to others who may wish to do so.
>
> -Any person who may wish to participate in confidential product testing or verification.

16. The Government's expressed reason for opposing this modification is that any such individual conversations could lead to wrongful communication with victims of the alleged fraud or with Government trial witnesses. However, on its face, these categories of persons do not appear to include any known trial witnesses. Moreover, the Government has advised defense counsel that it deems victims of the alleged fraud to be persons who purchased DECN stock in 2020 when its share price was allegedly inflated by DECN press releases, attributed to Mr. Berman, which included statements about the development of a COVID-19 home test kit based on a blood sample.

17. Mr. Berman's communications with the persons set forth above in par. 14 would have nothing to do with the blood sample product that is at the heart of the Indictment. That is because DECN's current product development—apart from its established glucose testing product line—is a home COVID-19 test kit based on a saliva sample. DECN's Quarterly Report for the Period Ending September 30, 2020 states: "The first of the company's Gen Viro! Swift Products will be its saliva-based kit." This report is available on DECN's web site. http;//www.decisiondiagnosticsco. The FDA has already approved home-based saliva test products. "Coronavirus (COVID-19) Update: FDA Approves First

Diagnostic Test Using At-Home Collection of Saliva Specimens." http://www.fda.gov/news-events/press-announcements/coronavirus-covid-19-update-fda-authorizes-first-diagnostic-test-using-home-collection-saliva.

18. Turning to the persons in the two categories set forth above in par. 14 who may have purchased shares in 2020 and thus may, at least theoretically, include persons within the Government's definition of possible victims, the Government has suggested the prophylactic of having some representative of DECN other than Mr. Berman speak to these persons. However, there are at least two reasons why this is unrealistic. First, in view of Mr. Berman's role as DECN's sole officer and director, there is no alternative company representative who can communicate with persons to whom DECN has contractual obligations related to their shareholding or persons Mr. Berman needs to speak with as the company's annual financial report is prepared. Second, the premise of the Government opposition to Mr. Berman's speaking individually with current shareholders of DECN stock appears to be that this will necessarily lead to him interacting with alleged victims. But DECN has more than 346 million issued and outstanding shares. Company data reviewed in order to respond to a 2020 SEC subpoena revealed that there were nearly 12,000 individual DECN shareholders. The scale of these figures suggests that the Government's concerns about the proposed modification of Mr. Berman's ability to communicate with the specific categories of persons set forth above in par. 14 are overstated.

I state under penalty of perjury, that the foregoing is true and correct.

Executed on:

March 22, 2021

New York, New York

_____
Walter P. Loughlin

EXHIBIT A

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

Case Name: United States of America v. **Keith Berman**  ☒ Defendant  ☐ Material Witness

Case No. **20 MJ 6108-1**

Violation of Title and Section: **15 USC 78 78ff 17C F.R. 240.10b5 18 USC 1001**

☐ Summons  ☒ Out of District  ☐ UNDER SEAL  ☐ Modified Date: _____

*Check only one of the five numbered boxes below (unless one bond is to be replaced by another):*

1. ☐ Personal Recognizance (*Signature Only*)
2. ☐ Unsecured Appearance Bond  $_____
3. ☒ Appearance Bond  $ **20,000.00**
   - (a). ☐ Cash Deposit (*Amount or %*) (*Form CR-7*)
   - (b). ☒ Affidavit of Surety Without Justification (*Form CR-4*) Signed by:
     **Replaced Responsible 3RD Party by ~~Himself~~**
     **\*Forthwith Release to be posted by Himself + Replaced by 3RD Party by no later than 12/22/2020 - 5:00 p.m.**

(c). ☐ Affidavit of Surety With Justification (*Form CR-3*) Signed by: _____

☐ With Full Deeding of Property: _____

4. ☐ Collateral Bond in the Amount of (*Cash or Negotiable Securities*):  $_____
5. ☐ Corporate Surety Bond in the Amount of:  $_____

Release No. **40280**
☐ Release to Pretrial ONLY
☐ Release to Probation ONLY
☒ Forthwith Release

☒ All Conditions of Bond (*Except Clearing-Warrants Condition*) Must be Met and Posted by: **12/22/2020 - 5:00 pm**

☐ Third-Party Custody Affidavit (*Form CR-31*)

☒ Bail Fixed by Court: **KS / 97**
(Judge / Clerk's Initials)

## PRECONDITIONS TO RELEASE

☐ The government has requested a Nebbia hearing under 18 U.S.C. § 3142(g)(4).
☐ The Court has ordered a Nebbia hearing under § 3142(g)(4).
☐ The Nebbia hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

## ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

☒ Submit to: ☒ Pretrial Services Agency (PSA) supervision as directed by PSA; ☐ Probation (USPO) supervision as directed by USPO. (*The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency."*)

☒ Surrender all passports and travel documents to Supervising Agency no later than **12/22/2020 - 5:00 p.m.**, sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case.

☒ Travel is restricted to **CDC / District of Columbia** unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel.

☒ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

☒ Maintain or actively seek employment and provide proof to Supervising Agency. ☐ Employment to be approved by Supervising Agency.

☐ Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials: X **KB**  Date: X **12/17/20**

CR-1 (05/19)  CENTRAL DISTRICT OF CALIFORNIA RELEASE ORDER AND BOND FORM  PAGE 1 OF 4

Case Name: United States of America v. Keith Dachman    Case No. 20 MJ 6108 - 1

☒ Defendant   ☐ Material Witness

☒ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or witness in the subject investigation or prosecution, ☒ including but not limited to (*See other conditions) ; ☐ except _____

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present: _____

☐ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☒ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency. ☒ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☒ Do not sell, transfer, or give away any asset valued at $ 10,000.00 or more without notifying and obtaining permission from the Court, except _____

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and requirements of the program. You must pay all or part of the costs for treatment based upon your ability to pay as determined by Supervising Agency.

☐ Do not use or possess illegal drugs or state-authorized marijuana. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

☐ Submit to: ☐ drug and/or ☐ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency. You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ Release to PSA only ☐ Release to USPO only

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

☒ Participate in the Location Monitoring Program and abide by all of the requirements of the program, under the direction of Supervising Agency, which ☐ will or ☒ will not include a location monitoring bracelet. You must pay all or part of the costs of the program based upon your ability to pay as determined by Supervising Agency. You must be financially responsible for any lost or damaged equipment. ☒ Location monitoring only - no residential restrictions; But to include Voice ID (Identification)

-or-

☐ You are restricted to your residence every day:
    ☐ from _____ ☐ a.m. ☐ p.m. to _____ ☐ a.m. ☐ p.m.
    ☐ as directed by Supervising Agency;

-or-

Defendant's Initials: X KD    Date: X 12/17/20

CR-1 (05/19)    CENTRAL DISTRICT OF CALIFORNIA RELEASE ORDER AND BOND FORM    PAGE 2 OF 4

Case Name: United States of America v. Keith Berman      Case No. 20MJ6108-1

☒ Defendant  ☐ Material Witness

☐ You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances, and _____, all of which must be preapproved by Supervising Agency;

☐ Release to PSA only  ☐ Release to USPO only

☐ You are placed in the third-party custody (*Form CR-31*) of _____.

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within ___ days of release from custody.

☐ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except as approved by Supervising Agency.  ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

☐ Do not view or possess child pornography or child erotica. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S. Marshal.

☒ Other conditions:

☒ Avoid all contact, directly, indirectly - Decision Diagnostics Corp its Investors on an individualized basis. If Deff is contacted by someone who wishes to have prohibited contact or communication with him, he is to refer them to counsel.

☒ Def is prohibited from using a fake identity or alias to influence matters related to Decision Diagnostics.

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: KB      Date: x 12/17/20

Case Name: United States of America v. KEITH BERMAN         Case No. 20 MJ 6108-1

☒ Defendant   ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.

X 12/17/20          X [signature]                              X 805-207-5900
Date               Signature of Defendant / Material Witness   Telephone Number

X  Westlake Village, CA 91361
City and State (DO NOT INCLUDE ZIP CODE)

☐ Check if interpreter is used: I have interpreted into the _____ language this entire form and have been told by the defendant that he or she understands all of it.

_____                          _____
Interpreter's Signature                                   Date

Approved: [signature] Dawn L. Emerson                     December 18, 2020
United States ~~District Judge~~ / Magistrate Judge        Date

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: X KB   Date: X 12/17/20

CR-1 (05/19)   CENTRAL DISTRICT OF CALIFORNIA RELEASE ORDER AND BOND FORM   PAGE 4 OF 4

EXHIBIT B

<mark><mark><mark><mark><mark><mark><mark></mark></mark></mark></mark></mark></mark></mark>

WALTER P. LOUGHLIN
Attorney-at-Law
340 West 57th Street
Suite 5D
New York, New York 10019
(203) 2163445
walter.loughlin@gmail.com

March 12, 2021

VIA EMAIL

Christopher Fenton, Esq.
Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20530

> Re:  United States v. Berman
>      1-20-cr-00278 TNM

Dear Christopher:

I write to set forth the proposed modifications to Mr. Berman's current bond conditions that we discussed in our telephone call of March 10 in order to facilitate your review of these modifications.

You will recall that we raised this issue with the Court during the February 24 status conference, citing the fact that the overly restrictive nature of the current conditions impaired the ability of DECN to operate its business, a comment with which the Court appeared to agree. Judge McFadden instructed defense counsel and the Government to confer about these issues to determine whether we could reach agreement about avoiding overly broad restrictions.

The modifications are in two categories: (1) expanding the ability of Mr. Berman to travel to places immediately contiguous to the Central District of California, and (2) permitting him to communicate with specific categories of specific or prospective Decision Diagnostics ("DECN") investors or shareholders.

With respect to travel, currently Mr. Berman is limited to the Central District of California, where he lives and works, and the District of Columbia, where the case is pending. The proposal is that Mr. Berman also be able to travel to the districts directly adjoining the Central District of California—the Southern and Northern Districts of California and the Districts of Arizona and Nevada. These districts are but a few hundred miles from the Central

District. The purpose of this travel is primarily business—though Mr. Berman would also like to visit his son, a physician who lives and works in San Diego. DECN is in need of financing and Mr. Berman has reason to believe there are potential sources of funding he can obtain through meetings in these locations.

This modification presents no risk relevant to bail. When the current conditions were set at the outset of this case, Mr. Berman was called upon to comply with the routine request that he surrender his passport. But it was determined he has no passport. Mr. Berman's travel within the State of California and two two contiguous states does not heighten any purported risk of flight —the primary purpose of pretrial travel restrictions. There is also a money surety that has been posted. This is further protection from any possible concern over this proposed modification.

Second, Mr. Berman seeks a modification of the condition of his release that he cannot communicate on an individual basis with DECN's shareholders or other investors. You insisted on this condition out of an expressed concern that such communication could result in witness tampering or the intimidation of possible victims of the alleged fraud. As the following shows, this appears to be an exaggerated fear.

Specifically, the proposal is that Mr. Berman be permitted to communicate with the following categories of persons who may be, or in the future choose to become, investors or shareholders.

- Persons as to whom DECN has contractual obligations, including those who may be entitled to the issuance of warrants or bonus stock.

- Persons as to whom there is a requirement that they be included for accounting, confirmation, or reporting purposes in DECN's filing of its year-end 2020 financial report, due on March 31, 2021.

- Persons who may be interested in investing in DECN at present or at a later time.

- Persons who may be interested in representing DECN as a distributor or dealer of its products or who may introduce DECN to others who wish to do so.

- Persons who may choose to participate in confidential product testing or verification.

These categories of persons, assuming they currently own DECN shares or other types of investments in the company, do not present any of the risks you have identified. None appear to include any of the potential witnesses you have suggested you might call at trial. So the risk of witness tampering seems illusory. Turning to the purported risk of other wrongful conduct arising from communication with the persons identified above, you have asserted that the Government deems victims of the alleged fraud to be persons who purchased DECN shares in 2020 when it is

2

alleged that the share price was artificially inflated by allegedly false statements about DECN's development of a blood sample-based COVID-19 home test kit.

As you are surely aware, DECN is now focused on a saliva-based COVID-19 test kit. Hence, the communications Mr. Berman seeks to have are unrelated to the Indictment's allegations. As DECN's Quarterly Report for the Period Ending September 30, 2020 states: "The first of the company's Gen Viro! Swift products will be its saliva-based test kit." This report can be found on DECN's web site. The FDA has approved this type of approach. "Coronavirus (COVID-19) Update:FDA Authorizes First Diagnostic Test Using At-Home Collection of Saliva Specimens," https://www.fda.gov/news-events/press-announcements/coronavirus-covid-19-update-fda-authorizes-first-diagnostic-test-using-home-collection-saliva.

The persons Mr. Berman needs to speak to include those whom he hopes will make future investments in the company. Given DECN's corporate structure, with which you are familiar, your suggestion that these or other communications need not involve Mr. Berman is unrealistic. DECN has more than 346 million issued and outstanding shares. A recent figure of daily volume in DECN's stock was 114,770, a figure that includes both buy orders and sell orders. This can be confirmed by consulting Bloomberg or Yahoo Finance. These numbers suggest that the communications with specific categories of persons will not include persons who come within the victim or witness category—or include communications about the subject matter of the Indictment.

Sincerely,

/s/ Walter P. Loughlin

Walter P. Loughlin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------x

UNITED STATES OF AMERICA,
               PLAINTIFF

    -v-                                 1:20-cr-100278 TNM

KEITH BERMAN,
          DEFENDANT
                                  PROPOSED ORDER

---------------------x

This Matter, having come before the Court on the Defendant's Motion for Modification of the terms and conditions of his pretrial release, and it appearing for good cause shown, and after reviewing and considering the written submissions and arguments of counsel for the defense and counsel for the Government,

IT IS HEREBY ORDERED that the Defense motion is GRANTED.

Entered this    day of   ,2021

By _____

Trevor N. McFadden
United States District Judge

Case 1:20-cr-00278-TNM   Document 14   Filed 03/24/21   Page 20 of 20