# Exhibit 1

| | |
|---|---|
| **From:** | Walter Loughlin |
| **To:** | Fenton, Christopher (CRM) |
| **Cc:** | Herzog, Ronald S. (Ron); Weitz, Justin; Foster, Jacob (CRM); JL Handzlik |
| **Subject:** | Re: Keith Berman |
| **Date:** | Thursday, December 17, 2020 3:03:50 PM |

Christopher: Thank you for your expression of working with us and Mr. Berman to secure his release today. Subject to being able to confer with our client, we are not opposed in principle to electronic monitoring or a secured bond —though we continue to believe that electronic monitoring, plus an unsecured bond, would be sufficient security that Mr. Berman would appear as required. The special conditions are acceptable. Pat

> On Dec 17, 2020, at 2:48 PM, Fenton, Christopher (CRM) <Christopher.Fenton@usdoj.gov> wrote:
>
> Pat –
>
> Thank you for your email.  In the government's view, Mr. Berman has a significant incentive to flee – he is 67 years old and, if convicted, is facing a substantial sentence. There are also serious questions about whether he will comply with the conditions of release – he has demonstrated a disdain for the federal government, and repeatedly lied to both the FBI and the SEC, including to conceal a fake identity that he used in furtherance of the alleged fraud.  We are, however, willing to make a good faith effort to work with you to arrive at an agreed on bond package before Mr. Berman's initial appearance.
>
> Please advise as to whether you are opposed to electronic monitoring?  If not, that will help to manage the risk of flight.  Moreover, agreeing to electronic monitoring also provides some flexibility to allow Mr. Berman to agree today to a secured bond package and leave the courthouse with a week or so to make the necessary arrangements.
>
> With respect to the special conditions, please confirm that the following two conditions are agreeable:
>
> (i)     The defendant is prohibited from directly and indirectly communicating with Decision Diagnostics Corp.'s investors on an individualized basis.  If the defendant is contacted by someone who seeks to have prohibited communication with him, he is to refer any such person to counsel.
>
> (ii)    The defendant is prohibited from using a fake identity or alias to influence matters related to Decision Diagnostics.
>
> ---
>
> **From:** Walter Loughlin <walter.loughlin@gmail.com>
> **Sent:** Thursday, December 17, 2020 2:23 PM

**To:** Fenton, Christopher (CRM) <Christopher.Fenton@CRM.USDOJ.GOV>
**Cc:** Herzog, Ronald S. (Ron) <rherzog@goldbergsegalla.com>; Weitz, Justin <Justin.Weitz@CRM.USDOJ.GOV>; Foster, Jacob (CRM) <Jacob.Foster@CRM.USDOJ.GOV>; JL Handzlik <jhandzlik@handzliklaw.com>
**Subject:** Re: Keith Berman

Christopher: The items you list below fairly represent what you have described as the Government's position on bail. Here are a couple of points for your consideration.

1. Obviously, since you chose to arrest our client with no notice to us, we have not been able to confer with him about his ability to post a bond secured by $100,000. We still believe an unsecured personal recognizance bond is most appropriate for a 67-year old person with an unblemished prior history who is charged with non-violent white-collar offenses. Even if it turns out that Mr. Berman has real or personal proper to secure a bond, he may need to be released temporarily on an unsecured bond in order to take the necessary steps to replace that, if necessary, with a secured bond.

2. Electronic monitoring seems an unnecessary layer of security—especially if the Government insists on a secured bond.

3. With respect to (i) below, you agreed that this limitation applied to individual communication by Mr. Berman but did not preclude more general communication related to the conduct of the business. With respect to more individualized communication, it was agreed that we would instruct Mr. Berman that he was not to initiate any prohibited communication and, if he is contacted by someone who seeks to have prohibited communication with him, he is to refer any such person to counsel.

Finally, I have copied on this email Jan Handzlik, a Los Angeles-based lawyer who will assist us.

Best, Pat


On Dec 17, 2020, at 1:09 PM, Fenton, Christopher (CRM) <Christopher.Fenton@usdoj.gov> wrote:

Ron and Pat –

It was good speaking with you.

As discussed, the government plans to request: (i) electronic monitoring; and (ii) a secured bond for $100,000.

In addition to the standard conditions, we would request the following two special conditions:

> (i)      The defendant is prohibited from directly and indirectly communicating with Decision Diagnostics Corp.'s investors on an individualized basis.

> (ii)     The defendant is prohibited from using a fake identity or alias to influence matters related to Decision Diagnostics.

Please let us know your position with respect to these proposed conditions.

FYI, I'm copying Justin Weitz and Jacob Foster, who are co-counsel on the case.

Thank you.


Christopher Fenton
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Bond Building
Washington, DC 20530
202.320.0539
christopher.fenton@usdoj.gov

**From:** Walter Loughlin <walter.loughlin@gmail.com>
**Sent:** Thursday, December 17, 2020 11:45 AM
**To:** Fenton, Christopher (CRM) <Christopher.Fenton@CRM.USDOJ.GOV>
**Cc:** Herzog, Ronald S. (Ron) <rherzog@goldbergsegalla.com>
**Subject:** Re: Keith Berman

Christopher-Are you available to speak to me and Ron?

On Thu, Dec 17, 2020 at 11:31 AM Fenton, Christopher (CRM) <Christopher.Fenton@usdoj.gov> wrote:

> Ron and Pat –
>
> Here's the file-stamped copy of the Indictment.
>
>
> Christopher Fenton

Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Bond Building
Washington, DC 20530
202.320.0539
christopher.fenton@usdoj.gov

**From:** Walter Loughlin <walter.loughlin@gmail.com>
**Sent:** Thursday, December 17, 2020 11:14 AM
**To:** Fenton, Christopher (CRM)
<Christopher.Fenton@CRM.USDOJ.GOV>
**Cc:** Herzog, Ronald S. (Ron) <rherzog@goldbergsegalla.com> **Subject:**
Re: Keith Berman

Christopher: Please send us any copy of the Indictment you have now
rather than waiting for a stamped copy. Thank you. Pat

On Thu, Dec 17, 2020 at 10:56 AM Fenton, Christopher (CRM)
<Christopher.Fenton@usdoj.gov> wrote:

> Ron and Pat –
>
> Mr. Berman was arrested this morning in Los Angeles.  The charges
> are securities fraud and making a false statement.  We do not yet
> have a file-stamped copy of the indictment.  We will send one along
> as soon as we receive it.  Mr. Berman's initial appearance will be
> today at 2pm Pacific in CDCA.
>
> You can reach me at 202.320.0539 when you're free to talk.
>
> Christopher Fenton
> Trial Attorney
> U.S. Department of Justice
> Criminal Division, Fraud Section
> 1400 New York Avenue, NW
> Bond Building
> Washington, DC 20530
> 202.320.0539
> christopher.fenton@usdoj.gov