# Exhibit 6

| | |
|---|---|
| **From:** | Herzog, Ronald S. (Ron) |
| **To:** | Fenton, Christopher (CRM) |
| **Cc:** | Weitz, Justin; Foster, Jacob (CRM); Ryon, Emily (CRM) |
| **Subject:** | U.S. v. Berman |
| **Date:** | Monday, December 21, 2020 4:18:52 PM |
| **Attachments:** | image001.png |
| | Email CHRIS.pdf |

Chris:  Please see the attached in furtherance of our call earlier this afternoon.

Ron

**Ronald S. Herzog**

50 Main Street, Suite 425  |  White Plains, NY 10606 **\*UPDATED ADDRESS\***
**MAIL** PO Box 1020, Buffalo, NY 14201
**DIRECT** 914.798.5419  |  **EXT** 5119  |  **FAX** 914.798.5401
**goldbergsegalla.com**



California | Connecticut | Florida | Illinois | Maryland | Missouri
New Jersey | New York | North Carolina | Pennsylvania

Privileged attorney-client communication / attorney's work product. This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system.

Chris, Thank you again for the time earlier today.

First, let me again apologize for the statements in DECN's December 18 press release that resulted in your email of late yesterday. Mr. Berman, as a laymen, did not fully appreciate the distinction between the bail conditions proposed by the government and the conditions of release by the court on bond. Specifically, the latter provided as a condition of his release that he maintain or actively seek employment and provide proof to PSA. Since his sole employment is with DECN, and this was agreed to as part of Mr. Berman's release, this was interpreted as an agreement with a governmental agency that he can continue working at DECN. To the extent the release did not identify the government agency or draw an express distinction between DOJ and PSA we apologize for this inadvertent error. If DOJ wants this to be publically clarified DECN will promptly do so.

In addition, as I mentioned Mr. Berman is requesting DOJ's consent to his request that will seek Court approval of a slight modification of one of the special conditions covering his release on bond.

The government requested that Mr. Berman be prohibited from directing or indirectly communicating with any DECN investors on an individualized basis. When Mr. Loughlin and I questioned this, noting among other things that Mr. Berman was the company's sole executive officer and therefore needed to be able to engage in day to day communications concerning the company, including with certain investors, you said the government wanted to avoid Mr. Berman's ability to discuss its case, and therefore the opportunity to attempt to influence (or even intimidate) any investors, as you claimed he had previously done. Mr. Berman disputes that he has had any such communications prior to his arrest, and in fact for years has been on the receiving end of various threats and forms of intimidation, as a review of the message board postings demonstrate. Nevertheless, in advance of this request it has been made clear to Mr. Berman that he cannot have any individual communications with any DECN investor involving any aspect of either the DOJ or SEC charges that were filed last week.

Mr. Berman needs to have the ability to discuss with a discrete group of investors day to day business matters that come up in the ordinary course, including several involving specific year-end (and quarterly end) issues. If permitted, these discussions will be limited to financial arrangements with the specific investor or operational issues, and will not in any way involve any matters or claims that are currently being litigated, which is what we understood the government was concerned about.

We would appreciate the government's consent to this carve-out of this special condition to allow Mr. Berman to make this representation in his application to the Court seeking its approval. Thank you.