Walter P Loughlin
Attorney-at Law
340 West 57th Street
Suite 5D
New York, New York 10019
(230) 2163445
walter.loughlin@gmail.com

June 14, 2021

VIA ECF

Honorable Trevor N. McFadden
United States District Judge
United States District Court for the
District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

        Re:    *United States v. Keith Berman*
                 1:20-CR-00278 TNM

Dear Judge McFadden:

      I respectfully submit this letter motion seeking relief from the Court on account of the Government having subpoenaed the law firm office and mobile telephone records of defense counsel Ronald S. Herzog.

      The relevant facts known to the defense are as follows. By letter dated May 28, 2021, the Government disclosed certain discovery materials to defense counsel. As has been the custom, the discovery was transmitted via a compact memory device with a cover letter containing brief descriptions of the categories of the materials stored on the device along with the Bates numbers for each category. The May 28 letter described one category of the discovery as: "Subpoena return from Verizon containing subscriber and call detail records for numbers X5149 and X7843." (Bates 053774-053400). The first number (5149) is the last four digits of Mr. Herzog's direct dial office telephone number; the second (7483) is the last four digits of his mobile phone. Both numbers appear on his email signature block.

      On June 7, 2021, I wrote Messrs. Weitz and Fenton asking for an explanation of the decision to subpoena the telephone records of an attorney representing the defendant the Government is prosecuting, making the point that in the absence of any apparent legitimate purpose this appeared to be an unjustified intrusion into confidential and presumptively privileged communications between an attorney and his law firm's clients— one of whom is Mr. Berman. Having sent

my letter by email on Monday June 7 at 10:30 AM, I asked for a response from the Government by the end of the week, Friday June 11 so that, if need be, we could raise this matter promptly with the Court. (Ex. A).

The Government's response, consisting of five sentences, arrived Sunday morning, June 13, and made three points. (Ex B) First, it referred to the Government's "ongoing investigation in this matter." Second, it "decline[d]…to explain its motivations for steps taken in a grand jury investigation." Third, it assured that the Government "was mindful" of its obligations when it obtained "potentially privileged communications in the course of a criminal investigation," as evidenced by the "Fraud Section's Special Matters Unit" being assigned to this matter. Presumably this will require determining which of Mr. Herzog's telephone records include communications with a client of his law firm and which of these contain privileged communications—surely the vast majority if not all—and filtering those out to protect privileged communications from wrongful disclosure and to prevent tainting the prosecution team with evidence it cannot validly use. (We are not familiar with something called the Fraud Section "Special Matters Unit," but have communicated with a Trial Attorney in the Fraud Section who describes himself as the "Filter Attorney.")

The Government's response raises the question of what "grand jury investigation in this matter" is being conducted on an "ongoing" basis. The Government first obtained an Indictment from the grand jury six months ago, in December 2020. It then asked the grand jury to add two additional charges in a Superseding Indictment over a month ago, on May 11, 2021. Justice Department Guideline 9-11-120 counsels against the post-indictment use of the grand jury, stating: "The grand jury's power…is limited to its function toward a possible return of an indictment." *Costello v. United States*, 350 U.S. 359, 362 (1957). The Guideline further states that the "grand jury cannot be used to obtain additional evidence against a defendant who has already been indicted." *United States v. Woods*, 544 F.2d 242, 250 (2d Cir. 1976). "After indictment the grand jury may be used if its investigation is related to a superseding indictment of additional defendants or additional crimes of an indicted defendant." *In re Grand Jury Subpoena Duces Tecum Dated January 2,1985*, 767 F.2d 26, 29-30 (2d Cir. 1985); *In re Grand Jury Proceedings*, 586 F. 2d 724 (9th Cir. 1978). Because we are in the dark about this matter, we neither know the date the subpoena was issued nor whether the "ongoing" grand jury investigation "in this matter" is consistent with or in violation of the relevant DOJ Guideline.

While the Government has acknowledged its obligations with respect to potentially privileged communications it obtains by subpoena, its curt and opaque response begs the question of why Mr. Herzog's telephone records were subpoenaed in the first place. This is not a circumstance where a broad subpoena for Mr. Berman's emails inadvertently swept into the production some attorney-client communications with Mr. Herzog. Instead, this subpoena specifically targeted Mr. Herzog's telephone records.

A final point deserves mention. One cannot help but consider, in light of the Government having previously argued that Mr. Herzog's representation of Mr. Berman was burdened by conflicts of interest, whether the subpoena might have had the aim of creating a personal interest of

Mr. Herzog's that could be seen as adversely affecting his representation of Mr. Berman. It is difficult to imagine that Government counsel would engage in conduct so unworthy of the Department of Justice. But the Government's refusal to offer any basis for the aggressive tactic of subpoenaing an adversary's telephone records, combined with its very energetic claims of conflicts of interest relating to the very same adversary, causes one to engage in such suppositions which I would be glad to be shown are untrue.

     The defense requests the following as relief in this matter. First, we ask the Court to require Government counsel to make an in camera showing setting forth its rationale for issuing a subpoena for Mr. Herzog's telephone records. Second, in the event the Government does not provide a satisfactory explanation, we request an Order from the Court requiring the immediate return of any and all evidence in the Government's possession that contains records of Mr. Herzog's communications with Mr. Berman or any other client of his law firm. Third, we ask the Court to inquire of the Government whether it is indeed conducting an "ongoing" grand jury investigation in connection with the prosecution of Mr. Berman, and if so, whether any such activity is consistent with DOJ Guideline 9-11-120 regarding the post-indictment period and whether this could require a further adjournment of the trial date of September 20, 2021.

     Respectfully submitted,

     /s/ Walter P. Loughlin
     Walter P. Loughlin
     Counsel for Defendant Keith Berman

cc: Ronald S. Herzog, Esq.