# EXHIBIT A

Walter P. Loughlin
Attorney-at-Law
340 West 57th Street
Suite 5D
New York, NY 10019
(203) 216-3445
walter.loughlin@gmail.com

June 7, 2021

VIA EMAIL

Justin Weitz, Esq.
Christopher Fenton, Esq.
U.S. Department of Justice
Fraud Section
1400 New York Avenue, N.W.
Bond Building
Washington, D.C. 20530

United States v. Keith Berman S1-20-CR-00278 TNM

Dear Messrs. Weitz and Fenton:

I write to raise two issues that we discovered during our review of the Government's most recent production of discovery materials, which were transmitted to us by letter dated May 28, 2021. They involve concerns that go to the heart of our attorney-client relationship with Mr. Berman.

First, it appears that the Government, either through the use of a trial subpoena or the grand jury's subpoena power, has obtained telephone and text message records of defense defense counsel Ronald S. Herzog's law firm office and mobile telephones. (Bates range 053374-053400). These documents include evidence of communications with Mr. Berman whose name appears among Mr. Herzog's telephone records.

Second, apparently using the powers set forth in 18 U.S.C. Section 7203, the Government obtained "the contents of a wire or electronic communication" from Endurance, a provider of web hosting and other digital services. (Bates range 043906-051464). This portion

of the discovery consists of a spreadsheet listing emails of Mr. Berman and includes communications between Mr. Berman and Mr. Herzog that are presumptively privileged.

Turning to the first issue, the Government has taken the highly unusual step of deliberately issuing a subpoena to obtain the telephone records of a lawyer who represents the person whom the Government is prosecuting. Please explain what possible legitimate investigative purpose was served by subpoenaing your adversary's telephone records. Had you sought these records through a subpoena served directly on Mr. Herzog or his law firm, the Government would have had to comply with DOJ Guideline 9-13.410 which governs the "Issuance of Subpoenas to Attorneys for Information Relating to the Representation of Clients." It seems clear that this was precisely the Government's intent and purpose—to obtain information about Mr. Herzog's representation of Mr. Berman.

But by obtaining these telephone records from a third party carrier rather than directly from Mr.Herzog the Government evaded the otherwise applicable DOJ Guideline which requires consideration of "the effects upon an attorney-client relationship that may result from the issuance" of such a subpoena, as well the preparation of an application to seek such evidence—an application requiring the approval of the Assistant Attorney General or Deputy Assistant AttorneyGeneral for the Criminal Division. The Guideline further provides that these senior DOJ officials would expect a proponent of such a subpoena to be able to demonstrate that the information being sought "is reasonably needed for the successful completion of the investigation or prosecution."

With respect to the production related to Endurance, which includes emails between Mr. Berman and Mr. Herzog, we trust you will arrange to have one or more filter attorneys, not involved in the prosecution, conduct a review of the Endurance materials in order to identify privileged attorney-client communications so as to prevent tainting the prosecution with evidence the Government cannot use for any investigative or other purpose. Perhaps you can

confirm that this filter process is already underway.

I would be grateful if you would respond to this letter, as soon as possible, so that Mr. Herzog and I will have the Government's written explanation of (1) the reasons why the Government subpoenaed Mr. Herzog's telephone records, and (2) the steps the Government has taken and will take to protect privileged communications between defense counsel and our client. Also please do let us know, as soon as possible, if for some reason you decline to do so. If you decide not to provide the requested information, or if the response seems insufficient to address these issues fully and fairly, we will raise these matters with the Court.

Very truly yours,

_Walter P. Loughlin_
Walter P. Loughlin
Counsel for Defendant Keith Berman

Cc:  Ronald S. Herzog, Esq.