Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Docket No. CR 20-278 |
| | : | |
| vs. | : | Washington, D.C. |
| | : | Tuesday, April 27, 2021 |
| KEITH BERMAN, | : | 2:00 p.m. |
| | : | |
| Defendant. | : | |

------------------------------x

TRANSCRIPT OF VIDEO STATUS CONFERENCE
BEFORE THE HONORABLE TREVOR N. MCFADDEN
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:     CHRISTOPHER R. FENTON, Esquire
                        JUSTIN D. WEITZ, Esquire
                        United States Department of Justice
                        1400 New York Ave., NW
                        Washington, DC  20530

For the Defendant:      RONALD HERZOG, Esquire
                        WALTER LOUGHLIN, Esquire
                        340 West 57th Street
                        Suite 5d
                        New York, New York  10019

Court Reporter:         CRYSTAL M. PILGRIM, FCRR, RMR
                        Official Court Reporter
                        United States District Court
                        District of Columbia
                        333 Constitution Avenue, NW
                        Washington, DC  20001

1          MR. HERZOG:  I do, Your Honor.  We will comply with

2    that and can tell you that there's no one else in this category

3    now other than this individual and potentially the other person

4    who's been referred to as victim one, who also (inaudible).

5    But if anyone else were to fall into that category, we will

6    notify you immediately and not proceed with them until we've

7    heard back from the Court.

8          THE COURT:  Okay.  Mr. Weitz, does that make sense to

9    you.

10          MR. WEITZ:  That works for the government.  As Your

11   Honor said, the government's primary concern is making sure

12   that Mr. Berman is represented by conflict-free counsel and

13   that no witnesses, potential witnesses or others involved in

14   the case are -- (inaudible.)  So that's fine with the

15   government, Your Honor.

16          THE COURT:  Thanks gentlemen.

17       Ms. Chaclan, do we have a probation officer or pretrial

18   services officer on the line?

19          THE DEPUTY CLERK:  We don't, Your Honor.  Do you want

20   me to try and see if I can get someone on?

21          THE COURT:  Yes, if you don't mind, it might end up

22   being too late, but if you don't mind it will be helpful while

23   we're discussing the next issue.

24       Mr. Weitz, I understand there may be a motion to continue?

25          MR. WEITZ:  Yes, Your Honor.  We spoke with counsel

1  for Mr. Berman yesterday and today.  The government anticipates

2  presenting a superseding indictment in this matter in the next

3  few weeks subject to the deliberating grand jury.  In light of

4  that, while we don't think it will dramatically reshape the

5  case, it's likely to contain some different charges.  In the

6  interest of fairness, we think given the motions deadline under

7  the current indictment of next week, it's fair to postpone the

8  trial by about two months.

9       The parties conferred and agreed on proposing September

10 27th as the trial date.  We do have -- we've also prepared a

11 list of proposed dates that mirror that to adjust the rest of

12 the pretrial schedule if it works for the Court.

13          THE COURT:  Okay, I'm not a fan of moving trial dates

14 around.  I take it this superseding indictment is going to

15 relate to information that you were not aware of before and you

16 feel like this is the only option?

17          MR. WEITZ:  It will include information and it will

18 include charges that were not in the prior indictment.

19      There will be some additional discovery that we had not

20 obtained until -- or actually still have not obtained.  And so

21 just in order to make sure that defendant has the ability to

22 receive that discovery, review it, we would ask for the brief

23 continuance.  We understand we are a hundred percent in accord

24 with Your Honor that we want to try this case as soon as

25 possible, but we think it's just necessary given the interest

1    of the discovery and the superseder.

2           MR. LOUGHLIN:  This is Mr. Loughlin.  I just want to

3    add a footnote which is that the estimate of the length of the

4    trial has been repeatedly referred to by the government as a

5    one-week trial.  But I noticed that in Mr. Weitz's recent email

6    I think with your courtroom deputy, that that estimate has now

7    doubled to two weeks.

8        I don't know whether that is only inclusive of the

9    government's case in chief and jury selection or whether -- I

10   can't imagine that Mr. Weitz or Mr. Fenton would not have any

11   idea of whether we'll put on a defense or how long our defense

12   would last.  But it may be useful for planning purposes to know

13   what the government's estimate is and the length of its case in

14   chief.

15          THE COURT:  Okay.  Thank you, Mr. Loughlin.

16       I had been under the impression that this was still a

17   five-day case in chief trial.  Has that changed Mr. Weitz?

18          MR. WEITZ:  No, it has not.  That's correct, that

19   it's a five-day case in chief.  We'll try to move it quicker if

20   we can.  Obviously, we have no idea whether Mr. Berman will

21   present a defense or how long the process will be.

22       I thought that it makes sense to reserve two weeks given

23   the reality that he may use the participants.  But I think

24   we'll all be happy if the trial is quicker than that.

25          THE COURT:  Mr. Loughlin, it sounds to me like you