**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

-------------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Case No.: 1:20-CR-000278 TNM

KEITH BERMAN,

        Defendant.

-------------------------------------------------------x

## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

Defendant Keith Berman, through undersigned counsel, respectfully submits this motion to dismiss the Indictment in the above-captioned case. The motion is based on the undisputed fact that the Government monitored up to three months of the incoming and outgoing telephone calls as well as text message and data usage of defense counsel's office land line and mobile telephones. This was an unjustified intrusion into the attorney-client relationship that infringed on Mr. Berman's Sixth Amendment right to counsel.

## THE RELEVANT FACTS

Defense counsel first learned that the Government had been tracking the use of his two telephones when, by letter dated May 28, 2021, defense counsel received certain discovery materials from the Government. The materials were transmitted in a compact memory device with a cover letter that briefly described the categories of materials stored on the device and the corresponding Bates numbers for each category.

1

The cover letter described one category of materials as "Subpoena return from Verizon containing subscriber and call detail records for numbers X5149 and X7843." The first number is the last four digits of defense counsel Ronald S. Herzog's direct dial telephone number at his law firm; the second number is the last four digits of his mobile phone. The Bates range numbers indicated 374 pages of telephone records.

Shortly thereafter, by letter dated June 7, 2021, defense co-counsel wrote to the Justice Department lawyers responsible for prosecuting this case asking for an explanation for the unprecedented decision to subpoena the telephone records of a lawyer representing the person they were prosecuting. The Government responded by letter dated June 13, 2021. The response described the defense letter as relating to "the government's ongoing investigation in this matter," and declined to explain "the motivations for steps taken in a grand jury investigation." This was untrue, as the Government later acknowledged. When the defense filed a motion seeking discovery of the underlying facts of the telephone records subpoena, on June 14, 2021, the Government opposed the motion, and in moving to file its opposition under seal, admitted that "the defendant's motion does not deal with a pending grand jury matter."

The defense motion sought an instruction from the Court requiring the Government to make an *in camera* submission setting forth its rationale for subpoenaing defense counsel's telephone records. If the Court was not satisfied with the explanation, the defense requested the Court to order the return of the subpoenaed telephone records.

In its opposition to the defense motion, the Government proclaimed it was "ready, willing, and able to provide the Court, *in camera*, with any additional context" to its having subpoenaed defense counsel's telephone records This, too, was untrue. The Court set the motion down to be heard on July 30, 2021. During this hearing, the Court invited the Government to make a record

of the basis for subpoenaing defense counsel's telephone records by making the *in camera* submission it had previously boasted it was "ready, willing, and able" to do. Having apparently lost its prior eagerness to provide "context" about the subpoena, the Government declined the Court's invitation.

The Government did acknowledge, at the hearing, that it had issued the subpoena to defense counsel's telephone service provider on February 23, 2021, seeking telephone records from December 2020 through the February 23 date. Government counsel also stated that the subpoena was prompted by a "strong lead" that it was following up. That is the entirety of what the defense motion for discovery obtained.

The Court denied the defense motion primarily on the ground that defense counsel had not been able to rebut the presumption of reasonableness conferred upon a grand jury subpoena. *In re Sealed Case*, 121 F.3d 729, 755 (D.C.Cir. 1997).

## ARGUMENT

The Government acknowledges that it obtained 374 pages of the telephone records of its adversary which enabled it to inspect the "date and time of and phone numbers involved in a call or text message." (Dkt. 23-1 at 5) These records allowed the Government to ascertain defense counsel's incoming and outgoing calls, including when and how often defense counsel spoke to the defendant, how long each such conversation lasted, and who defense counsel spoke to both before and after speaking with his client—thus permitting the Government to track the sequence of telephone calls or text messages that defense counsel made or received before or after conferring with Mr. Berman. This also put the Government in the position to deduce from these records the work of defense counsel in preparing its defense of this case.

3

The Government seeks to minimize having subpoenaed this information on the ground that it did not reveal the contents of privileged attorney-client communications. However, this was nonetheless an unwarranted intrusion on the attorney-client relationship.  As the Supreme Court stated in *Hickman v. Taylor*, 329 U.S. 495, 511(1947): "In performing his various duties…it is essential a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he…plan his strategy without undue and needless interference. …This work is reflected, of course, in…mental impressions, personal beliefs, and countless other tangible and intangible ways…termed 'work product of the lawyer.' Were such materials open to opposing counsel…[a]n attorney's thoughts, heretofore inviolate, would not be his own."

It was this privacy dimension of defense counsel's representation of his client that the Government invaded and which also implicated Mr. Berman's right to counsel free from the Government monitoring of his defense.

This passage from *Hickman v. Taylor* was quoted by the Supreme Court in *United States v. Nobles*, 422 U.S.225, 237-39 (1975), which held: "Although the work product doctrine is most frequently asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital…demand[ing] that adequate safeguards assure the thorough preparation and presentation of each side of the case. At its core, the work product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."

The Government's access to hundreds of pages of defense counsel's telephone records encroached upon this"privileged area" and the "shelter[ed] mental processes" of defense counsel by "essentially provid[ing] a road map to the strategies employ[ed] in a criminal case." *National*

*Association of Criminal Defense Lawyers v. United States Justice Department Executive Office*,
844 F.3d 246, 252 (D.C.Cir. 2016) (DOJ resists disclosure of Blue Book on work product grounds
so as not to provide a "road map" to prosecution strategies.)  Yet this is just what the Government
sought to do by monitoring defense counsel's telephone records—to connect the dots of who
defense counsel spoke to or exchanged text messages with from two of his telephones to construct
a road map of the defense strategy.

Moreover, it is clear that in the context of the present motion, the Government bears the
burden to justify infringing upon the defense. As the Supreme Court stated in Hickman v. Taylor:
"[T]he general policy against invading the privacy of an attorney's course of preparation is so well
recognized and so essential to an orderly working of our system of legal procedure that a burden
rests on the one who would invade that privacy to establish adequate reasons to justify production
through a subpoena or court order." 329 U.S. 495, supra, at 512; *United States v. Deloitte LLP*,
610 F.3d 129 (D.C .Cir. 2010) (those who would invade work product privacy carry the burden).

The justifications offered thus far by the Government are wanting. First, the Government
argued, in opposition to the defense discovery motion, that because it obtained a superseding
Indictment in May 2021 containing two additional counts, including a count of obstruction of the
SEC, "This alone should be sufficient to defeat the defendant's allegation of grand jury abuse."
(Dkt. 25-1 at 4).

This is a non sequitur. The obstruction charge involves alleged conduct of Mr. Berman that
occurred months before the original Indictment was unsealed in December 2020. The SEC
obstruction charge is completely unrelated to the telephone records subpoena issued in February
2021 for the telephone records of Mr. Berman's defense counsel from December, 2020 until
February 2021.

5

The Government's second purported justification fares no better. It argued, in opposition to the discovery motion, that it had "previously submitted evidence that the defendant has been in contact with victims and potential witnesses in this matter," referring to a submission it made in April 2021 in opposition to Mr. Berman's motion to modify his bail conditions. (Dkt. 25-1 at 5) Again, it is impossible to discern a connection between either the obstruction charge—which has nothing to do with any alleged "contact with victims and potential witnesses"—or with a subpoena for the telephone records of Mr. Berman's defense counsel.

Finally, the two cases on which the Government principally relied in opposing the discovery motion do not involve claims of improper invasion of the zone of privacy for defense counsel to prepare a defense. *In re Sealed Case*, 121 F.3d 729 (D.C.Cir. 1997), involved a dispute between an Independent Counsel and the White House about the scope of the presidential deliberative process and, perhaps ironically, the Government made an *in camera* submission in the case. In the other decision on which the Government relied in opposing the defense discovery motion, *United States v. R. Enterprises, Inc.*, 498 U.S. 292 (1991), the Supreme Court held that the court below had erred in applying the legal standard for a trial subpoena to a grand jury subpoena. Neither decision addresses the question presented by this motion, which is whether the Government can provide sufficient justification for its encroachment on defense counsel's preparation of the defense case and which implicates both the attorney work product doctrine and the defendant's Sixth Amendment right to counsel free from Government monitoring.

## CONCLUSION

For all of the foregoing reasons, the Indictment should be dismissed.


Respectfully submitted,


6

/s/ Walter P. Loughlin
Walter P. Loughlin, Esq. (DC Bar No. NY0433)
340 West 57th Street
Suite 5D
New York, New York 10019
Tel. (203) 216-3445

Ronald S. Herzog, Esq.
Goldberg Segalla LLP
50 Main Street
Suite 425
White Plains, New York
Tel. (914) 798-5419

*Counsel for Defendant Keith Berman*

Dated:      New York, New York
            August 13, 2021