## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 1:20-cr-00278-TNM** |
| **v.** | : | |
| | : | |
| **KEITH BERMAN,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

The United States of America, through its undersigned counsel, respectfully submits its response in opposition to defendant Keith Berman's motion to dismiss the indictment (ECF 35 ("Def.'s Mot.")).

The defendant moves to dismiss the indictment based on a claim that the government's issuance of subpoena for toll records for two of his counsel's telephones intruded into the attorney-client relationship and violated his Sixth Amendment right to counsel.  (Def.'s Mot. at 1, 6.) Although the defendant provides no legal basis for dismissal of the indictment, he is presumably seeking dismissal based on what he considers to be outrageous government conduct.   But "[w]here a defendant alleges prosecutorial misconduct, dismissal of the indictment is proper only when the defendant demonstrates flagrant misconduct and substantial prejudice."  *United States v. Rupp*, 994 F.3d 946, 949 (8th Cir. 2021) (internal quotation marks omitted).  *See also United States v. Castaneda*, 997 F.3d 1318, 1324 (11th Cir. 2021) (assuming an outrageous government conduct claim even exists, the defendant must show that law enforcement techniques "violated fundamental fairness" and were "shocking to the universal sense of justice"); *United States v. Dunham*, No. 20-2686, 2021 WL 3045372, at *2 (3d Cir. July 20, 2021) (the "bar is very high, as the conduct must

be so outrageous as to be shocking to the universal sense of justice") (quoting *United States v. Lakhani*, 480 F.3d 171, 177-78 (3d Cir. 2007)).

In order to establish a colorable claim of outrageous governmental conduct based on intrusion into an attorney-client relationship, the defendant must prove: "(1) the government's objective awareness of an ongoing, personal attorney-client relationship between its informant and the defendant; (2) deliberate intrusion into that relationship; and (3) actual and substantial prejudice." *United States v. Prelogar*, 996 F.3d 526, 534 (8th Cir. 2021) (internal quotation marks omitted). *See also United States v. DeLuca*, 663 F. App'x 875, 878 (11th Cir. 2016) ("for the sanction of dismissal to be appropriate, a showing of demonstrable prejudice, or substantial threat thereof, must be made, even in cases where the violation is a deliberate intrusion") (internal quotation marks omitted); *United States v. Stringer*, 535 F.3d 929, 941 (9th Cir. 2008) ("A claim of government interference with the attorney-client relationship has three elements: (1) the government was objectively aware of an ongoing, personal attorney-client relationship; (2) the government deliberately intruded into that relationship; and (3), as a result, the defendant suffered actual and substantial prejudice."); *United States v. Voigt*, 89 F.3d 1050, 1066 (3d Cir. 1996) ("a claim of outrageous government conduct premised upon deliberate intrusion into the attorney-client relationship will be cognizable where the defendant can point to actual and substantial prejudice").

The defendant's assertions fall well short of the standard required to dismiss a properly returned indictment based on intrusion into the attorney-client relationship. As an initial matter, it is beyond dispute that the information that the government subpoenaed is not privileged, and there is no *per se* rule prohibiting the government from issuing a subpoena for an attorney's non-privileged material. *See United States v. Perry*, 857 F.2d 1346, 1349-51 (9th Cir. 1988). Moreover, the defendant makes no attempt to demonstrate any prejudice—let alone substantial

prejudice—from the government's receipt of toll records.   The records at issue do not contain content of communications, whether privileged or unprivileged.   And while the defendant claims that review of the toll records "put the Government in the position to deduce from these records the work of defense counsel in preparing its defense of this case" (Def.'s Mot. at 3), he does not explain how.   Nor could he.   This statement is simply not true.

This Court correctly denied the defendant's motion for discovery based on the undisputed chronology of events in this case, the fact that the subpoena returns did not contain any content, and the defendant's failure to rebut the presumption of reasonableness conferred upon a grand jury subpoena.   (*See* July 30, 2021 Hr'g Tr. at 10:3-13:25, attached hereto as Exhibit A.)   Those same considerations remain true now, but the defendant offers no basis for this Court to reconsider its reasoned decision and impose the more extreme remedy of dismissal.   *See United States v. Jones*, 524 F.2d 834, 852 (D.C. Cir. 1975) (dismissal of the indictment is a "draconian remedy") (internal quotation marks omitted); *United States v. Person*, 478 F.2d 659, 660 (D.C. Cir. 1973) (dismissal of the indictment is an "extreme" sanction); *see also United States v. Goldstein*, 989 F.3d 1178, 1204 (11th Cir. 2021) ("[D]ismissal of an indictment for prosecutorial misconduct is an extreme sanction which should be infrequently utilized.") (internal quotation marks omitted).[1]

---

[1] The defendant claims the government lied to the Court when it stated it was "ready, willing, and able to provide the Court, *in camera*, with any additional context" related to the subpoena for defense counsel's telephone records.   (Def.'s Mot. at 2.)   The defendant is wrong.   The government was—and remains—ready, willing, and able to provide the Court, *in camera*, with this information upon the Court's request.   At the July 30, 2021, hearing, the government simply explained that it did not consider such information necessary to support its argument in opposition to the defendant's motion and that it was prepared for the Court to rule.   (July 30, 2021 Hr'g Tr. at 8:7-8:25, attached hereto as Exhibit A.)

For the foregoing reasons, the Court should deny the defendant's motion.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division

By:   /s/_____
Christopher Fenton
Trial Attorney
Justin Weitz
Acting Principal Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005

Vijay Shanker
Deputy Chief
Appellate Section, Criminal Division
950 Pennsylvania Ave. NW
Washington, DC 20530

4

CERTIFICATE OF SERVICE

I certify that on August 27, 2021, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF.

_____/s/ Christopher Fenton_____

1