UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 1:20-cr-00278-TNM** |
| v. | : | |
| | : | |
| **KEITH BERMAN,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNT TWO OF THE SUPERSEDING INDICTMENT**

The United States of America, through its undersigned counsel, respectfully submits its response in opposition to defendant Keith Berman's motion to dismiss Count Two of the superseding indictment (ECF 38 ("Def.'s Mot.")).

The defendant moves to dismiss Count Two based on a claim that the government has failed to state an offense under the wire fraud statute, 18 U.S.C. § 1343. The defendant's motion is meritless. To establish a violation of Section 1343, the government must prove (1) a scheme or artifice to defraud using materially false or fraudulent representations, promises, or pretenses; (2) the defendant's knowing participation in the scheme or artifice with the intent to defraud; and (3) the use of the interstate wires in furtherance of the scheme. *See, e.g.*, *United States v. Feldman*, 931 F.3d 1245, 1257 (11th Cir. 2019); *United States v. Arif*, 897 F.3d 1, 9 (1st Cir. 2018); *United States v. Brodie*, 524 F.3d 259, 273 (D.C. Cir. 2008). Count Two of the superseding indictment alleges these elements and contains substantial details about the offense. (ECF 19 at ¶¶ 13-48, 65, 69.) It is, accordingly, sufficient. *See Hamling v. United States*, 418 U.S. 87, 117 (1974) ("an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an

1

acquittal or conviction in bar of future prosecutions for the same offense"); *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018) ("To be sufficient under the Constitution, an indictment need only inform the defendant of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense.") (internal quotation marks omitted).

The defendant asserts "both factual and legal defects" in Count Two. (Def.'s Mot. at 1.) Of course, any supposed factual issues are not properly before the Court. *See United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015) ("When considering a motion to dismiss an indictment, a court assumes the truth of those factual allegations."); *United States v. Lewis*, No. 19-CR-307 (RCL), 2021 WL 2809819, at *9 (D.D.C. July 6, 2021) ("Whether this is in fact true is an issue for a jury, not one that can be resolved in a motion to dismiss."). Regardless, both categories of alleged defects rest on the same fundamental misunderstandings about the allegations in the superseding indictment, the wire fraud statute, and the cases construing the statute.

The superseding indictment alleges that the defendant's scheme to defraud was one to obtain money and property by means of false and fraudulent representations. (ECF 19 at ¶ 69.) It also alleges that the defendant made false public representations for the purpose of artificially increasing and maintaining the share price of DECN securities and that the defendant thereby enriched himself through access to the additional corporate funds and compensation that resulted. (*Id*. at ¶¶ 13-14.) That is wire fraud. *See, e.g.*, *United States v. Clark*, 717 F.3d 790, 807 (10th Cir. 2013) (false and misleading information in promotional materials as well as coordinated selling that inflated the sales price of stock and allowed the defendant to profit supported wire fraud conviction).

To be sure, the superseding indictment alleges that, as a result of the defendant's fraudulent scheme, DECN investors lost millions of dollars by, among other things, purchasing DECN common stock at artificially inflated prices on a publicly-traded platform and selling their shares at a loss. (ECF 19 at ¶ 65.) But, contrary to his apparent misunderstanding (Def.'s Mot. at 2-3, 5-6), the defendant is not alleged to have directly diverted to himself these victim losses—that is, the delta between the artificially inflated DECN stock price at which they purchased and the low price at which they sold. Rather, he is alleged to have diverted to himself the proceeds of DECN securities purchases at prices artificially inflated by his misrepresentations. (ECF 19 at ¶¶ 11 ("we need a new story and this coronavirus through impedance is the story that will allow me to raise millions"), 13 ("It was the purpose of the scheme for BERMAN to artificially increase and maintain the share price of DECN securities to enrich himself through access to additional corporate funds and compensation by . . . making materially false, fraudulent, and misleading public statements related to DECN's purported COVID-19 test . . . [and] diverting the proceeds of the scheme for his personal use and benefit").) The government need not allege or prove that the defendant obtained a victim's *loss* for purposes of a wire fraud prosecution—indeed, the government need not prove a loss at all. *See, e.g.*, *United States v. Maddux*, 917 F.3d 437, 445 (6th Cir. 2019) ("the mail and wire fraud statutes do not require any proof that the defendant's fraud caused losses for the victim"); *United States v. Louper-Morris*, 672 F.3d 539, 556 (8th Cir. 2012) ("the United States is not required to show actual loss or harm to the victims of the fraud in order to prove wire fraud or mail fraud").

Contrary to the defendant's understanding, *Kelly v. United States*, 140 S. Ct. 1565 (2020), has nothing to do with this case. In *Kelly*, the Supreme Court made clear that the wire fraud statute prohibits only deceptive schemes to deprive the victim of money or property. *Id*. at 1571. The

3

money or property, moreover, must be an object of the fraud, and the deprivation of that money or property cannot be "only an incidental byproduct of the scheme."  *Id*. at 1573.

This case is entirely unlike *Kelly*.  *Kelly* involved a scheme by public officials to close certain traffic lanes at the George Washington Bridge, and the Supreme Court determined that any connection to money or property was remote at best.   As noted above, the superseding indictment explicitly alleges that the purpose of the defendant's scheme was to obtain money or property in the form of value gained through investors' purchases of artificially inflated DECN securities. (ECF 19 at ¶ 13.)   Indeed, the superseding indictment specifically alleges that, at the outset of the scheme, the defendant specifically wrote, "[W]e need a new story and this coronavirus through impedance is the story that will allow me to raise millions."  (*Id.* at ¶ 11.)   The superseding indictment alleges a quintessential wire fraud scheme and raises no *Kelly* concern about schemes aimed at non-money or -property interests where a monetary or property deprivation was only an incidental byproduct.

For the foregoing reasons, the Court should deny the defendant's motion.

        Respectfully submitted,

        JOSEPH S. BEEMSTERBOER
        Acting Chief, Fraud Section
        Criminal Division

By:    /s/_____
        Christopher Fenton
        Trial Attorney
        Justin Weitz
        Acting Principal Assistant Chief
        Fraud Section, Criminal Division
        United States Department of Justice
        1400 New York Ave. NW
        Washington, DC 20005

        Vijay Shanker
        Deputy Chief
        Appellate Section, Criminal Division
        United States Department of Justice
        950 Pennsylvania Ave. NW
        Washington, DC 20530

## CERTIFICATE OF SERVICE

I certify that on September 7, 2021, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF.

/s/ Vijay Shanker