# EXHIBIT 7

```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,        :
                                 :          Docket No. CR 20-278
                                 :
          vs.                    :          Washington, D.C.
                                 :        Tuesday, April 27, 2021
KEITH BERMAN,                    :              2:00 p.m.
                                 :
               Defendant.        :
-----------------------------x




              TRANSCRIPT OF VIDEO STATUS CONFERENCE
            BEFORE THE HONORABLE TREVOR N. MCFADDEN
                 UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:     CHRISTOPHER R. FENTON, Esquire
                        JUSTIN D. WEITZ, Esquire
                        United States Department of Justice
                        1400 New York Ave., NW
                        Washington, DC  20530


For the Defendant:      RONALD HERZOG, Esquire
                        WALTER LOUGHLIN, Esquire
                        340 West 57th Street
                        Suite 5d
                        New York, New York  10019


Court Reporter:         CRYSTAL M. PILGRIM, FCRR, RMR
                        Official Court Reporter
                        United States District Court
                        District of Columbia
                        333 Constitution Avenue, NW
                        Washington, DC  20001
```

```
 1                        P-R-O-C-E-E-D-I-N-G-S

 2              THE DEPUTY CLERK:  Your Honor, this is criminal case

 3    20-278, United States of America versus Keith Berman.  Counsel

 4    please introduce yourselves for the record, starting with the

 5    government.

 6              MR. WEITZ:  Good afternoon, Your Honor.  Justin Weitz

 7    and Christopher Fenton on behalf of the United States.

 8              THE COURT:  Good afternoon, gentlemen.

 9              MR. HERZOG:  For the defendant, this is Walter

10    Loughlin.  I believe Mr. Herzog is on the phone as well.

11              MR. HERZOG: Good afternoon, Your Honor.

12              THE COURT:  Good afternoon, gentlemen; and good

13    afternoon Mr. Berman.

14         We've got a few issues to discuss this afternoon.

15    First, the government has raised another concern about a

16    possible conflict of interest here.  Mr. Loughlin, are you

17    going to address that?

18              MR. LOUGHLIN: No, Your Honor, Mr. Herzog.

19              THE COURT:  Okay, Mr. Herzog.

20              MR. HERZOG:  Your Honor, yes.  Your Honor, the latest

21    issue with the conflict pertains to witness Michelle Berman who

22    received a subpoena.  She was directed to myself.  Without

23    going into the substance of the discussions I had with her to

24    address the potential conflict issue.  I convinced myself that

25    she did not believe that she was a victim of any of the alleged
```

1   acts asserted by the government.  And, in fact, I think she has

2   elaborated on that in her submission to Your Honor.  Based on

3   that, I concluded that she was not a victim.

4        There was no conflict with the identified limited number

5   of documents that she had that were responsive to the subpoena.

6   I think they totaled around 40, maybe 45 pages.  I assisted in

7   her production.  I made the production on her behalf, put page

8   numbers on and submitted it.

9        I was then asked by Mr. Beckman (sic) whether I continued

10  -- whether I had a pre-existing relationship with this

11  individual.  I told him based on my understanding of the nature

12  of the documents she had that I did not anticipate the need for

13  any future involvement with her.

14     (Audio froze.)

15          MR. HERZOG:  The government contacted her again.  She

16  got back to me and indicated that the government --

17          THE COURT:  All right Mr. Herzog.  Mr. Weitz, would

18  you mind muting your line.  I think we're just getting a little

19  feedback on your line.

20          MR. WEITZ:  I'm sorry, Your Honor.

21          THE COURT:  Thank you. Go ahead Mr. Herzog.

22          MR. HERZOG:  Thank you, Your Honor.

23       There was a question apparently raised about the adequacy

24  of the production.  Since I oversaw the production, I asked to

25  participate in any follow-up communications with this

1  individual and that was the last I'd heard until the government

2  again asserted this individual who has repeatedly said she does

3  not believe herself to be a victim, has a conflict that

4  prevents or prevented me from assisting her in complying with a

5  subpoena that produced a very modest number of documents.

6         THE COURT:  Okay, you don't anticipate using her as a

7  witness in your case, Mr. Herzog?

8         MR. HERZOG:  We haven't made that decision yet, Your

9  Honor.

10         THE COURT:  So you might be using her as a witness?

11         MR. HERZOG:  We have not eliminated the possibility,

12  Your Honor.

13         THE COURT:  All right.  Mr. Weitz, are you

14  anticipating using her as a witness?

15         MR. WEITZ:  The government is not, Your Honor.

16         THE COURT:  Mr. Herzog, I'm a little surprised that

17  this is coming up again.  I want to give you due latitude to

18  conduct your profession and to be able to represent who you

19  should represent and recognize their right to pick an attorney

20  of their choosing.  But I am concerned that we're going to get

21  in a situation where comes trial time and we discover that

22  there's various people who you might be representing or you

23  think you might have represented them who are going to be

24  called on the stand and that we're all going to have wasted a

25  lot of time and effort.

1        I guess I'm wondering whether it makes sense for you to

2   let me know if you're going to be, if you end up representing

3   anyone or have representation-type discussions with anybody who

4   could be related to this case going forward, so that we're just

5   kind of able to head an issue off at the pass.  I don't want to

6   jump to conclusions here, but I also want to be able to protect

7   Mr. Berman's right to representation and be able to protect our

8   trial from appellate issues down the road.

9            MR. HERZOG:  No problem with that, Your Honor.  If

10  the situation rises as far as -- I just want to make sure I

11  understand it.  You want us to notify you in camera of any

12  potential witness the defense may call?

13            THE COURT:  Well, it was more anybody who you

14  represent or have a representation-type discussion such that

15  you don't think you're representing them, but perhaps they do

16  think you're representing them.  I know that's a tricky line

17  there, but obviously somebody who is clearly a witness who you

18  talk with in your capacity of representing Mr. Berman I'm not

19  worried about.

20       But I guess I would like to know if there are other people

21  who you end up dealing with and providing legal advice to

22  related to this case, who might think that you're representing

23  them, even if you don't think you are such that it potentially

24  creates a conflict of interest for us.  Is that fair; do you

25  understand what I'm looking for?

1          MR. HERZOG:  I do, Your Honor.  We will comply with

2    that and can tell you that there's no one else in this category

3    now other than this individual and potentially the other person

4    who's been referred to as victim one, who also (inaudible).

5    But if anyone else were to fall into that category, we will

6    notify you immediately and not proceed with them until we've

7    heard back from the Court.

8          THE COURT:  Okay.  Mr. Weitz, does that make sense to

9    you.

10          MR. WEITZ:  That works for the government.  As Your

11   Honor said, the government's primary concern is making sure

12   that Mr. Berman is represented by conflict-free counsel and

13   that no witnesses, potential witnesses or others involved in

14   the case are -- (inaudible.)  So that's fine with the

15   government, Your Honor.

16          THE COURT:  Thanks gentlemen.

17        Ms. Chaclan, do we have a probation officer or pretrial

18   services officer on the line?

19          THE DEPUTY CLERK:  We don't, Your Honor.  Do you want

20   me to try and see if I can get someone on?

21          THE COURT:  Yes, if you don't mind, it might end up

22   being too late, but if you don't mind it will be helpful while

23   we're discussing the next issue.

24        Mr. Weitz, I understand there may be a motion to continue?

25          MR. WEITZ:  Yes, Your Honor.  We spoke with counsel

1  for Mr. Berman yesterday and today.  The government anticipates

2  presenting a superseding indictment in this matter in the next

3  few weeks subject to the deliberating grand jury.  In light of

4  that, while we don't think it will dramatically reshape the

5  case, it's likely to contain some different charges.  In the

6  interest of fairness, we think given the motions deadline under

7  the current indictment of next week, it's fair to postpone the

8  trial by about two months.

9      The parties conferred and agreed on proposing September

10  27th as the trial date.  We do have -- we've also prepared a

11  list of proposed dates that mirror that to adjust the rest of

12  the pretrial schedule if it works for the Court.

13        THE COURT:  Okay, I'm not a fan of moving trial dates

14  around.  I take it this superseding indictment is going to

15  relate to information that you were not aware of before and you

16  feel like this is the only option?

17        MR. WEITZ:  It will include information and it will

18  include charges that were not in the prior indictment.

19      There will be some additional discovery that we had not

20  obtained until -- or actually still have not obtained.  And so

21  just in order to make sure that defendant has the ability to

22  receive that discovery, review it, we would ask for the brief

23  continuance.  We understand we are a hundred percent in accord

24  with Your Honor that we want to try this case as soon as

25  possible, but we think it's just necessary given the interest

1   of the discovery and the superseder.

2         MR. LOUGHLIN:  This is Mr. Loughlin.  I just want to

3   add a footnote which is that the estimate of the length of the

4   trial has been repeatedly referred to by the government as a

5   one-week trial.  But I noticed that in Mr. Weitz's recent email

6   I think with your courtroom deputy, that that estimate has now

7   doubled to two weeks.

8      I don't know whether that is only inclusive of the

9   government's case in chief and jury selection or whether -- I

10  can't imagine that Mr. Weitz or Mr. Fenton would not have any

11  idea of whether we'll put on a defense or how long our defense

12  would last.  But it may be useful for planning purposes to know

13  what the government's estimate is and the length of its case in

14  chief.

15        THE COURT:  Okay.  Thank you, Mr. Loughlin.

16     I had been under the impression that this was still a

17  five-day case in chief trial.  Has that changed Mr. Weitz?

18        MR. WEITZ:  No, it has not.  That's correct, that

19  it's a five-day case in chief.  We'll try to move it quicker if

20  we can.  Obviously, we have no idea whether Mr. Berman will

21  present a defense or how long the process will be.

22     I thought that it makes sense to reserve two weeks given

23  the reality that he may use the participants.  But I think

24  we'll all be happy if the trial is quicker than that.

25        THE COURT:  Mr. Loughlin, it sounds to me like you

1   don't have any idea about where the defense is going to be in

2   terms of the case -- defense case at this point?

3          MR. LOUGHLIN:  Not at this time, Your Honor.  I will

4   say it may be -- I mean I've looked at the new protocols which

5   I assume may still be in place in September.  And it may be

6   that it might take a little longer.  You may have more recent

7   experience than any of us, but I looked at the procedures and

8   they may take a little bit longer.  The trial may take more

9   time just dealing with the new procedures that are protective

10  of health issues.

11         THE COURT:  Right.  Well, I'm hopeful that the

12  procedures will be modified by then.

13         MR. HERZOG:  Your Honor, could I just add one matter.

14  I'm sorry to burden you on a personal matter.  But when we

15  discussed this with government's counsel, they indicated five

16  days and that was repeated both yesterday and in a conversation

17  earlier today.

18     The specter of now potentially a two-week trial and the

19  recognition that if the COVID restrictions are at least

20  partially still in place, the possibility of that expanding the

21  trial creates a personal situation for me because then a

22  two-week trial would back up to the week that I need to be out

23  of town for my daughter's wedding.  And I was wondering then,

24  even though we had discussed September 27th, whether to avoid

25  that possibility we could start on September, 20th?

1          THE COURT:  All right, to be clear, I think Mr. Weitz

2   had said his case is going to be five days.  He's trying to

3   guess what yours is.  You-all are in the best position to know

4   that.  He and I can't know that.  So the specter of a two-week

5   trial is only if you're going to take a week.

6          MR. HERZOG:  Well, it also has to allow for jury

7   selection and jury deliberation.

8          THE COURT:  True.  None of this should be a surprise,

9   I guess is what I'm saying.  But I'm certainly available the

10  20th if that works for the government.

11         MR. WEITZ:  It does, Your Honor.

12         THE COURT:  I'm willing to grant the government, well

13  the parties joint motion to continue.  I will say that I expect

14  this to be the one and only continuance for trial.  We'll

15  reschedule it for September 20th, jury selection at 9 a.m. in

16  courtroom 2, unless otherwise indicated by the Court.

17     Mr. Weitz, you say you had other proposed intermediate

18  dates.

19         MR. WEITZ:  I do, we can put these together.  So I

20  haven't in full candor spoke about these to defense counsel,

21  but I think they should be agreeable.

22     We would ask that the defendant's expert notice -- we've

23  already served our expert notice.  I don't imagine having to

24  supplement that.  That the defendant's expert notice be served

25  by July 13th.  That motions, including motions in limine, be

1  due by July 27th, responses by August 10th, and replies by

2  August 17th.

3      And then a motion hearing to be set for August, 31st.

4  Proposed voir dire and jury instructions by, I guess, September

5  7th I believe is the day after Labor Day.  And then to have a

6  final pretrial conference on Monday, September 13th.

7          THE COURT:  Any objections to any of that?  I'm

8  sorry, who's taking the lead again on defense, I apologize?

9          MR. LOUGHLIN:  I suppose I will.  This is

10  Mr. Loughlin.  As a matter of principle, we don't object to

11  this schedule.  I had thought after speaking with the

12  government this morning that we were going to see a draft

13  scheduling order and try to pull our heads together and agree

14  on everything.  But I think I've written all of these down and

15  I don't have any principle objection to any of them.

16          THE COURT:  Okay, so I'll adopt the government's

17  proposal.  The intermediate deadlines are as follows: defense

18  expert notice is due by July the 13th; any motion including

19  motion in limine are due by July 27th; opposition is due by

20  August 10th; replies are due August 17th.

21      We'll set a motions hearing for 10 a.m. on August 31st.

22  For now let's say that that's going to be in-person.  We can

23  reconsider that depending on what types of motions are being

24  filed and depending on where things are with coronavirus, but

25  especially if there's going to be expectations that I'm going

1   to be making credibility determinations.  I'll almost certainly

2   want that to be in-person, so let's set that for August 31st at

3   10 a.m.

4       Then I'll ask for joint proposed voir dire instructions

5   and questions and joint proposed jury instructions be completed

6   by September 7th.  Obviously if the parties can't agree on any

7   specific question or instruction, they should give their

8   varying proposals.  As much as possible, I would like those to

9   be agreed upon ahead of time.  And then I'm going to have to

10  change -- I've got another jury trial that's scheduled for

11  September 13th.  How about Friday, September 10th at 10 a.m.

12  for pretrial conference.  Does that work for you, Mr. Weitz?

13          MR. WEITZ:  Yes, Your Honor.

14          THE COURT:  And Mr. Loughlin?

15          MR. LOUGHLIN:  I think that's fine.  I was a little

16  surprised, Your Honor, when you referred to credibility

17  determinations at the August 31st motion hearing. I wouldn't

18  have expected that to involve any live testimony.

19          THE COURT:  I don't know what you're going to file.

20  Often in criminal cases there are motions to suppress.  This

21  may well not be one.

22      Again, you all know your case much better than I do.  All

23  right.

24      Mr. Weitz, anything we should be discussing on the

25  conditions of release request?

1        MR. WEITZ:  Not from the government, Your Honor.

2        THE COURT:  Mr. Loughlin?

3        MR. LOUGHLIN:  No, Your Honor.

4        THE COURT:  I've reviewed the parties release

5   conditions.  We do have pretrial services on the line now it

6   looks like.

7      Are you on?

8        MS. SCHUCK:  Good afternoon, Your Honor, Christine

9   Schuck, pretrial services.

10       THE COURT:  Good afternoon Ms. Schuck.  Thank you for

11   joining us at such late notice.

12     First, I don't think I've seen any update on the

13   defendant's compliance.  Are you able to tell me anything since

14   the last pretrial services report in February?

15       MS. SCHUCK:  I have not received any notification of

16   noncompliance from the Central District of California.  I just

17   was able to briefly review the travel modification that was

18   requested.  And I am as we speak trying to reach out to the

19   assigned officer in the Southern District, I mean the Central

20   District of California.  So at this point pretrial services

21   will defer to the Court regarding the travel modification.

22       THE COURT:  Okay, thank you, ma'am. I take it you

23   don't have a position on the contact?

24       MS. SCHUCK:  I'll be very honest with the Court, Your

25   Honor.  I was just able to briefly look at the motion very

1    quickly and all I saw on my quick review was the travel.  So

2    Pretrial will just defer to the Court regarding the other

3    portion regarding contact.

4              THE COURT:  Fair enough, fair enough.

5         Mr. Loughlin, this is where I am.  I'm pretty concerned

6    actually about the evidence that the government has submitted

7    that the defendant has been in contact with one or more

8    investors.  Whether you call them victims, witnesses or

9    something else, it seems to me they're pretty clearly investors

10   and he's at least in some portion discussing this case.  As the

11   government said, potentially kind of obstructive type behavior.

12        So I don't want to impose some sort of corporate death

13   penalty on his case or on his company by prohibiting any

14   contact with the outside world by the principal man of the

15   company, but I'm pretty uncomfortable with the blanket

16   modification that's being suggested.

17        Similarly, on the travel conditions I think if there's a

18   specific trip that he has in mind.  I frankly kind of expect

19   probation to agree to it or else I would be happy to consider

20   it, but I'm not particularly inclined to grant travel to

21   surrounding districts at this point.  So that's my instinct.

22   You're welcome to try to convince me otherwise.

23             MR. LOUGHLIN:  Well, I'm not sure I can add anything

24   to the written submissions that we've made.

25        With respect to the contact with investors, the current

1  bail condition allows Mr. Berman to speak with, have the same

2  communications with just, there have to be two investors

3  present.  And the only limitation is that he can't have

4  individualized communications.  There's no limitation on the

5  content of the communication.

6      Although I understand Your Honor's concern about

7  discussing the case, but it's not an unusual thing for a

8  defendant in a criminal case to talk with people and these two

9  particular individuals are, as now has become even more

10  apparent, are supporters of the company and Mr. Berman's effort

11  to create the latest version of the testing product.

12      I think with respect to the travel, it makes a lot of

13  since to confer with the supervising Pretrial Service officer

14  whose name is Ms. Achoa.  If she has concerns, obviously she

15  would reach out to the Court.  Although I don't want to burden

16  you with any particular meeting that might be outside the

17  Central District of California.  I don't think it should be

18  complicated for someone to travel within the state of

19  California, but obviously we have these prophylactics in place

20  and we can deal with those.

21          THE COURT:  I appreciate that Mr. Loughlin.  I'm

22  going to deny the defense motion.  I think as you point out, if

23  anything what I take from your point is that perhaps the

24  initial bar on communications was inartfully worded, perhaps

25  should have been broader than it was, but it's not and I'm not

1  basing a request to broaden it.  And I think as you point out,

2  it does permit various attempts to keep going by doing group

3  communications.

4      Given that the defendant is currently in violation of or

5  allegedly in violation of the prohibition against communication

6  with individual investors and given that regardless of the

7  release conditions that those communications kind of are

8  potentially obstructive, I'm not comfortable loosening the

9  contact conditions at this point.

10     Also, as to the travel conditions I'm not going to make a

11  modification at this point.

12     Ms. Schuck, if you're in contact with the probation office

13  there, please you can indicate to them that if they're

14  comfortable with individual travel for the defendant to see his

15  son or something like that, I'm quite happy for them to approve

16  one off travel as they see necessary or appropriate.  But at

17  this point, I'm not going to make the blanket modification that

18  has been requested.

19     Ms. Schuck, are you able to convey that to the Central

20  District?

21         MS. SCHUCK:  Your Honor, what I normally do is I

22  normally try to include the minute order from the hearing to

23  the supervising district.  So if that wording could be included

24  in the minute order that they're able to do that, when I send

25  over the hearing outcome to the supervising district, they'll

1   have that in writing which will likely make them feel more

2   comfortable that it's in the minute order versus just an email

3   from me saying this is what the judge said.

4           THE COURT:  Very well.  We'll do that.

5       The last thing that I have on my list is Mr. Loughlin

6   we're still waiting on somebody to enter an appearance on

7   behalf of the defendant.  This case has been going on for some

8   months now.  Where is that?

9           MR. LOUGHLIN:  Well, Your Honor, I have to admit I

10  did apply for admission so that I could use my ECF credentials

11  in the District of Columbia.  I heard back six weeks later that

12  they did not see my certificate of good standing with the

13  application, even though that was the very first document I

14  downloaded into the application.  So I called them and said why

15  don't I just send you the certificate and they said no.  You

16  have to reapply from the getgo.

17      So I mean, I'd be happy to file a notice of appearance,

18  but --

19          THE COURT:  Have you done that application, the

20  reapplication, sir?

21          MR. LOUGHLIN:  I'm in the middle of it right now.  I

22  just heard from the admissions folks a week ago.

23          THE COURT:  Okay, I'm going to ask you to complete

24  that this week.  It's just not a good situation for you and

25  it's just kind of a -- I'm concerned that you're going to be

1  missing things and I'm missing things from you if we're not

2  able to do the CM/ECF.  So please do that application this

3  week.  If you're not hearing back from them, feel free to

4  follow up with my chambers and I can try to nudge this, but we

5  need to get this regularized quickly.

6       Mr. Weitz, anything further from the government?

7           MR. WEITZ:  No, Your Honor, thank you.

8           THE COURT:  All right, have we entered a complex case

9  designation for this?

10          MR. WEITZ:  We have not, Your Honor.  That reminds

11 me, I suppose the one thing that we should move to exclude the

12 speedy trial time.

13          THE COURT:  Until when and on what basis?

14          MR. WEITZ:  Until September, 20th.  I believe the

15 period from July, 12th to September, 20th on the grounds that

16 the ends of justice require a continuance to allow the parties

17 to prepare for trial.

18          THE COURT:  All right, I guess we need an arraignment

19 date.  What do you propose for that?

20          MR. WEITZ:  Your Honor, I would propose sometime in

21 the week of May 17th and that's just to give us some time.  As

22 you can imagine, the grand jury is rather busy right now in

23 D.C.  So give us a little bit of time, but I think the week of

24 May 17th should be clear.

25          THE COURT:  All right, how about May 26th at 10 a.m.

1  Are the parties available for a virtual status conference at

2  that time, Mr. Weitz?

3             MR. WEITZ:  The government is, Your Honor, thank you.

4             THE COURT:  And Mr. Loughlin?

5             MR. LOUGHLIN:  Could I just have the date once more,

6  Your Honor.

7             THE COURT:  Sure, Wednesday, May 26th at 10 a.m.

8             MR. LOUGHLIN:  Yes.

9             THE COURT:  All right, I'll set that.  I guess we'll

10 go ahead and set that for an arraignment, but otherwise for a

11 status conference on May 26th at 10 a.m.

12    Mr. Loughlin, do you have any objection to tolling the

13 speedy trial clock until that date?

14            MR. LOUGHLIN:  No, Your Honor.  With respect to

15 arraignment, it all is -- it's all dependent upon when the

16 government files a superseder which we don't know.  And I don't

17 think they even know yet.

18            THE COURT:  Right, that's why I asked Mr. Weitz and

19 I'm going to go off his representation.  So we'll set this.

20 It's a status conference anyway and potential arraignment on

21 May 26th at 10 a.m.

22    I do think it's appropriate to toll the speedy trial clock

23 until May 26th.  I'm not going to make a finding at this point

24 regarding September.  I do think it's appropriate; that the

25 ends of justice or the interest of justice outweigh the

1   interests of the public and the defendant in the speedy trial

2   and the new information and potential indictment, I think it's

3   appropriate to toll.

4           MR. LOUGHLIN:  We have no objection to excluding the

5   time, Your Honor.

6           THE COURT:  Thank you.  Anything further from you,

7   Mr. Loughlin?

8           MR. LOUGHLIN:  No, Your Honor.

9           THE COURT:  Thanks folks.  I'll see you on May 26th.

10      Mr. Berman, I forget if I mentioned to you, but if I

11  haven't I will certainly reiterate that I do take into account

12  a defendant's behavior while on pretrial release if we do come

13  to sentencing.  So I just ask you to maintain the conditions of

14  your release, follow all applicable laws and maintain contact

15  with your probation officer and attorneys, of course, and I'll

16  expect to see you for a virtual status conference on May 26th

17  at 10 a.m.  Thanks folks.

18          MR. LOUGHLIN:  Thank you, Your Honor.

19          MR. WEITZ:  Thank you, Your Honor.

20          (Video conference adjourned at 2:39 p.m.)

21                          -oOo-

22

23

24

25

1                          CERTIFICATE

2        I, Crystal M. Pilgrim, Official Court Reporter, certify

3   that the foregoing is a true and accurate transcript, to the

4   best of my ability, of the proceedings remotely reported in the

5   above-entitled matter.

6        **Please Note:** This hearing occurred during the COVID-19

7   pandemic and is, therefore, subject to the technological

8   limitations of court reporting remotely.

9

10  _____        _____

11  /s/Crystal M. Pilgrim, FCRR, RMR     Date:  June 22, 2021

12

13

14

15

16

17

18

19

20

21

22

23

24

25