UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

―――――――――――――――――――X

UNITED STATES OF AMERICA

        Plaintiff,

                              1:20-cr-00278  TNM

    -v-

KEITH BERMAN

        Defendant

―――――――――――――――――――x

**DEFENDANT'S REPLY TO THE GOVERNMENT'S
OPPOSITION TO THE SECOND MOTION IN LIMINE**

      Defendant Keith Berman, by and through undersigned counsel, respectfully submits this reply to the Government's opposition to Defendant's Second Motion in Limine.

      Despite the length and breadth of both the Government's October 7, 2021 notice, and its Opposition to the defense motion, the Government appears to have narrowed what it seeks to offer into evidence at trial to the emails and texts set forth in Exhibits 1 and 2 to its Opposition. (Opp. at 3: "At trial, the government intends to admit the February 2021 Emails and February 2021 Texts.")

      The emails are contained in Exhibit One and the texts are in Exhibit Two to the Opposition. According to the Government, the evidence originating from The Bio is intrinsic evidence to the offenses and scheme charged or other acts evidence admissible under Rule 404(b) to show Mr. Berman's state of mind.

1

The Government's theory of relevance is that Mr. Berman knew that messages from The Bio and Mr. Kim were inculpatory and he engaged in communications about them that show consciousness of guilt. However, upon examination, much of this evidence points in the opposite direction. For instance, in a text exchange set out in Exhibit 2, Mr Berman says of The Bio: "Just now received great news from Korea …the [K]oreans have a plan, a good plan. They will take the big stuff, figure out what version looks like it will work best. Then they will take about 30 % of one vial of virus and dilute it 1 to 30 into a chemical that will remove the virus from the big solution." Mr. Berman clearly did experience frustration with The Bio but is is wrong to say that their communications were primarily negative.

Moreover, the bullet points set forth at pages 4-5 of the Opposition, which include heavily edited email exchanges between Mr. Berman and Mr. Kim, are not clearly evidence of the offenses charged in the Indictment. Indeed, the excerpts themselves, and the sources of these excerpts, both tend to show the typical back-and-forth one might expect between those collaborating in the early stages of the development of a new product.

The Government quotes an email from the Bio which states: "It is not possible to distinguish the type of virus detected." The very next sentence, not included in the Government's excerpt, completely reverses the import of the quoted excerpt: "However, this does not matter." What follows is an elaboration of this point. Another excerpt describes the need to take precautions to keep foreign substances from the tests and to strike a balance between diluting the sample being tested without reducing the sensitivity of the device. Another excerpt from a communication with The Bio describes an issue and suggests it will take more than "a week or two" to resolve it. If these are the best illustrations the Government can cull from the larger body of emails between the

The Bio and Mr. Berman, with their relevance premised on their purported inculpatory value, they are simply not relevant.

Turning to the text exchange which the Government touts as reflecting Mr. Berman's consciousness of guilt and possibly tampering with evidence, this too slender a reed to support the Government's theories of admissibility. The exchange is between Mr. Berman and Michael Triglia in February 2021. Both express frustration with the pace of The Bio's development of the COVID-19 test. Mr. Berman acknowledges that this "is really complex," and Mr. Triglia suggests Mr. Berman impress upon The Bio the urgent need for the test to address the pandemic.

Then Mr. Berman, referring either to a March 2020 letter or an email from The Bio, describes it as "the biggest nail in my current coffin." This is followed by Mr. Triglia volunteering to contact The Bio, presumably about the communication to which Mr. Berman just referred, combined with some tasteless humor. Mr. Berman responds that a letter had already been sent to the BIO three weeks before.

Although the Government refers to the coffin nail quote and the retraction of an email multiple times in its Opposition, this repetition does not conceal the evidentiary gaps that render these texts irrelevant. First, the Government cannot point to what communication from the Bio Mr. Berman is referring in the February 2021 texts—especially since the communication occurred 11 months before, in March 2020. Moreover, the Government does not identify the letter or email which Mr. Berman purportedly sent to someone at The Bio about the unspecified email from 11 months before, in March 2020.

So what this amounts to is a single sentence where Mr. Berman uses the coffin nail metaphor but the Government can point to neither what he is referring to nor the purported letter

sent to The Bio on this subject—much less the content of any such communications. This is an insufficient demonstration of the relevance of Mr. Berman's text statement. Without more, it is not probative of consciousness of guilt or of tampering with evidence.

Two final points will further demonstrate the Government's tendency to exaggerate the significance of testimony and present arguments which are difficult to accept. First, at note 2, the Government takes us to to task for referring to The Bio having advised Mr. Berman of the theoretical possibility of a test for virus in blood or saliva—deriding this as the "defendant's claim." But surely the Government knew when it wrote that footnote that this so-called defense "claim" is based on paragraphs 16-17 of the Indictment—which recount Mr. Berman's initial query about this subject and The Bio's response that it was theoretically possible to detect viruses in blood or saliva but whether COVID-19 could be detected was an open question.

A second example of why the Government is not a reliable source of descriptions of the evidence appears on pages 6-7 of the Opposition where the Government contends that Matthew Musho recognized that the project he, Mr. Berman, and The Bio had embarked upon was, in fact "futile." But any fair reading of Dr. Musho's statement is that he was lamenting the fact The Bio was apparently no longer "on board" with developing the test—despite the fact it had initially believed it was workable. He advised that no matter how much he could contribute himself, such efforts could be futile unless The Bio re-engaged.

## CONCLUSION

The foregoing has shown that the evidence the Government seeks to offer into evidence at trial, from February 21 emails and text messages from February 2021m are not relevant in that

there has been an insufficient showing that such evidence would make any fact of consequence to this prosecution more probable than it would be without the evidence. Fed. R. Evid. 401.

Dated: November 17, 2021
      New York, New York

                                             Respectfully submitted,

                                             */s/ Walter P. Loughlin*
                                             Walter P. Loughlin, Esq., (DC Bar No. 0433)
                                             340 West 57th Street
                                             Suite 5D
                                             New York, NY 10019
                                             Tel. (203) 216-3445

                                             Ronald S. Herzog, Esq.
                                             Goldberg Segalla LLP
                                             50 Main Street
                                             Suite 425
                                             White Plains, NY 10606
                                             Tel. (914) 798-5419

                                             *Counsel for Defendant Keith Berman*