**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

————————————————————X

UNITED STATES OF AMERICA

                Plaintiff,

                                      1:20-cr-00278  TNM

      -v-

KEITH BERMAN

                Defendant

————————————————————x

**DEFENDANT'S ALTERNATIVE PROPOSED**
**JURY INSTRUCTIONS**

Defendant Keith Berman, by and through undersigned, counsel, respectfully submits two issues concerning proposed jury instructions for the above-captioned case as to which we have been unable to agree upon with the Government.

**Aiding and Abetting**

The Government has insisted, over defense objection, that the jury should consider the prosecution case on the theory Mr. Berman committed the crimes charged in the Indictment as a principal and also as an aider and abettor.

Our objection is both general and specific. As a general matter, jury instructions should align with how the case is tried. The Government has never explained why this instruction is appropriate. It has simply asserted that charging 18 U.S.C. Section 2 is routinely done. The defense does not doubt that this is a regular practice. But that is not a rational basis for the instruction if it is not the Government's theory of Mr. Berman's criminal liability.

1

Moreover, unless the Government intends to prove that someone other than Mr. Berman committed the charged offenses, and he only assisted that other person, it would be wrong to give the proposed instruction. Under Section 2, "there must be a guilty principal before a second party can be found to be an aider and abettor." United States v. Raper, 676 F.2d 841, 849 (D. C. Cir. 1982) (internal citations omitted). In other words, accessorial liability is based on the knowledge that "someone' is committing an offense and the aider and abettor "assisted or participated in the commission of the offense." Id.

In sum, only if the Government intends to show that Mr. Berman aided and abetted some third party to commit the crimes in the Indictment would this charge be appropriate.

**Good Faith**

As I advised the Court at our last appearance, the core of the defense is that Mr. Berman was embarked on a sincere effort, undertaken in good faith, to develop a COVID test using blood or saliva. Consistent with this defense, we proposed an instruction from the same source the Government cites for its proposed instruction on the state of mind required for a valid fraud conviction.

The Government's proposed instruction is taken from language in Modern Federal Jury Instructions—specifically Section 57.03. We do not object to that proposed instruction as far as it goes. But because good faith negates an unlawfully fraudulent state of mind, the defense proposed the following balancing language, also based on Section 57 from Modern Federal Jury Instructions.

**Proposed Instruction on Good Faith**

"Since an essential element of the crimes charged in Counts One and Two is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on

2

the Government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

Under the fraud statutes, even false representations or omissions of material facts do not amount to fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.

An honest belief in the truth of the representations made by the defendant is a good defense however inaccurate the statements may have turned out to be.

In considering whether or not the defendant acted in good faith, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that the defendant acted in good faith. No amount of honest belief on the part of the defendant that, for instance, the scheme would ultimately make a profit for investors will excuse fraudulent or false representations for the purpose of obtaining money."

Authority: Modern Federal Jury Instructions Section 57; United States v. Leonard, 529 F,3d 83, 91 (2d Cir. 2008); United States v. Tarallo, 380 F.3d 1174, 1191 (9th Cir. 2004).

Respectfully submitted,

/s/ Walter P. Loughlin
Walter P. Loughlin, Esq (DC Bar No.NY0433)
340 West 57th Street
Suite 5D
New York, NY 10019
Tel. (203) 216-3445

Ronald S. Herzog, Esq.
Goldberg Segalla LLP
50 Main Street
Suite 425

White Plains, New York 10606
Tel. (924) 798-5419

*Counsel for Defendant Keith Berman*