UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 1:20-cr-00278-TNM |
| v. : | |
| : | |
| KEITH BERMAN, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO SUPPRESS**

The United States of America, through its undersigned counsel, respectfully submits its response in opposition to defendant Keith Berman's motion to suppress (ECF 50 ("Def.'s Mot.")). The defendant's motion is foreclosed by both black letter law and the basic principles of our constitutional system.  It should be denied.

**I.     Background**

On October 27, 2020, an FBI special agent, acting in her official capacity as a sworn law enforcement officer, knocked on the door of defendant Keith Berman's office in Westlake Village, California, and identified herself as a special agent.  After the defendant welcomed the special agent into his office, she proceeded to ask him questions about Decision Diagnostics, Corp. ("DECN"), the publicly traded company for which he serves as the chief executive officer.  The defendant spoke voluntarily and with the express recognition that he would speak without an attorney.  The defendant, in the course of that interview, lied about his actions over the course of the previous months.  The FBI agent surreptitiously recorded the interview using an audio device.

On December 15, 2020, the grand jury returned an indictment; the defendant, who was arrested shortly thereafter, received a copy at his initial appearance.  The indictment put the

defendant and his attorneys on notice that he had spoken with law enforcement. ECF 1 at ¶ 53 ("On or about October 27, 2020, BERMAN falsely told federal law enforcement agents that neither he nor DECN had been involved with the shareholder letters . . . ."). Several weeks later, after the entry of a protective order, the government provided the defendant with a copy of the audio recording of the defendant's interview with the FBI. The government, in its January 29, 2021, discovery letter to counsel, specifically identified the audio recording of the defendant.

On November 16, 2021, as part of preparation for an orderly trial, the government provided the defendant with a draft copy of a transcript of the defendant's recording. Shortly thereafter, the defendant informed the government that he intended to move to suppress the recording. At a pretrial hearing on November 19, 2021, the defendant informed the Court of his intent to file a suppression motion on the asserted ground that the surreptitious recording violated California state law. The Court provided its preliminary view that the Supremacy Clause governed the issue, and the government noted that it is well established that a specific federal statute, in combination with the Supremacy Clause, serves to preempt the California provision at issue. Nevertheless, the defendant filed the instant motion on November 29, 2021.[1]

---

[1] Whether or not it is a basis to deny the defendant's motion, it bears noting that, five weeks before trial, the defendant is moving to suppress an audio recording almost a year after being put on notice that he had lied to the FBI in October 2020 and ten months after receiving the recording in discovery. At a hearing on April 27, 2021, this Court set a motions deadline of July 27, 2021. The defendant had substantial time to move to suppress before that deadline as well as after, and he provides no good cause for his failure to do so until now. *See generally* Fed. R. Crim. P. 12(c)(3) ("If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely.").

**II.     Argument**

     A.     <u>The Defendant's Motion Is Baseless</u>.

Federal law clearly permits federal law enforcement officers to surreptitiously record communications. 18 U.S.C. § 2511(2)(c) ("It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."); *see Smith v. DOJ*, 251 F.3d 1047, 1050 (D.C. Cir. 2001) ("18 U.S.C. § 2511(2)(c) separately authorizes 'a person acting under color of law to intercept a . . . communication where such person is a party to the conversation'; . . . the requirements of that section are automatically met when a law enforcement officer actually participates in the conversation."); *Bamdad v. DEA*, 617 F. App'x 7, 8 (D.C. Cir. 2015) ("[T]he wiretapping statute expressly allows officers acting under color of law to secretly record their own conversations. *See* 18 U.S.C. § 2511(2)(c)."). When a federal officer records an individual in a federal investigation and the question is whether the evidence is admissible in federal court, the provisions of 18 U.S.C. § 2510 *et seq*. apply. That is the end of the matter here.

The defendant nonetheless argues that California *state* law applies to a federal law enforcement agent engaging in investigative activities in a federal criminal case. The argument is meritless. It flies in the face of centuries of precedent and would create a situation in which California, or another state with a similar law, could fine and imprison a federal law enforcement agent who followed federal law in a federal proceeding.

Article VI, Paragraph 2 of the United States Constitution provides that "the Laws of the United States . . . shall be the supreme Law of the Land" and preempt any contradictory state laws. Even where a federal law does not explicitly preempt a state law, a court is permitted to find that

3

Congress's overall statutory scheme serves to preempt a state law. *See Gade v. Nat'l Solid Wastes Mgmt. Assn.*, 505 U.S. 88, 98 (1992). "[A] state law may not be enforced to the extent that doing so would frustrate the purpose of a federal law." *Pharm. Care Mgmt. Ass'n v. Wehbi*, __ F.4th __, No. 18-2926, 2021 WL 5355916, at *6 (8th Cir. Nov. 17, 2021).

Federal courts recognize that the plain meaning of Section 2511(2)(c) is that a law enforcement officer such as an FBI agent is permitted to record a conversation to which he or she is a party, notwithstanding the lack of consent of other parties to the conversation. A state law that purported to prohibit such activity by a federal agent would conflict with the federal provision and be preempted. *See United States v. Sanderson*, 298 F. App'x 619, 621 (9th Cir. 2008) ("[The defendant] argues that the federal agent who recorded the controlled buy did so in violation of state law. However, the officer was authorized to record the controlled buy under 18 U.S.C. § 2511(2)(c)."); *United States v. Goodapple*, 958 F.2d 1402, 1410 n.3 (7th Cir. 1992) ("Federal as well as state agents investigated Goodapple, so 18 U.S.C. § 2511(2)(c), the federal wiretapping statute, clearly applies. As long as the recorded conversations are admissible under federal law, they are admissible in federal court, notwithstanding that the recordings might not have been admissible in state court.").

The illogic of the defendant's position is underscored by the fact that he has alleged no constitutional violation that would warrant suppression. *See Lopez v. United States*, 373 U.S. 427, 439 (1963) (no constitutional violation in surreptitious recording of a conversation "in which the Government's own agent was a participant and which that agent was fully entitled to disclose"); *United States v. Wahchumwah*, 710 F.3d 862, 867 (9th Cir. 2013) ("The Supreme Court has also determined that a defendant generally has no privacy interest in that which he voluntarily reveals to a government agent. A government agent may also make an audio recording of a suspect's

statements, and those audio recordings, made with the consent of the government agent, do not require a warrant.") (internal citation omitted).  Title III provides a *statutory* suppression remedy for violations of its provisions, 18 U.S.C. § 2515, but the defendant concedes that the government complied with Title III.  *See* Def.'s Mot. at 5 ("The FBI agents apparently acted in conformity with Section 2511.").

That leaves the defendant to rely solely on the inadmissibility provision of the California state privacy law that serves as the entire basis of his complaint.  *See* Cal. Penal Code § 632(d) ("evidence obtained as a result of eavesdropping upon or recording a confidential communication in violation of this section is not admissible in any judicial, administrative, legislative, or other proceeding").  But it is well settled that a state legislature cannot dictate the admissibility of evidence in federal courts.  *See Osterhout v. Bd. of Cty. Commissioners of LeFlore Cty., Oklahoma*, 10 F.4th 978, 997 (10th Cir. 2021) (in action brought in federal court under federal statute, admissibility of evidence is governed by federal law, not state law); *United States v. Noriega*, 676 F.3d 1252, 1263 n.4. (11th Cir. 2012) ("[F]ederal law, not state law, governs the admissibility of evidence in federal court and complaints that the evidence was obtained in violation of state law are of no effect.") (quotation omitted); *United States v. Clenney*, 631 F.3d 658, 667 (4th Cir. 2011) (states lack power to "attempt to direct federal courts to exclude evidence obtained in violation of state statutes").  These cases demonstrate not only that the defendant has not identified a basis for suppression, but also more generally that the defendant's position simply cannot be correct as a matter of logic—California privacy law cannot limit a federal agent's investigative powers under federal law because there would be no remedy for any alleged violation in federal court.

It is, moreover, a basic principle of statutory construction "that interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982). A world in which the defendant's position prevails would produce innumerable absurd results. FBI agents would be subject to arrest in California, and other federal law enforcement officers wearing body cameras would be violating the law in 12 states. This cannot be the right result.

The defendant claims that "[e]ven the Department of Justice agrees that federal agents must abide by state laws that are more protective of privacy than Title III." Def.'s Mot. at 5; *see also* Def.'s Mot. at 7. The document the defendant cites, however, says no such thing; the defendant misleadingly altered quotes from that document to omit critical language, without indicating that language was omitted. The Bureau of Justice Assistance (BJA) document the defendant cites actually says the following, with key words that the defendant deleted in bold and italics:

> The federal wiretap laws preempt all state law to the extent that no state may allow access to wire, oral, or electronic communications with less justification than required by federal law. Thus the federal laws establish the minimum privacy protections for all wire, oral or electronic communications that no state may relax. However, states may impose greater requirements ***upon state investigators and private citizens*** than those required by federal law. ***For example, some states may not authorize state investigation access to certain types of communications.*** Other states may require all parties to a communication to consent to a recording of it, where the federal law requires only one-party consent. Individual state law should be consulted to determine whether ***state*** interception of communications is authorized, and if so, what standards should be applied.

https://bja.ojp.gov/program/it/privacy-civil-liberties/authorities/statutes/1284. The BJA document clearly speaks to the question whether *state* law enforcement officers—*not* federal law enforcement officers—may be subject to different requirements than those imposed under Title III.

Similarly, the defendant cites (Def.'s Mot. 7-8) a 1968 Senate Report that contains express language about preemption. These references about preemption, however, refer explicitly to Sections 2512 and 2520 of Title 18, and not to Section 2511(2)(c), which is at issue here. The defendant fails to mention this, however, in his motion.

At bottom, the defendant seeks suppression because he was recorded lying to an FBI agent, and the recording precludes his ability to impugn the FBI agent's credibility when she testifies. *See Lopez*, 373 U.S. at 439 ("Stripped to its essentials, petitioner's argument amounts to saying that he has a constitutional right to rely on possible flaws in the agent's memory, or to challenge the agent's credibility without being beset by corroborating evidence that is not susceptible of impeachment. For no other argument can justify excluding an accurate version of a conversation that the agent could testify to from memory."). Even if the defendant had not been recorded, his statement would be admissible against him in court, but it would be based on the FBI agent's recollection of the events. It is unquestionably better for the ends of justice that the defendant's recorded statement—in the defendant's own words for the jury to interpret and not subject to the fallibilities of human memory—will be admitted in court. *See id*. ("The Government did not use an electronic device to listen in on conversations it could not otherwise have heard. Instead, the device was used only to obtain the most reliable evidence possible of a conversation in which the Government's own agent was a participant and which that agent was fully entitled to disclose."). Yet the defendant's motion presents the FBI's decision to record his statement, which ultimately serves to protect both his rights and the law enforcement officer's reputation, as "unlawful."[2]

---

[2] In that respect, the defendant's motion ignores the fact that law enforcement has sought to record interviews to protect criminal defendants and increase accountability, and not for nefarious purposes. In 2014, the Department of Justice implemented a policy for the FBI and other law enforcement agencies under the DOJ umbrella, creating a presumption of recording custodial

7

In sum, Section 2511(2)(c) and the Supremacy Clause dictate the outcome here—as courts have consistently recognized. The defendant cites no authority to the contrary. His eleventh-hour attempt to exclude important, reliable evidence should be rejected.

B.     Even Assuming the Recording Violates California Law and California Law Could Require Suppression in Federal Court, Suppression Would Be Inappropriate Here Because the FBI Agent Acted in Good Faith.

Even if the defendant is correct that California state privacy law restricts conduct of federal law enforcement officers that complies with federal law, and even if a federal law enforcement officer's violation of California state privacy law could result in suppression of evidence in federal court, suppression would not be warranted here because the FBI special agent acted in good faith in recording the consensual conversation with the defendant.

The exclusionary rule is a "'judicially created remedy'" that is "designed to deter police misconduct." *United States v. Leon*, 468 U.S. 897, 906, 916 (1984) (citation omitted). The rule does not apply "where [an] officer's conduct is objectively reasonable" because suppression "cannot be expected, and should not be applied, to deter objectively reasonable law enforcement activity." *Id*. at 919. Instead, to justify suppression, "police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system" for the exclusion of probative evidence. *Herring v. United States*, 555 U.S. 135, 144 (2009). "Suppression of evidence [ ] has always been our last resort, not our first impulse." *Hudson v. Michigan*, 547 U.S. 586, 591 (2009).

---

interviews and encouraging "agents and prosecutors to consider electronic recording in investigative" circumstances that are non-custodial. The memo by then-Attorney General Eric Holder noted explicitly that "[r]ecording under this policy may be covert or overt. Covert recording constitutes consensual monitoring, which is allowed by federal law. *See* 18 U.S.C. § 2511(2)(c)."

8

Here, the FBI special agent acted in good faith, as she reasonably believed that the recording of her interview of the defendant was consistent with FBI policies and procedures (which are authorized by the United States Constitution, a clear federal statute, decades of case law applying that statute, and guidance from the Department of Justice). The defendant has cited no case suggesting that state law overrides Title III and applies to federal agents investigating violations of federal law. Accordingly, at the very least, if the agent was wrong, she acted in good faith.

### III. Conclusion

The defendant filed an untimely and meritless motion weeks before trial, despite having been apprised by the government—in open court—that black letter law precluded the relief he sought. In that motion, the defendant used misleading alterations to blur the fact that his motion lacks any basis in law or fact. The Court should deny the defendant's motion because it is dilatory and baseless.

                                    Respectfully submitted,

                                    JOSEPH S. BEEMSTERBOER
                                    Acting Chief, Fraud Section
                                    Criminal Division

By:    /s/_____
                      Christopher Fenton
                      Trial Attorney
                      Justin Weitz
                      Acting Principal Assistant Chief
                      Fraud Section, Criminal Division
                      United States Department of Justice
                      1400 New York Ave. NW
                      Washington, DC 20005

                      Vijay Shanker
                      Deputy Chief
                      Appellate Section, Criminal Division
                      United States Department of Justice
                      950 Pennsylvania Ave. NW
                      Washington, DC 20530

CERTIFICATE OF SERVICE

      I certify that on December 6, 2021, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF.

                                        /s/ Vijay Shanker