UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 1:20-cr-00278-TNM |
| v. | : | |
| | : | |
| KEITH BERMAN, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT
BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

The United States of America, through its undersigned counsel, respectfully submits this motion *in limine* for an order admitting business records under the self-authentication provision of Federal Rule of Evidence 902(11).

I. Background

The defendant was indicted for his role in a scheme to defraud investors by making false and misleading statements about the purported development of a new COVID-19 blood test by his company, Decision Diagnostics Corp., in a series of press releases he disseminated on the Internet. *See generally* ECF 19.  When he learned the United States Securities and Exchange Commission ("SEC") was investigating his conduct and specifically questioned whether he had, in fact, developed a COVID-19 blood test, the defendant used fake identities on two Internet message boards – investorshub.com and investorshangout.com – as part of an effort to obstruct that investigation.  *Id.*  In a further effort to conceal his crimes, the defendant subsequently lied to two FBI agents about his use of Internet message boards.  *Id.*  Trial is scheduled to begin on January 4, 2022.

The government seeks to introduce certain business records at trial under the self-

1

authentication provision of Federal Rule of Evidence 902(11), including:

- bank records;
- subscriber records for Internet Protocol ("IP") addresses;
- subscriber records for telephone numbers;
- subscriber records for email accounts;
- records for Decision Diagnostic Corp.'s business account with AccessWire, a press release distribution service; and
- records for Decision Diagnostics Corp.'s business account with OTC Markets Group Inc., the owner and operator of a U.S. electronic quotation and trading system for over-the-counter (OTC) securities.

The government provided written notice to the defendant of its intention to introduce the bank records and IP address, telephone and email subscriber records in this manner on November 9, 2021. On December 3, 2021, counsel for the defendant responded in an email that they "will not object to the admission of banking, IP address, telephone, and email subscriber records on condition that, for any such collection of documents, the Government produces at trial a proper certification from the custodian that satisfies Rules 106 and 803(6) of the Federal Rules of Evidence before the documents are offered into evidence." (December 3, 2021 email from W. Loughlin to C. Fenton *et al*.)

The government provided written notice to the defendant of its intention to introduce the AccessWire and OTC Markets Group Inc. records in this manner on December 8, 2021 and asked counsel to notify the government of any objections by December 10, 2021. To date, counsel has not notified the government of any objections.

II. **Argument**

Rule 902(11) permits the admission of self-authenticating business records. Specifically, the Rule dictates that certified domestic records of a regularly conducted activity "are self-authenticating" and therefore "require no extrinsic evidence of authenticity in order to be admitted."

Fed. R. Evid. 902(11).  To qualify under this provision, the records in question must be "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person."  *Id.*  The Rule also requires that the proponent of such evidence provide an adverse party, prior to trial, with "reasonable written notice of the intent to offer the record -- and . . . make the record and certification available for inspection -- so that the party has a fair opportunity to challenge them."  *Id.*

Under Rule 803(6)(A)-(C), a business record is admissible if:  (A) "the record was made at or near the time by -- or from information transmitted by -- someone with knowledge"; (B) "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit"; and (C) "making the record was a regular practice of the activity."  Fed. R. Evid. 806(A)-(C).  Moreover, admitting business records under Rule 902(11) without testimony from a custodian of records does not violate a defendant's rights to confront witnesses because business records are not testimonial in nature. *See Bullcoming v. New Mexico*, 564 U.S. 647, 659 n.6 (2011) ("Elaborating on the purpose for which a 'testimonial report' is created, we observed in [*Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009)] that business and public records 'are generally admissible absent confrontation . . . because -- having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial -- they are not testimonial.'" (quoting *Melendez-Diaz*, 557 U.S. at 324)).

Here, the government has produced business records from the custodians of records (or other qualified persons) of various financial institutions and businesses, as set forth in the chart attached hereto as Attachment 1.  The government has also produced declarations from the respective custodians of records (or other qualified persons) from these financial institutions and businesses, which are attached hereto as Exhibits A1 to F1.  The government gave written notice

3

to the defense of its intention to authenticate and admit these business records pursuant to Federal Rule of Evidence 902(11) on November 9, 2021 and December 8, 2021.

Certification under Rule 902(11) obviates the need for the government to authenticate business records at trial and permits the records to be admitted under Federal Rule of Evidence 803(6). *See* Fed. R. Evid. 902(11). Accordingly, in order to admit the above-referenced business records as exhibits at trial, the government should not need to call the custodians of records for these businesses to testify. Rather, these business records should be admissible based on the certifications described above and in the attached Attachment 1.[1]

### III.   Conclusion

For the foregoing reasons, the government respectfully requests that the Court issue an order that the documents subject to this motion are self-authenticating, meaning that "they require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902. The government seeks an order that it has satisfied the authenticity and foundational requirements for admission of these documents without calling document custodians and that the documents will be admitted at trial as business records.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division

By:   /s/_____
Christopher Fenton
Trial Attorney
Justin Weitz

---

[1] The government reserves the right to provide further notice of other entities from which it intends to introduce business records pursuant to Federal Rule of Evidence 902(11).

Acting Principal Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005

Vijay Shanker
Deputy Chief
Appellate Section, Criminal Division
950 Pennsylvania Ave. NW
Washington, DC 20530

CERTIFICATE OF SERVICE

I certify that on December 13, 2021, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF.

            /s/ Christopher Fenton