**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 1:20-cr-00278-TNM** |
| **v.** | : | |
| | : | |
| **KEITH BERMAN,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE AN**
**ADVICE OF COUNSEL OR INVOLVEMENT OF COUNSEL ARGUMENT**

The United States of America, through its undersigned counsel, respectfully moves this Court to preclude an advice of counsel defense and to preclude an involvement of counsel defense without an explanation by the defense of the contours of that defense and a showing of its relevance and admissibility under Federal Rules of Evidence 401, 402, and 403.

**I.     Background**

On March 23, 2021, the government sent defense counsel a letter (attached as Exhibit 1) requesting that the defendant notify the government by April 15, 2021, if he intends to raise at trial either an advice of counsel defense or involvement of counsel arguments.   The government never received a written response.

On November 23, 2021, the government asked for confirmation by November 30, 2021, that the defendant does not intend to raise an advice of counsel or involvement of counsel defense or argument.   On December 6, 2021, defense counsel stated in an email that they "confirm that we do not intend to raise an advice of counsel defense," which defense counsel described as a claim that a defendant "fully and honestly laid all the facts before his counsel, and in good faith and honestly, followed his counsel's advice."   Defense counsel observed that they were "not sure what

1

the contours of an 'involvement of counsel defense' may be."  They added, however, that they intend to introduce evidence that portions of a Food & Drug Administration (FDA) application for the defendant's purported Covid-19 test were prepared by a consultant hired by the defendant and that "the application was prepared by and submitted to the FDA by counsel with expertise in such matters."  December 6, 2021 Email from Walter Loughlin.

On December 9, 2021, during a telephone call among counsel, defense counsel confirmed that the defendant would not employ an advice of counsel defense, but noted again that a consultant and attorneys were involved with the defendant's submissions to the FDA.  When asked for the relevance of this fact to the charged offenses and whether this constituted an involvement of counsel defense, defense counsel declined to elaborate.

While defense counsel did not provide additional information about the nature of a potential defense, the government understands that the defendant may seek to call witnesses associated with a Minnesota-based law firm who assisted the defendant's company, Decision Diagnostics Corp. ("DECN"), in submitting an application for emergency use authorization from the FDA.[1]  Based on the combination of the defendant's non-responses to the government's inquiries and the defendant's express assertions, the government assumes that the defendant will not offer any advice of counsel defense or an involvement of counsel defense related to press releases that the defendant issued in 2020.

---

[1]  Counsel for the defendant has produced to the SEC, and allowed the DOJ filter team to release to the DOJ prosecution team, communications between the defendant and the attorneys who advised him on regulatory matters on the basis that the defendant is not asserting privileges over these communications.  The government does not, however, know whether these materials reflect all available relevant discovery.  Moreover, the government has not had the opportunity to speak with the potential witnesses (to the extent they are agreeable) because of the outstanding issues set forth here.

## II.     Legal Standard

"[T]he term 'advice of counsel defense' has a specific, relatively narrow meaning and a broader, somewhat more colloquial, meaning.   First, under certain defined circumstances, a defendant may assert an advice-of-counsel defense and have the jury instructed to that effect.   In order to assert that defense, a defendant must establish that: (1) before taking action, (2) he in good faith sought the advice of an attorney whom he considered competent, (3) for the purpose of securing advice on the lawfulness of his possible future conduct, (4) and made a full and accurate report to his attorney of all material facts which the defendant knew, (5) and acted strictly in accordance with the advice of his attorney who had been given a full report."   *United States v. Gorski*, 36 F. Supp. 3d 256, 267 (D. Mass. 2014) (internal quotation marks omitted).   "The second, and broader, sense of the term arises when a criminal defendant seeks to introduce evidence, or argue to the jury, that the advice or involvement of a lawyer tended to negate his *mens rea*, even if the defendant could not establish all the elements of the formal defense."   *Id*. at 268.   An involvement of counsel argument thus differs from an advice of counsel defense in that the defendant more generally points to the presence of attorneys to suggest that he acted in good faith.

"Under either scenario—that is, either a formal advice-of-counsel defense or a more basic lack-of-*mens-rea* defense—a defendant's decision to raise the advice or involvement of counsel may serve as a waiver of the attorney-client privilege."   *Gorski*, 36 F. Supp. 3d at 268.   Generally, if the defendant seeks to present evidence or argue that the involvement of counsel negated an element of the charged offenses, the government is entitled to discovery—which may include discovery of privileged communications—in order to rebut the defendant's argument that he acted in good faith.  *See United States v. Hatfield*, No. 06-CR-0550 (JS), 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010) (ordering defendants to disclose pretrial "all documents concerning their

3

intended advice of counsel defense, includ[ing] not only those documents which support [the defendants'] defense, but also all documents (including attorney-client and attorney work product documents) that might impeach or undermine such a defense.").

Any evidence introduced at trial, or argument made by counsel, must be relevant and admissible under Federal Rules of Evidence 401, 402, and 403.   Rule 403 precludes the admission of evidence that is likely to confuse the issues or waste the jury's time.

### III.    The Defendant Has Disclaimed Any Intent to Present an Advice of Counsel Defense and Has Not Explained the Nature or Scope of Any Involvement of Counsel Defense.

As noted above, the defendant has expressly disclaimed any intent to present an advice of counsel defense and therefore should be precluded from doing so without demonstrating to the Court a change in circumstances and some evidence to support such a claim.

Similarly, defense counsel observed that they were "not sure what the contours of an 'involvement of counsel defense' may be," and, when asked by the government, declined to clarify beyond noting that the defendant's retention of a law firm with FDA expertise indicated that he was acting in good faith.   The defendant is charged with securities fraud, wire fraud, obstruction of an SEC proceeding, and making false statements to the SEC.   The defendant has not asserted that any involvement of counsel negated the defendant's *mens rea* with respect to the charged offenses.   At this point—three weeks before trial—this Court should preclude the defendant from making any general involvement of counsel defense unless the defense first articulates to the Court, *ex parte*, what that defense would be and how it would be relevant to the charged offenses and admissible under the Federal Rules of Evidence.

The government further requests that, if the Court is inclined to permit the defendant to argue that the involvement of counsel negates the elements of the charged crimes, the Court confirm

4

that Decision Diagnostics is waiving privilege over all matters related to such a defense.   While Decision Diagnostics produced, to the SEC, certain documents that reflect a waiver of privilege, the government is entitled to further discovery to ensure that it has the full scope of what the defendant provided counsel, as well as the opportunity to interview any potential witnesses who are willing to speak with the government.   The government has asked for such materials for months, in order to prepare for trial.

The only notice the defendant has made to the government thus far is that he "intend[s] to introduce evidence that Dr. Musho [the consultant hired by the defendant] prepared portions of the FDA application for the COVID test; and that the application was prepared by and submitted to the FDA by counsel with expertise in such matters."   December 6, 2021 Email from Walter Loughlin. The government does not contest that certain communications related to the FDA approval process are admissible and that they reflect the involvement of Dr. Musho and FDA counsel.   It will be no secret at trial that the defendant submitted an FDA application, with the assistance of counsel, and consulted with Dr. Musho in the process.   To the extent the defendant seeks to elicit such evidence, the government has no objection; in fact, the government intends to admit the defendant's contemporaneous statements showing that he was aware that GenViro! was not in the condition that he falsely told investors that it was.

What the Court should preclude, however, is a more general and amorphous argument that the presence of FDA counsel meant that the defendant had a good-faith desire to create a Covid-19 test and have it approved by the FDA.   As addressed at the November 19, 2021, motions hearing, the government is not claiming—and need not prove—that the defendant's purported Covid-19 test was a complete hoax from the outset and that the defendant never submitted an FDA application.

Moreover, the indictment, and the evidence at trial, is focused on the defendant's lies to investors and securities regulators, *not* on any false statements the defendant may have made to the FDA as part of its authorization process.   Whether counsel was involved in the FDA submissions is therefore irrelevant, because the defendant is not charged with lying to or deceiving the FDA. The government is unaware of any communications in which the attorneys who advised the defendant on regulatory matters reviewed and blessed or otherwise approved the dissemination of press releases related to GenViro!; if such communications exist and they form the basis of a potential involvement of counsel argument with respect to the charged offenses, the government is entitled to them.

Finally, again assuming some probative value in the *fact* that counsel were involved the FDA process, that probative value would be substantially outweighed by the dangers articulated in Rule 403 if the defendant were permitted to suggest that that fact meant that he had a general good faith that negated the *mens rea* for the charged offenses.   Such an argument would confuse the issues and mislead the jury, which may assume that the presence of attorneys in the FDA process indicates that the defendant was following legal advice in issuing press releases containing false statements.   Indeed, because the evidence will not show that the attorneys who advised the defendant on regulatory matters were involved in making or approving false and misleading statements to investors about GenViro!, the sole purpose of invoking the involvement of counsel would appear to be to invite the jury to believe that the mere presence of these attorneys somehow exculpates the defendant.

## IV.    Conclusion

The Court should (1) preclude any advice-of-counsel defense in light of the defendant's express disavowal of any such defense; (2) preclude any involvement-of-counsel defense unless

and until the defendant provides to the Court, *ex parte*, an explanation of the nature and scope of such a defense and its relevance, confirms that Decision Diagnostics is waiving privilege over all matters related to such a defense, and produces discovery to the government; and (3) preclude argument that the fact that counsel were involved in the defendant's FDA submission demonstrates general good faith on his part and negates the *mens rea* for the charged offenses.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division

By:   /s/_____
Christopher Fenton
Trial Attorney
Justin Weitz
Acting Principal Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005

Vijay Shanker
Deputy Chief
Appellate Section, Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

<u>CERTIFICATE OF SERVICE</u>

     I certify that on December 13, 2021, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF.

                                             <u>      /s/ Vijay Shanker       </u>

1