UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------X

UNITED STATES OF AMERICA,

                  Plaintiff,

                                      1:20-cr-00278  TNM

     -v-

KEITH BERMAN,

                  Defendant.

-------------------------------------------------------X


DEFENDANT'S OPPOSITION TO GOVERNMENT'S
MOTION IN LIMINE

      Defendant Keith Berman, through undersigned counsel, respectfully submits this opposition to the Government's motion in limine to preclude the defense from calling a fact witness whose testimony is relevant to whether Mr. Berman acted with intent to defraud.

      As defense counsel stated in open court on November 19, 2021, the core of the defense is that Mr. Berman was engaged, during the time frame of the alleged fraud, in a serious and good faith effort to develop a COVID-19 test. In doing so, he did not act with intent to defraud.

      The evidence supporting this defense includes the fact that Dr. Matthew Musho, a witness the Government intends to call in its case, provided technical input to the lawyers at Duval & Associates, a law firm in Minneapolis, which prepared and submitted the application to the FDA on the COVID-19 test and was then in communication with the FDA on the pending application. We intend to argue—on the basis of testimony from Dr. Musho and a witness from the Duval firm—that the fact that Mr. Berman retained this law firm, and what it did to prepare and submit the application, is relevant to whether Mr. Berman acted with intent to defraud.

This evidence is also relevant to defend against the numerous allegations in the Indictment about the FDA process, including Paragraphs 14 and 25-35. For instance, the Indictment alleges, at par. 14, "In furtherance of the scheme, BERMAN made and caused to be made materially false and misleading public statements about…DECN's application to the FDA…" Paragraphs 25-35 are set forth under the heading: "BERMAN'S MATERIALLY FALSE and MISLEADING PUBLIC STATEMENTS ABOUT DECN'S EUA APPLICATION." Many of the following paragraphs recount when the FDA application was submitted (par. 28), what "the FDA told BERMAN" (par. 31) and "informed DECN" (par. 26) about the application. There are also allegations about the FDA's "testing requirements" and whether Mr. Berman could comply with them. (par. 35).

In sum, the Government's position is that it can introduce evidence about the FDA processing of DECN's application but the defense cannot introduce evidence about what was involved in the preparation of submission of that application. Indeed, this is the second motion the Government has filed seeking to hobble the defense. (See Dkt. 30)

The Government's citation of *United States v. Gorski*, 36 F. Supp.3d 256 (D. Mass. 2014)—apparently the lone case it was able to find that discusses the so-called involvement of counsel issue—refutes rather than supports the Government's motion. In its entirety, including the essential language omitted from the Government's motion, the Court stated, after first setting out the traditional understanding of the elements of a formal advice of counsel defense:

> "A second, and broader, sense of the term arises when a criminal defendant seeks to introduce evidence, or argue to the jury, that the advice or involvement of a lawyer tends to negate his mens rea, even if the defendant could not establish all of the elements of the formal defense. For example, a defendant might testify that he negligently, but not intentionally, failed to provide a complete set of facts to the lawyer, or that he received accurate advice but innocently misinterpreted it. That would not qualify for an advice-of-counsel

>   defense in the formal sense; nonetheless "such evidence would
>   surely be admissible on the issue of the defendant's state of mind."
>   *Id*. at 268.

It is only in the funhouse mirror of the Government's use of caselaw that it has the gall—on a motion to preclude the testimony of a defense witness from the Duval firm—to cite to a decision holding that evidence of the involvement of counsel is "surely admissible on the issue of the defendant's state of mind." *Id*. If that decision governs, the motion should be denied.

Waiver and discovery are non-issues. On discovery, the Government's motion suggests, at note 1, that all it has are communications between Mr. Berman and Duval & Associates about the COVID-19 test, and that additional unspecified discovery may be needed. This is misleading in the extreme because the Government has had in its possession for many months the files of the Duval firm on the FDA work it did on the COVID-19 test application.

This is confirmed by an email Mr. Fenton sent to defense counsel on December 13, 2021, the same day the this motion was filed. All Government counsel were copied on the email. The issue discussed in the email exchange is the Government's request that the defense stipulate to the authenticity of documents produced to the SEC by DECN.

Our initial position was that we would agree solely to the authenticity of the DECN-generated documents that were part of the SEC production. Mr. Fenton argued in the email that the defense should also agree to the authenticity of "documents from Duval & Associates' GenViro! file, in part, because "they constitute part of DECN's client file." (See Ex. A). In short, there is no need for additional discovery because the Government already has the full file from the firm.

On the issue of waiver, in telephone calls on this issue, Mr. Herzog advised Government counsel that he had produced the Duval firm documents on the FDA work the firm did in connection with the COVID test application without asserting attorney-client privilege. (Ex. B )

In this discussion, Government counsel then remarked that, if the privilege had been waived, there could be no defense objection to the Government speaking to anyone from the law firm. Now the Government sheds crocodile tears about not having been able to interview anyone from the law firm but offers no indication of having attempted to do so.

CONCLUSION

For all of the foregoing reasons, the motion should be denied. The Indictment contains allegations about the FDA application process and what the FDA told Mr. Berman about the process. The Government seeks to introduce this evidence as part of its proof on the fraud counts. The defense is entitled to meet these allegations with its own evidence about the FDA process and its relevance to Mr. Berman's state of mind.

Respectfully submitted,

/s/ Walter P. Loughlin
Walter P. Loughlin, Esq.
340 West 57th Street
Suite 5D
New York, New York 10009
Tel. (203) 216-3445

Ronald S. Herzog, Esq.
Goldberg Segalla LLP
50 Main Street, Suite 425
White Plains, New York 10606
Tel. (914) 798-5419

Counsel for Defendant Keith Berman