# EXHIBIT A

**From:** **Fenton, Christopher (CRM)** Christopher.Fenton@usdoj.gov
**Subject:** RE: [EXTERNAL] Re: Berman: Pre-Admission of Business Records and Authenticity Stipulation
**Date:** December 13, 2021 at 2:10 PM
**To:** Herzog, Ronald S. (Ron) rherzog@goldbergsegalla.com, Walter Loughlin walter.loughlin@gmail.com
**Cc:** Flores, Alexandra (CRM) Alexandra.Flores@usdoj.gov, Shanker, Vijay (CRM) Vijay.Shanker@usdoj.gov, Weitz, Justin (CRM) Justin.Weitz@usdoj.gov



Ron – Thank you for your email. The only materials we understand DECN produced to the SEC from a third-party source were the documents from Duval & Associates's GenViro! file. The defendant, however, should be able to stipulate to the authenticity of these materials because (i) they were in the possession, custody and/or control of DECN; (ii) they constitute part of DECN's client file, which belongs to the client not the attorney; and (iii) DECN produced these materials to the SEC and, at the time it did so, presumably believed them to be authentic records.

If there are any other third-party materials that raise concern, please let us know and we can discuss. If, however, the issue you raised pertains only to the Duval & Associates's GenViro! file, we believe that it is reasonable to include it within the scope of the authenticity stipulation.

Christopher Fenton
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Bond Building
Washington, DC 20530
202.320.0539
christopher.fenton@usdoj.gov

**From:** Herzog, Ronald S. (Ron) <rherzog@goldbergsegalla.com>
**Sent:** Monday, December 13, 2021 11:31 AM
**To:** 'Walter Loughlin' <walter.loughlin@gmail.com>; Fenton, Christopher (CRM) <Christopher.Fenton@usdoj.gov>
**Cc:** Flores, Alexandra (CRM) <Alexandra.Flores@usdoj.gov>; Shanker, Vijay (CRM) <Vijay.Shanker@usdoj.gov>; Weitz, Justin (CRM) <Justin.Weitz@usdoj.gov>
**Subject:** RE: [EXTERNAL] Re: Berman: Pre-Admission of Business Records and Authenticity Stipulation

Christopher: I need to follow up with you on this stipulation as it appears from my review of your recent emails with Pat that I may not have been as clear with Pat as perhaps I needed to be.
Pat had not been retained at the time of the SEC production. This was something I handled for Mr. Berman and the company. The production consisted of documents generated by DECN/Berman as well as documents they had received from third parties. The defendant does not have any objection to stipulating to the authenticity of the Berman/DECN documents but cannot stipulate to the authenticity of documents generated by others. Therefore the defendant is unable to stipulate to the authenticity of all documents produced to the SEC "on behalf of DECN."