# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 1:20-cr-00278-TNM** |
| **v.** | : | |
| | : | |
| **KEITH BERMAN,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MOTION *IN LIMINE* TO AUTHENTICATE AND ADMIT BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

The United States of America, through its undersigned counsel, respectfully submits this motion *in limine* for an order: (i) with respect to the authenticity and admissibility of subscriber information for certain email accounts and Internet message board accounts obtained pursuant to search warrants and other legal process; and (ii) with respect to the authenticity (but not admissibility) of the content from the same Internet message board accounts obtained pursuant to the same search warrants.[1]  Together with the first motion *in limine* to admit certain self-authenticating business records, the government submits this motion to obtain a ruling that should streamline the government's presentation of its case in chief at trial by eliminating the need for witness testimony about matters that are not genuinely in dispute.  To the extent the government can obtain an early ruling, it would assist in arranging witness travel, particularly around the holidays.

---

[1] Rather than rely on the business records exception to hearsay for the content from these accounts, the government will rely on other rules, such as Rule 801(d) which applies to admissions of a party opponent.

I.      **Background**

The defendant was indicted for his role in a scheme to defraud investors by making false and misleading statements about the purported development of a new COVID-19 blood test by his company, Decision Diagnostics Corp., in a series of press releases he disseminated on the Internet. *See generally* ECF 19.   When he learned the United States Securities and Exchange Commission ("SEC") was investigating his conduct and specifically questioned whether he had, in fact, developed a COVID-19 blood test, the defendant used fake identities on two Internet message boards – investorshub.com and investorshangout.com – as part of an effort to obstruct that investigation.   *Id.*   In a further effort to conceal his crimes, the defendant subsequently lied to two FBI agents about his use of Internet message boards.   *Id.*   Trial is scheduled to begin on January 4, 2022.

In the course of its investigation, the government applied for and obtained search warrants for the following:

- Information related to email accounts info@decisiondiagnostics.com and kberman@decisiondiagnostics.net from Endurance International Group, Inc. (*In the Matter of the Search of Information Associated with Two Email Accounts Stored at Premises Controlled by Endurance International Group, Inc.*, No. 20-sc-2018 (D.D.C.));

- Information related to username plutoniumimplosion from InvestorsHub.com, Inc., an Internet message board service (*In the Matter of the Search of Information Associated with One Account Stored at Premises Controlled by InvestorsHub.com, Inc. Pursuant to 18 U.S.C. 2703 for Investigation of Violation of 15 U.S.C. 78j & 78ff*, No. 20-sc-3285 (D.D.C.))[2]; and

- Information related to user name plutonium from Investors Hangout LLC, an Internet message board service (*In the Matter of the Search of Information Associated with One*

---

[2] The government also obtained information from InvestorsHub.com, Inc. with other legal process as well.

*Account Stored at Premises Controlled by Investors Hangout, LLC Pursuant to 18 U.S.C. 2703 for Investigation of Violation of 15 U.S.C. 1505*, No. 21-sc-1317 (D.D.C.)).

The government seeks to introduce the subscriber records for these accounts as business records at trial under the self-authentication provision of Federal Rule of Evidence 902(11), including:

- subscriber records for email accounts info@decisiondiagnostics.com and kberman@decisiondiagnostics.net from Endurance International Group, Inc.;

- subscriber records for the username plutoniumimplosion from InvestorsHub.com, Inc.; and

- subscriber records for the username plutonium from Investors Hangout LLC.

The subscriber records include user registration and logs of the Internet Protocol ("IP") addresses used to access the email account and Internet message boards.

Separately, the government seeks to authenticate the content for these accounts at trial under the self-authentication provision of Federal Rule of Evidence 902(11), including:

- public posts and privates messages made, sent and received by the username plutoniumimplosion on InvestorsHub.com, Inc.; and

- public posts and privates messages made, sent and received by the username plutonium on Investors Hangout LLC.[3]

On December 6, 2021, the government provided written notice to the defendant of its intention to authenticate the InvestorsHub.com, Inc. and Investors Hangout LLC documents pursuant to Rule 902(11), after counsel indicated the defendant was unwilling to stipulate to the

---

[3] Counsel for the defendant already stipulated to the authenticity of all documents produced by Endurance International Group, Inc. in response to the search warrant for information related to email accounts info@decisiondiagnostics.com and kberman@decisiondiagnostics.net.   (ECF 61.)

authenticity of these records (even though the records are accompanied by a Rule 902(11) certificates which the defendant did not dispute as valid).   Although it believed its prior notice was sufficient in scope, in an abundance of caution, on December 13, 2021, the government provided further written notice to the defendant of its intention to also seek admission of the subscriber records portion of the InvestorsHub.com, Inc. and Investors Hangout LLC documents as business records pursuant to Rule 902(11).[4]

To date, counsel has not notified the government of any objections.

**II.    Argument**

Rule 902(11) permits the admission of self-authenticating business records.   Specifically, the Rule dictates that certified domestic records of a regularly conducted activity "are self-authenticating" and therefore "require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902(11).   To qualify under this provision, the records in question must be "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person." *Id.*   The Rule also requires that the proponent of such evidence provide an adverse party, prior to trial, with "reasonable written notice of the intent to offer the record -- and . . . make the record and certification available for inspection -- so that the party has a fair opportunity to challenge them." *Id.*

Under Rule 803(6)(A)-(C), a business record is admissible if:   (A) "the record was made at or near the time by -- or from information transmitted by -- someone with knowledge"; (B) "the

---

[4] The government also provided notice of its intention to seek admission of the subscriber records for the email accounts associated with Endurance International Group, Inc.   Again, the government did this out of an abundance of caution, even though the defendant had already stipulated to the authenticity of this information (including subscriber records and content) (ECF 61).

record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit"; and (C) "making the record was a regular practice of the activity." Fed. R. Evid. 806(A)-(C). Moreover, admitting business records under Rule 902(11) without testimony from a custodian of records does not violate a defendant's rights to confront witnesses because business records are not testimonial in nature. *See Bullcoming v. New Mexico*, 564 U.S. 647, 659 n.6 (2011) ("Elaborating on the purpose for which a 'testimonial report' is created, we observed in [*Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009)] that business and public records 'are generally admissible absent confrontation . . . because -- having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial -- they are not testimonial.'" (quoting *Melendez-Diaz*, 557 U.S. at 324)).

Here, the government has produced business records from the custodians of records (or other qualified persons) of various businesses, as set forth in the chart attached hereto as Attachment 1. The government has also produced declarations from the respective custodians of records (or other qualified persons) from these businesses, which are attached hereto as Exhibits A1 to C1. The government gave written notice to the defense of its intention to authenticate and admit these business records pursuant to Federal Rule of Evidence 902(11) on December 6, 2021 and December 13, 2021.

Certification under Rule 902(11) obviates the need for the government to authenticate any of the above-described records at trial, including the subscriber records and content. *See* Fed. R. Evid. 902(11). Accordingly, in order to authenticate: (i) the subscriber records from Endurance International Group, Inc.; and (ii) the subscriber records and content InvestorsHub.com, Inc. and Investors Hangout LLC, the government should not need to call the custodians of records for these businesses to testify.

5

In addition, certification under Rule 902(11) permits the subscriber records to be admitted as business records under Federal Rule of Evidence 803(6).   In order to admit the subscriber records from Endurance International Group, Inc., InvestorsHub.com, Inc., Investors Hangout LLC as exhibits at trial, the government should not need to call the custodians of records for these businesses to testify.   Rather, these business records should be admissible based on the certifications described above and in the attached Attachment 1.[5]

### III.    Conclusion

For the foregoing reasons, the government respectfully requests that the Court issue an order that the documents subject to this motion (subscriber records and content) are self-authenticating, meaning that "they require no extrinsic evidence of authenticity in order to be admitted."   Fed. R. Evid. 902.   The government seeks an order that it has satisfied the authenticity requirements for admission of these documents (subscriber records and content) without calling document custodians.   The government also seeks an order that it has satisfied the authenticity and foundational requirements for admission of the subscriber records without calling document custodians and that the subscriber records will be admitted at trial as business records.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division

By:    /s/_____
Christopher Fenton
Trial Attorney
Justin Weitz

---

[5] The government reserves the right to provide further notice of other entities from which it intends to introduce business records pursuant to Federal Rule of Evidence 902(11).

Acting Principal Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005

Vijay Shanker
Deputy Chief
Appellate Section, Criminal Division
950 Pennsylvania Ave. NW
Washington, DC 20530

<u>CERTIFICATE OF SERVICE</u>

  I certify that on December 14, 2021, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF.

          _____/s/ Christopher Fenton_____

1