UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 1:20-cr-00278-TNM |
| v. | : | |
| | : | |
| KEITH BERMAN, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S MOTION *IN LIMINE*
RELATING TO AN AUDIO RECORDING OF FBI INTERVIEW OF THE DEFENDANT

The United States of America, through its undersigned counsel, respectfully moves this Court to preclude admission by the defendant Keith Berman of the entirety of an audio recording of the defendant, and to preclude admission by the defendant of portions of the audio recording without a showing by the defendant that the limited portions of the recording designated by the government are misleading or taken out of context.

**I.    Background**

On October 27, 2020, an FBI Special Agent spoke to the defendant in his office after identifying herself as a special agent and after the defendant stated that he would speak without an attorney. The defendant, during that interview, allegedly lied about his actions over the course of the previous months. *See generally* Superseding Indictment ¶ 48. The FBI agent surreptitiously recorded the interview using an audio device.

The government provided the defendant with a copy of the one-hour-and-five-minute audio recording of the defendant's interview approximately one year ago, and provided the defendant with a draft copy of a transcript of the recording approximately one month ago. The defendant

1

then moved to suppress the recording. ECF 50. This Court denied the motion to suppress on December 15, 2021. Minute Entry 12/15/21.

On December 14, 2021, the government provided the defense notice of its intent to admit three brief portions of the audio recording, totaling approximately two and a half minutes, and provided time stamps from the audio as well as transcript excerpts for those three portions. The government designated the following excerpts—as reflected in a transcript that the defendant has agreed is accurate—pertaining to three specific allegedly false statements the defendant made to the FBI Special Agent:

> [00:11:00]
> Interviewer 1: Okay. Well, I guess I'm just to figure out, like, I don't know why there's people hating, but I, I do know that there was a shareholder letter written that was, I don't want to say nice, how do you describe it? Just very, explanatory of some other, what's going on.
> [00:11:22]
> Keith Berman: To my understanding, three shareholder letters were written.
> [00:11:27]
> Interviewer 1: Well, was there three total? Okay.
> [00:11:28]
> Keith Berman: But that, that's, they weren't, they were written by shareholders.
> [00:11:34]
> Interviewer 1: Okay, so,
> [00:11:35]
> Keith Berman: Not the company.
> [00:11:36]
> Interviewer 1: So, they obviously care and, and think positively.
>
> \* \* \*
>
> [00:51:33]
> Interviewer 1: Maybe? Okay. So, that's how you got to know [Inaudible]
> [00:51:36]
> Keith Berman: But I, you know, we have nothing to do with the shareholder letter.
> [00:51:41]

2

[00:51:41]
      Interviewer 1: We, meaning?

[00:51:41]
      Keith Berman: The company.

[00:51:44]
      Interviewer 1: Okay.

[00:51:44]
      Keith Berman: Now, some of what is in the shareholder letters, is part of our [Inaudible] with the SEC. And, he did not spare opinions or fact [Inaudible]

[00:52:00]
      Interviewer 1: Gotcha. You said the company didn't have, but you did, because you talked to Matt, right? You did have something to do with it, right?

[00:52:10]
      Keith Berman: No, nothing.

[00:52:11]
      Interviewer 1: Oh.

[00:52:11]
      Keith Berman: He wrote the letter.

[00:52:13]
      Interviewer 1: Oh, gotcha. Okay.

[00:52:16]
      Keith Berman: And he was, appointed, I guess, by a group of shareholders, I think 150 shareholders signed it.

[00:52:26]
      Interviewer 1: Oh, really? That many?

[00:52:27]
      Keith Berman: Yeah.

[00:52:26]
      Interviewer 1: Okay, that is. Wow. Okay. Well, um, I feel like I have a little more clarity. It's, uh, I mean, there's a lot that goes into products, right? To make them, and getting approval, and then getting them out to there to sell. So, there's a lot to churn . . .

      \*   \*   \*

[00:45:54]
      Keith Berman: Yeah. We've been broken into and had things stolen. Things that have no value. It's, like, here, desktop computers. Right? A $1000.00 monitor sits on the desktop and stolen.

[00:46:14]
      Interviewer 1: Do people ever go on the message boards or something and shut them down under their own anonymous? Would that work, to do that? Like, you shut them down on your own anonymous thing?

[00:46:26]
      Keith Berman: I don't know how you shut it down. I mean, First Amendment and all. The problem is, this has now gone too far.

[00:46:35]
    Interviewer 1:   So, you wouldn't do that?   Just, get your own anonymous thing and,
[00:46:39]
    Keith Berman:   No, I don't post stuff, no.   Again, I'm in the business of creating and selling, medical devices.   What happens on the message boards, and by the way, that's a trick question.
[00:46:56]
    Interviewer 1:   What's a trick question?
[00:46:58]
    Keith Berman:   Because one of the things that the message boards people say is that I'm involved in the message boards.
[00:47:05]
    Interviewer 1:   Who?   The message board people?
[00:47:08]
    Keith Berman:   Yeah, the people that are causing us the problem.
[00:47:11]
    Interviewer 1:   Oh.   You're saying they're saying your involved with the message boards?
[00:47:13]
    Keith Berman:   Yes, yes.
[00:47:15]
    Interviewer 1:   Oh, I get it.   I get it.

The government asked defense counsel to notify the government which, if any, additional portions of the audio recording the defendant would seek to admit under Federal Rule of Evidence 106.   On December 20, 2021, defense counsel stated that the defendant "want[s] the full interview played."   12/20/21 Email from Walter Loughlin.

## II.     Legal Standard

Federal Rule of Evidence 106 provides: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time."   Fed. R. Evid. 106.   Rule 106 does not prohibit the admission of portions of recordings, or require the admission of the entirety or any other portion of a recording if the adverse party so requests.   Rather, "the rule of completeness codified in Rule 106 renders additional portions of a

4

complete document or recording relevant when the opposing party distorts the meaning of the document or recording by introducing misleading excerpts into evidence." *United States v. Lopez*, 4 F.4th 706, 715 (9th Cir. 2021). *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988) (Rule 106 reflects the notion that "when one party has made use of a portion of a document, *such that misunderstanding or distortion can be averted only through presentation of another portion*, the material required for completeness is *ipso facto* relevant and therefore admissible under Rules 401 and 402") (emphasis added); *United States v. Edmond*, 52 F.3d 1080, 1111 (D.C. Cir. 1995) (no error in admission of redacted portions of a conversation where court was "satisfied that the redacted portion included sufficient contextual matter in addition to the few statements relating to appellant so as not to mislead the jury"); *see also United States v. Aungie*, 4 F.4th 638, 647 (8th Cir. 2021) ("The rule of completeness serves as a fairness mechanism to ensure the jury is not misled by only admitting part of a writing or recorded statement."); *United States v. Adams*, 722 F.3d 788, 826 (6th Cir. 2013) ("The 'rule of completeness' allows a party to correct a misleading impression created by the introduction of part of a writing or conversation by introducing additional parts of it necessary to put the admitted portions in proper context.") (internal quotation marks omitted); *United States v. Branch*, 91 F.3d 699, 729 (5th Cir. 1996) ("Neither the Constitution nor Rule 106 . . . requires the admission of the entire statement once any portion is admitted in a criminal prosecution."); *United States v. Pendas-Martinez*, 845 F.2d 938, 944 (11th Cir. 1988) ("Once a part of a document can be said to have been introduced, Rule 106 does not automatically make the entire document admissible"; rather, "the rule permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced.").

A criminal defendant, therefore, bears the burden of showing that portions of an audio recording designated by the government are misleading or taken out of context. *See, e.g.*, *Aungie*, 4 F.4th at 647 ("the rule of completeness does not apply because Aungie fails to specify how the admitted text messages distorted or misled the jury without the addition of the missing texts"); *United States v. Altvater*, 954 F.3d 45, 50 (1st Cir. 2020) (burden is on defendant "to explain why it would be necessary to admit into evidence each and every statement contained in the redacted material to dispel some alleged distortion caused by the government's redactions"); *Branch*, 91 F.3d at 729 ("We do no violence to criminal defendants' constitutional rights by applying Rule 106 as written and requiring that a defendant demonstrate with particularity the unfairness in the selective admission of his post-arrest statement."). The defendant must demonstrate that the offered portions of the statement are necessary to: "1) Explain the admitted evidence, 2) Place the admitted portions in context, 3) Avoid misleading the trial of fact, and 4) Insure fair and impartial understanding of the evidence." *United States v. Haddad*, 10 F.3d 1252, 1259 (7th Cir. 1993).

Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). A defendant's prior out-of-court statements are hearsay even if the defendant testifies. *See id.* (hearsay "means a statement that: (1) the declarant *does not make while testifying at the current trial or hearing* . . .") (emphasis added); Fed. R. Evid. 801(d)(1) (a declarant-witness's prior statement is not hearsay only under certain limited circumstances); *United States v. White*, 87 F. App'x 566, 569 (6th Cir. 2004) ("Hearsay includes all out-of-court statements, even those previously made by the testifying witness, if offered for the truth of the matter asserted."); *see also* Wright & Miller, 30B Fed. Prac. & Proc. Evid. § 6717 (2021 ed.) ("Rule 801(c)(1) extends the federal hearsay definition to capture a testifying witness'[s] own prior

6

statements."). Hearsay is not admissible unless made admissible by a federal statute or rule. Fed. R. Evid. 802.

Federal Rule of Evidence 106 can make otherwise inadmissible hearsay admissible *if* the hearsay statement satisfies the requirements of Rule 106. *See Lopez*, 4 F.4th at 715 ("Portions of a document or recording are admissible under Rule 106 notwithstanding the bar on hearsay evidence when offered to correct a misleading impression in the edited statement introduced by an opposing party.") (internal quotation marks omitted); *United States v. Williams*, 930 F.3d 44, 60 (2d Cir. 2019) (inadmissible hearsay may be admissible under Rule 106 but only if the statements otherwise meet the requirement of Rule 106 in that they are necessary to correct misleading statements), *cert. denied*, 141 S. Ct. 2816 (2021).

"Rule 106," however, "is not a pathway to the admission of otherwise inadmissible portions of a writing or recorded statement merely because some distinct portions of that writing or statement are admissible." *Altvater*, 954 F.3d at 49. *See Lopez*, 4 F.4th at 715 ("the rule of completeness does not compel the admission of inadmissible hearsay evidence simply because such evidence is relevant to the case"); *Williams*, 930 F.3d at 60 ("a party cannot circumvent the hearsay rule simply by invoking the doctrine of completeness so as to render otherwise inadmissible evidence admissible for its truth"); *Adams*, 722 F.3d at 826 ("this court has acknowledged that . . . [e]xculpatory hearsay may not come in solely on the basis of completeness") (internal quotation marks omitted).

### III.     Argument

The Federal Rules of Evidence do not support admission of the entirety of the one-hour-and-five-minute audio recording of the defendant, nor do the Rules support admission of any other portions of the recording without the defendant first meeting his burden to show that the three

discrete portions designated by the government—totaling two and a half minutes—are misleading or taken out of context. Further, the admission of the full recording would be a waste of the Court's and the jury's time. There is simply no reason to require the jury to listen to a recording that is over one hour in length while the agent who recorded it sits on the witness stand.

As a threshold matter, the defendant's prior out-of-court statements are hearsay if the defendant seeks to admit them, and that that remains true even if the defendant testifies. The defendant's prior out-of-court statements are not hearsay if the government seeks to admit them, as they are an opposing party's statement. Fed. R. Evid. 801(d)(2). If the defendant seeks to admit any or all of a recording of his out-of-court statements, he must identify an exception to the hearsay rule.

Federal Rule of Evidence 106—the rule of completeness—does not permit the defendant to escape the fact that his prior out-of-court statements are hearsay unless the defendant shows that the portions of the recording designated by the government will mislead the jury or are taken out of context. The government invited the defendant to suggest additional portions of the transcript and explain how they would satisfy Rule 106, but the defendant instead stated that he seeks to admit the entire one-hour-and-five-minute recording.

The entire recording is certainly not admissible under Rule 106. It is filled with the defendant's self-serving hearsay, and nothing in the rule requires the admission of an entire recording or writing simply because the opposing party is admitting portions thereof. *See, e.g.*, *United States v. Branch*, 91 F.3d 699, 729 (5th Cir. 1996) ("Neither the Constitution nor Rule 106 . . . requires the admission of the entire statement once any portion is admitted in a criminal prosecution."). Admission of the entire recording, moreover, would unnecessarily take over an hour of the jury's time, compared to just two and a half minutes for the government's designations.

Even if the defendant were to now designate specific portions of the recording, he would first have to establish that the government's designated portions are misleading and that his designations are relevant to those portions and necessary to correct misimpressions. *See, e.g.*, *United States v. Lopez*, 4 F.4th 706, 715 (9th Cir. 2021) ("Portions of a document or recording are admissible under Rule 106 notwithstanding the bar on hearsay evidence when offered to correct a misleading impression in the edited statement introduced by an opposing party.") (internal quotation marks omitted). It is unclear how the defendant would meet this burden, as the government has designated three narrow excerpts from the recording relating to specific false statements the defendant made, and included surrounding statements so as to not overly truncate the statements. The fact that the government's designated portions of the recording are inculpatory, of course, does not mean that they are misleading or taken out of context, nor does it mean that the defendant is permitted to admit other portions of the recording simply to show that he also made exculpatory statements. *See, e.g.*, *United States v. Adams*, 722 F.3d 788, 826 (6th Cir. 2013) ("[e]xculpatory hearsay may not come in solely on the basis of completeness").

In sum, the government is permitted to admit three allegedly false statements the defendant made in a recorded interview, as those statements are not hearsay under Federal Rule of Evidence 801(d)(2). The defendant is not permitted to admit his own self-serving statements, as those statements are hearsay under Federal Rule of Evidence 801(c). While Federal Rule of Evidence 106 allows a defendant to admit statements that might otherwise be hearsay under the concept of completeness, the rule does not require the admission of an entire recording or writing simply because portions of it were admitted. And if the defendant seeks to admit portions of the recording or writing, he must first establish that those portions are necessary to correct a misimpression created by the portions admitted by the government.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division

By:   /s/ _____
Christopher Fenton
Trial Attorney
Justin Weitz
Acting Principal Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005

Vijay Shanker
Deputy Chief
Appellate Section, Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

CERTIFICATE OF SERVICE

    I certify that on December 21, 2021, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF.

                                          /s/ Vijay Shanker