UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 1:20-cr-00278-TNM |
| v. : | |
| : | |
| KEITH BERMAN, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION TO COMPEL**
**PRODUCTION OF RECIPROCAL DISCOVERY**

The United States of America, through its undersigned counsel, respectfully moves this Court to compel the defendant to produce reciprocal discovery under Federal Rule of Criminal Procedure 16(b)(1)(A), and to honor the letter and spirit of the Court's December 6, 2021 minute order regarding the exchange of witness and exhibit lists.

On December 4, the parties filed a joint stipulation (ECF 51) for an order, which the Court entered on December 6, requiring the parties to exchange witness and exhibit lists. On December 9, in compliance with the terms of the order, the government produced an exhibit list, which identified exhibits the government intends to use in its case-in-chief by precise Bates numbers. The government's exhibit list is attached as Exhibit 1 to this filing.

On December 23, the defendant sent his exhibit list, which is attached as Exhibit 2 to this filing. This document lists seventeen exhibits by name, without corresponding Bates numbers or other identifying information. Immediately after receiving this list, the government requested that the defendant "please confirm that you have either received these documents from us, or have produced them to us, and please send us Bates numbers for these documents so we can identify them?" Counsel for the defendant has not responded to the government's request.

1

Federal Rule of Criminal Procedure 16(b)(1)(A) requires that, upon request of the government, "the defendant must permit the government [] to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial."[1] The defendant has listed seventeen items on his exhibit list; some of these may be documents, and others (such as Exhibit N, "GenViro Package and Contents") may be tangible objects. The defendant has identified items, but without sufficient precision to allow the government to be certain as to their nature and contents. The government is entitled, under the law, to inspect and copy these items before they are introduced during a trial which begins in under one week, and the defendant is required to provide the government with a sense of what exhibits he intends to use.

Rule 16(b)(1)(A), and the Court's December 6, 2021 order, seek to further the same objective: a fair and orderly trial. The defendant's exhibit list fails to further that objective. The Court should order the defendant to provide to the government, no later than December 31, 2021, copies of the exhibits (or, if they are tangible objects, the opportunity to inspect) that the defendant plans to use in his case-in-chief, or, if they were previously produced, Bates numbers to identify them.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division

By:  /s/ _____

---

[1] The government formally requested reciprocal discovery in a letter accompanying its first production to the defendant, on January 26, 2021.

Christopher Fenton
Trial Attorney
Justin Weitz
Acting Principal Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005

Vijay Shanker
Deputy Chief
Appellate Section, Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

3

CERTIFICATE OF SERVICE

I certify that on December 28, 2021, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF.

/s/ Justin Weitz