**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:20-CR-000278 TNM |
| Plaintiff, | **DEFENDANT'S REPLY TO** |
| vs. | **GOVERNMENT'S** |
| | **MOTION TO COMPEL** |
| KEITH BERMAN, | |
| Defendant. | |

Defendant, Keith Berman, by and through undersigned counsel, respectfully submits this reply to the government's motion to compel production of what it terms reciprocal discovery.

On December 23, 2021, in accordance with the parties' agreement to exchange witness and exhibit lists, the defendant identified seventeen (17) discrete exhibits it proposes to introduce at the trial. The government has now objected on the ground that the defendant did not identify those exhibits previously produced by the government by the multiple Bates numbers assigned to certain of them, at times apparently indiscriminately, but instead provided a specific description of these exhibits. This, the government claims, is insufficient to allow it to be certain as to the nature and contents of the defendant's trial exhibits. (Government Motion, ECF 68 at page 2).

In preparing its discrete list of exhibits the defendant utilized his own set of documents, rather than culling through the over 350,000 pages of documents produced by the government over the course of nineteen (19) rolling productions, the latest of which, consisting of nearly 2,400 pages of emails was produced on December 27, 2021[1]. This production was in response to the service of search warrant on a service provider of an email account of Mr. Berman's for emails

---

[1] In its December 27, 2021 attempt to substitute one of it's previously identified documents the government seeks to justify the timing of this production on the ground that the emails are not new to Mr. Berman and have been in his custody, control and possession since they were issued back in February, 2021.

32048672.v1

from nearly a year ago, in February 2021. The transmittal letter accompanying this production also referred to yet additional rolling productions despite the fact that we are nearly on the eve of trial.

Of the defendant's seventeen (17) exhibits, nine (9) are specifically identified by name and date, to allow them quickly to be identified by the government. With the exception of Exhibit B, the SEC's public announcement of its April 23, 2020 order temporarily suspending the trading in Decision Diagnostic's common stock, these are all documents previously produced by the government. (Exhibits B, E, F, G, H, I, K, L, and M).  The Suspension Order is available at http://www.sec.gov./litigation/suspensions/2020/34-88735-o.pdf.

Exhibit A, the charts prepared by defendant's expert James Reilly, will be provided to the government pursuant to the parties' agreement to exchange certain expert information on December 31, 2021.

Exhibit C, the 2020 price chart for Decision Diagnostic's common stock, is also a matter of public record.

Exhibit O, the transcript of Mr. Berman's October 2020 interview -- by the FBI, was previously produced to the defense by the government. The only issue is what portions of the transcript the defendant will be allowed to introduce pursuant to the Rule 106 doctrine of completeness.

Exhibit P, the Bio's chronology of GenViro Product Development, was produced by the government — in its original Korean language — on December 20, 2021 as part of its 17th production of documents. (Berman 353229-353232).  The defendant, at significant expense, had this document translated into English.

Exhibit Q, the invoices and receipts of Duval & Associates, P.A., concerning its work on GenViro, are today being voluntarily produced by that firm as part of its agreement with the government.

The defendant's remaining exhibits are Exhibit D, the subscription agreement signed by Tom Nelson, one of the government's designated investor-witnesses, Exhibit J, the promissory notes reflecting Decision Diagnostic's 2020 borrowings and Exhibit N, the GenViro package. These will be made available to the government by December 31, 2021. In addition, if despite the specific identification of the defendant's remaining exhibits, the government still maintains it cannot determine their nature and contents, the defendant will provide copies of any such exhibits to the government.

## CONCLUSION

The foregoing has shown that with the possible exception of three trial exhibits—as to which the defendant has agreed to provide to the government —  the nature and contents of all other defense trial exhibits are easily identifiable.

Accordingly, the government's motion should be denied.

December 29, 2021                                    Respectfully submitted,

*/s/ Walter P. Loughlin*
Walter P. Loughlin, Esq. (DC Bar No. NY0433)
340 West 57th Street, Suite 5D
New York, New York 10019
Tel: (203) 216.3445
Walter.loughlin@gmal.com

*/s/ Ronald S. Herzog*
Ronald S. Herzog, Esq.
**GOLDBERG SEGALLA, LLP**
50 Main Street, Suite 425
White Palins, New York 10606
Tel: (914) 798-5419
rherzog@goldbegsegalla.com

*Attorneys for Defendant*

32048672.v1