UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

v.    Case No.: 1:20-CR-000278 TNM

KEITH BERMAN,

        Defendant.
-------------------------------------------------------x

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE
RELATING TO THE RECORDING OF THE FBI'S QUESTIONING OF DEFENDANT**

The defendant Keith Berman, through undersigned counsel, responds to the Government motion to preclude the playing of the full tape recording of the FBI questioning of Mr. Berman that occurred on October 27, 2020.

As a preliminary matter, it must be observed that the Government's hypocrisy knows no bounds. The Government opposed Mr. Berman's prior motion to suppress the surreptitiously recorded questioning, and evidence derived from it, even though it violated the all-party consent provision of Section 632(a) of the California Penal Code. In doing so, the Government argued that the secretly taped interview was entirely legal under federal law, was conducted by FBI agents acting in good faith, who covertly recorded the questioning for the purpose of providing reliable evidence that safeguarded Mr. Berman's rights.

Once the defense indicated it wished to play the entire audio tape, the Government lost its enthusiasm for the best possible evidence of this encounter between the FBI and Mr. Berman. It opposes the jury hearing the approximately one-hour period of FBI questioning despite the fact that Rule 106 of the Federal Rules of Evidence, by its terms, authorizes the defense "to require the

1

introduction…of [a] recorded statement" at the same time that the Government "introduces…part of [the]…recorded statement" when fairness so requires. Fed. R. Evid. 106.

Specifically, the Government seeks to play "three short portions (about 21/2 minutes in total) of your client's interview with Special Agent Stachnik at trial." (December 14, 2021 email from Justin Weitz to defense counsel.) This email indicated that the Government intends to introduce the following portions of the audio recording appearing at these time stamped entries of the transcript: 11:09-11:37; 46:12-47:16 and 51:35-52:30.

Presumably, this is the minimum the Government believes it needs to prove the Indictment's allegations of uncharged false statements at paragraphs 48 and 64. ("On or about October 27, 2020, BERMAN falsely told federal law enforcement agents that BERMAN was not involved with message boards…") (par. 48). "On or about October 27, 2020, BERMAN falsely told federal law law enforcement agents that neither BERMAN nor DECN had been involved in the shareholder letters" to the SEC. (par. 64).

Analogizing the hour-long tape to a 60-page document, as to which the Government seeks to introduce only 2 1/2 pages, the defense indicated, both in its reply brief on the suppression motion, and in response to Mr. Weitz's email, that we wished the entire tape recording to be played. The Government's motion in limine followed.

By email from the Court's Chambers, dated December 21, 2021, counsel for both parties were advised that the Court was not inclined to allow the full audio tape to be played. The Court was, however, open to the defense designating specific portions of the tape recording that placed the Government designations in context.

Consistent with that guidance, the defense proposes the following additional portions of the audio tape be played—with the jury having the benefit of being able to read along, while the tape recording is played, the pertinent pages of the transcript prepared by the Government.

| Defense Designations | Government Designations |
| --- | --- |
| 4:00 through 5:37 | |
| 11:00- through 12:23 | 11:09-11:37 |
| 45:04 through 47:15 | 46:12-47:16 |
| 50:11 through 50:13 | 51:35-52:30 |
| 54:57 through 59:10 | |

Like the Government's selections, the first four portions of the audio tape designated by the defense concern the subject matters of message board posting and the SEC. Indeed, as the comparison above demonstrates, there is a very close correspondence between the three portions designated by the Government and three of the defense designations.

In sum, the Government's motion in limine to preclude the defense from playing the full audio tape should be denied as moot in light of the designation by the defense of specific portions of the audio tape to be played at trial.

Dated: January 2, 2022

                                          Respectfully submitted,

                                          */s/ Walter P. Loughlin*
                                          Walter P. Loughlin, Esq. (D.C. Bar No.NY0433)
                                          340 West 57th Street
                                          Suite 5D
                                          New York, NY  10019
                                          Tel. (203) 216-3445

                                          Ronald S. Herzog, Esq.

Goldberg Segalla LLP
50 Main Street
Suite 425
White Plains, NY 10606
Tel. (914) 798-5419

*Counsel for Defendant Keith Berman*

4