UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 1:20-cr-00278-TNM |
| v. : | |
| : | |
| KEITH BERMAN, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S
RESPONSE TO MOTION TO COMPEL**

The United States of America respectfully submits this reply to the defendant's response (ECF 69) to the government's motion to compel reciprocal discovery. The defendant has failed to comply with his obligations under Federal Rule of Criminal Procedure 16.

The defendant states that:

Of the defendant's seventeen (17) exhibits, nine (9) are specifically identified by name and date, to allow them quickly to be identified by the government. With the exception of Exhibit B, the SEC's public announcement of its April 23, 2020 order temporarily suspending the trading in Decision Diagnostic's common stock, these are all documents previously produced by the government. (Exhibits B, E, F, G, H, I, K, L, and M)

The defendant's response is insufficient. For example, Exhibit H is identified as "March 22, 2020 - Email from Daniel Kim to Keith Berman." It is possible that more than one document meets this description, if Kim and the defendant exchanged multiple emails in a day. The government should not be forced to rummage through its files in an attempt to deduce which exhibits the defendant seeks to introduce, and whether they are authentic copies. If the documents were previously produced by the government, as the defendant states, then asking the defendant to produce a list of nine Bates numbers is neither unreasonable nor burdensome.

1

The defendant notes that "Exhibit C, the 2020 price chart for Decision Diagnostic's common stock, is also a matter of public record." The government does not dispute that stock prices are publicly available, but it is entitled to inspect the specific price chart the defendant proposes to introduce into evidence to ensure that it is consistent with the actual stock price over the course of 2020. The government is not objecting to the exhibit itself, but merely wishes to look at it—as required by Rule 16—to ensure that it is accurate and admissible.

Finally, the defendant states, in his response:

> The defendant's remaining exhibits are Exhibit D, the subscription agreement signed by Tom Nelson, one of the government's designated investor-witnesses, Exhibit J, the promissory notes reflecting Decision Diagnostic's 2020 borrowings and Exhibit N, the GenViro package. These will be made available to the government by December 31, 2021. In addition, if despite the specific identification of the defendant's remaining exhibits, the government still maintains it cannot determine their nature and contents, the defendant will provide copies of any such exhibits to the government.

(Def.'s Resp. at 3.) As of January 3, 2022, the defendant has not made these documents available to the government.[1] The defendant is thus not complying with the commitment made to the Court in his response.

The recent continuance in this case is immaterial; the government produced its exhibit list on December 9, 2021, and the defendant was obligated to make reciprocal productions on December 23, prior to the continuance. The defendant's dilatory behavior with respect to pre-trial matters should not be permitted merely because a public health emergency justified a continuance of the trial.

---

1 The defendant also stated he would produce charts related to his expert, James Reilly; the parties have agreed to postpone the exchange of expert charts given the recent postponement of the trial date.

2

The government has endeavored to comply with its discovery obligations, and provided the defendant with a detailed and clear list of exhibits well in advance of trial. The defendant has not, and has violated his agreements with the government, commitments to the Court, and Rule 16. This Court should enter an order compelling the defendant to provide reciprocal discovery no later than January 7, 2022.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division

By: /s/
Christopher Fenton
Trial Attorney
Justin Weitz
Acting Principal Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005

Vijay Shanker
Deputy Chief
Appellate Section, Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

<u>CERTIFICATE OF SERVICE</u>

    I certify that on January 3, 2022, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF.

                                          <u>/s/ Justin Weitz</u>