UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------x

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                             Case No.: 1:20-CR-000278 TNM

KEITH BERMAN,

          Defendant.
-------------------------------------------------------x

**DEFENDANT'S SUR-REPLY TO THE GOVERNMENT'S REPLY
TO DEFENDANT'S RESPONSE TO THE GOVERNMENT'S
MOTION IN LIMINE RELATED TO THE TAPE RECORDING OF
THE FBI QUESTIONING OF DEFENDANT KEITH BERMAN**

Defendant Keith Berman, through undersigned counsel, respectfully submits this sur-reply to the Government's January 3, 2022 submission which narrowed the gap between the Government's and Defendant's designated portions of the tape recording of the defendant to be introduced at trial. This latest Government filing, however, misapprehends the contextual basis of the defense designations to which it objects, while continuing to erroneously argue that such defense designations are inadmissible hearsay—despite clear Supreme Court and D.C. Circuit precedent to the contrary.

Preliminarily, the Government continues to assert that the defense must make a threshold showing that its designations distort the meaning of the surreptitiously recorded interview so as to mislead the jury before any contextual defense designations can be heard at trial. This argu-

1

ment fails to appreciate how a few fragments during the course of a lengthy interview necessarily distorts the meaning of an hour-long period of FBI questioning.

Moreover, the hearsay objection raised by the Government has been rejected by both the Supreme Court and this circuit. In *Beech Aircraft Corp. v. Rainey*, 468 U.S. 153 (1988), the Court held that the trial judge had abused its discretion in not permitting a defendant to introduce in evidence portions of a letter omitted from the prosecution's excerpts that were introduced. Referring to Rule 106 and its common law "rule of completeness" roots, the Supreme Court stated, quoting Wigmore on Evidence: "[T]he opponent, against whom a part of an utterance has been put in, may in his turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance." *Id*. at 171. Turning to the issue of admissibility, the Court held that "material required for completeness is *ipso facto* relevant, and therefore admissible under Rules 401 and 402." *Id*. at 172.

Similarly, this circuit held in *United States v. Sutton*, 801 F.2d 1346 (D.C. Cir. 1986), that evidence offered for purposes of Rule 106 can be introduced even if it is not otherwise admissible. The case involved three tape-recorded conversations. After the Government had introduced excerpts of the recordings, the defendant sought to introduce four pages from the transcript of one conversation. The Government objected—as it does here— on hearsay grounds, which the trial judge sustained.

According to the D.C. Circuit, this ruling was error. Characterizing the issue as "whether Rule 106 permits the introduction of evidence that is otherwise inadmissible under the Federal Rules of Evidence," the Court held that: "Rule 106 can adequately fulfill its function only by

permitting the admission of some otherwise inadmissible evidence when the Court finds in fairness that the proffered evidence should be considered contemporaneously." *Id*. at 1368-69.

Curiously, the Government persists in citing to *United States v. Edmond*, 52 F.3d 1080 (D.C. Cir. 1995), where the Court turned aside a Rule 106 claim because the portion of the tape recording offered by the Government "constituted approximately half of the entire recording — 44 transcript pages." Moreover, the appellant did not argue on appeal that he had "sought admission of other portions of the transcript." Accordingly, the Court was satisfied that the 44-pages of transcript "contained sufficient contextual matter" such that there was no risk the jury would be misled about what had transpired in the taped conversations. *Id*. at 1111-1112. Here, by contrast, the Government initially proposed to introduce 2 1/2 minutes, or less than five (5) percent, of an hour-long tape recording.

Turning to the specific objections to the defense designations, the first such designation (4:00-5:37) is not intended, as the Government mistakenly believes, as a basis to argue about Mr. Berman's lack of representation during the interview. Instead, the purpose of this portion is to include the initial exchange between the FBI agents and Mr. Berman about the subject matters of the interview. This is contextual and should aid the jury's understanding of the interview.

To meet the Government's objection, the defense proposes to reduce this designated excerpt to exclude any reference to Mr. Berman trying to call his lawyer. Specifically, the modified designation is 4:00-5:02—stopping before any reference to counsel. This reduces the defense designation by 35 seconds. (Having submitted the transcript to the Court, in the interest of brevity, the defense will not set forth in full its original or modified designations.)

Apparently, the Government has no objection to the defense second designated excerpt of 11:00-12:23.

The Government objects to 1 minute and 4 seconds of the third defense designated excerpt, which is approximately 2 minutes and 11 seconds (45:04 through 47:16). The Government and defense excerpts are identical except the defense begins about one minute before the Government's designated excerpt (46:12-47:16) The Government objects to the FBI agent saying the following to Mr. Berman; "I totally believe you, by the way. You're trying to come up with a product that can help humanity. I believe you. I get it. It's important. It's just all this other stuff that's in the ether that I'm trying to make sense of in my head, uh, um, and why so many people would hate. Is it because, is it because, um, has it always been shareholder based? The stock prices changing?" Mr. Berman responds: "Like I said to you, the anonymity of message boards creates horrible situations." (45:04-45:38)

Mr. Berman then goes on to describe conduct he attributes to message board posters. In the interest in reaching agreement with the Government, the defense will exclude everything from its designated excerpt other than the exchange set forth above. The agent's comment is clearly important context to prevent the jury from being misled.

The entire reason we are embarked on this Rule 106 process is because the Government wants to use the audio tape and transcript at trial to persuade the jury that Mr. Berman lied to the FBI agent about message board posting and the shareholder letters submitted to the SEC. The fact that the audio tape and transcript show that the FBI agent told Mr. Berman that she believed him, praised the development of the COVID test, and then turned to the subject of internet posting, is undeniably important for the jury's understanding of the interview.

In short, the Government wants to portray the agent as the victim of Mr. Berman's alleged false statements. The agent's statement of her belief in Mr. Berman and the COVID test places those alleged false statements—purportedly made to the same agent— in the appropriate context so as to provide "a complete understanding of the total tenor and effect" of what transpired. *Beech Aircraft Corp.*, supra, 486 U. S. at 171.

Turning to the fourth excerpt, the defense prior submission mistakenly designated this as a two-second excerpt beginning at 50:11 and ending at 50:13 which, understandably, drew no objection from the Government. This was a typographical error. The correct defense designation is 50:11-50:43—32 seconds rather than 2 seconds. This is an exchange between the FBI agent and Mr. Berman on the subject of the SEC letters—a subject that is a basis of one of the alleged false statements and is therefore contextual to that claim of falsity.

Finally, the Government objects to the entire fifth defense excerpt (54:57-59:10). In the interest of reaching closure on this matter, the defense withdraws its request that this portion of the audio tape be played at the trial but reserves the right to question the FBI agent about this when she testifies at trial.

For the foregoing reasons, the defendant Keith Berman respectfully requests, pursuant to Rule 106, that the defense designated excerpts of the audio tape be played at trial contemporaneously with the excerpts selected by the Government, and that the jury be given the pertinent pages of the transcript of the audio tape while the excerpts are being played.

January 4, 2022                                              Respectfully submitted,

*/s/ Walter P. Loughlin*
Walter P. Loughlin, Esq.
340 West 57th Street
Suite 5D
New York, NY 10019
Tel. (203) 216-3445

Ronald S. Herzog, Esq.
Goldberg Segalla LLP
50 Main Street
Suite 425
White Plains, NY 10606
Tel. (914) 798-5419

*Counsel for Defendant Keith Berman*

6