UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 1:20-cr-00278-TNM |
| v. : | |
| : | |
| KEITH BERMAN, : | |
| : | |
| Defendant. : | |

### UNITED STATES' MOTION FOR ORDER TO SHOW CAUSE

The United States of America respectfully submits this Motion for an Order to Show Cause as to why the defendant and his counsel should not be held in contempt for failing to comply with this Court's January 3, 2022 order granting the government's motion to compel (the "January 3 Order"). The defendant's disregard for Federal Rule of Criminal Procedure 16(b), the Court's lawful Order, and the Court's and parties' time calls for an immediate remedy.

### I.   Background

On December 4, 2021, the parties filed a joint stipulation (ECF 51) for an order, which the Court entered on December 6, requiring the parties to exchange witness and exhibit lists. On December 9, in compliance with the terms of the order, the government produced an exhibit list, which identified exhibits the government intends to use in its case-in-chief. On December 23, the defendant sent his exhibit list, which lacked information sufficient to identify the exhibits in question.

On December 28, the government filed a motion to compel reciprocal discovery (ECF 68), and noted specifically that one exhibit—Exhibit N—appeared to be a tangible object, described as "GenViro Package and Contents," which Fed. R. Crim. P. 16(b) permitted the government to

1

inspect prior to trial. In the defendant's response (ECF 69), the defendant promised to make Exhibit N and other exhibits "available to the government by December 31, 2021." Despite this commitment to the Court, he failed to do so, as the government noted in its reply (ECF 73) filed on January 3, 2022. On January 3, this Court ordered:

> MINUTE ORDER as to KEITH BERMAN granting the Government's [68] Motion to Compel. No later than January 7, 2022, Defendant shall provide copies of his exhibits to the Government (or, if they are tangible objects, the opportunity to inspect) that Defendant plans to use in his case-in-chief. If these exhibits were previously produced, Defendant may alternatively identify them by Bates numbers. SO ORDERED. Signed by Judge Trevor N. McFadden on 1/3/2022.

On January 7 after 10:00PM, counsel for the defendant emailed government counsel copies of most of the exhibits referenced in the defendant's exhibit list. As to Exhibit N, which is identified in the exhibit list as "GenViro Package and Contents," defense counsel stated: "Due to I [sic] various illness in Mr. Berman's office I am still awaiting exhibit N, which will be provided to the government as soon as possible." As of this filing, the government has received no additional information about an opportunity to inspect Exhibit N, despite three occasions—December 23, December 31, and January 7—by which the government could expect to have been able to inspect the exhibit.

## II. Legal Standard

18 U.S.C. § 401 allows federal courts to punish, by fine or imprisonment, disobedience of lawful orders. "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Armstrong v. Exec. Off. of the President*, 1 F.3d 12274, 1289 (D.C. Cir. 1993) (per curiam) (citations omitted). Civil contempt for failure to comply with a court order has three elements: "(1) a court order was in effect, (2) the order required certain conduct by the respondent, and (3) the respondent failed to comply with the court's order."

*United States v. Two Gen. Elec. Aircraft Engines*, 317 F. Supp. 3d 516, 520 (D.D.C. 2018) (citations omitted). The order must be "clear and ambiguous, and the violation must be proved by clear and convincing evidence." *Univ. of Colo. Health at Mem'l Hosp. v. Becerra*, 531 F. Supp. 3d 10, 19 (D.D.C. 2021) (citations omitted).

"Courts have wide discretion in fashioning remedial sanctions for civil contempt, but the sanction imposed must be remedial, designed to compel future compliance with a court order. The sole purpose of civil contempt sanctions is to coerce compliance or compensate a complainant for losses sustained, not to punish." *Commodity Futures Trading Comm'n v. Wonsey*, No. MC 21-13 (JDB), 2021 WL 5881974, at *1–3 (D.D.C. Dec. 9, 2021) (citations omitted).

**III.    Argument**

The defendant and his counsel have violated an unambiguous order of this Court, which required that "Defendant shall provide copies of his exhibits to the Government (or, if they are tangible objects, the opportunity to inspect) that Defendant plans to use in his case-in-chief." The stated reason provided to the government is insufficient to excuse a violation of this Court's order, because government counsel is not empowered to decide whether Court orders can be violated or ignored. Accordingly, the defendant must explain to the Court why he is violating a lawful order issued by a federal judge.

The defendant's account does not explain his failure to make Exhibit N available for inspection, nor does it excuse his non-compliance with the Court's order. The government recognizes the possibility of illness, especially given the current circumstances, and sympathizes with any affected Decision Diagnostics employees. However, even accepting the defendant's proffered reason, it does not explain why, during what would have been the closing days of trial (until the issuance of a last-minute continuance), defense counsel did not have possession of one

of its potentially key exhibits. It also does not explain why no arrangements for inspection were made prior to January 7, and why the government only learned of the impossibility of a court-ordered inspection less than two hours before midnight on the day of a court-ordered deadline. And it does not explain why the government, which has representatives (including the FBI case agent) located near the defendant's office in California, has not been provided an opportunity to inspect Exhibit N there, especially since the defendant and his counsel had ample time to make such arrangements before the deadline for inspection expired.

That the defendant is trying to hide Exhibit N from inspection is not a surprise; while the defendant wishes to use it as part of his defense, Exhibit N may raise a multitude of significant evidentiary concerns, such as questions about authenticity and risk of confusion of the issues. At bottom, the indictment alleges that the defendant lied to investors by claiming his company had a functional COVID-19 blood test—GenViro—when it did not. The defendant's actions suggest he may attempt to introduce such a test (or something that he may claim is such a test) into evidence, and do so without showing it to the government first.

Exhibit N is thus a potentially crucial piece of evidence, and one the defendant should have disclosed well before trial even absent the Court-imposed deadlines for exchanging exhibit lists. The government wants to inspect Exhibit N in order to determine whether it is a functional COVID-19 blood test at all, whether it is a test that has any relevance to the issues in this case, and whether it existed at the time of the alleged criminal conduct (as opposed to being created, nearly two years later, to suit the defendant's litigation needs). The defendant's strident refusal to arrange such an inspection is not merely dilatory behavior or a tardy filing; it has the practical effect of preventing the government from adequately inspecting the purported COVID-19 blood test before he seeks to

4

introduce it.   The natural consequence is that the defendant will presumably argue that there was a COVID-19 blood test all along, and that his statements to investors were, in fact, true.[1]

The government has tried, in recent months, to ensure that this trial is orderly, efficient, and, above all, fair to the parties.   The defendant, through his drip-drip method of producing legally required discovery, has ignored his commitments to the government, violated this Court's orders, and played games that waste government counsel's and the Court's valuable time.   Enough is enough.

## IV.   Conclusion

In light of the defendant's refusal to comply with his obligations under Rule 16 and the January 3 Order, the government respectfully requests that this Court, prior to the telephonic hearing set for January 11, 2022, order the defendant and his attorneys to show cause as to why they should not be held in contempt and assessed a significant financial penalty for every day they do not comply with the January 3 Order.

                                        Respectfully submitted,

                                        JOSEPH S. BEEMSTERBOER
                                        Acting Chief, Fraud Section
                                        Criminal Division

                              By:   /s/
                                        Christopher Fenton
                                        Trial Attorney
                                        Justin Weitz
                                        Acting Principal Assistant Chief

---

1 The government does not, at this stage of the proceedings, seek exclusion of Exhibit N pursuant to Fed. R. Crim. P. 16(d)(2)(C) ("If a party fails to comply with this rule, the court may [] prohibit that party from introducing the undisclosed evidence"), but reserves the right to seek exclusion on this or other grounds in the future.

Fraud Section, Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005

Vijay Shanker
Deputy Chief
Appellate Section, Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

CERTIFICATE OF SERVICE

  I certify that on January 8, 2022, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF.

               /s/ Justin Weitz