UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 1:20-cr-00278-TNM |
| v. : | |
| : | |
| KEITH BERMAN, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION *IN LIMINE*
TO PRECLUDE ADMISSION OF GENULTIMATE! GLUCOSE
MONITORING SYSTEM, ACCESSORIES, AND PACKAGING**

The United States of America, through its undersigned counsel, respectfully moves this Court to preclude admission by the defendant Keith Berman of an exhibit—designated by the defendant and referred to here as Exhibit N—consisting of a glucose monitoring meter, glucose monitoring test strips, glucose blood testing finger-stick needles, and the packaging for these items. Exhibit N is irrelevant and therefore inadmissible under Federal Rules of Evidence 401 and 402; and, to the extent it is marginally relevant, its probative value is substantially outweighed by a danger of unfair prejudice to the government, confusion of the issues, and misleading the jury under Federal Rule of Evidence 403.

**I.    Background**

On December 23, 2021, pursuant to a Court order entering a joint stipulation between the parties, the defendant provided to the government his trial exhibit list. That list (Attachment A) included as Exhibit N a purported "GenViro Package and Contents."  As alleged in the Superseding Indictment, GenViro! is the name the defendant gave to the instantaneous, finger-prick Covid-19 blood test that he falsely claimed his company, Decision Diagnostics Corp. ("DECN"), had developed in

1

March 2020.  ECF 19 at ¶ 12.  By including on his exhibit list a purported "GenViro Package and Contents," the defendant created the impression that DECN had completed development of a Covid-19 blood test and that he intended to display the finished product at trial.  The defendant did not offer the government an opportunity to inspect and photograph the purported "GenViro Package and Contents." *See* Fed. R. Crim. P. 16(b)(1)(A).

The defendant's repeated failure thereafter to provide the government with Exhibit N or provide the government with an opportunity to inspect Exhibit N, contrary to Court orders, has been described in other pleadings in this case.  *See* ECF 68, 73, 76.  Ultimately, the Court granted the government's motion for an order to show cause, requiring the defendant to show cause as to why he should not be held in contempt and/or barred from introducing Exhibit N at trial for failure to comply with the Court's January 3, 2022, order.  Minute Order of Jan. 10, 2022.  That January 3, 2022, order had required the defendant to, among other things, provide to the government by January 7, 2022, the opportunity to inspect tangible-object exhibits the defendant plans to use in his case-in-chief. Minute Order of Jan. 3, 2022.

In response to the order to show cause, defense counsel stated that they had only then—almost three weeks after identifying Exhibit N as a "GenViro Package and Contents"—been able to speak with the defendant about the exhibit and that the defendant would "slightly modify Exhibit N to limit it to consist only of the pre-existing glucose meter and associated finger stick, which at least two government witnesses will identify as the basis for the adaption for the blood-based test." ECF 77.  The defendant represented that "[a] glucose meter and package of finger stick strips is today being sent to the Government by overnight courier for delivery on the morning of January 11, 2022."  *Id*.

At a hearing the next day, defense counsel stated that the object sent to the government was a glucose meter "which was going to being modified for use in the blood testing product." Tr. 1/11/22 Telephonic Motion Hrg. at 4. Counsel added that they "believe[d] two of the government's witnesses will verify that this was the existing product that was in the process of being modified for the blood testing product, and that that will be relevant to refute any assertion that this was all some sort of fraud or some sort of scheme and that no product ever existed." *Id*. at 4-5. Defense counsel further explained that "this is a product created by Decision Diagnostics and manufactured by . . . the company in South Korea, and it contains the technology which Mr. Berman sought to adapt for the blood test." *Id*. at 6.

The government received a package with Exhibit N on January 13, 2022. The package included a DECN GenUltimate! glucose monitoring device, GenUltimate! test strips for that device, the boxes for those products, and a plastic zip top bag with approximately 10 finger stick blood testing needles:



## II.      Legal Standard

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Federal Rule of Evidence 402 states that "[i]rrelevant evidence is not admissible."

Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

### III.     Argument

#### A. Proposed Exhibit N Is Not Relevant.

The defendant's proposed Exhibit N is not relevant to the issues in this case, which revolve around whether the defendant repeatedly lied to the investing public about the fact that he had developed an instantaneous finger-prick blood test for Covid-19 that he referred to as GenViro!. Exhibit N is a glucose test and accessories—nothing less, nothing more.  It is an example of the glucose test product and accessories that DECN sells and ships to its customers.  It existed well before the coronavirus pandemic.  It is not a Covid-19 test.  It is not a glucose test that had been modified into a Covid-19 test.  It is not even a glucose test that was in the process of being modified into a Covid-19 test.

The mere fact that the defendant's company sold to customers a glucose test that used impedance technology is not relevant to any issues in this case.  There is no dispute that DECN sold such devices.  And the government does not intend to—because it need not—prove or argue that the defendant never had a glucose test that used impedance, or that he did not have an *idea* or a *hope* that his pre-existing glucose test could be modified into a Covid-19 blood test, or that the entire basis of the defendant's fraud was crafted out of whole cloth.  Indeed, it was *because* the defendant had a glucose test that used impedance technology that he was able to convince investors of the lie that he had developed a Covid-19 blood test using the same technology, which had been validated and was close to being approved by the Food and Drug Administration.  The fact that the defendant did have a pre-existing glucose test that it sold to customers does not make his statements about developing a Covid-19 test any less false.

In any event, even if the *fact* that DECN sold a glucose test that used impedance technology is relevant in some respect, there is no independent relevance to the glucose test itself as a tangible

5

object, nor any benefit to showing it to the jury.  The appearance of the test does not make any fact of consequence in this case more or less probable.  To the contrary, the physical test itself gives rise to substantial concerns under Federal Rule of Evidence 403, as explained below.

> **B. Any Probative Value Is Substantially Outweighed by the Dangers of Unfair Prejudice and That the Jury Will Be Confused or Misled.**

To the extent there is some marginal relevance to seeing the glucose test, the probative value of the glucose test is substantially outweighed by the danger of unfair prejudice to the government, confusing the issues, and misleading the jury.  *See* Fed. R. Evid. 403.  Again, Exhibit N is solely a glucose test, and its existence and appearance have no bearing on the truth or falsity of the defendant's claims about whether the defendant had developed his purported Covid-19 blood test.  There is a substantial risk, however, that the jury might see a physical product and be confused or misled into believing that DECN had created a Covid-19 blood test or that the glucose test itself could simply be used to detect the Covid-19 virus or quickly and easily modified to detect the Covid-19 virus.

In that respect, any analysis of Exhibit N and the defendant's likely use of the exhibit at trial cannot be divorced from the circumstances surrounding its initial description, the defendant's recalcitrance in providing Exhibit N to the government for inspection (particularly when it is a sample of a product that DECN sells and has readily available), and the sudden alteration of its description once the defendant was required by the Court to show it to the government.  As noted above, the defendant initially described Exhibit N as a "GenViro Package and Contents," which is the purported COVID-19 blood test that, at the time of the defendant's false and misleading statements to the market, did not exist.  The defendant resisted showing Exhibit N to the government, but, when finally required to do so, he "slightly modif[ied]" Exhibit N to "limit it to

6

consist only of the pre-existing glucose meter and associated finger stick, which at least two government witnesses will identify as the basis for the adaption for the blood-based test." ECF 77. The defendant's pivot is hardly a "slight modif[ication]"; rather, it is a bait and switch. And the defendant has never provided an explanation for why he labeled Exhibit N as something that did not exist at the time of his false statements. The defendant appears to be of the view that if he *calls* his glucose test a Covid-19 blood test, then his glucose test *is* a Covid-19 blood test—which is entirely consistent with the defendant's fraudulent conduct alleged in the Superseding Indictment. All of this indicates that there is a significant risk that at trial the defendant will use Exhibit N to suggest to the jury that he had something more than a mere idea for a Covid-19 blood test. This would prejudice the government and confuse and mislead the jury.

Accordingly, this Court should enter an order excluding Exhibit N under Federal Rules of Evidence 401, 402, and 403.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division

By:  /s/_____
Christopher Fenton
Trial Attorney
Justin Weitz
Acting Principal Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005

Vijay Shanker
Deputy Chief
Appellate Section, Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

CERTIFICATE OF SERVICE

      I certify that on February 7, 2022, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF.

                                          /s/ Vijay Shanker