**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 1:20-cr-00278-TNM** |
| **v.** | : | |
| | : | |
| **KEITH BERMAN** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SECOND MOTION *IN LIMINE***
**TO PRECLUDE IRRELEVANT AND INADMISSIBLE OPINION**
**TESTIMONY UNDER FEDERAL RULES OF EVIDENCE 401, 402, AND 403**

The United States of America, through its undersigned counsel, respectfully moves this Court to preclude the defendant from eliciting from defense witnesses Lisa Pritchard and Mark DuVal trial testimony about their opinion on the question whether the defendant's idea for a COVID-19 blood test is or was theoretically possible. Such testimony should be precluded on the grounds that it is irrelevant and inadmissible under Federal Rules of Evidence 401, 402 and 403.

**I.      Background**

The defendant is charged with engaging in a fraudulent scheme in which he made a series of public statements falsely claiming that he had developed a COVID-19 blood test when, in truth, he had not.  (ECF 19.)   The government previously moved under Federal Rules of Evidence 401, 402, and 403 to exclude evidence regarding the question whether the defendant's purported COVID-19 blood test is or was theoretically possible.  (ECF 30, 37.)   Whether the defendant's COVID-19 blood test *could* be developed is not relevant to the question whether the defendant lied when he said that he already had developed it.   Moreover, detouring into technical and

1

scientific topics related to blood testing, virus detection, and impedance technology would confuse the jury and waste time.   (*Id.*)

The government's motion was primarily addressed in the context of two lay, fact witnesses that the government anticipates calling in its case in chief, namely Dr. Matthew Musho and Daniel Kim.   The issue was whether the defendant should be precluded on cross-examination from questioning Dr. Musho and Mr. Kim as expert witnesses and seeking their opinions on that topic based on their scientific, technical, or other specialized knowledge.   In response, counsel appeared to agree the defendant should not be able to put on evidence that, regardless of the defendant's knowledge or despite the defendant's knowledge to the contrary, it is theoretically possible to create a COVID-19 blood test.   (Transcript of Nov. 19, 2021 Motions Hearing at 26 (attached hereto as Exhibit A) ("Motions Hr'g Tr.").)   Rather, according to counsel, the defendant only wished to cross-examine Dr. Musho and Mr. Kim about what they did in trying to develop the defendant's COVID-19 blood test.[1]   (*Id.* at 29.)   The Court expressed that it shared the government's concern about spending time on an irrelevant topic, but, in light of the defendant's representations, reserved judgment on the issue.   (*Id.* at 32-33.)

On December 23, 2021, the defendant disclosed his witness list.   The defendant indicated that he anticipates calling Lisa Pritchard, a regulatory, quality, and compliance consultant with the law firm of DuVal & Associates.   Ms. Pritchard previously provided written testimony in an administrative proceeding before the U.S. Securities and Exchange Commission ("SEC").   *See*

---

[1] This included cross-examining Mr. Kim about an email between him and the defendant on or around February 29, 2020, which is quoted and referenced in the superseding indictment.   (ECF 19 ¶ 16.)

Affidavit of Lisa L. Pritchard, *In the Matter of Decision Diagnostics Corp.*, SEC Administrative

Proceeding File No. 3-19788 (sworn to on July 14, 2020) (attached hereto as Exhibit B) ("Pritchard

Affidavit").   In that matter, Ms. Pritchard effectively testified that, based on her scientific,

technical, and specialized knowledge, the defendant's COVID-19 blood test was theoretically

possible:

> While a determination of the efficacy of Decision Diagnostics's proposed COVID-19 test
> kits must await completion of validation testing, it is my opinion that the evidence provided
> to me appears to demonstrate that the proposed test kits and their impedance technology
> provide a (so far) unique, researched, and legitimate basis for rapid and highly accurate test
> results to detect the presence of the Novel Coronavirus.   The evidence provided to me on
> the GenViro! devices appears to demonstrate that the devices present an important
> advantage to assist in testing for the Coronavirus by providing an easy-to-use methodology
> that offers very fast results.   If the validation testing of the GenViro! test, when completed,
> supports the FDA expectations for sensitivity and specificity for test kits designed to detect
> the Coronavirus, this device should be a very important technology in the arsenal of
> diagnostics needed to address the current COVID-19 pandemic.

(*Id.* ¶ 6.)[2]

The government moves to preclude the defendant from eliciting this same or similar

testimony at trial.[3]

---

[2] Although the Court directed defense counsel to turn over by December 22, 2021, everything
from DuVal & Associates that is relevant to this case and is not already in the possession of the
government, defense counsel did not turn over any communications with Ms. Pritchard about her
affidavit or any drafts.   The government followed up with DuVal & Associates multiple times
before the firm produced any information relating to the affidavit.   DuVal & Associates ultimately
produced a single draft markup on February 2, 2022 – 42 days after the Court-ordered deadline for
defense counsel to provide the information.   Defense counsel has not produced any further
information relating to the affidavit, even though it appears that defense counsel drafted it in the
first instance and communicated with Ms. Pritchard about its contents.

[3] Mark DuVal, the President and CEO of DuVal & Associates, reviewed and approved Ms.
Pritchard's affidavit (Pritchard Aff. ¶ 7), and was also included as a witness on the defendant's
witness list.   For these reasons, the government requests that the Court's also preclude the
defendant from eliciting this same or similar testimony at trial from Mr. DuVal.

## II.    Legal Standard

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."   Federal Rule of Evidence 402 states that "[i]rrelevant evidence is not admissible."

Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## III.    Argument

The defendant should be precluded from using Ms. Pritchard as a stalking horse for un-noticed expert testimony.   The government understands that Ms. Pritchard will be testifying as a lay witness because, among other things, the defendant did not disclose her as an expert by the Court-ordered deadline.   While she may testify in the form of an opinion, the rules make clear that such an opinion must be limited to one that is rationally based on the witness's perception, and *not* based on scientific, technical, or other specialized knowledge within the scope of Rule 702.   Fed. R. Evid. 701.   The defendant, accordingly, should be precluded from questioning Ms. Pritchard effectively as an expert witness and seeking her opinion on the theoretical feasibility of the defendant's purported COVID-19 blood test based scientific, technical, or other specialized knowledge.

In any event, as the government previously explained (and the defendant appeared to agree), scientific questions about whether the defendant's idea for a COVID-19 blood test was

4

theoretically possible are not probative of the issues in this case, which relate to the defendant's false representations to investors (i) that he had already developed a COVID-19 blood test when, in fact, he had not; and (ii) that FDA approval was likely when, in fact, he knew he could not satisfy the FDA's testing requirements.   (ECF 30, 37; Motions Hr'g Tr. at 26.)   While the government has no objection to Ms. Pritchard testifying as a fact, lay witness about the work she did on the FDA submissions relating to the defendant's purported COVID-19 blood test, the government does object to Ms. Pritchard testifying about her purported evaluation of scientific evidence provided to her by the defendant and her ultimate conclusions based on that assessment.

Moreover, Ms. Pritchard's opinion is not even probative of the scientific questions about whether the defendant's idea for a COVID-19 blood test was theoretically possible because she caveated her conclusions by disclaiming that "a determination of the efficacy of Decision Diagnostics's proposed COVID-19 test kits must await completion of validation testing." (Pritchard Affidavit ¶ 6.)   Her opinion about whether the defendant's idea for a COVID-19 blood test could work was thus preliminary and contingent on the results of validation testing that the defendant had told Ms. Pritchard (and others) that he had not conducted and could not complete.[4] For this reason, Ms. Pritchard's testimony not only is irrelevant, but also presents a significant danger of confusing and misleading the jury and wasting time.   It should be precluded on those grounds as well.

The Court should also preclude the defendant from eliciting the same or similar trial

---

[4] Importantly, Ms. Pritchard's written statements about the continued need to conduct validation testing were made several months after the defendant made the false and misleading statements that form the core of the superseding indictment – including the false statement he made in a press release he issued on March 18, 2020 in which he claimed that his purported COVID-19 blood test had already been validation tested.

testimony from Mr. DuVal, who reviewed and approved Ms. Pritchard's affidavit (Pritchard Aff.

¶ 7), and was also included on the defendant's witness list.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant the government's motion to preclude the

defendant from eliciting testimony about Ms. Pritchard's and Mr. DuVal's opinion on the question

whether the defendant's idea for a COVID-19 blood test is or was theoretically possible.


Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division

By:   /s/_____
Christopher Fenton
Trial Attorney
Justin Weitz
Acting Principal Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005

Vijay Shanker
Deputy Chief
Appellate Section, Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

<u>CERTIFICATE OF SERVICE</u>

I certify that on February 7, 2022, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF, which sends a notification email to counsel for the defendant in this action.

<u>      /s/ Christopher Fenton        </u>
Trial Attorney, U.S. Department of Justice

1