UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 1:20-cr-00278-TNM |
| v. : | |
| : | |
| KEITH BERMAN, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE*
TO PRECLUDE ADMISSION OF EXHIBIT N**

The United States of America, through its undersigned counsel, respectfully submits this reply brief in support of its motion (ECF 80) to preclude admission by the defendant Keith Berman of defense Exhibit N.

The defendant included on his exhibit list a tangible object that does not exist: a retail package containing the COVID-19 blood test he falsely claimed he had invented. When ordered by the Court to make the purported COVID-19 blood test available to the government for inspection, the defendant produced something completely different: a retail package containing the glucose test that his company has been selling for years. After the government learned of the bait and switch, it moved to preclude admission of the exhibit on the grounds that it is irrelevant and presents a substantial danger of confusing the issues and misleading the jury.

As the government demonstrated in its motion, Exhibit N is irrelevant to the issues in this case. It is a glucose test that predates the COVID-19 pandemic. That the defendant falsely claimed that he had successfully adapted the impedance technology in the glucose test for an instantaneous, finger-prick COVID-19 blood test does not mean that the existence of the glucose test itself is relevant. It certainly does not mean that glucose test as a tangible object is relevant.

1

Moreover, as the government observed, there is a substantial risk that the jury will see a physical product and be confused or misled, either on its own or at the invitation of the defense, into believing that the defendant had created a COVID-19 blood test or that the glucose test itself could simply be used to detect the COVID-19 virus or quickly and easily modified to detect the COVID-19 virus.

In response, the defendant argues that the glucose test is relevant because it will allow the jury to better understand "the effort to adapt its impedance technology for use in the COVID test." ECF 82 at 5.  *See id*. at 6 ("Showing the jury the glucose meter will make the testimony about the effort to use its impedance technology to develop the blood-based meter more understandable."). The defendant's argument hits at the very point of the government's motion and its related motions to exclude evidence and testimony regarding the theoretical possibility of a blood test for the COVID-19 virus.  This case is not about what is theoretically possible.  This case is about what the defendant falsely represented he had already accomplished—false representations that were meant to, and did, pump up the defendant's company's stock price.  Displaying for the jury a glucose test packaged for retail sale is not a defense to the false and misleading statements made about a COVID-19 blood test that does not exist.

The defendant also takes umbrage with the government's concern that he might point to Exhibit N at trial to suggest that it represents tangible progress toward the COVID-19 blood test. The government's fear of such "legerdemain" (ECF 82 at 5) is not chimerical.  The record is clear that the defendant mischaracterized his glucose test as a "GenViro Package and Contents" (that is, the COVID-19 blood test he falsely claimed his company had developed) and then repeatedly withheld it from the government.  The defendant still has provided no explanation why—if Exhibit N is and always was simply a glucose test relevant for background purposes, as the defendant

2

claims—he called it a COVID-19 test in his exhibit list and reversed course only when the Court ordered him to allow the government to inspect it. The defendant's belated claim that the glucose test is a "fundamental element" of the defense case is not credible in light of these facts.[1]

---

[1] The bulk of the defendant's opposition consists of a litany of grievances about other motions the government has filed in this case. Those motions have been supported by the facts and the law and are not appropriately relitigated here.

Accordingly, for the reasons stated in the government's motion and above, this Court should enter an order excluding Exhibit N under Federal Rules of Evidence 401, 402, and 403.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division

By:   /s/ _____
Christopher Fenton
Trial Attorney
Justin Weitz
Acting Principal Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005

Vijay Shanker
Deputy Chief
Appellate Section, Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

CERTIFICATE OF SERVICE

    I certify that on February 11, 2022, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF.

                                              /s/ Vijay Shanker