UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 1:20-cr-00278-TNM |
| v. | : | |
| | : | |
| KEITH BERMAN | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S REPLY IN FURTHER SUPPORT
OF SECOND MOTION *IN LIMINE* TO PRECLUDE
IRRELEVANT AND INADMISSIBLE OPINION TESTIMONY

The government has moved to preclude the defendant from eliciting from defense witnesses Lisa Pritchard and Mark DuVal trial testimony about their opinion on the question whether the defendant's idea for a COVID-19 blood test is or was theoretically possible. (ECF 81.) A Court order is necessary to prevent the defendant from using Ms. Pritchard or Mr. DuVal as a stalking horse for un-noticed expert testimony that is not relevant and would confuse the jury and waste time by detouring into technical and scientific topics. (*Id.*) The government appreciates that, in his response, the defendant clarified his position and now expressly represents that, with respect to Ms. Pritchard's anticipated testimony, he will not seek to elicit the type of impermissible expert testimony about which the government has expressed concerns. (ECF 84.) The government assumes that the defendant similarly agrees to limit the scope of Mr. DuVal's testimony. In light of the defendant's representation, the Court should grant the government's motion.

An order granting the government's motion will help to clearly define the scope and limits of Ms. Pritchard and Mr. DuVal's anticipated testimony. This is necessary and appropriate here

1

because, among other things, the absence of a Court order fosters ambiguities likely to later give rise to issues that may require time to resolve while the jurors wait.  For example, the Court previously reserved judgment on this same issue with respect to government witnesses Dr. Matthew Musho and Daniel Kim based on the defendant's representation that he would not put on evidence that, regardless of the defendant's knowledge or despite the defendant's knowledge to the contrary, it is theoretically possible to create a COVID-19 blood test.  (ECF 81 at 2 (citing Transcript of Nov. 19, 2021 Motions Hearing at 26 (attached thereto as Exhibit A)).)   In his most recent filing, however, the defendant appears to reverse course, incorrectly suggesting that the Court denied the government's motion.  (ECF 84 at 2 ("As was the case with the government's previous unsuccessful efforts to limit defendant's ability to cross-examine two government witness, Dr. Matthew Musho and Daniel Kim, …").)   An order granting the government's motion with respect to Ms. Pritchard and Mr. DuVal will alleviate the need to address this issue again at the trial should the defendant take a similar tack and also will provide clarity with respect to the scope of Dr. Musho's and Mr. Kim's anticipated testimony.[1]

For the foregoing reasons, and the reasons set forth in the government's initial submission, the Court should grant the government's motion to preclude the defendant from eliciting testimony

---

[1] In his response, the defendant argues that the government contended that Ms. Pritchard's SEC affidavit has no relevance to this matter, but that the government nevertheless asserted that defense counsel improperly failed to produce it as part of the directive to turn over everything from DuVal & Associates "relevant to this case."  (ECF 84 at n. 1.)   The defendant is wrong.  The government never argued that Ms. Pritchard's SEC affidavit is not relevant to this case; rather, the government took issue with one paragraph that contains impermissible expert testimony about matters that are clearly not relevant here, namely paragraph 6.  To the extent the defendant is suggesting that he or DuVal & Associates are in possession of drafts of Ms. Pritchard's SEC affidavit that have not yet been produced, the government reiterates its request that they produce this discovery immediately.

about Ms. Pritchard's and Mr. DuVal's opinion on the question whether the defendant's idea for a COVID-19 blood test is or was theoretically possible.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division

By:   /s/_____
Christopher Fenton
Trial Attorney
Justin Weitz
Acting Principal Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005

Vijay Shanker
Deputy Chief
Appellate Section, Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

CERTIFICATE OF SERVICE

      I certify that on February 21, 2022, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF, which sends a notification email to counsel for the defendant in this action.

                                          /s/ Christopher Fenton
                                 Trial Attorney, U.S. Department of Justice