```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA

    - - - - - - - - - - - - - - - - x
    THE UNITED STATES OF AMERICA,
                                        Criminal Action No.
                    Plaintiff,          1:20-cr-00278-TNM-1
                                        Wednesday, February 16, 2022
    vs.                                 10:02 a.m.

    KEITH BERMAN,

                    Defendant.
    - - - - - - - - - - - - - - - - x
    _____

                    TRANSCRIPT OF STATUS CONFERENCE
              HELD BEFORE THE HONORABLE TREVOR N. McFADDEN
                       UNITED STATES DISTRICT JUDGE
    _____
    APPEARANCES:

    For the United States:      **JUSTIN D. WEITZ, ESQ.**
                                **VIJAY SHANKER, ESQ.**
                                **U.S. DEPARTMENT OF JUSTICE**
                                Securities and Financial Fraud
                                1400 New York Avenue, NW
                                Washington, DC 20009
                                (202) 598-8084


    For the Defendant:          **WALTER PATRICK LOUGHLIN, ESQ.**
                                **WALTER P. LOUGHLIN ATTORNEY AT LAW**
                                340 West 57th Street, Suite 5d
                                New York, NY 10019
                                (203) 216-3445

                                **RONALD S. HERZOG, ESQ.**
                                **GOLDBERG SEGALLA LLP**
                                50 Main Street, Suite 425
                                White Plains, NY 10606
                                (914)-798-5419

    Court Reporter:             Lisa A. Moreira, RDR, CRR
                                Official Court Reporter
                                U.S. Courthouse, Room 6718
                                333 Constitution Avenue, NW
                                Washington, DC  20001
                                (202) 354-3187
```

```
 1                    P R O C E E D I N G S
 2             THE COURTROOM DEPUTY:  This is Criminal Case
 3   20-278, United States of America vs. Keith Berman.
 4             Counsel, please introduce yourselves for the
 5   record starting with the government.
 6             MR. WEITZ:  Yes, good morning, Your Honor; Justin
 7   Weitz on behalf of the United States.
 8             THE COURT:  Good morning, Mr. Weitz.
 9             MR. SHANKER:  And Vijay Shanker on behalf of the
10   United States.
11             THE COURT:  Good morning, Mr. Shanker.
12             MR. SHANKER:  Good morning.
13             MR. LOUGHLIN:  For the defense, Walter Loughlin
14   and Roger Herzog.  And based on the indication from the
15   Court, we are waiving the presence of Mr. Berman for this
16   proceeding.
17             THE COURT:  All right.  Good morning, gentlemen.
18             MR. HERZOG:  Good morning, Your Honor.
19             THE COURT:  We're here to discuss trial.  I don't
20   think this is on the public docket, but defense has notified
21   the government and the Court that the defendant has had some
22   serious medical issues that required him to be hospitalized
23   for some time within the last month or so, and I take it
24   he's been virtually bed-bound since then.
25             Mr. Loughlin or Mr. Herzog, can you tell us where
```

1   things stand now and how realistic is it for us to go
2   forward at the end of the month as we're currently planning?
3              MR. LOUGHLIN:  Well, this is Walter Loughlin.  I
4   can address that, and perhaps Mr. Herzog can as well.
5              The Court has -- and we've also served it on the
6   government -- Mr. Berman's sworn declaration describing his
7   hospitalization and the current limitations on his ability
8   to walk and to do anything until that terrible set of wounds
9   on his leg heals, which were graphically illustrated by the
10  photographs that everyone has seen.  I should say that I
11  think, until Mr. Berman is able to walk under his own power
12  and his leg is sufficiently healed, he couldn't possibly
13  travel at the end of this month to attend the trial date of
14  either February 28th or March 4th.
15             And I did speak to one of the physicians, an
16  internist who treated him at the hospital; the only doctor
17  who so far has been willing to talk to us, or to me.  When I
18  asked him that question directly, he said he couldn't
19  imagine that Mr. Berman could travel across country in his
20  current condition and participate in a trial.  He said if
21  the trial was, you know, in Los Angeles, even then he'd have
22  to participate in a wheelchair.
23             So I think it's just not possible, given his
24  current condition, for the trial to go forward on the
25  current scheduled date.

1           THE COURT: Mr. Loughlin, do you have a sense of
2   when he will be mobile again?
3           MR. LOUGHLIN: Well, I think that's the difficult
4   question. You know, he was just released from the hospital
5   February 2nd and just had his first appointment at the wound
6   center at the hospital yesterday. I would hope that if we
7   could reach a doctor named Sujay Dutta, who is the wound
8   care specialist, that he might at least be able to say. He
9   has seen wounds like Mr. Berman's, and he could estimate how
10  long it would take for it to heal in order for a patient
11  like Mr. Berman to regain his ability to walk.
12          Both Mr. Fenton and I separately reached out to
13  Dr. Dutta's office. Apparently he's on vacation until
14  Monday, the 21st. I asked his staff if they would email or
15  text him and ask him to call me, and they refused. They
16  said they would not trespass on his well-earned vacation.
17          THE COURT: Okay. I take it your client doesn't
18  know anything independently that you've heard from him about
19  it?
20          MR. LOUGHLIN: Well, he hasn't -- I don't think
21  he's in a position to estimate. He hasn't heard any
22  estimations at all. I think he said to me that -- actually
23  the wound center reported to me yesterday that they focused
24  more on getting him to move up steps, one step up and one
25  step down using the walker. So it sounded more like, to me,

1    physical therapy than for the wound.  Although all of these
2    wound centers, including the one at this hospital, has a
3    hyperbaric chamber, you know, which is designed to --
4    because of its -- the oxygen in that chamber is supposed to
5    promote circulation.
6               I think you can certainly tell, from the
7    photograph of Mr. Berman's toes on his right leg, there's
8    very little circulation going down there because they're
9    entirely discolored, to say nothing of the wounds, you know,
10   above his foot.
11              THE COURT:  So, Mr. Loughlin, I guess -- you know,
12   I'll give the government an opportunity to chime in here.  I
13   am inclined to continue the trial date.  I'm not sure that
14   it's in anybody's best interest here to try to do a last-
15   minute switch.
16              As I think my clerk indicated to you all, I've got
17   a block of time in -- it really would have to be kind of
18   mid- to late May.  And then other than -- I'm sorry, mid- to
19   late April going into early May, and then I'm basically
20   unavailable until July.
21              Do you have any -- it sounds like you just can't
22   tell me whether April -- I mean, your client is likely to be
23   able to travel by mid-April.
24              MR. LOUGHLIN:  I don't think anyone can answer
25   that question now.  As I said, he was just released from the

1    hospital.
2             THE COURT:  Okay.  So are you otherwise available
3    for that time?  Looking at our master calendar, the
4    ceremonial courtroom is available on Thursday, April 14th,
5    if we wanted to try to do voir dire then and then kick off
6    after Easter.
7             MR. LOUGHLIN:  I think Mr. Herzog and I can make
8    ourselves available for any April dates or the May 2nd
9    date.  Obviously it's just unknowable at this point whether
10   Mr. Berman will be available then, even though that's
11   essentially two months from now.
12            THE COURT:  I understand.
13            All right.  So, Mr. Weitz, what's your preference?
14   I mean, you can try to convince me that we should go forward
15   on February 28th, but I've got to tell you that doesn't seem
16   realistic to me.
17            I think realistically would you prefer for us
18   to kind of pick a date here in April, or do you think it
19   just makes sense for us to pick a status date here in a
20   month or two and see if we can have a better sense of where
21   Mr. Berman is realizing -- I think it's pretty unlikely that
22   I'll have another trial scheduled between -- for that April
23   time, but I can't promise you.
24            So what's your preference, sir?
25            MR. WEITZ: Yes, Your Honor.  So I won't -- I'll

1   answer your second question first.  I think that a trial
2   date or a status date on April 14th works fine for us.  I
3   mean, we can do voir dire and presumably at least maybe
4   start the trial that Thursday before Good Friday and
5   Passover, which is the following day.
6          But in any event, we can move the trial to Monday
7   the 18th.  So that works for the government, and we would
8   like to hold that date.  I'm not going to try to convince
9   Your Honor that we should keep the February 28th date.
10  I just have a point of clarification that I think will
11  inform a discussion we're going to have as we learn more
12  about Mr. Berman's condition.
13         We are obviously sympathetic to Mr. Berman's
14  situation.  You know, neither Mr. Shanker nor Mr. Fenton nor
15  I like to be in a position of seeming to be indifferent to a
16  defendant's health no matter what they're accused of.
17         You know, the question in the government's mind
18  is -- and it's the same question, and we will discuss this
19  again then -- is the defendant able to travel, and is he
20  able to stand trial?  We haven't gotten answers on that from
21  medical professionals, and I do think -- and I say this with
22  all respect to Mr. Loughlin and Mr. Herzog, who I know have
23  worked on this -- we are drawing a fine line essentially
24  because I understand that Mr. Berman is in a wheelchair,
25  but, you know, people do stand trial in wheelchairs.  And

1    whether it's putting drapes underneath the table or
2    something else, there's a way to address some of these
3    issues.
4             The sole question going forward needs to be one
5    that medical professionals really weigh in on, and that's is
6    he able to travel to Washington, D.C., and stand trial?  And
7    I just -- we, in the last two weeks, have not gotten any
8    clarity or any answers on that beyond Mr. Berman's
9    statements, and we have to do our diligence as the
10   government.
11            I mean, I don't see a way to solve this today,
12   Your Honor, but coming into today we've been put in an
13   uncomfortable position because, as much as we'd love to
14   trust Mr. Berman on this, we just need to do our own
15   independent verification on our side.
16            THE COURT:  I understand.
17            Okay.  So let's continue the trial date from
18   February 28th to April 14th.
19            We'll set trials for 9:00 a.m., but, Ms. Chaclan,
20   I mean, it looks to me like we already have some new motions
21   in limine.  So I think we'd expect to have the jury arrive
22   for 10:00 a.m., and I'd want to leave some time there for us
23   to deal with any last-minute issues.  But let's set trial
24   for 9:00 a.m. April 14th.
25            For the parties' planning purposes, it looks like,

1   because of Easter and Passover, I think that the courthouse
2   is technically in recess on Friday, April 1st, and -- I'm
3   sorry, Friday, April 15th, and maybe even Monday, April
4   18th, so I certainly would not expect to sit on Good Friday,
5   and we may not be sitting on that Monday.
6               So we can talk ahead of time, but I wouldn't
7   necessarily -- usually I'd want to get started right away,
8   but especially if it looks like it's going to be about four
9   days there, I'd certainly be open to just picking a jury on
10  the 14th and then actually starting trial potentially on the
11  19th.
12              So I don't think we need to decide that right now.
13  We can talk by email between now and then.  I can figure out
14  whether it's even possible for us to have a jury in here on
15  Monday, the 18th.  I can talk with you all and see what the
16  parties prefer.
17              I want to say, I mean, I think what Mr. Loughlin
18  has provided us thus far certainly explains why we can't go
19  forward this month, and I certainly don't fault him at all
20  for that.  I think if there's going to be a request for a
21  continuance for the April date, I agree with the government
22  that they're going to need to have more visibility and more
23  ability to confirm than they've been able to have thus far.
24              So, Mr. Loughlin, obviously I'll just ask you to
25  kind of try to stay on top of the situation with your

1    client, and if you have reason to believe that you may need
2    to continue -- seek another continuance, I'm just going to
3    ask you to make sure that you're getting the government the
4    access they need so that, if we need to have this
5    conversation in a month or two from now, they're not telling
6    me that they haven't been able to verify the information
7    that they need to determine this.
8              Any questions about that, Mr. Loughlin?
9              MR. LOUGHLIN:  No.  I would just like to place on
10   the record that Mr. Berman, immediately after his discharge
11   from the hospital on February 2nd, signed HIPAA release
12   forms authorizing the sharing of his medical information
13   both with Mr. Herzog and I and with government counsel.
14   The difficulty that we've encountered is that, except for
15   Dr. Bagheri's comments to me, the doctors don't seem to be
16   particularly interested in setting aside a time to speak to
17   lawyers about this.
18             THE COURT:  I understand.  I understand that.
19             All right.  So, Mr. Weitz, I take it you're
20   seeking to toll the speedy trial clock until April 14th?
21             MR. WEITZ:  Yes, we would seek to exclude the time
22   between I think February 28th and April 14th.
23             THE COURT:  Mr. Loughlin?
24             MR. LOUGHLIN:  We'd agree with that, Your Honor.
25   Certainly that makes a lot of sense.

1           THE COURT: All right. I agree. I think, in
2    light of the defendant's medical condition, the interests of
3    justice outweigh the interests of the public and the
4    defendant in a speedy trial to the extent that I am granting
5    the government's -- the defense's motion to continue and
6    granting the government's motion to toll time between now
7    and the trial date, April 14th.
8           Mr. Weitz, anything further we should be
9    discussing this morning?
10          MR. WEITZ: Yes, Your Honor. I would just say
11   maybe we should set a telephone conference for -- I mean,
12   the trial date is two months away -- maybe for a month from
13   now. It's not necessary, but I'd like it just to check in
14   on Mr. Berman's condition given that, you know, with these
15   trial dates moving there are witnesses and other people we
16   have to deal with. If it's not going to happen in April,
17   which is obviously very much open to us, we would want to
18   have as much notice as possible.
19          So I would suggest putting a quick conference down
20   for March or so.
21          THE COURT: I think that makes sense. The
22   difficulty is finding time.
23          Okay. How about on the afternoon of Friday, March
24   25th, 2:00 p.m., for a teleconference?
25          Mr. Weitz, does that work for you?

1           MR. WEITZ:  Yes, Your Honor.
2           THE COURT:  And, Mr. Loughlin, does that work for
3      you?
4           MR. LOUGHLIN:  Yes, Your Honor.
5           THE COURT:  Great.  Okay.  So we'll set this for a
6      teleconference on Friday, March 25th, at 2:00 p.m.
7           Again, defense is welcome to waive the presence of
8      the defendant, if they wish, but obviously the primary
9      purpose of this will be to check if we're on track for
10     trial.  And so, Mr. Loughlin, obviously leading up to that,
11     if you think the answer is anything other than a resounding
12     yes, please make sure the government knows and that you all
13     have been in communication, and they're able to be in
14     contact with the doctors so that that can be kind of a
15     useful conversation on both sides.
16          MR. LOUGHLIN:  We've already given the known
17     numbers of all the doctors to the government.  We've been as
18     transparent as possible about this.
19          THE COURT:  I understand, Mr. Loughlin.  As I
20     said, I'm not at all faulting you for this current
21     situation.  I think you have demonstrated it effectively.
22          I understand the government's frustration and lack
23     of communication with the doctors, which I don't think is
24     your fault.  I'm just saying I think it will be a different
25     situation a month from now.  Certainly even these doctors

1   will hopefully be back from vacation.
2              Mr. Loughlin, anything further we should discuss
3   today?
4              MR. LOUGHLIN:  Nothing from the defense, Your
5   Honor.
6              THE COURT:  Thanks, gentlemen.
7                   (Whereupon the hearing was
8                      concluded at 10:21 a.m.)
9
10                **CERTIFICATE OF OFFICIAL COURT REPORTER**
11
12              I, LISA A. MOREIRA, RDR, CRR, do hereby
13   certify that the above and foregoing constitutes a true and
14   accurate transcript of my stenographic notes and is a full,
15   true and complete transcript of the proceedings to the best
16   of my ability.
17      **NOTE:**  This hearing was held remotely by Zoom or some
18   other virtual platform and is subject to the technological
19   limitations of court reporting remotely.
20              Dated this 25th day of February, 2022.
21
22
                                  /s/Lisa A. Moreira, RDR, CRR
23                                Official Court Reporter
                                  United States Courthouse
24                                Room 6718
                                  333 Constitution Avenue, NW
25                                Washington, DC 20001