**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 1:20-cr-00278-TNM** |
| v. | : | |
| | : | |
| **KEITH BERMAN,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION TO AUTHORIZE**
**ALTERNATIVE VICTIM NOTIFICATION PROCEDURES**

The United States, through undersigned counsel, respectfully moves this Court, pursuant to 18 U.S.C. § 3771(d)(2), for authorization to use alternative victim notification procedures—namely, publication on a Department of Justice website—because the large number of potential crime victims in this case makes it impracticable to notify them on an individualized basis. The defendant, Keith Berman, takes no position on this motion. In support of its motion, the Government states the following:

1.     The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, provides crime victims with certain rights, including the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). A "crime victim" is defined as "a person directly or proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e). In cases involving "multiple crime victims" where the court "finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in [18 U.S.C. § 3771](a), the Court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2); *In re de Henriquez*,

No. 15-3054, 2015 WL 10692637, at *2 (D.C. Cir. Oct. 16, 2015) (noting "the discretion granted to a trial judge to determine who qualifies for status under the CVRA and how best to manage a criminal proceeding in light of the CVRA").

2.      The Government respectfully submits that this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because of the number of potential crime victims.

3.      The defendant is charged with one count of securities fraud, in violation of 15 U.S.C. §§ 78j & 78ff, 18 U.S.C. § 2, and 17 C.F.R. § 240.10b-5; one count of wire fraud, in violation of 18 U.S.C. §§ 1343 & 2; one count of obstruction of agency proceedings, in violation of 18 U.S.C. §§ 1505 & 2; and one count of false statements, in violation of 18 U.S.C. §§ 1001 & 2.  The Government believes that the scheme the defendant is alleged to have committed may have affected thousands of counterparties and other market participants—all potential crime victims—who traded stock of Decision Diagnostics Corp. ("DECN") during the Relevant Period.  Given the number of potential crime victims, this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because it is impracticable for the Government to, among other things, identify and provide individualized notice to each potential crime victim pursuant to 18 U.S.C. § 3771(a).

4.      As an alternative procedure to notify potential crime victims in this case, the Government proposes that it maintain a public Department of Justice website at https://www.justice.gov/criminal-vns/case/decision-diagnostics.  The website would provide a summary of the case, information regarding the case's status, and other significant case-related documents, such as the charging documents.  The website also would contain an e-mail address and telephone number for a Victim Assistance Line through which individual potential crime victims could contact the Department of Justice with questions regarding the case.

5. Courts have authorized the use of a website by the Government to notify potential crime victims under the CVRA in other complex fraud cases that involved numerous potential victims, including cases with potential victims of conduct similar to that in this case. *See United States v. Salis, et al.*, 2:16-cr-00148, Dkt. No. 124 (N.D. Ind. Sept. 5, 2018) (granting motion to permit victim notification through use of a website in an insider trading case involving potentially hundreds of unknown victims in the securities market); *see also United States v. Zhao,* 1:18-cr-24, Dkt. No. 53 (N.D. Ill. Jan. 23, 2019) (permitting notification of potential victims of spoofing through publication on a Department of Justice website as an alternative means of individualized notice)*; United States v. Elbaz*, 18-CR-157-TDC, Dkt. No. 89 (D. Md. Nov. 5, 2018) (granting motion to permit victim notification through the use of a website in a case involving an alleged conspiracy to defraud investors in binary options); *United States v. Babich*, No. CR 16-10343-ADB, 2017 WL 8180771, at *3 (D. Mass. Aug. 8, 2017) (finding alternative victim notification procedures appropriate, including the use of websites, in a fraud case involving a four-and-a-half year conspiracy where the government "had positively identified approximately 30 victims and potentially there were thousands of victims"); *United States v. Citicorp,* No. 3:15-cv-78 (SRU), 2015 WL 5595482, at *1 (D. Conn. Sept. 22, 2015) (permitting victim notification through a Department of Justice website and through letters to lead counsel for plaintiffs in private civil litigations); *United States v. Madoff*, No. 08 Mag. 2735, slip op. at 1-3 (S.D.N.Y. Mar. 6, 2009) (permitting the government to satisfy the CVRA by posting notices about scheduled public proceedings on the U.S. Attorney's Office website and by having the court-appointed trustee include a link to the U.S. Attorney's Office website on the trustee's own website); *United States v. Saltsman*, No. 07-CR-641 (NGG), 2007 WL 4232985, at *2 (E.D.N.Y. Nov. 27, 2007) ("Given the

large number of potential alleged crime victims, notification by publication [on the U.S. Attorney's Office website or a Department of Justice website] is a reasonable procedure that will both give effect to the [statute] and will not unduly complicate or prolong the proceedings.").

6.      WHEREFORE, the Government respectfully requests that, under 18 U.S.C. § 3771(d)(2), the Court authorize the Government to maintain a website as a reasonable alternative procedure for notifying crime victims in this case.

DATE:  March 16, 2022

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division

By:     /s/_____
Christopher Fenton
Trial Attorney
Justin Weitz
Acting Principal Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005

Vijay Shanker
Deputy Chief
Appellate Section, Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

<u>CERTIFICATE OF SERVICE</u>

      I certify that on March 16, 2022, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF.

                    /s/ Vijay Shanker

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 1:20-cr-00278-TNM** |
| **v.** | : | |
| | : | |
| **KEITH BERMAN,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER AUTHORIZING ALTERNATIVE VICTIM NOTIFICATION PROCEDURES

Upon the motion of the Government to Authorize Alternative Victim Notification Procedures in this case, the Court finds that: (i) the "multiple crime victims" provision of 18 U.S.C. § 3771(d)(2) applies to this case because it is impracticable for the Government to notify the numerous potential crime victims in this case of their rights on an individual basis; (ii) the Government's proposed alternative notification procedure set out in its Motion to Authorize Alternative Victim Notification Procedures is a reasonable procedure to satisfy the Government's obligations under 18 U.S.C. § 3771 that does not unduly complicate or prolong the proceedings; and (iii) the defendant does not oppose publication of a website.

**IT IS HEREBY ORDERED THAT** the Government may provide notice to potential crime victims in this case through publication on a website maintained by the Department of Justice as an alternative to providing individualized notice.

Signed _____, 2022.

_____
THE HONORABLE TREVOR N. McFADDEN
United States District Judge