UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,                  1:-20-cr-00278 TNM

  -v-

                                   **CERTIFICATION IN SUPPORT OF**
                                   **APPLICATION TO BE RELIEVED**
KEITH BERMAN,                          **AS CO-COUNSEL FOR DEFENDANT**

                Defendant.
---------------------------------------------------x

      **RONALD S. HERZOG**, being duly sworn, deposes and says:

      1.  I am an attorney duly admitted to practice in the courts of the State of New York and certain federal courts and a partner in Goldberg Segalla, LLP. I was admitted *pro hac vice* in this matter and in that capacity I have served as co-counsel for the defendant, Keith Berman. I respectfully submit this certification in support of my motion, made pursuant to LCrR 44.5 of the Rules of the United States District Court for the District of Columbia, for permission to withdraw as Mr. Berman's co-counsel.

      2.  I have represented Mr. Berman and Decision Diagnostics Corp. since the relatively early stages of the civil investigation of him and Decision Diagnostics Corp. by the United States Securities and Exchange Commission, which investigation arose out of the same facts and circumstances asserted in the indictment and superseding indictment against Mr. Berman. On December 17, 2020, essentially at the same time the indictment was unsealed, the SEC filed a civil injunction action against Mr. Berman and Decision Diagnostics in the United States District Court for the Southern District of New York (1:20 cv-10658 (LAP)). The SEC action has been stayed since it was commenced, and the government has periodically advised the Hon. Loretta Preska of the status of this matter.

      3.  While I have represented a number of clients in civil matters involving the SEC, I

34702251.v2

have never been a criminal defense lawyer. Once it became known that the government's investigation of Mr. Berman involved potential criminal charges, an experienced criminal defense attorney, Walter P. Loughlin, Esq., was retained to represent Mr. Berman. Given the factual commonality between the two matters I appeared as co-counsel to "second chair" this matter with Mr. Loughlin. Mr. Loughlin has, unfortunately, experienced some significant health issues and from the information I have been provided it is decidedly questionable whether he will be able to continue his representation of Mr. Berman.

4. Mr. Berman's own notable health issues have necessitated several adjournments of this trial, which is currently scheduled for July 10, 2023. Subject to the updated opinion of his treating physician as the rescheduled trial date approaches as to whether Mr. Berman will be able to travel to Washington and attend the trial, by the currently scheduled trial date I will be over 75 years old.

5. Goldberg Segalla does not have a mandatory retirement age, and I deferred my retirement with the original expectation that with Mr. Berman's compliance with his various obligations, I would continue to serve as co-counsel with Mr. Loughlin for the trial that would be held this year. Now that the trial has been adjourned until at least next summer, I have for a variety of reasons advised the firm of my retirement effective December 31, 2022, approximately one month before I turn 75. Upon my retirement I will no longer have access to the electronically stored information about this matter that is housed on Goldberg Segalla's server or be able to access my Goldberg Segalla email, nor will I be covered under the firm's professional liability policy.

6. I have had several discussions with Mr. Berman about my retirement from the practice of law as well as other issues pertaining to the trial of this matter. Without divulging the substance of these discussions (although, if requested, certain of these discussions can be provided *in camera*) I am authorized to advise the Court that Mr. Berman consents to my withdrawal as he

2

34702251.v2

believes that a person should not be compelled to work, and that he is continuing to explore alternative arrangements for his representation going forward. I have advised Mr. Berman that I am prepared to cooperate with any transition of this matter after I am no longer co-counsel of record.

7. Mr. Berman, who in accordance with Local Rule 44.5(d) is being served with a copy of this application by both email and Federal Express, has, among other issues, acknowledged to me his obligation to provide the Court with the previously directed updates in January and April, 2023 of his medical condition, treatment status and potential ability to travel to Washington to attend the trial. I will remind Mr. Berman of his obligation as the January 15, 2023 reporting deadline approaches.

8. Since the current trial date is over seven months away, this application will not unduly delay the trial of this case or be unfairly prejudicial to any party or otherwise not be in the interests of justice.

**WHEREFORE**, it is respectfully requested that I be granted permission to withdraw as co-counsel for Mr. Berman in this matter.

I hereby certify under penalty of perjury that all of the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: White Plains, New York
December 7, 2022

_____
Ronald S. Herzog