```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

  * * * * * * * * * * * * * * *   )
  UNITED STATES OF AMERICA,       )    Criminal Action
                                  )      No. 20-00278
            Plaintiff,            )
                                  )
    vs.                           )
                                  )
  KEITH BERMAN,                   )    Washington, D.C.
                                  )    October 6, 2022
            Defendant.            )    10:33 a.m.
                                  )
  * * * * * * * * * * * * * * *   )


             TRANSCRIPT OF STATUS CONFERENCE
                   CONDUCTED VIA ZOOM
         BEFORE THE HONORABLE TREVOR N. McFADDEN,
                UNITED STATES DISTRICT JUDGE


  APPEARANCES:

  FOR THE GOVERNMENT:     CHRISTOPHER R. FENTON, ESQ.
                          KATHERINE McCARTHY, ESQ.
                          MATTHEW REILLY, ESQ.
                          U.S. DEPARTMENT OF JUSTICE
                          CRIMINAL DIVISION, FRAUD SECTION
                          1400 New York Avenue, Northwest
                          Washington, D.C. 20005

  FOR THE DEFENDANT:      RONALD S. HERZOG, ESQ.
                          GOLDBERG SEGALLA, LLP
                          50 Main Street
                          Suite 425
                          White Plains, New York 10606

  REPORTED BY:            LISA EDWARDS, RDR, CRR
                          Official Court Reporter
                          United States District Court for the
                            District of Columbia
                          333 Constitution Avenue, Northwest
                          Room 6706
                          Washington, D.C. 20001
                          (202) 354-3269
```

1           THE COURTROOM DEPUTY:  This is Criminal Action
2   20-278, the United States of America versus Keith Berman.
3           Counsel, please introduce yourselves for the
4   record, starting with the Government.
5           MR. FENTON:  Good morning, your Honor.
6   Christopher Fenton for the United States.
7           THE COURT:  Good morning, Mr. Fenton.
8           MR. FENTON:  I'm joined here today with my
9   colleagues, Katherine McCarthy and Matthew Reilly.
10          THE COURT:  Good morning, folks.
11          MS. McCARTHY:  Good morning.
12          MR. REILLY:  Good morning, your Honor.
13          THE COURT:  You've got a new team, Mr. Fenton.
14          MR. FENTON:  We do.  We do.
15          MR. HERZOG:  Good morning, your Honor.  Ronald
16  Herzog for Mr. Berman.
17          I'm not sure.  I believe Mr. Loughlin had a
18  personal scheduling issue.  He may not be able to join us.
19  I apologize for that.
20          THE COURT:  Good morning, Mr. Herzog.
21          So I've reviewed the information sent by the
22  defense, including a letter from Dr. Sujay Dutta and some
23  accompanying photographs of Mr. Berman's leg.
24          I should say, Mr. Herzog, do you waive your
25  client's presence for purposes of today's hearing?

1       MR. HERZOG:  Yes, your Honor.
2       THE COURT:  So, Mr. Herzog, what are you
3   requesting at this point?
4       MR. HERZOG:  Well, your Honor, I discussed it with
5   Mr. Fenton, as we had been requested to do.  And it appears
6   clear from Dr. Dutta that Mr. Berman's condition is not
7   improving.  Mr. Fenton and I had discussed providing
8   periodic updates on a 90-day cycle subject to your Honor's
9   approval and with the hope that the projection and prognosis
10  prepared by Dr. Dutta will materialize, and Mr. Berman
11  should be available for trial starting in July of 2023.
12      THE COURT:  So you're seeking a continuance, I
13  take it, on the current trial.  Is that correct?
14      MR. HERZOG:  Correct, your Honor, based on medical
15  conditions.
16      THE COURT:  Mr. Fenton, you're not opposing that?
17      MR. FENTON:  That's correct, your Honor.  The
18  Government wants an as-soon-as-practicable trial date.  But
19  based on the information provided by Dr. Dutta, it appears
20  that based on the current prognosis the soonest possible
21  trial date would likely be July of 2023 unless circumstances
22  change.
23      THE COURT:  Right.  I think that's an
24  understandable position from all parties under the
25  circumstances.

1                I guess I'm just wondering whether we should go
2       ahead and schedule a trial date in July now.  I say that
3       because our trial schedule has gotten unusually busy with
4       all the January 6 cases.  And so if we wait for three months
5       out, I will not -- I think it's very unlikely I'd be able to
6       schedule a trial within three months.
7                MR. FENTON:  Your Honor, Mr. Herzog and I
8       anticipated that, and we actually discussed a schedule that
9       we wish to propose to the Court --
10               THE COURT:  Okay.
11               MR. FENTON:  -- for the updates and also for the
12      trial.  This is for the Court's consideration.
13               THE COURT:  Okay.
14               MR. FENTON:  We would propose a trial date
15      sometime in the window of mid-July to the end of August.  So
16      if we could get a trial date sometime in that window, the
17      parties could be available.
18               We would ask that the Court direct the Defendant
19      to provide an update regarding his medical condition,
20      prognosis, by January 17th, 2023, which is 90 days out,
21      approximately, from now, and then a second update
22      approximately 90 days thereafter by April 17th, 2023.
23               And the final request from the parties would be
24      that we schedule a status conference, our next status
25      conference, the week of April 24th so that we can discuss at

1  that time whether it's going to be practicable to proceed in
2  July, which the Government of course hopes it will be.  But
3  we thought that would be a good time so that the parties can
4  then revisit Mr. Berman's medical condition, prognosis and
5  hopefully agree to actually proceed on that date.
6              THE COURT:  Mr. Herzog, I take it you agree with
7  all that?
8              MR. HERZOG:  Yes, your Honor.  The only thing --
9  we talked about the July-August window.  We didn't commit to
10 a specific week, recognizing a lot of moving parts,
11 including obviously your Honor's schedule and not oblivious
12 to what's been happening in Washington and the impact on the
13 courts.
14             THE COURT:  Sure.  So I do want to talk about that
15 in a minute.
16             But let me go ahead and order -- in the interim, I
17 will direct the defense to provide an update on January
18 17th, 2023, and an update on April 7th, 2023, as to
19 Mr. Berman's physical status.
20             And I'll ask for at the very least the April 17th
21 one to include an updated letter from the doctor on the
22 situation and specifically whether the doctor believes that
23 the Defendant will be available to travel and participate in
24 a trial that summer.
25             Let me suggest a status conference date of April

```
 1    28th at 10:00 for a virtual status conference.
 2               Mr. Fenton, does that work for the Government?
 3               MR. FENTON:  Yes, your Honor.  Thank you.
 4               THE COURT:  And Mr. Herzog, does that work for
 5    defense?
 6               MR. HERZOG:  April 28th, your Honor?
 7               THE COURT:  Yes, sir.
 8               MR. HERZOG:  That Friday?
 9               THE COURT:  Yes, sir.
10               MR. HERZOG:  Yes, sir.
11               THE COURT:  10:00 is a.m. April 28th.  And you're
12    welcome to waive your client's presence at that.  I just
13    want to make clear that either he attends or knowingly
14    waives that.
15               MR. HERZOG:  Your Honor, I apologize.  I just want
16    to make sure you want to adhere to the procedure that you've
17    been good enough to authorize before, that, given the nature
18    of these communications, they don't go through ECF.  We
19    email them to chambers at the same time we provide them to
20    Justice.
21               THE COURT:  Yes.  I think that's appropriate.
22               MR. HERZOG:  Thank you, your Honor.
23               THE COURT:  As long as everybody's on the same
24    page, I don't think we need to be putting these on ECF.  If
25    anyone thinks we need to document the situation further than
```

```
1    I already have for the record, you can do that.
2              So for trial dates, I am out for the first half of
3    August.  So what I'd suggest is August 23rd or else an early
4    July date, which it sounds like might not work for the
5    parties.  But I need to have this wrapped up really by July
6    28th if we're going for a July date.
7              Mr. Fenton, are you available for August 23rd?
8    I'm not sure where the late July date came from.  But do you
9    prefer early July?
10             MR. FENTON:  We would be available at either time,
11   your Honor.
12             THE COURT:  Mr. Herzog, what about defense?
13             MR. HERZOG:  Your Honor, the reason we suggested
14   late July was because of the independence holiday and,
15   frankly, longstanding family commitments on both sides.  But
16   obviously, that's not insurmountable.  If we are looking at
17   August 23rd, which is a Wednesday, I believe that the length
18   of time we've discussed would be in that seven- or eight-day
19   range, which would get us completed before the end of the
20   following week, if that makes sense.
21             THE COURT:  I think we can also do July 10th.  How
22   long -- I don't want to have people abridge holidays, given
23   we're looking this far out.  But I'm not sure we need to --
24   how long are you actually unavailable?
25             MR. HERZOG:  I generally spend that week with the
```

1       family.
2               THE COURT:  Would July 10th work for everyone?
3               MR. FENTON:  Yes, your Honor, for the Government.
4               MR. HERZOG:  The 10th or the 17th.  Whatever would
5       work better for the Court.
6               THE COURT:  I'd like to set it for the 10th.  I
7       think the 17th gets a little close to when I'm gone.
8               So let's set this for a trial date on July 10th in
9       Courtroom 2 at 9:00 a.m.  This is of course July 2023.  And
10      we'll set a pretrial conference for -- how about June 23rd
11      at 10:00 a.m.?
12              Does that work for you, Mr. Fenton?
13              MR. FENTON:  Yes, your Honor.
14              THE COURT:  And does that work for you,
15      Mr. Herzog?
16              MR. HERZOG:  Yes, your Honor.
17              THE COURT:  So we'll set that for a pretrial
18      conference on June 23rd at 10:00 a.m.
19              Mr. Fenton, do you have a motion?
20              MR. FENTON:  I do, your Honor.  The Government
21      would move at this time to exclude time under the Speedy
22      Trial Act based on -- in light of Mr. Berman's inability to
23      travel to Washington, D.C., for the trial.  We believe it
24      would serve the ends of justice and outweigh the interests
25      of the public and the interests of the Defendant in a speedy

1    trial.

2           THE COURT:  And is that until the July trial date,
3    Mr. Fenton?

4           MR. FENTON:  Yes, your Honor.  Until July 10th.

5           THE COURT:  Mr. Herzog, what is the defense
6    position?

7           MR. HERZOG:  No objection, your Honor.

8           THE COURT:  I think that is appropriate.
9    Obviously, this is an extraordinary situation.  I certainly
10   would not normally be tolling the speedy trial clock for
11   such a long time.  But I think we have a very
12   well-documented and serious medical condition that the
13   Defendant is suffering from that convinces both the
14   Government and me that he's unable to stand trial before
15   July.

16          And I'll just note that his doctor says that he
17   basically is homebound.  He's likely to require continuous
18   wound treatment for an additional nine months through June
19   30th.  He cannot risk being exposed to any public areas for
20   any significant period even if he was physically able to do
21   so, which in my opinion he is not.

22          So I think in light of that information, which the
23   defense has provided and the Government has not disputed, I
24   think both the continuance and the tolling of the speedy
25   trial clock is appropriate.  And I find that the interests

```
1    of justice outweigh the interests of the public and the
2    Defendant in a speedy trial to the extent that I'll toll
3    until July 10th.
4              Mr. Fenton, anything further for the Government?
5              MR. FENTON:  No, your Honor.  Thank you.
6              THE COURT:  And Mr. Herzog?
7              MR. HERZOG:  Nothing, your Honor.  Thank you very
8    much.
9              THE COURT:  Thanks, folks.  Have a good day.
10             (Proceedings concluded.)
```

**CERTIFICATE**

           I, LISA EDWARDS, RDR, CRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings produced to the best of my ability.

           Please note:  This hearing occurred during the COVID-19 pandemic and is therefore subject to the technological limitations of reporting remotely.

           Dated this 13th day of February, 2023.


/s/ Lisa Edwards, RDR, CRR
Official Court Reporter
United States District Court for the
  District of Columbia
333 Constitution Avenue, Northwest
Washington, D.C. 20001
(202) 354-3269