```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

* * * * * * * * * * * * * * *    )
UNITED STATES OF AMERICA,        )     Criminal Action
                                 )       No. 20-00278
          Plaintiff,             )
                                 )
   vs.                           )
                                 )
KEITH BERMAN,                    )     Washington, D.C.
                                 )     January 27, 2023
          Defendant.             )     3:33 p.m.
                                 )
* * * * * * * * * * * * * * *    )


               ASCERTAINMENT OF COUNSEL HEARING
                      CONDUCTED VIA ZOOM
           BEFORE THE HONORABLE TREVOR N. McFADDEN,
                  UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE GOVERNMENT:     CHRISTOPHER R. FENTON, ESQ.
                        KATHERINE McCARTHY, ESQ.
                        U.S. DEPARTMENT OF JUSTICE
                        CRIMINAL DIVISION, FRAUD SECTION
                        1400 New York Avenue, Northwest
                        Washington, D.C. 20005


REPORTED BY:            LISA EDWARDS, RDR, CRR
                        Official Court Reporter
                        United States District Court for the
                          District of Columbia
                        333 Constitution Avenue, Northwest
                        Room 6706
                        Washington, D.C. 20001
                        (202) 354-3269
```

```
 1              THE COURTROOM DEPUTY:  Your Honor, this is
 2     Criminal Case 20-278, the United States of America versus
 3     Keith Berman.
 4              Can the parties please identify yourselves for the
 5     record, starting with the Government.
 6              MR. FENTON:  Good morning, your Honor.
 7     Christopher Fenton and Kate McCarthy for the United States.
 8              THE COURT:  Good afternoon, folks.
 9              And, Mr. Berman, can you hear me?
10              THE DEFENDANT:  Yes.  Very well.
11              THE COURT:  Good afternoon, sir.
12              So, sir, my understanding is that Mr. Loughlin is
13     incapacitated and is probably not going to be able to
14     continue representing you.  Is that your understanding as
15     well?
16              THE DEFENDANT:  Well, from what I hear, he is
17     incapacitated.  I've tried numerous times to get ahold of
18     him.  I don't know what his status going forward will be.  I
19     had a stroke myself, and I did recover.  And I don't know
20     what Mr. Loughlin's story is.
21              THE COURT:  So I appreciate that.  I understand.
22     Obviously, we all hope he gets better soon.
23              I think we're going to need to ensure that you
24     have an attorney who's fit to represent you moving forward.
25     I think you have an interest in a speedy trial and the
```

1       public has an interest in a speedy trial as well.  This is
2       getting to be a rather old case.
3                So what I want to do is give you an opportunity
4       either to confirm that he's available and to get him back in
5       the game or else find another attorney or, if you believe
6       you want to represent yourself, we could discuss that.
7                Also, if you believe you'd qualify as indigent and
8       for court-appointed counsel, we can look into that as well.
9       But one way or the other, I'm not comfortable just being in
10      this limbo with you not having able representation.
11               Would you be interested in looking -- retaining
12      another attorney or do you believe you would potentially
13      qualify for court-appointed counsel?
14               THE DEFENDANT:  Well, Judge, if -- actually, both.
15      I would qualify as indigent.  But I am looking at the moment
16      for another counsel, and I have an interview next week --
17      and actually, with two counsels.  One hasn't gotten back to
18      me yet.  And I have a benefactor.  So there's a good chance
19      [indiscernible] --
20               THE COURT:  Sir, we're not able to hear you.  Can
21      you repeat yourself just a little louder?
22               THE DEFENDANT:  Sure.  I probably qualify as
23      indigent.  But there is -- can you hear me now?
24               THE COURT:  Yes.  Just keep your voice up.
25               THE DEFENDANT:  Okay.  So I probably qualify as

```
 1   indigent.  I haven't worked in a long while, and I have no
 2   income and -- if you saw my savings.  But I have a
 3   benefactor, and there are two counsels that I have in mind.
 4   And I will make a choice of one of them in the short term.
 5            THE COURT:  Great.  So what I'd like to do is set
 6   a continued ascertainment of counsel date, sir, after the
 7   point where you believe you'll have retained an attorney.
 8            How long do you need for that?
 9            THE DEFENDANT:  I would say 45 to 60 days.  I
10   don't think I can get that in 30.
11            THE COURT:  I thought you were having an interview
12   with somebody next week.
13            THE DEFENDANT:  Oh, I am.  But I have to make sure
14   that that gentleman gets paid.  And that's where any delay
15   would come into this.  I have a benefactor.  I just want to
16   make sure that I -- when I choose an attorney, the attorney
17   can get paid by the benefactor.
18            THE COURT:  Mr. Fenton, what's your position on
19   this?
20            MR. FENTON:  Your Honor, we understand the
21   Defendant is trying to retain counsel.  We would ask that
22   the Court give the Defendant two weeks to make arrangements
23   and set a hearing for two weeks out if the Court has
24   availability.
25            THE COURT:  Mr. Fenton, do you remember off the
```

```
 1    top of your head, have we scheduled this for trial?
 2             MR. FENTON:  We have.  The current trial date is
 3    July 10 and the Government is very interested in proceeding
 4    on that date.
 5             THE COURT:  So I think I'm going to go for
 6    something about a month out.  I'm not sure -- it sounds to
 7    me like two weeks is not -- we're not going to be able to
 8    squeeze blood from a rock here.
 9             But I think a month is a reasonable amount of
10    time, Mr. Berman.  And I'm going to need -- I'm not going to
11    be happy with a response that you're still working on
12    finding an attorney.  I think in a month if you don't have
13    someone coming in with you -- what we're going to do is
14    we're going to send you the form to fill out if you believe
15    you qualify for a court-appointed attorney.  And so I need
16    you either to have retained an attorney by then or returned
17    this form to me well in advance of a month from now and I
18    will find an attorney for you if you in fact qualify.
19             If you haven't returned the form to me and/or you
20    don't qualify and you haven't retained an attorney, we're
21    going to have to discuss you proceeding *pro se*, which I
22    don't think you want; I don't want.  But I think Mr. Fenton
23    is right that this is -- we need to confirm that we're going
24    to be able to move forward for a trial date this summer.
25    And I know a lot of attorneys are having their schedules
```

1  filled up.  And so I'm concerned about just kicking the ball
2  down the road here.
3          How about 2:00 p.m. on February 23rd?  Is the
4  Government available for a videoconference at that date and
5  time?
6          MR. FENTON:  Yes, your Honor.
7          THE COURT:  Mr. Berman, are you available?  This
8  is at 2:00 p.m. Eastern on February 23rd.
9          THE DEFENDANT:  Yes.  I am fine with that.  I'll
10  be there.
11          THE COURT:  I understand you are available.
12          So we'll set this for an ascertainment of counsel
13  hearing on February 23rd.
14          So, Mr. Berman, we're going to email you a copy of
15  that form.  As I say, I want you to fill that out and return
16  it soon, you know, in the next week or two if you don't
17  expect to be able to have your own attorney by February 23rd
18  and you believe you're eligible for a court-appointed
19  counsel, which it sounds like you do believe you are.
20          So either come with an attorney that you've hired
21  yourself by February 23rd or make sure you've returned that
22  form to me within the next two weeks so that I can find an
23  attorney for you.
24          Do you have any questions about that, sir?
25          THE DEFENDANT:  No.  No, I don't.  Well, I would

1     accept -- I'm agreeable to that.
2             THE COURT:  Thank you, Mr. Berman.
3             Mr. Fenton, I think the speedy trial clock has
4     already tolled.  So I don't think there's -- I can't think
5     of anything else we need to discuss today.  Can you?
6             MR. FENTON:  Yes, your Honor.
7             There's actually one more matter, which is that
8     Mr. Berman was previously ordered by the Court to provide
9     periodic updates about his physical status.  And the Court
10    had ordered that he provide one such -- the next such update
11    by January 17th.  And that day has come and gone; and as far
12    as we're aware, Mr. Berman has not yet provided an update.
13            THE COURT:  So I think I'll deal with that on
14    February 23rd.  I feel a little uncomfortable dealing with
15    something that is kind of tangentially related -- well, it's
16    not related to the merits, but it just feels a little
17    substantive to be dealing with without an attorney right
18    now.
19            So, Mr. Berman, I'm just going to remind you, on
20    February 23rd, the other issue I'm going to want to deal
21    with is understanding your personal medical situation and
22    confirming that you're going to be able to proceed to trial
23    this summer.  And if you don't think so, I'm going to need
24    some pretty rigorous documentation explaining why you're
25    not.  So please make sure your attorney is aware of that so

```
 1    we can address that on February 23rd.
 2              Do you understand that, sir?
 3              THE DEFENDANT:  I do.  But, Judge, may I
 4    interject?  I was at the hospital today, and they told me at
 5    the hospital that this report would be ready on Tuesday of
 6    next week.
 7              THE COURT:  Great.  So I think I don't want you to
 8    send that to me right now, sir.  Hold on to that and prepare
 9    and make sure you give that to whoever your attorney is, and
10    that attorney can deal with this once we have the attorney
11    on board.
12              Do you understand that, sir?
13              THE DEFENDANT:  I do.
14              THE COURT:  Great.
15              Thanks, folks.  I'll speak with you all on
16    February 23rd.
17              Thank you.  Have a good weekend.
18              MR. FENTON:  Thank you, your Honor.
19              (Proceedings concluded.)
20
21
22
23
24
25
```

**CERTIFICATE**

1  I, LISA EDWARDS, RDR, CRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings produced to the best of my ability.

Please note: This hearing occurred during the COVID-19 pandemic and is therefore subject to the technological limitations of reporting remotely.

Dated this 13th day of February, 2023.

/s/ Lisa Edwards, RDR, CRR
Official Court Reporter
United States District Court for the
  District of Columbia
333 Constitution Avenue, Northwest
Washington, D.C. 20001
(202) 354-3269