```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA

    - - - - - - - - - - - - - - - x
    THE UNITED STATES OF AMERICA,
                                        Criminal Action No.
              Plaintiff,                1:20-cr-00278-TNM-1
                                        Friday, March 25, 2022
    vs.                                 2:01 p.m.

    KEITH BERMAN,

              Defendant.
    - - - - - - - - - - - - - - - x

    _____

              TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
           HELD BEFORE THE HONORABLE TREVOR N. McFADDEN
                     UNITED STATES DISTRICT JUDGE
    _____

    APPEARANCES:

    For the United States:    **CHRISTOPHER RICHARD FENTON, ESQ.**
                              **JUSTIN WEITZ, ESQ.**
                              **U.S. DEPARTMENT OF JUSTICE**
                              Criminal Division, Fraud Section
                              1400 New York Avenue, NW
                              Washington, DC 20530
                              (202) 514-0561
                              christopher.fenton@usdoj.gov
                              justin.weitz@usdoj.gov

    For the Defendant:        **WALTER PATRICK LOUGHLIN, ESQ.**
                              **WALTER P. LOUGHLIN ATTORNEY AT LAW**
                              340 West 57th Street, Suite 5d
                              New York, NY 10019
                              (203) 216-3445
                              walter.loughlin@gmail.com

    Court Reporter:                Lisa A. Moreira, RDR, CRR
                                   Official Court Reporter
                                   U.S. Courthouse, Room 6718
                                   333 Constitution Avenue, NW
                                   Washington, DC  20001
                                   (202) 354-3187
```

```
1                      P R O C E E D I N G S
2              THE COURTROOM DEPUTY:  Your Honor, this is
3      Criminal Case 20-278, United States of America vs. Keith
4      Berman.
5              Counsel, please introduce yourselves for the
6      record starting with the government.
7              MR. FENTON:  Good afternoon, Your Honor;
8      Christopher Fenton for the United States, and my colleague,
9      Justin Weitz, will be joining as well.
10             THE COURT:  Good afternoon, Mr. Fenton.
11             MR. LOUGHLIN:  And for the defense is Walter
12     Loughlin, and I expect my co-counsel, Mr. Herzog, to join,
13     if he hasn't already.
14             THE COURT:  All right.  Good afternoon,
15     Mr. Loughlin.
16             Mr. Loughlin, are you able to waive your client's
17     presence for purposes of today's hearing?
18             MR. LOUGHLIN:  Yes, Your Honor.
19             THE COURT:  All right.  So I've seen some of the
20     communications that I think have not been publicly filed but
21     have been kind of the emails between parties and my
22     chambers.
23             I take it, Mr. Loughlin, you do not believe it's
24     realistic to go to trial in light of your client's medical
25     condition in the coming weeks.
```

```
 1              MR. LOUGHLIN:  Well, certainly not the current
 2     trial date of April 14th.
 3              But I should say, Your Honor, we have taken your
 4     instructions to try to put our heads together and agree on a
 5     path forward.  We've had calls even as recently as earlier
 6     this morning and another one yesterday, and I think we've
 7     tried to think about the common need for a reasonably firm
 8     trial date even though, in the letters that we've gotten
 9     from Dr. Dutta, he's obviously projecting something out with
10     a lot of a conditional nature to it.
11              So I think what we've been -- obviously subject
12     to Your Honor's schedule, I think we have been talking
13     about a date in September or October on the theory that
14     having a firm date makes more sense than setting a date
15     and then having it changed again because of the length of
16     Mr. Berman's recovery from his surgery and his wounds.
17              THE COURT:  Right.  Yes, I think that probably
18     makes sense.  Unfortunately my calendar is unusually busy
19     this year with all of the activity, criminal activity, in
20     the District, so I'm actually -- given that you all
21     projected kind of a week- to two-week trial, I think I need
22     to propose starting maybe Friday, December 9th, which is a
23     couple of months later than you all were talking, but just I
24     have literally back-to-back trials right now.
25              So I propose picking a jury on Friday, December
```

1    9th, and then starting out the trial on Monday, the 12th.
2              Mr. Fenton, does that work for the government; and
3    do you wish to be heard on any of this?
4              MR. FENTON:  Yes, Your Honor.  I'd like to say
5    something briefly.
6              We are entirely relying on the information in
7    Dr. Dutta's letter.  We have not performed any sort of,
8    obviously, independent medical evaluation, and we don't have
9    any expertise.  So the government is just taking Dr. Dutta
10   at his word.
11             But we certainly don't oppose a continuance of the
12   April 14th date and agree that we need a date certain, and
13   we'd just ask for the Court's earliest available date after
14   the six-month time period when Dr. Dutta says Mr. Berman's
15   wound treatment should be complete.  So if the earliest
16   possible date for the Court is December 9th, that is a date
17   that we will be available for.
18             THE COURT:  All right.  Mr. Loughlin, does that
19   work for defense?
20             MR. LOUGHLIN:  Yes, Your Honor.
21             THE COURT:  Okay.
22             MR. LOUGHLIN:  And I should say -- I'm sorry.
23             THE COURT:  Go ahead, sir.
24             MR. LOUGHLIN:  I was just going to acknowledge
25   that in terms of the Speedy Trial Act, that the adjournment

1    outweighs the defense's interest in a speedier trial.
2            THE COURT:  Okay.  Thank you.  I appreciate that,
3    and I'll get to that in just a moment.
4            So why don't we vacate the current trial date, set
5    this for trial on Friday, December 9th at 9:00 a.m. in
6    Courtroom 2 in the courthouse.  I imagine -- I forget if we
7    have a pretrial conference date?
8            MR. LOUGHLIN:  We did have one.
9            THE COURT:  Okay.  Thank you.  I was just trying
10   to remember.  So at this point I'm not going to schedule one
11   unless anybody thinks we need one, a new pretrial conference
12   date.
13           Mr. Fenton, do you think we need a pretrial
14   conference date?
15           MR. FENTON:  No, Your Honor.  I think what will be
16   helpful for the government is if we could have a conference,
17   just a status conference, at some point maybe about a month
18   before the trial date so that everybody can check in and see
19   and confirm that the trial is going to move according to
20   schedule.
21           THE COURT:  Sure.  We can do that.  And I was
22   going to say, I mean, obviously trial dates come and go.  It
23   is certainly possible that I'll have openings come up in the
24   fall.
25           If, you know, the parties want to talk amongst

1   themselves over the summer and see how Mr. Berman is doing,
2   if he's recovered or it looks like he'll -- the fall would
3   still make sense for you all, you're certainly welcome to
4   touch base with chambers and see if we can accelerate this.
5   But I think it makes sense now to go ahead and pick a date
6   that definitely works for all of us; and then if we can do
7   something earlier, I'm certainly happy to do that.
8              How about Friday, November 4th, for a status
9   conference?  I think this probably doesn't need to be in
10  person, but a 10:00 a.m. status conference?
11             Mr. Fenton, does that work for the government?
12             MR. FENTON:  Thank you, Your Honor.  Yes, that
13  date and time would work for the government.
14             THE COURT:  And, Mr. Loughlin, does that work for
15  defense?
16             MR. LOUGHLIN:  Yes, Your Honor.  That's fine.
17             THE COURT:  Okay.  Mr. Fenton, I take it you'd
18  like to have the speedy trial clock tolled until the trial
19  date?
20             MR. FENTON:  Yes.  Yes, Your Honor.  We would move
21  on the basis of the unavailability of the defendant.
22             THE COURT:  Yes, I think that's appropriate.  And
23  I'll just say for the record, I've seen some pretty gruesome
24  photos of the defendant's injuries.  I know the attorneys
25  have as well, and of course we've seen the doctors' letters

1    suggesting that he can't travel until, the earliest, this
2    summer given his leg wound.
3            So I think it is appropriate for us to toll the
4    speedy trial clock in this case longer than I normally would
5    have, but to ensure that the defendant is able to travel and
6    fully participate in his trial.  Therefore, I find the
7    interests of justice outweigh the interests of the public
8    and the defendant in a speedy trial to the extent that we
9    will toll until the trial date.
10           I also wanted to just kind of briefly discuss the
11   government's two current pending motions in limine.
12           I'll tell you, my instinct is to hold off ruling
13   on the admission of the monitoring system accessories and
14   packaging until possibly in trial, but certainly, you know,
15   later on -- I'd actually kind of like to see this exhibit
16   and understand a little bit how the defense thinks it is
17   relevant.  Admittedly, it strikes me as the type of thing
18   that would be kind of more natural for me to rule on it in
19   context.
20           So any objection to that, Mr. Fenton?
21           MR. FENTON:  No, Your Honor.  We would just ask
22   that we be heard, if possible, on that issue before the
23   trial starts.
24           THE COURT:  Okay.  And, Mr. Loughlin, I take it
25   you don't oppose?

1                    MR. LOUGHLIN:  No, Your Honor.
2                    THE COURT:  Okay.  So I'm going to, I guess, hold
3      in abeyance this motion.  It's ECF 80.
4                    And, Mr. Fenton, if you can remind me of that, I
5      think we can address it the morning of trial, if we haven't
6      before.
7                    On ECF No. 81, Mr. Loughlin, it sounds -- it looks
8      to me like there's not really any disagreement at this point
9      so I'm inclined to grant the government's motion as
10     conceded.  Obviously I understand, and I think the
11     government understands, this is not prohibiting you from
12     calling these witnesses, but rather limiting their
13     testimony.
14                   Is there any objection to that, Mr. Loughlin?
15                   MR. LOUGHLIN:  You mean postponing ruling on it
16     until closer to the time of trial?
17                   THE COURT:  No, I intend -- my inclination is to
18     grant the government's motion on ECF 81 as conceded.
19                   MR. LOUGHLIN:  I just don't know what that motion
20     is, Your Honor, just because --
21                   THE COURT:  Sorry.  That's the one regarding Lisa
22     Pritchard and Mark DuVal.  You know, the government was
23     concerned that you were --
24                   MR. LOUGHLIN:  Oh, we would convert them into
25     experts or something.

1           THE COURT:  Correct.
2           MR. LOUGHLIN:  Yes.  No, we regard them as fact
3    witnesses.
4           THE COURT:  Right.  So do you oppose me granting
5    this motion as conceded?
6           MR. LOUGHLIN:  No, Your Honor.
7           THE COURT:  Okay.  So I'm going to grant the
8    second motion in limine that's ECF 81 as conceded.
9           Mr. Fenton, anything else we should be discussing
10   today?
11          MR. FENTON:  No, Your Honor.
12          THE COURT:  And Mr. Loughlin?
13          MR. LOUGHLIN:  Nothing from the defense, Your
14   Honor.
15          THE COURT:  Thanks, gentlemen.  Have a good
16   weekend.
17          THE COURTROOM DEPUTY:  Your Honor, this is
18   Michelle.
19          THE COURT:  Yes, Michelle?
20          THE COURTROOM DEPUTY:  Sorry to interrupt.  The
21   status conference, I didn't catch that.  Will that be
22   telephonic or by Zoom?
23          THE COURT:  Yes, why don't we do that via Zoom.
24          THE COURTROOM DEPUTY:  Okay.  Thank you.
25          THE COURT:  Thanks, folks.  Have a good weekend.

1             MR. FENTON:  Thank you, Your Honor.

2             MR. LOUGHLIN:  Thank you, Your Honor.

3             (Whereupon the hearing was

4              concluded at 2:13 p.m.)

5

6             **CERTIFICATE OF OFFICIAL COURT REPORTER**

7

8             I, LISA A. MOREIRA, RDR, CRR, do hereby

9    certify that the above and foregoing constitutes a true and

10   accurate transcript of my stenographic notes and is a full,

11   true and complete transcript of the proceedings to the best

12   of my ability.

13      **NOTE:**  This hearing was held remotely by Zoom or some

14   other virtual platform and is subject to the technological

15   limitations of court reporting remotely.

16             Dated this 13th day of February, 2023.

17

18
                                 /s/Lisa A. Moreira, RDR, CRR
19                               Official Court Reporter
                                 United States Courthouse
20                               Room 6718
                                 333 Constitution Avenue, NW
21                               Washington, DC 20001

22

23

24

25