# EXHIBIT A



U.S. Department of Justice

Criminal Division

*Fraud Section*  *Washington, D.C. 20530*

September 4, 2023

**VIA E-MAIL**

Kevin B. Collins, Esq.
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
kcollins@cov.com

*Counsel for Defendant Keith Berman*

  Re: United States v. Berman, 1:20-cr-00278 (D.D.C.)
     Expert Disclosure

Dear Counsel:

  This letter serves as a supplemental expert disclosure pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) in accordance with the revisions to that rule implemented in 2023 and provides notice and a written summary of the testimony of the witness described below, whom the government currently intends to call at trial during its case-in-chief.  As previously disclosed in letters dated February 17, 2021, April 14, 2021, and February 8, 2022, in its case-in-chief, the Government anticipates calling Thomas I. Carocci, Esq.  The United States may choose not to attempt to elicit the testimony outlined in this notice but provides this information out of an abundance of cation in order to comply with the applicable rules.

  The United States is providing these disclosures even though the United States does not contend or concede that any of the testimony described below necessarily qualifies as expert testimony under Federal Rule of Evidence 702 or implicates the disclosure requirements of Federal Rule of Criminal Procedure 16(a)(1)(G), Federal Rule of Evidence 702, or *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). To the extent that you view this witness as an expert, please consider this the United States' disclosure of their qualifications, bases, opinions, and reasons for opinions, in addition to the other supporting materials we have previously provided to you and/or are enclosed as attachments to this letter. This notice does not serve to limit the subject areas about which the witness may testify as a fact witness.  As noted, the Government does not believe that any of Mr. Carocci's anticipated testimony need be admitted as expert testimony pursuant to Federal Rules of Evidence 702, 703, and 705, but reserves the right to admit it as such if there is a dispute as to Mr. Carocci's fact testimony.

  Mr. Carocci is Assistant General Counsel of the Criminal Prosecution Assistance Group ("CPAG") at the Financial Industry Regulatory Authority ("FINRA"), where he has worked since 2008 providing assistance on criminal investigations and prosecutions involving securities-related offenses.  Prior to joining CPAG in 2008, Mr. Carocci worked for approximately one year as a Special Investigator at the Member Regulation Department at the National Association of Securities Dealers ("NASD"), which was FINRA's predecessor.  In that role, he conducted routine and special cause examinations of FINRA member firms, and investigated brokerage firms' books and records, operations, and sales practices to evaluate compliance with FINRA rules, U.S. Securities & Exchange Commission ("SEC") regulations and U.S. securities laws.  He also served in other roles at NASD, including Counsel in CPAG, Investigator in the Examinations and Investigations Group, and Senior Analyst in Public Offering Review.  As set forth in his curriculum vitae, which is attached as Exhibit A, Mr. Carocci has also worked as Vice President, Compliance Regulatory Affairs at Goldman Sachs & Co., and Vice President, In-House Counsel at Bowes Funds LLC.  In addition, Mr. Carocci has provided training to federal and state law enforcement agencies regarding securities markets, fraud schemes, and investigative techniques.  Also enclosed is an index of Mr. Carocci's prior federal and state trial trials for the last four years.

  We anticipate that Mr. Carocci will offer background testimony not subject to FRE 702 related to following topics: (a) securities markets, including their structure and operations, stocks and other financial instruments at issue in this matter, trading and market practices related to such financial instruments; (b) general securities industry terms; (c) FINRA's and the SEC's roles in regulating the trading of securities of publicly traded companies; (d) disclosure requirements, regulations, and forms of publicly traded companies registered with the SEC, and the general duties of officers of publicly traded companies; and (e) the general effects of news reported by a publicly traded company on its stock price and trading volume.

  Specifically, Mr. Carocci will explain that the price levels of publicly traded stock are based on supply and demand. He will explain that the stock price generally reflects what the market thinks the value of that stock is and that movements in a stock's price are determined by numerous factors, including what investors think of a stock and whether investors think a company is going to be profitable in the future.  Generally speaking, positive information reported by a publicly traded company will result in an increased demand for the company's stock (as such information entices more buyers if they think the company will be profitable in the future), which results in a stock price increase. There is a relationship between stock price movement and trading volume.  Similarly, there is a relationship between stock price movement and liquidity.  Additionally, investors use publicly available information to make investment decisions and a public company's press releases, filings, or other public statements are capable of influencing the stock price.

  Mr. Carocci will explain that all corporate officers of a publicly traded company have a duty to shareholders to do what is in the best interest of the shareholders and have a duty to be honest with shareholders. As part of that, corporate officers should not make any material misrepresentations or omissions to shareholders. This duty applies to any communications issued by the company, including press releases. Any statements made by the company that would be material to investors must be accurate and complete.

Much of Mr. Carocci's testimony will be that of a summary fact witness, pursuant to Federal Rule of Evidence 1006. He is expected to summarize trading activity, price, and volume of publicly traded stock of Decision Diagnostics Corp. ("DECN") based on his review of publicly available information. Specifically, Mr. Carocci may testify about the trading involved around events related to the charged securities fraud scheme, mainly, trading leading up to, during, and immediately following the press releases listed below. In connection with this testimony, Mr. Carocci is preparing summary charts pursuant to Federal Rule of Evidence 1006, which will be provided to the defendant in advance of trial.

Mr. Carocci will also review and summarize the contents of press releases issued by DECN on the following dates:

- March 3, 2020
- March 4, 2020
- March 11, 2020
- March 16, 2020
- March 17, 2020
- March 18, 2020
- March 20, 2020
- March 23, 2020
- March 25, 2020
- April 6, 2020
- April 7, 2020
- April 23, 2020
- July 10, 2020

For each of these press releases, he may also testify to the following: (1) the stock price movement following the announcement, (2) how that stock price movement compared with the movement of the market as a whole as measured by the S&P 500 Index, (3) whether there was any other news or events prior to the press release that would have impacted the stock price change on the day of or after the announcement, and (4) the effect of market-moving events such as press releases, filings, or any other public statements made by DECN on stock prices, and the use by Mr. Berman, Alpha Capital Anstalt, and others of stock sales, convertible notes/securities, and offerings to benefit Mr. Berman. For example, Mr. Carocci specifically will testify that the Decision Diagnostics press releases on March 3, 4, 16-18, and 20-23 and April 6-7 and 23, 2020 precipitated increases in Decision Diagnostics stock price and created elevated trading volume over previous months. Decision Diagnostics stock price moves were not consistent with broader market movement in the S&P 500 Index and, that based on his review and analysis, there were no other news or corporate events related to Decision Diagnostics during the relevant period that would have impacted the stock price change.

Mr. Carocci's testimony will be based on his training and experience in securities market regulation and compliance, which he has obtained in several decades of employment by FINRA, the National Association of Securities Dealers, and at private financial institutions. Previously, we provided Mr. Carocci's *curriculum vitae* and other relevant documents to counsel for the

Defendant. In addition, these opinions will be based on data and information obtained from market data and research tools, including Bloomberg services (aka the Bloomberg Terminal), including DECN's stock price and trading volume, the price of the S&P 500 during this period, DECN press releases throughout 2020, and information about the issuance of convertible notes by DECN.

As we have previously disclosed, we anticipate the possibility of dividing Mr. Carocci's testimony into two distinct segments, with Mr. Carocci providing an overview of the securities markets towards the beginning of the government's case-in-chief, before reviewing relevant trading later in the government's case-in-chief. Mr. Carocci has testified in this fashion before, *see, e.g., United States v. Mower*, 2:09-cr-00460 (D. Ut.) (2015). Please let us know by September 30, 2023 if you intend to object should the government choose to divide Mr. Carocci's testimony into two parts.

As you know, Mr. Carocci has not been retained by Government counsel and will testify in his capacity as an employee of FINRA. Accordingly, the Government has no retainer agreement with Mr. Carocci.

The Government reserves the right to supplement this disclosure in advance of trial. Further, as previously requested, to the extent Defendants intend to introduce testimony under Federal Rules of Evidence 702, 703, or 705, please provide the applicable disclosures pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C).

Please do not hesitate to contact us if you have any questions.

Sincerely,

GLENN S. LEON
Chief, Fraud Section

By: ___/s Matthew Reilly___

Christopher Fenton
Kate McCarthy
Matthew Reilly

Trial Attorneys
Criminal Division, Fraud Section
UNITED STATES DEPARTMENT OF JUSTICE

*[signature]*
Thomas Carocci, Esq.
Assistant General Counsel
Criminal Prosecution Assistance Group
Financial Industry Regulatory Authority

—4—

**Thomas Carocci Testimony Log**

| 20018- 2023 | Case name | Court |
|---|---|---|
| **2018** | | |
| Thomas Carocci | U.S. v. Louis Petrossi | MDPA |
| Thomas Carocci | NYAG v. Dean Mustaphalli | NYAG |
| Thomas Carocci | U.S. v. David Balzczak, Theodore Huber, Robert Olan & Jordan Fogel | SDNY |
| Thomas Carocci | U.S. v. Davide Demos | DCT |
| Thomas Carocci | NYAG v. Dean Mustaphalli | NYAG |
| Thomas Carocci | DANY v. Robert Depalo | DANY |
| Thomas Carocci | U.S. v. Kortchevsky | EDNY |
| Thomas Carocci | NYAG v. Eran Eyal | NYAG |
| Thomas Carocci | NYAG v. Jason Amada | NYAG |
| Thomas Carocci | U.S. v. Craig Carton | SDNY |
| **2019** | | |
| Thomas Carocci | U.S. v. Leon Vaccarelli | DCT |
| Thomas Carocci | U.S. v. Anilesh Ahuja | SDNY |
| **2020** | | |
| Thomas Carocci | U.S. v. Anthony Diaz | MDPA |
| Thomas Carocci | NYAG v. Aaron Fischman | NYAG |
| **2021** | | |
| Thomas Carocci | U.S. v. Andrew Hackett | SDCA |
| **2022** | | |
| Thomas Carocci | U.S. v. United Development Fund | NDTX |
|  | U.S. v. Mark Schena | NDCA |
| **2023** | | |
| Thomas Carocci | U.S. v. Stephen Buyer | SDNY |
| Thomas Carocci | U.S. v. Brijesh Goel | SDNY |

# THOMAS I. CAROCCI, Esq.

**Curriculum Vitae**

**FINRA Office of General Counsel** New York City                May 2008 to present
**Assistant General Counsel, Criminal Prosecution Assistance Group**

· FINRA is a private, non-profit corporation which is the principal self-regulatory entity of the United States securities industry. FINRA's Criminal Prosecution Assistance Group ("CPAG") is a unit of FINRA's Office of General Counsel, which provides assistance on criminal investigations and prosecutions involving securities-related crimes.

· Assisted and testified in numerous U.S. Attorney's Offices investigations and trials involving options backdating, accounting fraud, market manipulations, sales practice abuses, insider trading, and money laundering.

**NASD, Inc. Member Regulation Department** New York City          May 2007 to May 2008
**Special Investigator,** New York District Office

· Conducted routine and special cause examinations of FINRA member firms. Investigated brokerage firm's books and records, operations, and sales practices to determine if they were in compliance with FINRA rules, SEC regulations and U.S. securities laws.

**Goldman, Sachs & Co.** New York, NY                    June 2006 to May 2007
**Vice President, Compliance Regulatory Affairs**

- Conducted internal investigations of Goldman Sachs Execution and Clearing Division in response to inquiries from self-regulatory organizations and the SEC.
- Authored detailed response letters explaining the findings of investigations and advocating the Firm's positions.
- Recommended enhancements to the Firm's trading surveillance reports to encompass new regulations and areas of focus by regulators.
- Reviewed the Firm's policies and procedures for relevance and ensure compliance with operational procedures and external regulations.

**NASD, Inc. Department of Enforcement** Washington, DC           1999 to 2006
**Counsel, Criminal Prosecution Assistance Group -** April 2001 to June 2006

- Testified as an expert, summary and fact witness in U.S. District Courts on approximately seventy occasions. Created trial exhibits presenting an analysis of Nasdaq Stock Market trading data, SEC and NASD filings, stockbroker's commission runs, brokerage account statements, and international money-laundering schemes.
- Instructed new FBI agents and analysts on the securities industry, brokerage firm's books and records and NASD and SEC reporting requirements at the FBI Training Center in Quantico, VA. Instructed Assistant U.S. Attorneys on the role of self-regulatory organizations in the securities industry at the National Advocacy Center in Columbia, SC. Prepared NASD overview for the U.S. Department of Justice, Corporate Fraud Task Force and the Securities and Commodities Fraud Working Group.

**NASD, Inc. Corporate Financing Department**
**Investigator, Examinations and Investigations Group -** July 2000 to March 2001

- Assisted the Departments of Enforcement and Market Regulation with multiple corporate finance and governance investigations. Provided a comprehensive analysis of the underwriting compensation arrangements in regard to investigations of member firms for initial public offering share allocation and laddering violations.
- Answered questions of District staff concerning NASD Corporate Financing Rules and Regulations during on-site examinations. Assisted in focusing the examination to ensure that the firms maintained the required underwriting documents.

**NASD, Inc. Corporate Financing Department**
**Senior Analyst, Public Offering Review -** February 1999 to July 2000

- Reviewed and analyzed initial and secondary public offerings filed under the Securities Act of 1933 and the Investment Company Act of 1940, specifically reviewing underwriting compensation, terms and arrangements for compliance with NASD Rules of Fair Practice and SEC rules.
- Issued opinion letters concerning the compliance of public offering underwriting arrangements with the relevant rules and regulations. Negotiated with underwriter's counsel to bring underwriting arrangements into compliance with regulations.
- Assisted in researching and revising amendments to NASD Corporate Financing Rules 2710 and 2720. Developed and tested Corporate Financing electronic filing system (COBRA).

**Bowes Funds LLC**  Bethesda, MD                September 1997 to March 1998
**Vice President/ In-house Counsel**

- Developed and filed under the Investment Company Act of 1940 a Registration Statement for the Bowes Bank and Investment Fund resulting in the declaration of the Fund as operational to sell shares of stock to the public. Negotiated and reviewed contracts with transfer agents, fund custodians and other service providers including Directors and Officers liability insurance.
- Translated investment ideas and strategy into a mutual fund prospectus for distribution to individual and institutional investors. Monitored compliance of advertisements with National Association of Securities Dealers regulations. Successfully trademarked company logo.

**EDUCATION**

**FINRA Institute at Wharton School of Business – University of Pennsylvania**
Philadelphia, PA                    December 2009
**Certified Regulatory and Compliance Professional – CRCP**

**FINRA Examiner University**          May 2008

**Duquesne University School of Law**                    **Juris Doctor**
**Pittsburgh, PA**                **June 1995**
Member of Duquesne Business Law Journal and Moot Court

**Shippensburg University**        **Bachelor of Science, Finance and Economics**
**Shippensburg, PA**            **May 1992**

**BAR MEMBERSHIP**

District of Columbia