## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 20-cr-00278 (TNM)** |
| **KEITH BERMAN,** | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Keith Berman, by and through undersigned, counsel, respectfully submits four issues concerning proposed jury instructions for the above-captioned case as to which we have been unable to agree upon with the government.  Additionally, counsel has included its proposed jury instructions in redline version to capture the government's submission and our proposed revisions.

## OBJECTIONS TO GOVERNMENT'S JURY INSTRUCTIONS

**I.      The Court Should Include a Good Faith Instruction.**

Defense counsel respectfully requests that the court include its proposed jury instruction on good faith as a defense to counts one, two, and four of the indictment.  Inclusion of such an instruction is appropriate in this instance, as good faith is a key pillar of Mr. Berman's defense, and the existing proposed jury instructions do not adequately articulate that good faith is a valid defense to the charges at issue.

"A theory-of-defense instruction is in order if there is sufficient evidence from which a reasonable jury could find for the defendant on his theory."  *United States v. Hurt*, 527 F.3d 1347, 1351 (D.C. Cir. 2008) (internal quotes omitted).  In the case of fraud, a good faith defense "rests essentially on the representation that a plan or scheme seemed practical or at least plausible to its

1

proponents ex ante even though it later produced a financial disaster.  An instruction on good faith

cautions the jury against finding fraud by evaluating what originally may have been a passable

business judgment solely in light of an ex post evaluation of the plan's ultimate failure." *United

States v. Butler*, 822 F.2d 1191, 1197 (D.C. Cir. 1987).  Mr. Berman's good faith belief in the

validity of his statements rests on this precise premise, that any alleged falsehood in his statements

derived not from malicious intent or willful misrepresentation but instead represented only mistaken

belief in the truth and plausibility of his statements.  This is a crucial component of his defense, and

counsel intends to solicit evidence in support of this theory throughout the course of the trial.

The government has previously referred to *United States v. Akhigbe*, 642 F.3d 1078 (D.C.

Cir. 2011) for the proposition that a good faith instruction is not required where the instructions

already sufficiently explain the intent requirement, particularly when the instructions make clear that

mistake, accident, or negligence are not enough to establish the requisite intent.  But the instructions

at issue in *Akhigbe* were far more explicit than those currently proposed by the government.  In

*Akhigbe*, the court considered willfulness instructions connected to a health care fraud charge, which

required the jury to find that the defendant:

> "engaged in the scheme knowingly and willfully, and that is with the intent to
> defraud. The term knowingly means that the act was done voluntarily and *not because
> of mistake or accident*. . . .  The term willfully means that the defendant knew his
> conduct was unlawful and intended to do something that the law forbids. That is to
> find the defendant acted willfully you must find that the evidence proved beyond a
> reasonable doubt that he acted with a purpose to disobey or disregard the law."
> *Akhigbe*, 642 F.3d at 1083–84 (emphasis in original).

The government's proposed instructions do not cover this same ground.  As a threshold

matter, the *Akhigbe* instructions clearly state that "willfully means that the defendant knew his

conduct was unlawful and intended to do something that the law forbids." *Id.* at 1084.  The

government's proposed instructions state the opposite, that "[a]cting willfully does not require that

the defendant know that the conduct was unlawful." Govt. Proposed Jury Instruction No. 28.  This

does not "substantially cover[] the same ground" (as the court found in *Akhigbe*) as defense counsel's proposed good faith instruction, which clarifies the central importance of intent in a finding of guilt in these charges. Further, the government's proposed instructions with respect to both the securities fraud and wire fraud charges do not include anything to the effect that "to find the defendant acted willfully you must find that the evidence proved beyond a reasonable doubt that he acted with a purpose to disobey or disregard the law," as was articulated by the jury instructions considered in *Akhigbe*. *Akhigbe* 642 F.3d at 1084.

With respect to particular instructions, the D.C. Circuit has previously held that instructions that "[g]ood faith is an absolute defense to the charges in this case," and "[a] defendant is under no burden to prove his good faith; rather the prosecution must prove that the defendant knew the [statements] were false or fraudulent" adequately convey the substance of a good faith instruction. *United States v. Udo*, 795 F.3d 24, 29 (D.C. Cir. 2015) (internal quotes omitted). These instructions are substantially similar to those now proposed by defense counsel, and we respectfully submit that they are accordingly appropriate in this context.

## II. Defense Objects to Jury Instruction No. 20 ("Persons Not on Trial") Pending the Government's Production of *Jencks/Giglio* Material.

Defense counsel objects to the inclusion of Jury Instruction No. 20 ("Persons Not on Trial") in the current jury instructions. Defense counsel has not yet received a complete production of material from the government under Jencks and *Giglio*, and accordingly is unable to assess the appropriateness of the government's proposed instructions here. Defense counsel is open to revisiting this instruction once the government has completed its production obligations under Jencks and *Giglio*.

## III. Defense Objects to Jury Instruction No. 33 ("Aiding and Abetting") as Inapplicable to This Case.

Defense counsel objects to Jury Instruction No. 33 ("Aiding and Abetting"), because it is

inapplicable to this case.  "[J]ury instructions are not considered erroneous if, when viewed as a whole, 'they fairly present the applicable legal principles and standards.'"  *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 556 (D.C. Cir. 1993) (quoting *EEOC v. Atlantic Community Sch. Dist.*, 879 F.2d 434, 436 (8th Cir. 1989)).  In exercising its discretion to craft jury instructions, the court should "aim towards guiding the jury 'toward an intelligent understanding of the legal and factual issues involved in [its] search for a proper resolution of the dispute.'"  *Williams v. District of Columbia*, 818 F.Supp.2d 202, 203 (D.D.C. 2011) (quoting 9C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2556 (3d ed. 1995)).  A court may reject proposed instructions that are "more likely to confuse and mislead the jury than crystallize the issues relevant to its deliberations."  *Id.* at 205.

The government's proposed aiding and abetting instructions do not achieve this task. Defense counsel acknowledges that an "aiding and abetting instruction may be given in a case where the indictment does not allege violation of the aiding and abetting statute."  *United States v. Kegler*, 734 F.2d 190, 201 (D.C. Cir. 1983).  But in this case, the government has nowhere indicated that aiding and abetting liability is part of the "applicable legal principles and standards" at issue in this case.  Not only has the government declined to charge anyone other than Mr. Berman in his alleged scheme, but it has not even alleged that Mr. Berman acted on behalf of or in conjunction with another besides himself.  Nor has the government provided any indication in its indictment or in any other part of this proceeding to indicate that a principal actor exists aside from Mr. Berman, such that an instruction with respect to aiding and abetting liability would be appropriate.

Defense counsel understands that, to date, the government has merely asserted that such an instruction is routine.  However true such an assertion may be, however, it does not change the fact that the inclusion of such an instruction *in this case* does not achieve the court's goals of fairly presenting the applicable legal principles and standards at issue in the case and would serve only to

"confuse and mislead the jury" as to the issues relevant to its deliberations. *Williams*, at 818

F.Supp.2d at 203.

**IV.    Defense Objects to the Government's Formulation of Jury Instruction No. 25 ("Indictment or Information Not Evidence") as Not in Conformance with Criminal Jury Instructions for DC No. 3.101 (2021).**

Defense counsel objects to the government's formulation of Jury Instruction No. 25

("Indictment or Information Not Evidence").  Although the government has in other instances

proposed instructions in conformance with the Criminal Jury Instructions for DC where available,

the government has in this instance not done so and instead elected to draft a full summary of the

indictment with a brief statement that the indictment is not evidence.  Defense counsel believes this

is both unnecessary, as the indictment is summarized count by count in the instructions that follow,

and unduly prejudicial, as it proceeds to lay out, without apparent basis or explanation, the

government's full theory of the case.  This is an unnecessary departure from the Criminal Jury

Instructions for DC, which provide a clear and concise instruction at 3.101 that does not risk

needless repetition and prejudice.

## FINAL JURY INSTRUCTIONS

Members of the jury, you are about to enter your final duty in this case which is to decide the issues of fact and to return verdicts as to the defendant Keith Berman's innocence or guilt of the charges. I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and to observe each witness who testified. It has been obvious to me and to counsel that you have conscientiously discharged this duty. I ask you now to give me that same careful attention as I instruct you on the law applicable to this case.

**<u>JURY INSTRUCTION NO. 1</u>**

**<u>FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS</u>**

I will provide you with a copy of my instructions.  During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  If you have any questions about the instructions, you should feel free to send me a note.  Please return your instructions to me when your verdict is rendered.

Criminal Jury Instructions for DC No. 2.100 (2021)

**JURY INSTRUCTION NO. 2**

**FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you.  You should consider all the instructions as a whole.  You may not ignore or refuse to follow any of them.

Criminal Jury Instructions for DC No. 2.8 (2021)

## JURY INSTRUCTION NO. 3

## FUNCTION OF THE JURY

Your function, as the jury, is to determine what the facts are in this case.  You are the sole judges of the facts.  While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence.  You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware.  Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict.  All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level.  You should determine the facts solely from a fair consideration of the evidence.  You should decide the case without prejudice, fear, sympathy, favoritism, or consideration of public opinion.

You may not take anything I may have said or done as indicating how I think you should decide this case.  If you believe that I have expressed or indicated any such opinion, you should ignore it.  The verdict in this case is your sole and exclusive responsibility.

Criminal Jury Instructions for DC No. 2.9 (2021)

4

**JURY INSTRUCTION NO. 4**

**JURY'S RECOLLECTION CONTROLS**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

## **JURY INSTRUCTION NO. 5**

## **NATURE OF CHARGES NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges would affect your ability to render a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

Criminal Jury Instructions for DC No. 2.110 (2021)

## JURY INSTRUCTION NO. 6

## EVIDENCE IN THE CASE

During your deliberations, you may consider only the evidence properly admitted in this trial.  The evidence in this case was the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts stipulated to by the parties.

**[I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources.  In this case, I took judicial notice of describe fact of which the court took judicial notice.  When I take judicial notice of a particular fact, you may if you choose to do so, regard that fact as proven evidence. Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.]**

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts.  You should consider any stipulation of fact to be undisputed evidence.

During the trial, you also heard the testimony of several witnesses.   The questions and answers in this case are recorded by a court reporter.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in light of your experience.  You should give any evidence such weight as in your judgment it is fairly entitled to receive.

Criminal Jury Instructions for DC No. 2.104 (2021)

## JURY INSTRUCTION NO. 7

## STATEMENTS OF COUNSEL

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

You have heard testimony about witnesses meeting with attorneys and/or investigators before they testified.  You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial.

Criminal Jury Instructions for DC No. 2.105 (2021)

## JURY INSTRUCTION NO. 8

## BURDEN OF PROOF

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.  This burden never shifts throughout the trial.  The law does not require Mr. Berman to prove his innocence or to produce any evidence at all.

If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Mr. Berman is charged, it is your duty to find him guilty of that offense.  On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find Mr. Berman not guilty of that offense.

Criminal Jury Instructions for DC No. 2.107 (2021)

## JURY INSTRUCTION NO. 9

## REASONABLE DOUBT

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of Mr. Berman's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

Criminal Jury Instructions for DC No. 2.108 (2021)

## JURY INSTRUCTION NO. 10

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

Criminal Jury Instructions for DC No. 2.109 (2021)

## **JURY INSTRUCTION NO. 11**

## **NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

Criminal Jury Instructions for DC No. 2.111 (2021)

## JURY INSTRUCTION NO. 12

## INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  You must not hold such objections against the lawyer who made them or the party he or she represents.  It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.  If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.  Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

Criminal Jury Instructions for DC No. 2.112 (2021)

## JURY INSTRUCTION NO. 13

## CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Fed. R. Evid. 1006

**JURY INSTRUCTION NO. 14**

**REDACTED DOCUMENTS**

During the course of the trial, a number of exhibits were admitted in evidence.  Sometimes only portions of an exhibit were admitted, such as portions of a longer audio recording, a document with some words or pictures blacked out or otherwise removed.  There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy.  As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted.  You should not guess as to what has been taken out or why, and you should not hold it against either party.  You are to decide the facts only from the evidence that is before you.

Criminal Jury Instructions for DC No. 2.500 (2021)

## JURY INSTRUCTION NO. 15

## CREDIBILITY OF WITNESSES

In determining whether the government has proved the charges against Mr. Berman beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which any witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; and whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result

21

of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate.  You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You may, if you wish, in considering a witness's credibility, disregard the testimony in its entirety if you find that the witness has intentionally lied on a matter of importance in the case.  That does not mean you should disregard a witness's testimony because of a mistake. It only means that if you conclude the witness has deliberately given false testimony on an important matter, you may if you wish totally disregard the witness's entire testimony.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

Adapted from Criminal Jury Instructions for DC No. 2.200 (2021)

## JURY INSTRUCTION NO. 16

## RIGHT OF DEFENDANT NOT TO TESTIFY

Every defendant in a criminal case has an absolute right not to testify.  Mr. Berman has chosen to exercise this right.  You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision.

## JURY INSTRUCTION NO. 16

## DEFENDANT AS WITNESS

[Only if Defendant Testifies] A defendant has a right to become a witness in his own behalf.  His testimony should not be disbelieved merely because he is the defendant.  In evaluating his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial.  As with the testimony of any other witnesses, you should give the defendant's testimony as much weight as in your judgment as it deserves.

Adapted from Criminal Jury Instructions for DC Nos. 2.208 & 2.209 (2021)

## JURY INSTRUCTION NO. 17

## GOVERNMENT AGENTS AND LAW ENFORCEMENT OFFICERS' TESTIMONY

The testimony of government agents and law enforcement officers should be evaluated by you just as any other evidence in the case. In evaluating a government agent or law enforcement officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a government agent or law enforcement officer.

Criminal Jury Instructions for DC No. 2.207 (2021)

## JURY INSTRUCTION NO. 18

## WITNESS'S USE OF INTERPRETER

You have heard testimony from Daniel Kim, who communicated through an interpreter. You are to consider only the evidence provided through the official court interpreters. Although some of you may know Korean, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning.

As I have previously instructed you, you should not be biased for or against anyone who uses an interpreter. Do not permit the fact that Daniel Kim is using the services of an interpreter to influence you in any way.

You should not consider the mere fact that Daniel Kim has been provided an interpreter in evaluating his credibility. You must evaluate interpreted testimony as you would any other testimony. That is, you must not give interpreted testimony any greater or lesser weight than you would if the witness had spoken English.

If you observed that the witness nodded his head during interpretation, you should consider that this did not necessarily indicate agreement or an affirmative answer but may have only indicated that the witness was following the translation.

The fact that the court has provided an interpreter to Daniel Kim does not mean that the court has made a ruling on the extent of his ability to speak or understand the English language. Use of an interpreter should not be considered evidence in this case.

Criminal Jury Instructions for DC No. 2.506 (2021)

## JURY INSTRUCTION NO. 19

## SPECIALIZED OPINION TESTIMONY

In this case, you heard the testimony of [NUMBER] witnesses who expressed opinions concerning securities and securities markets.  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.  You are not bound to accept this witness's opinion.  If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion.  You should consider this evidence with all other evidence in the case and give it as much weight as you think it fairly deserves.

Criminal Jury Instructions for DC No. 2.215 (2021)

### JURY INSTRUCTION NO. 20

### PERSONS NOT ON TRIAL

~~Some of the people who may have been involved in the events leading to this trial are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the government or the defendant, from the fact that any person other than the defendant is not on trial here.  Nor may you speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern, and you may not consider them in any way in reaching your verdict as to the defendant on trial here. Your task is limited to considering the charges against the defendant before you.~~

Adapted from *United States v. Brynee Baylor*, No. 16-180 (ESH) (2019)

### JURY INSTRUCTION NO. 21

### "IN OR AROUND" AND "ON OR ABOUT"—PROOF OF

The indictment charges that the offenses of securities fraud and wire fraud, were committed from at least "in or around" February 2020 through "in or around"  December 2020, that the offense of obstruction of agency proceedings was committed from at least "in or around" March 2020 through "in or around" December 2020, and that the offense of false statements was committed "on or about" October 9, 2020.  The proof need not establish with certainty the exact date of each alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that each offense was committed on a date reasonably near the date alleged in the indictment.

Adapted from Criminal Jury Instructions for DC No. 3.103 (2021)

## JURY INSTRUCTION NO. 22

## STATEMENTS OF THE DEFENDANT – SUBSTANTIVE EVIDENCE

You have heard evidence that Mr. Berman made statements to law enforcement officers about the crime charged. You should consider all the circumstances, including whether the law enforcement officers recorded the statement, in deciding whether he made the statement. If you find that he did make the statement, you must decide how much weight to give the statement. For example, you may consider whether he made the statement voluntarily and understood what he was saying. You may consider whether he was forced, threatened, or pressured, either physically or psychologically. You may consider all the conversations between him and law enforcement officers. You may consider whether the law enforcement officers warned him of his rights. You may consider where and when the statement was given; the duration of any questioning; who was present during some or all of the questioning of the defendant; and whether law enforcement officers recorded some or all of the conversations. You may consider the age, education, experience, intelligence and the physical and mental condition of the defendant.

Adapted from Criminal Jury Instructions for DC No. 3.105 (2021)

## JURY INSTURCTION NO. 23

## MOTIVE

Motive is not an element of the offenses charged, and the government is not required to prove motive in this case.  You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charges beyond a reasonable doubt.

Criminal Jury Instructions for DC No. 2.307 (2021)

**JURY INSTRUCTION NO. 24**

**PROOF OF STATE OF MIND**

Someone's intent ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent from the surrounding circumstances.  You may consider any statement made or acts done or omitted by Mr. Berman and all other facts and circumstances received in evidence which indicate his intent.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.  You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mr. Berman acted with the necessary state of mind.

Criminal Jury Instructions for DC No. 3.101 (2021)

**JURY INSTRUCTION NO. 25**

~~SUMMARY OF THE INDICTMENT, WHICH IS NOT EVIDENCE~~INDICTMENT OR INFORMATION NOT EVIDENCE

The indictment is merely the formal way of accusing a person of a crime.  You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Mr. Berman's guilt or draw any inference of guilt from it.

~~I'll now summarize the indictment for you.  Count One of the indictment charges Mr. Berman with securities fraud.  Count Two charges Mr. Berman with wire fraud.  Count Three charges Mr. Berman with obstruction of proceedings before a federal agency, namely the United States Securities and Exchange Commission.  Count Four charges Mr. Berman with false statements made to the United States Securities and Exchange Commission.~~

~~With respect to all four counts, you should be aware that there are two alternative theories on the basis of which you may find a defendant guilty.  While I will explain both theories in more detail, I want to first take a moment to outline them briefly.~~

~~The government's first theory is that the defendant committed the substantive crimes in all four counts charged in the indictment.  I am going to refer to that theory as relating to a claim that the defendant acted as a principal.~~

~~The second theory is that someone other than the defendant committed that crime and the defendant aided and abetted the commission of that crime.  I will refer to that theory as relating to a claim that the defendant acted as an aider and abettor.~~

~~The government has only alleged this second theory, aiding and abetting, as to three of the four counts in the indictment, namely securities fraud, wire fraud and obstruction of agency proceedings.~~

~~For the sake of convenience, I will instruct you initially on the first theory of liability –~~

that is, that the defendant acted as a principal with respect to the substantive crimes charged in the indictment. I then will instruct you on the second theory of liability—that is, the alternative theory that the defendant acted as an aider and abettor with respect to three of the four the substantive crimes charged in the indictment.

Criminal Jury Instructions for DC No. 3.101 (2021)Adapted from *United States v. Brynee Baylor*, No. 16-180 (ESH) (2019)

**JURY INSTRUCTION NO. 26**

**COUNT 1: SECURITIES FRAUD (15 U.S.C. §§ 78j & 78ff, 17 C.F.R. § 240.10b5)**

In Count One, the government charges Mr. Berman with securities fraud in violation of Title 15, United States Code, Sections 78j and 78ff.

For you to find Mr. Berman guilty of this crime, you must be convinced that the government has proven each and every one of the following elements beyond a reasonable doubt:

1.     First, that in connection with the purchase or sale of a security, Mr. Berman did any one or more of the following:

a.     Employed a device, scheme, or artifice to defraud, or

b.     Made an untrue statement of a material fact or omitted to state a material fact that made what was said, under the circumstances, misleading; or

c.     Engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

2.     Second, that Mr. Berman acted willfully, knowingly and with the intent to defraud.

3.     And third, that Mr. Berman knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct—in furtherance of the fraudulent conduct.

A "security" is an investment of money in a commercial, financial, or other business enterprise, with the expectation of profit or other gain produced by the efforts of others.  Some common types of securities are notes, stocks, debentures, certificates of interest, participation in any profit-sharing agreement, and/or investment contracts.

Adapted from *Modern Federal Jury Instructions-Criminal* § 57.03; *United States v. Brynee Baylor*, No. 16-180 (ESH) (2019)

## JURY INSTRUCTION NO. 27

## COUNT 1: SECURITIES FRAUD – FIRST ELEMENT (FRAUDULENT ACT)

The first element that the government must prove beyond a reasonable doubt is that in connection with the purchase or sale of a security Mr. Berman did any one or more of the following:

Employed a device, scheme or artifice to defraud, or

Made an untrue statement of material fact, or omitted to state a material fact that made what was said, under the circumstances, misleading or

Engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

It is not necessary for the government to establish all three types of unlawful conduct in connection with the sale or purchase of a security. Any one will be sufficient for a conviction, if you so find, but you must be unanimous as to which type of unlawful conduct you find to have been proven. In other words, it is not sufficient for you to agree that some unlawful conduct was committed without agreeing on which type of unlawful conduct was committed.

A device, scheme, or artifice to defraud is merely a plan. Fraud is a general term that embraces all efforts and means that individuals devise to take advantage of others. The law that the defendant is alleged to have violated prohibits all kinds of manipulative and deceptive acts. The fraudulent or deceitful conduct alleged need not relate to the investment value of the securities involved in this case.

You need not find that Mr. Berman actually participated in any securities transaction if the defendant was engaged in fraudulent conduct that was "in connection with" a purchase or sale. The "in connection with" aspect of this element is satisfied if you find that there was some nexus

or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

It is no defense to an overall scheme to defraud that Mr. Berman was not involved in the scheme from its inception or played only a minor role with no contact with the investors or purchasers of the securities in question. Nor is it necessary for you to find that the defendant was the actual seller or offeror of the securities. It is sufficient if the defendant participated in the scheme or fraudulent conduct that involved the purchase or sale of a security. The government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact. It is sufficient if the government establishes that the defendant caused the statement to be made or the fact to be omitted. With regard to the alleged misrepresentations and/or omissions, you must determine whether the statement was true or false when it was made and, in the case of alleged omissions, whether the omission was misleading.

If you find that the government has established beyond a reasonable doubt that a statement was false or an omission was misleading, you must next determine whether the fact misstated or omitted was material under the circumstances. A material fact is one that would have been significant to a reasonable investor's investment decision. This is not to say that the government must prove that the misrepresentation would have deceived a person of ordinary intelligence. Once you find that there was a material misrepresentation or omission of a material fact, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was successful or not, or whether Mr. Berman profited or received any benefits as a result of the alleged scheme. Success is not an element of the crime charged. However, if you find that Mr. Berman did profit from the alleged

scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

Adapted from *Modern Federal Jury Instructions-Criminal* § 57.03; *United States v. Brynee Baylor*, No. 16-180 (ESH) (2019)

## JURY INSTRUCTION NO. 28

## COUNT 1: SECURITIES FRAUD – SECOND ELEMENT (KNOWLEDGE, INTENT, AND WILLFULNESS)

The second element that the government must establish beyond a reasonable doubt is that Mr. Berman acted knowingly, willfully and with the intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, rather than through ignorance, mistake, or accident. Acting knowingly does not require that the defendant know that the conduct was unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

"Willfully" means intentionally undertaking an act for the wrongful purpose of defrauding or deceiving someone. Acting willfully does not require that the defendant know that the conduct was unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted willfully.

"Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive.

The question of whether a person acted knowingly, willfully and with the intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Since an essential element of the offense is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a claim of securities fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith, as to Mr. Berman.

Adapted from *Modern Federal Jury Instructions-Criminal* § 57.03; Adapted from *United States v. Brynee Baylor*, No. 16-180 (ESH) (2019)

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn there from.

Adapted from *Modern Federal Jury Instructions-Criminal* § 57.03; Adapted from *United States v. Brynee Baylor*, No. 16-180 (ESH) (2019)

## JURY INSTRUCTION NO. 29

## COUNT 1: SECURITIES FRAUD – THIRD ELEMENT (INSTRUMENTALITY OF INTERSTATE COMMERCE)

The third and final element of securities fraud that the government must prove beyond a reasonable doubt is that Mr. Berman knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance in furtherance of the scheme to defraud or fraudulent conduct.

It is not necessary that a defendant be directly or personally involved in the use of an interstate means of communication. If the defendant was an active participant in the scheme and took steps or engaged in conduct that he knew or could reasonably foresee would naturally and probably result in the use of an interstate means of communication, such as an interstate telephone call, email, or mailing, then you may find that he caused the interstate means of communication to be used.

When one does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he causes such means to be used.

It is not necessary that the items sent through interstate means contain the fraudulent material, or anything criminal or objectionable. The matter mailed may be entirely innocent.

The use of the interstate means of communication need not be central to the execution of the scheme and may even be incidental to it. All that is required is that the use of interstate means of communication bear some relation to the object of the scheme or fraudulent conduct.

Adapted from *Modern Federal Jury Instructions-Criminal* § 57.03; Adapted from *United States v. Brynee Baylor*, No. 16-180 (ESH) (2019)

## JURY INSTRUCTION NO. 30

## COUNT 2: WIRE FRAUD (18 U.S.C. § 1343)

In Count Two, the government charges Mr. Berman with wire fraud in violation of Title 18, United States Code, Section 1343.

For you to find Mr. Berman guilty of this crime, you must be convinced that the government has proven each and every one of the following elements beyond a reasonable doubt:

1.      First, that Mr. Berman knowingly devised or knowingly participated in a scheme to defraud or to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises;

2.      Second, that Mr. Berman did so with the intent to defraud; and

3.      Third, that in advancing, furthering, or carrying out this scheme to defraud, Mr. Berman caused the transmission of any writing, signal, or sound by means of a wire, radio, or television communication in interstate or foreign commerce.

The first element that the government must prove beyond a reasonable doubt is that there was a scheme to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises.

A scheme is a plan to accomplish a goal or objective.  A scheme to defraud is any plan, device, or course of action to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises, reasonably calculated to deceive a person who uses a reasonable degree of caution before acting.

The term "to defraud" is a general term which covers all the various means by which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representations or suggestions, suppression of the truth, or deliberate disregard for the

41

truth.  Thus, a scheme to defraud is merely a plan to deprive another of money or property by trick, deceit, deception, or swindle.

The government must also prove beyond a reasonable doubt that "false or fraudulent pretenses, representations, or promises" were knowingly used in a scheme to defraud or to obtain money or property.  The scheme to defraud in this case is alleged to have been carried out by making false or fraudulent statements, representations, claims, or documents.  The knowing use of "false or fraudulent pretenses, representations, or promises" means any actual or direct false statements, deceitful statements of half-truths, and concealment of facts that are material or important to the matter, all of which were knowingly made or concealed with the intent to defraud.

A pretense, representation, or promise is "material" if it would have a natural tendency to influence or was capable of influencing the actions of the person who was the recipient of the pretense, representation, or promise.

To act with an intent to defraud means to act knowingly and with the intention or the purpose to deceive or to cheat.

The third and final element for wire fraud, which the government must also establish beyond a reasonable doubt, is the use of a wire communication in interstate or foreign commerce and in furtherance of the scheme to defraud.

In order for a wire communication to be used in interstate or foreign commerce, it must pass between two or more states, or between a foreign country and a state.  As to this third element, the District of Columbia is considered a "state."

The use of the wire communication need not itself be a fraudulent representation.  It must, however, further or assist in carrying out the scheme to defraud.  It is not necessary for Mr. Berman to have been directly or personally involved in transmitting the wire communication, so long as

the transmission of the communication was reasonably foreseeable by Mr. Berman in the execution or carrying out of the alleged scheme to defraud in which Mr. Berman is accused of participating. In this regard, the government can establish this element of the crime if the evidence justifies a finding that Mr. Berman caused the wires to be used by others.  This does not mean that Mr. Berman must specifically have authorized another person to send a wire.  Rather, a person causes the wires to be used when that person does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires by someone can reasonably be foreseen.

Adapted from *United States v. Reginald Clark*, No. 1:10-cr-00110 (RBW) (2011)

## JURY INSTRUCTION NO. 31

## COUNT 3: OBSTRUCTION OF AN AGENCY PROCEEDING (18 U.S.C. § 1505)

In Count Three, the government charges Mr. Berman with obstruction of an agency proceeding in violation of Title 18, United States Code, Section 1505.

For you to find Mr. Berman guilty of this crime, you must be convinced that the government has proven each and every one of the following elements beyond a reasonable doubt:

1.    First, that a proceeding was pending before any agency of the United States;

2.    Second, Mr. Berman knew of that proceeding;

3.    Third, that Mr. Berman influenced, obstructed, or impeded, or endeavored to influence, obstruct, or impede, the due and proper administration of the law under which that proceeding was being had; and

4.    Fourth, that Mr. Berman did so corruptly, or by threats of force, or by a threatening letter or communication.

A person acts "corruptly" when acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information.

The success of the endeavor is not an element of the crime.  The term endeavor means to try to influence, obstruct, or impede the proceedings.  Thus, it is sufficient to satisfy this element if you find that Mr. Berman made any effort or did any act for the purpose of obstructing or impeding the proceeding.

Adapted from *United States v. David G. Bowser*, No. 1:16-cr-00059 (EGS) (2018)

## JURY INSTRUCTION NO. 32

## COUNT 4: FALSE STATEMENT (18 U.S.C. § 1001)

In Count Four, the government charges Mr. Berman with making a false statement in a matter within the jurisdiction of the executive branch of the United States government in violation of Title 18, United States Code, Section 1001.

For you to find Mr. Berman guilty of this crime, you must be convinced that the government has proven each and every one of the following elements beyond a reasonable doubt:

1.     Mr. Berman made the statement or representation, as charged in Count Four;

2.     the statement or representation was false, fictitious, or fraudulent;

3.     The statement or representation was material;

4.     Mr. Berman acted knowingly and willfully; and

5.     the matter pertained to a matter within the jurisdiction of the executive branch of the United States government.

A statement is "false" or "fictitious" if it was untrue when it was made, and Mr. Berman knew it was untrue at that time. A statement is "fraudulent" if it was untrue when it was made, Mr. Berman knew it was untrue at that time, and Mr. Berman intended to deceive.

A statement or representation is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the agency of the executive branch to which it was addressed, that is the United States Securities and Exchange Commission.  Proof of actual reliance on the statement or representation by the United States Securities and Exchange Commission is not required.  The government need only make a reasonable showing of its potential effects.

The word "knowingly" means that the act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

A matter is "within the jurisdiction of the executive branch of the government of the United States" if the United States Securities and Exchange Commission has the power to exercise authority in that matter. It is not necessary that the government prove that Mr. Berman knew the matter was within the jurisdiction of the United States government or that the statements were made directly to, or even received by, the United States government.

Adapted from *United States v. David G. Bowser*, No. 1:16-cr-00059 (EGS) (2018)

## JURY INSTRUCTION NO. 32

## GOOD FAITH[1]

Mr. Berman's good faith is a complete defense to counts one, two, and four, because a defendant's good faith is absolutely inconsistent with a fraudulent, knowing, or willful intent. A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under the statutes in this case merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of unlawful conduct. A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

The law is written to subject to criminal liability only those persons who knowingly and willfully commit fraud or make false statements. While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the government has proven that Mr. Berman acted with an intent to defraud or acted in good faith, you must consider all of the evidence received in the case bearing on Mr. Berman's state of mind. The burden of proving good faith does not rest with Mr. Berman, because Mr. Berman does not have an obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that Mr. Berman acted with the intent to defraud.

If you cannot find beyond a reasonable doubt that Mr. Berman acted with an intent to defraud, you must find him not guilty.

---

[1] Adapted from 1A O'Malley, *et al.*, Federal Jury Practice and Instructions, § 19.06 (2000); 2B O'Malley, *et al.*, Federal Jury Practice and Instructions, § 62.15 (2000); *see also United States v. Benyo, et al.*, Criminal Case No. 1:05cr12 (E.D.Va. 2006).

JURY INSTRUCTION NO. 33

### ALL COUNTS – AIDING AND ABETTING

You may find Mr. Berman guilty of the crimes charged in the indictment without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed.  Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach.  The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary.  Mere physical presence by Mr. Berman at the place and time of the crime committed is not by itself sufficient to establish his guilt. It is not necessary that you find that Mr. Berman was actually present while the crime was committed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove that the crime was committed in a particular way planned or agreed upon. Nor need the government prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other.

Criminal Jury Instructions for DC No. 3.200 (2021)

## JURY INSTRUCTION NO. 34

## SELECTION OF FOREPERSON

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court.  There are no specific rules regarding how you should select a foreperson.  That is up to you.  However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence.  Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

Criminal Jury Instructions for DC No. 2.502 (2021)

**JURY INSTRUCTION NO. 35 [to be given at the end of each day]**

**CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION AND
RESEARCH**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, Internet, or television concerning this case.  If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.  You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom.  If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else.  Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

You must also not do any independent research, through the Internet, including Google, Wikipedia, or other source, about any subject relating to this case, the law pertaining to the case, or the persons involved in the trial including the defendant, witnesses, the lawyers, and judge.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial.  During deliberations, you may not communicate about this case with anyone not on the jury.  This includes any electronic communication such as email or text or any blogging about the case.  In addition, you may not conduct any independent investigation during deliberations.  This means you may not conduct any research in person or electronically via the Internet or in another way.

Adapted from Criminal Jury Instructions for DC No. 2.508 (2021)

## JURY INSTRUCTION NO. 36

## COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

Criminal Jury Instructions for DC No. 2.509 (2021)

## JURY INSTRUCTION NO. 37

## ATTITUDE AND CONDUCT OF JURORS DURING DELIBERATIONS

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance.  It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.  Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room.  Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.  Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

Criminal Jury Instructions for DC No. 2.510 (2021)

## JURY INSTRUCTION NO. 38

## MULTIPLE COUNTS—ONE DEFENDANT

Each count of the indictment charges a separate offense.  You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count.  The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

Criminal Jury Instructions for DC No. 2.402 (2021)

### JURY INSTRUCTION NO. 39

### UNANIMITY OF VERDICT

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.  In other words, your verdict on each count must be unanimous.

Criminal Jury Instructions for DC No. 2.405 (2021)

## JURY INSTRUCTION NO. 40

## POSSIBLE PUNISHMENT NOT RELEVANT

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way.  The duty of imposing sentence in the event of a conviction rests exclusively with me.  Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

Criminal Jury Instructions for DC No. 2.505 (2021)

## JURY INSTRUCTION NO. 41

## EXHIBITS DURING DELIBERATIONS

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

Criminal Jury Instructions for DC No. 2.501 (2021)

## JURY INSTRUCTION NO. 42

## VERDICT FORM EXPLANATION

You will be provided with a Verdict Form for use when you have concluded your deliberations.  The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.  Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt.  The form is meant only to assist you in recording your verdict.

Criminal Jury Instructions for DC No. 2.407 (2021)

## JURY INSTRUCTION NO. 43

## EXCUSING ALTERNATE JURORS

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected **[insert number]** seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats **[insert seat numbers]**.

Before you **[insert number]** leave, I am going to ask you to tear out a page from your notebook and write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

You may now retire to begin your deliberations.

Criminal Jury Instructions for DC No. 2.511 (2021)

Dated: November 6, 2023                    Respectfully Submitted,


                                           */s/ Kevin B. Collins*
                                           Kevin B. Collins (Bar ID: 445305)
                                           Nicholas J. Xenakis (Bar ID: 90001123)
                                           Jose J. Ramos (*pro hac vice*)
                                           COVINGTON & BURLING LLP
                                           One CityCenter
                                           850 Tenth Street, NW
                                           Washington, DC 20001-4956
                                           (202) 662-5598

                                           Michelle Peterson (Bar ID: 438930)
                                           Assistant Federal Public Defender
                                           For the District of Columbia
                                           625 Indiana Avenue, N.W.
                                           Washington, DC 20004

                                           *Counsel for Keith Berman*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I caused copies of the foregoing to be transmitted to counsel registered to receive electronic service.

Signed,

<u>*/s/ Kevin B. Collins*</u>
Kevin B. Collins (Bar ID: 445305)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-5598

*Counsel for Keith Berman*