UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**KEITH BERMAN**<br><br>     **Defendant.** | **Criminal No.**<br>**1:20-cr-00278-TNM** |

## UNITED STATES' NOTICE REGARDING SELF-SERVING HEARSAY OFFERED BY DEFENDANT KEITH BERMAN

On November 11, 2023, the government provided counsel for the defendant with its initial objections to certain exhibits on the defendant's exhibits list. The government's objections were based primarily on hearsay and relevance grounds. Importantly, the defendant's current exhibit list—which includes more than 250 exhibits—is largely comprised of emails in which the defendant is a declarant and other self-serving hearsay statements made by the defendant (such as in sworn testimony transcripts before the U.S. Securities & Exchange Commission ("SEC")). Pursuant to the Court's order, the parties met on November 15, 2023 to confer about the government's objections, among other things. During this meet and confer, counsel for the defendant explained that the defendant has not yet determined how he may use these exhibits at trial and suggested that it would be more appropriate to wait until trial to raise any objections based specifically on whether and how the defendant sought to admit the exhibits.

The United States therefore files this Notice to preserve its objections to the defendant's attempt to admit hearsay absent an exception. Because—at the Court directed meet-and-confer on November 15, 2023—the defendant acknowledged that he may attempt to offer these exhibits at different postures during trial and potentially for different purposes that may invoke different

hearsay analysis, the government determined it premature to file a motion *in limine* seeking wholesale exclusion of these exhibits. The government instead files this Notice highlighting the relevant case law and is prepared to object at trial to any attempt to improperly admit self-serving hearsay exhibits. The government does not seek specific relief at this time.

The government is concerned that the defendant will offering his own self-serving, out-of-court statements through cross examination of other government witnesses or in his case-in-chief. As the Court is well aware, an out-of-court statement offered for its truth is hearsay and inadmissible absent an exception. Fed. R. Ev. 801. While the government may use the statements of a defendant against him under Federal Rule of Evidence 801(d)(2) (admission by party-opponent), this Rule may not be relied upon by the defendant because he is not the proponent of the evidence, and the evidence is not being offered against him (but rather on his behalf). *See, e.g.*, *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1987) (a defendant cannot present "self-serving hearsay" to the jury without the benefit of cross-examination by the United States); *United States v. Wilkins*, 538 F. Supp. 3d 49, 68 (D.D.C. 2021) ("While the Federal Rules of Evidence set forth various exceptions to hearsay, self-serving hearsay is not one of those"). The hearsay rule precludes the defendant from introducing his own statements for their truth. *United States v. Hoffecker, 530 F.3d 137*, 191 (3d Cir. 2008) (defendant's out-of-court recorded exculpatory statements are inadmissible hearsay); *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) (same); *United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985) (holding that Rule 801(d)(2)(A) excludes the introduction of self-serving statements by the party making them).

The Federal Rules of Evidence prohibit the defendant from introducing his out-of-court self-serving statements because allowing such testimony "would be tantamount to allowing [the defendant] to testify without being subject to cross examination." *Hoffecker*, 530 F.3d at 192; *see*

also *Williamson v. United States*, 512 U.S. 594, 598 (1994). Of course, the defendant has the right not to testify at trial. But, to the extent he wishes to put exculpatory statements before the jury, then he must subject himself to cross-examination on them. For example, the defendant includes on his exhibit list as Defense Exhibits 159 and 160, the entire transcript of his sworn testimony before the SEC (this proceeding was effectively a deposition, during which the defendant repeatedly refused to respond to the SEC staff's questions after making self-serving statements).

***

The United States therefore files this Notice to preserve its objections to the defendant's attempt to admit hearsay absent an exception and to highlight the relevant case law, and is prepared to object at trial, as appropriate, to any attempt to improperly admit self-serving hearsay exhibits.

Dated: November 20, 2023                    Respectfully submitted,

                                            GLENN S. LEON
                                            CHIEF, FRAUD SECTION
                                            Criminal Division, U.S. Department of Justice

                                                //s//
                                            CHRISTOPHER FENTON
                                            KATE T. MCCARTHY
                                            MATTHEW REILLY
                                            Trial Attorneys

                                            Fraud Section, Criminal Division
                                            United States Department of Justice
                                            1400 New York Avenue, NW
                                            Washington, D.C. 20005
                                            Telephone: (202) 320-0539
                                            Fax: (202) 514-0152
                                            Christopher.Fenton@usdoj.gov

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on November 20, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

              */s/ Christopher Fenton*
              Christopher Fenton
              Trial Attorney