UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) CRIMINAL NO. 20-CR-278-TNM |
| v. | ) |
| | ) |
| **KEITH BERMAN,** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF MISAPPROPRIATION**

The government accuses Keith Berman of defrauding investors by issuing misleading statements about his company's products. Superseding Indictment ¶¶ 66–71, ECF 19. The government also charges Mr. Berman with obstructing a related SEC investigation by partaking in a letter-writing campaign that publicly questioned the SEC's actions. *Id.* ¶¶ 72–73.

Importantly, however, the government has never charged Mr. Berman with embezzling or misappropriating his company's funds. Yet the government wants to introduce evidence and a chart summarizing Mr. Berman's alleged "Personal [Mis]use of Company Money." *See* Gov't Exhibit 37I, attached here as Exhibit A. And it wants to introduce a table depicting Mr. Berman's "Personal Charges as a Percentage" of his company's outflows. *See* Gov't Exhibit 37H, attached here as Exhibit B.[1]

The Federal Rules of Evidence and relevant case law preclude this. *First*, introduction of this evidence is proscribed by Rule 404(b). Its admission would invite the jury to judge the facts not on the strength of the government's case, but on Mr. Berman's alleged past misdeeds. Fed. R.

---

[1] To support the admission of this evidence, the government also seeks to introduce thousands and thousands of pages of bank records, so voluminous that the defense cannot reasonably attach them to this motion. *See* Gov't Exhibit 8.

Evid. 404(b)(1). Besides, the government failed to provide the required written notice regarding this evidence, let alone one that articulated a "permitted purpose" for its admission. *Id.* 404(b)(3).

*Second*, and independently, the admission of this evidence would violate Rule 403 because its probative value is substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 403. While the government may assert that Mr. Berman's finances motivated him to defraud investors, the government can establish the state of Mr. Berman's finances (and motive) without implying that Mr. Berman is an embezzler.

Accordingly, Mr. Berman moves this Court to exclude evidence that he allegedly embezzled or misappropriated company funds. To be clear, Mr. Berman does not object to the admission of evidence documenting his or his company's finances.

## ARGUMENT

On December 28, 2021, the government filed an exhibit list. *See* Gov't Exhibit List, ECF 68–1. At the time, the government sought to introduce bank records that depicted the finances of Mr. Berman and the company he ran. *Id.* at 1–2. To summarize those records, the government sought to introduce just one document, Exhibit 37. *Id.* at 4.

But by November of this year, the government had tacked a different course. The charts summarizing the same bank records now spanned eight different documents, each with its own exhibit designation. Two of them, Exhibits 37H and 37I, describe Mr. Berman's alleged misappropriation of his company's funds. The first is a bar chart that purports to measure Mr. Berman's "Personal Charges as a Percentage of Total Charges." Exhibit A. The second is a table that details "Keith Berman's Personal Use of Company Money," sorting each allegedly illicit expenditure by category. Exhibit B. The table, for instance, lists the yearly sums of company

money Mr. Berman allegedly spent on personal "[r]etail" purchases. *Id.* The table stretches back to 2017, three years before the events alleged in the indictment. *Id.*

This evidence implicates the commission of "other crime[s], wrong[s], or act[s]." Fed. R. Evid. 404(b). Such evidence is admissible only if two conditions hold. First, the evidence must be "probative of some material issue other than character." *United States v. Clarke*, 24 F.3d 257, 264 (D.C. Cir. 1994); *see United States v. Sutton*, 636 F. Supp. 3d 179, 201 (D.D.C. 2022). Second, the evidence must not be "otherwise prohibited under any of the other [Federal Rules of Evidence], such as [Rule] 403." *United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) (citing *United States v. Washington*, 969 F.2d 1073, 1080 (D.C. Cir. 1992)).

As explained below, the challenged evidence does not survive this two-step test.

I. **Misappropriation Evidence Violates Rule 404(b).**

Federal Rule of Evidence 404(b) provides that evidence "of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The justification for the Rule is easy enough to grasp. Propensity evidence "weigh[s] too much [on] the jury" and "overpersuade[s] them as to prejudge" the case. *United States v. Gonzalez*, 507 F. Supp. 3d 137, 147 (D.D.C. 2020) (quoting *Michelson v. United States*, 335 U.S. 469, 475–76 (1948)). Here, the government's evidence runs exactly that risk. The challenged evidence would establish Mr. Berman's prior financial misconduct. Its admission would tempt jurors to decide Mr. Berman's fate based on his past (and uncharged) moral failures.

True enough, propensity evidence may be admissible if it is "probative of some material issue other than character." *United States v. Clarke*, 24 F.3d 257, 264 (D.C. Cir. 1994); *see also* Fed. R. Evid. 404(b)(2) ("This evidence may be admissible for another purpose, such as proving

3

motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). And in a meeting last week, the government did claim that such evidence went to Mr. Berman's motive for committing the charged offenses.

But the government's arguments are unavailing because the government failed to satisfy Rule 404(b)'s notice requirements. For starters, the government admitted just five days ago that it had never issued a 404(b) notice relating to this evidence. Under the Rules of Evidence, that admission should require exclusion. After all, proper notice is a "condition precedent to admissibility of 404(b) evidence." Notes of Advisory Committee on Rules—1991 Amendment. And appellate courts have stressed that the admission of such evidence absent proper notice is an abuse of discretion. *See United States v. Spinner*, 152 F.3d 950, 961 (D.C. Cir. 1998) (holding that it was an abuse of discretion to admit evidence without proper notice, even though the government provided "such evidence to the defense in discovery"); *United States v. Carrillo*, 660 F.3d 914, 928 (5th Cir. 2011); *see also United States v. Gonzalez*, 501 F.3d 630, 638 (6th Cir. 2007) ("Yet the remedy for an unexcused violation of Rule 404(b)'s notice requirement is exclusion of the evidence.").[2]

Plus, any notice given here would have been unreasonable in violation of Rule 404(b). After all, the government produced these charts for the first time on November 6, 2023. That gave the defense only a month to attempt to hire a forensic accountant, have that accountant pore over thousands of pages of bank records, and reconcile those records with the government's exhibits. Such notice is not reasonable. As a result, evidence about Mr. Berman's misappropriation should be excluded.

---

[2] The government has not complied with the Rule's requirement that the notice appear in writing. Apparently, the only time the government articulated a rationale for the admission of the challenged evidence was in a face-to-face meeting with the defense on November 15, 2023.

4

## II.     Misappropriation evidence violates Rule 403.

Independently, the admission of the challenged evidence would violate Federal Rule of Evidence 403.  Under that Rule, courts may exclude evidence when "probative value is substantially outweighed by a danger of . . . unfair prejudice . . ., wasting time . . ., or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Here, the risk of unfair prejudice is vast.  The phrase "unfair prejudice" means "an undue tendency to suggest decision on an improper basis."  Advisory Committee's Notes on Fed. Rule Evid. 403.  And the Supreme Court has held that there is "no question that propensity would be [one such] 'improper basis.'"  *Old Chief v. United States*, 519 U.S. 172, 182 (1997) (quoting Fed. R. Evid. 403).

What's more, the Court has held that the danger of unfair prejudice is "especially" acute, when (as here) the prior bad act resembles the charged offenses.  *Old Chief v. United States*, 519 U.S. 172, 185 (1997); *see United States v. Brown*, 597 F.3d 399, 405 (D.C. Cir. 2010).  Mr. Berman stands accused of financial misconduct: securities fraud.  The challenged evidence also relates to financial misconduct: embezzlement.  Jurors hearing about the latter will be tempted to assume that Mr. Berman is surely guilty of the former.

By contrast, the probative value of the challenged evidence is slight.  The government's sole stated purpose for introducing the challenged evidence is apparently to establish motive.  The greater the need of Mr. Berman's company, goes the argument, the likelier it is that Mr. Berman would resort to fraud to satiate that need.  But the government can depict the company's finances (and Mr. Berman's motive) without showing that said finances were affected by Mr. Berman's embezzlement.  Indeed, the government has abundant evidence with which to demonstrate the financial health of the company.  *Old Chief*, 519 U.S. at 185 ("The probative worth of any particular

5

bit of evidence is obviously affected by the scarcity or abundance of other evidence on the same point."); Notes of Advisory Committee on Rules ("The availability of other means of proof may also be an appropriate factor" that courts consider when deciding a 403 motion.).  The government has produced scores of bank records.  And several of its exhibits track the financial health of the company over time.  *Gov't Exhibits* 37A–37G, attached here as Exhibit C.  Mr. Berman objects to *none of this*.  In its very indictment, the government confirms that it has such evidentiary alternatives.  In paragraph 9, the government showcases an email in which Mr. Berman informs a business partner that his "situation is perilous" and that he is "letting three more people go."  Indictment, ECF 19 ¶ 9.  Misappropriation evidence, then, adds little, if anything, to the government's case.

Other Courts have excluded similar evidence in similar cases.  Consider, for instance, *American National Property and Casualty Co. v. Felix*. 2018 U.S. Dist. LEXIS 233018, at *6 (W.D. Pa. Nov. 21, 2018).  There, a homeowner allegedly submitted a fraudulent insurance claim after his house burned down.  *Id.* at *2.  So the insurance company sued the claimant.  At trial, the insurance company wanted to show that a second fire had burned down the defendant's home years earlier.  *Id.* at *2–3.  And the company wanted to show that the company had paid the defendant for that prior fire.  *Id.*  There, as here, the insurance company offered the evidence to prove the defendant had motive to commit the relevant acts.

The Court rejected the challenged evidence.  It reasoned that the insurance company could "present evidence of [the owner's] financial condition to show that [he] had a financial motivation to commit insurance fraud without mentioning" the earlier fire and the resulting pay-out.  *Id.* at *7.  In a different case, the Ninth Circuit put it this way:

> Lack of money gives a person an interest in having more. But so does desire for money, without poverty. A rich man's greed is as

6

much a motive to steal as a poor man's poverty. Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value.

*United States v. Mitchell*, 172 F.3d 1104, 1108–09 (9th Cir. 1999).

Because the government has evidence bearing "substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk." *Old Chief v. United States*, 519 U.S. 172, 182–83 (1997).

## CONCLUSION

For the reasons explained above, this Court should exclude evidence relating to Mr. Berman's alleged misappropriation of his company's funds.

DATED: November 20, 2023         Respectfully submitted,

　　　　　　　　　　　　　　　　　　 /s/Kevin B. Collins
　　　　　　　　　　　　　　　　　Kevin B. Collins (D.C. Bar No. 445305)
　　　　　　　　　　　　　　　　　Nicholas J. Xenakis (*pro hac vice*)
　　　　　　　　　　　　　　　　　Jose J. Ramos (*pro hac vice*)
　　　　　　　　　　　　　　　　　Lori Taubman (*pro hac vice*)
　　　　　　　　　　　　　　　　　Jonah T. Panikar (*pro hac vice*)
　　　　　　　　　　　　　　　　　José Girón (*pro hac vice*)
　　　　　　　　　　　　　　　　　Brandon Howell (*pro hac vice*)
　　　　　　　　　　　　　　　　　COVINGTON & BURLING LLP
　　　　　　　　　　　　　　　　　One CityCenter
　　　　　　　　　　　　　　　　　850 Tenth Street, NW
　　　　　　　　　　　　　　　　　Washington, D.C. 20001

　　　　　　　　　　　　　　　　　Michelle Peterson (D.C. Bar No. 438930)
　　　　　　　　　　　　　　　　　Assistant Federal Public Defender
　　　　　　　　　　　　　　　　　For the District of Columbia
　　　　　　　　　　　　　　　　　625 Indiana Avenue, N.W.
　　　　　　　　　　　　　　　　　Washington, DC 20004

　　　　　　　　　　　　　　　　　*Counsel for Keith Berman*

## CERTIFICATE OF SERVICE

  I hereby certify that I caused copies of the foregoing to be transmitted to counsel registered to receive electronic service.

               */s/ Kevin B. Collins*
               Kevin B. Collins (D.C. Bar No. 445305)

               *Counsel for Keith Berman*