UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>) | |
| ) | CRIMINAL NO. 20-CR-278-TNM |
| v. )<br>) | |
| KEITH BERMAN, )<br>) | |
| Defendant. ) | |

### DEFENDANT KEITH BERMAN'S NOTICE OF NEW EVIDENCE REGARDING RONALD HERZOG AND MOTION FOR DISCOVERY OF EXCULPATORY EVIDENCE RELATING TO ADVICE OF COUNSEL DEFENSE

Keith Berman, by and through counsel, respectfully submits this Notice pursuant to the Court's directive at the November 13, 2023, pre-trial conference regarding Mr. Berman's intent to call Ronald Herzog as a witness at trial. During the pre-trial conference, Defense counsel stated that Mr. Berman would "not be raising [an] advice of counsel defense." Pre-Trial Conf. Tr. 120:17–19. Counsel made this representation in good faith based on the information that had been disclosed by the government at the time and on conversations with Mr. Herzog. Pre-Trial Conf. Tr. 120:15. However, on November 17, 2023 (four-days after the pre-trial conference), the government produced an FBI FD-302 memorandum of an interview it had conducted on November 7, 2023 (five-days before the pre-trial conference), with Shep Doniger (Press Releases Publicist), who appeared on the government's witness list. Ex. 1 (Nov. 17, 2023 DOJ Production Ltr.); Ex. 2 (Index for Production 32); Ex. 3 (Doniger 302 Memo). Counsel of record for the government interviewed Mr. Doniger. During the interview, Mr. Doniger stated:

> Ron Herzog (HERZOG), BERMAN's attorney, *scrutinized press releases for accuracy and value*. HERZOG was another *layer of approval*. HERZOG was not in any position to represent DONIGER. DONIGER did not ask HERZOG to represent DONIGER. DONIGER did not know why HERZOG attended a previous interview of DONIGER.

Ex. 3, at 2 (emphasis added). Mr. Doniger also stated, contrary to the government's representations at the pretrial conference about Mr. Herzog having represented Mr. Doniger, Pre-Trial Conf. Tr. at 118:1–20, that: "HERZOG was not in any position to represent DONIGER." Ex. 3, at 2. On November 29, 2023, the government informed Defense counsel that it was "now unlikely to call . . . Shep Doniger" at trial. Ex. 4 (Nov. 29, 2023 Email).

It is now unsurprising why the government sought to have Mr. Berman's counsel represent that there was no intention to present an advice of counsel defense at the pre-trial conference: The government knew that there was new evidence supporting an advice of counsel defense beyond statements from either Mr. Berman or Mr. Herzog. It knew that a third-party government witness bolstered, in an interview conducted by the government itself, a defense that some of press releases at issue had been reviewed for accuracy by Mr. Berman's counsel, Mr. Herzog. Based on these facts, it is also unsurprising that the government now no longer wishes to call Mr. Doniger. While the government has represented that Mr. Berman was not pursuing this defense previously, it is worth noting that the counsel who initially made that representation was Mr. Herzog himself.

The government's failure to disclose to the Court and to Mr. Berman what it had learned during its interview with Mr. Doniger on November 7, 2023, now puts Defense counsel under an obligation to determine whether it is necessary to raise an advice of counsel defense to protect Mr. Berman's Sixth Amendment right to effective assistance of counsel. *See United States v. Loughery*, 908 F.2d 1014, 1018 (D.C. Cir. 1990) (noting counsel's duty to exercise diligence in exploring and informing client of potential defenses). To make such a determination, Mr. Berman respectfully requests that this Court order the government to disclose by December 1, 2023, all material and exculpatory information in its possession that is relevant to an advice of counsel defense, including but not limited to, any evidence that the government relied upon in seeking and obtaining a warrant

for Mr. Herzog's communications. *See Brady v. Maryland*, 373 U.S. 83 (1963) (requiring that prosecutors fully disclose to the accused all exculpatory evidence in their possession).

DATED:  November 30, 2023          Respectfully submitted,

 /s/ Kevin B. Collins
Kevin B. Collins (D.C. Bar No. 445305)
Nicholas J. Xenakis (D.C. Bar No. 90001123)
Jose J. Ramos (*pro hac vice*)
Lori Taubman (D.C. Bar No. 1673026)
Jonah T. Panikar (D.C. Bar No. 90006218)
José F. Girón (*pro hac vice*)
Brandon Howell (D.C. Bar No. 1671396)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-5598

Michelle Peterson (D.C. Bar No. 438930)
Assistant Federal Public Defender
For the District of Columbia
625 Indiana Avenue, N.W.
Washington, DC 20004

*Counsel for Keith Berman*

## CERTIFICATE OF SERVICE

I hereby certify that I caused copies of the foregoing to be transmitted to counsel registered to receive electronic service.

    /s/ Kevin B. Collins
Kevin B. Collins (D.C. Bar No. 445305)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-5598

*Counsel for Keith Berman*