UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEITH BERMAN<br><br>          Defendant. | Criminal No.<br>1:20-cr-00278-TNM |

UNITED STATES' RESPONSE TO
DEFENDANT'S NOTICE AND MOTION FOR DISCOVERY

The defendant claims that the government recently produced new evidence supporting an advice of counsel defense beyond statements from either defendant or his former counsel, Ron Herzog, namely information contained in a Form-302 memorializing a recent meeting with Shep Doniger. (ECF 161, 162.) According to the defendant, the government disclosed on November 17, 2023 for the first time that Mr. Doniger's statement that Mr. Herzog had reviewed press releases drafted by the defendant and Mr. Doniger. (*Id*. at 1.) The defendant claims that this purportedly new information compels his counsel's reconsideration of whether the defendant should assert an advice of counsel defense based on Mr. Herzog's review of these draft press releases. (*Id*. at 2.) Further, the defendant requests that, to aid in his counsel's determination, the Court order the government to produce by December 1, 2023 (today), "all material and exculpatory information in its possession that is relevant to an advice of counsel defense, including but not limited to, any evidence that the government relied upon in seeking and obtaining a warrant for Mr. Herzog's communications." (*Id*. at 3.) The Court should deny the defendant's motions for at least three reasons.

First, the defendant's motion is moot. Potentially privileged communications between the defendant and Mr. Herzog that were obtained via search warrant were filtered by the U.S. Department of Justice, Criminal Division, Fraud Section's Special Matters Unit ("SMU"). The SMU filter team, which is not part of the prosecution team, produced these potentially privileged materials to the defendant's counsel[1] and then worked with the defendant's counsel to determine whether and which communications would be withheld from the prosecution team. That process is complete and there is no additional discovery to be produced by SMU to the defendant. In addition, the prosecution team is not aware of any material and exculpatory information in its possession that is relevant to an advice of counsel defense. To the contrary, the government believes it has fully complied with its *Brady* obligations.

Second, there is no basis for the relief that the defendant seeks: his claim that the government recently produced "new evidence" is wrong. The information that the defendant incorrectly claims is "new" was first disclosed by the government to the defendant in its first production of discovery made on January 29, 2021. At that time, the government produced a Form-302 of a December 2, 2020 interview of Mr. Doniger which stated: (i) "DONIGER took direction on the press releases from BERMAN, then worked closely with attorney HERZOG, to ensure the information contained within the press release passed legal muster"; and (ii) "Once DONIGER and BERMAN finalized a draft, that draft was supplied to HERZOG to verify the information contained within was legally ok to be in the public domain." (Exhibit A at 2, 7.) When Mr. Doniger was interviewed on November 7, 2023, he merely repeated this same

---

[1] The SMU filter team produced these materials twice – first to the defendant's previous counsel and again to the defendant's current counsel. Current counsel had a complete set of these materials by September 8, 2023.

information. Therefore, the information in the Form-302 memorializing the November 7, 2023 interview is not "new"—it has been known to the defendant for years.[2, 3]

Third, the defendant does not need discovery from the government to know whether he should assert the advice of counsel defense. The information that he and his counsel require to make that decision is already (and only) known to the defendant and Mr. Herzog. Therefore, even if the defendant had recently received "new evidence" relating to the advice of counsel defense (which he did not), it would not warrant the relief he seeks.[4]

Moreover, it would be impractical for the Court to order the government to produce discovery of information known only to the defendant and his attorney on whose advice he purportedly relied. Where a defendant asserts the advice of counsel defense, the government would not produce information to the defendant relating to advice of counsel because the government does not have access to the defendant's privileged communications. Rather, the defendant's privileged communications would be in the possession, custody and control of the

---

[2] The defendant's exhibit list, provided to the government on November 6, 2023, provides further proof that the defendant was aware Mr. Doniger could testify about Mr. Herzog's review of draft press releases. The defendant's exhibit list includes emails that Mr. Doniger received from Mr. Herzog forwarding Mr. Herzog's comments on draft press releases. (*See, e.g.* Defendant Exhibit 209 (Exhibit B).) This is one of the developments that prompted the government to raise with the Court at the November 13, 2023 pre-trial conference its concern that the defendant may attempt to assert an advice of counsel defense without providing the appropriate notice or discovery or ask the jury to draw the same inference without formally asserting the defense. (*See, e.g.*, 11/13/2023 Tr. at 115-116 (Exhibit C).) Additionally, and as stated by the government at the November 13, 2023 pre-trial conference, Mr. Herzog has previously indicated to the government that he did not have unique, non-privileged information and noncumulative testimony that cannot be obtained from another source. (*See* Exhibit C at 4-10.)

[3] The defendant also appears to suggest that the government stated that Mr. Doniger was represented by Mr. Herzog when, in fact, he was not. While it appears from the November 7, 2023 interview with Mr. Doniger that he does not believe that Mr. Herzog ever represented him, there is no question that Mr. Herzog told the government and this Court that he represented Mr. Doniger. (*See, e.g.*, Exhibit A at 1; Dec. 1, 2020 Letter to C. Fenton (Exhibit D); Jan. 29, 2021 Letter to Hon. Trevor N. McFadden.)

[4] It would also not excuse the belated notice that the defendant intends to raise an advice of counsel defense, particularly after he has repeatedly indicated he would not be asserting such a defense at trial.

defendant and the attorney on whose advice he purportedly relied. Advice of counsel is an affirmative defense. If a defendant wishes to assert it, he must waive privilege and then has an obligation to produce the relevant communications to the government. The defendant's baseless request to reverse this process should be denied.

## CONCLUSION

For the foregoing reasons, the government respectfully requests the Court deny the defendant's motion for discovery.

                                                                           Respectfully submitted,

                                                                           GLENN S. LEON
                                                                           CHIEF, FRAUD SECTION
                                                                           Criminal Division, U.S. Department of Justice

                                                                           _____//s//_____
                                                                           CHRISTOPHER FENTON
                                                                           KATE T. MCCARTHY
                                                                           MATTHEW REILLY
                                                                           Trial Attorneys


                                                                           Fraud Section, Criminal Division
                                                                           United States Department of Justice
                                                                           1400 New York Avenue, NW
                                                                           Washington, D.C. 20005
                                                                           Telephone: (202) 320-0539
                                                                           Fax: (202) 514-0152
                                                                           Christopher.Fenton@usdoj.gov

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on December 1, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

                */s/ Christopher Fenton*
                Christopher Fenton
                Trial Attorney