UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**, <br><br> v. <br><br> **KEITH BERMAN**, <br><br> Defendant. | No. 20-CR-00278 (TNM) |

## ORDER

The Government has charged Keith Berman with a series of offenses related to his management of a medical technology company, Decision Diagnostics Corp. (DECN). Specifically, the Government alleges that Berman lied to the public about DECN's work on "a test capable of detecting COVID-19 in a sample of blood." Superseding Indictment ¶ 14(a), ECF No. 19. That alleged fraud occurred principally through "press releases and periodic disclosures" issued by DECN at Berman's instruction, which contained "materially false, fraudulent, and misleading statements." *Id*. ¶ 25. Based on these acts, the Government has charged Berman with securities fraud under 15 U.S.C. §§ 78j and 78ff, wire fraud under 18 U.S.C. § 1343, and obstruction of agency investigatory proceedings under 18 U.S.C. § 1505.[1] *Id*. ¶¶ 66–73.

Berman now moves for a *Brady* order, *see Brady v. Maryland*, 373 U.S. 83 (1964). Mot., ECF No. 161. As he tells it, the Government recently produced a "memorandum of an interview it had conducted on November 7, 2023 . . . with Shep Doniger (Press Releases Publicist)." *Id*. at 1. In that interview, Doniger informed the FBI that "Ron Herzog (HERZOG), BERMAN's

---

[1] The Government had also charged Berman with making false statements to investigators under 18 U.S.C. § 1001, Superseding Indictment ¶¶ 74–75, but has since dropped that charge, ECF No. 153.

1

attorney, scrutinized press releases for accuracy and value." *Id*. (litigant's added emphasis omitted). This, Berman claims, is new evidence that he relied on his attorney's guidance in issuing the press releases. Mot. at 2. He therefore requests, based on this allegedly new evidence, that the Court "order the government to disclose . . . all material and exculpatory information in its possession that is relevant to an advice of counsel defense." *Id*.

\*   \*   \*

The Court will deny Berman's motion for two independent reasons. First, the information that the Berman points to is not new—he has had access to substantially the same evidence for years. And second, Berman's motion is moot—the relief he requests is an order that was already issued, again years ago.

To start, Berman has not pointed to any new evidence that would warrant a *Brady* order. Although he points to the new Dongier interview notes, which show that Berman's attorney "scrutinized press releases for accuracy," Mot. at 1, Berman has long been on notice of this fact. In January 2021, almost three years ago, the Government disclosed to Berman that it possessed evidence that Herzog had reviewed Berman's press releases "to ensure the information contained within the press releases passed legal muster" and "was legally ok to be in the public domain." Jan. 2021 Doniger Disclosure at 2, 7, ECF No. 163-1. In other words, he reviewed the press releases for legal compliance.

But review for legal compliance surely implies a review for accuracy. As this case well illustrates, inaccurate press releases can give rise to allegations of securities fraud. *See* 15 U.S.C. § 78i(a)(4). So when the Government informed Berman that it had evidence Herzog may have reviewed the press releases for legal compliance, he was on notice that it had evidence Herzog had reviewed the press releases for accuracy, too. Thus, because the Government already

2

disclosed this information in January 2021, the Court is unconvinced that this most recent disclosure changes anything.

In any event, even if the information were new, the relief Berman seeks is not. Berman requests an order requiring "the government to disclose . . . all material and exculpatory information in its possession that is relevant to an advice of counsel defense." Mot. at 2. That is, a *Brady* order. But the Court issued just such an order nearly three years ago. Jan. 26, 2021 Minute Order. And even if it had not done so, the *Brady* obligation flows from the Constitution itself, and does not require a Court order in order to come into effect. *Brady*, 373 U.S. at 86. So Berman has already received the relief he is requesting. The Government, to its credit, appears to have complied with its obligation, having voluntarily and promptly surrendered its notes of the Doniger interview to Berman's counsel. Unless and until the Government violates its obligations under *Brady*, there is nothing more the Court can do for Berman here.

Accordingly, it is hereby

**ORDERED** that Berman's Motion for Discovery of Exculpatory Evidence, ECF Nos. 161 & 162 is **DENIED**.

**SO ORDERED**.

Dated: December 4, 2023                                          TREVOR N. McFADDEN, U.S.D.J