UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) CRIMINAL NO. 20-CR-278-TNM |
| v. | ) |
| | ) |
| KEITH BERMAN, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S STATEMENT IN SUPPORT OF GUILTY PLEA**

Pursuant to Federal Rule of Criminal Procedure 11(b)(3), Keith Berman submits the following to support a guilty plea to Counts One, Two, and Three[1] in the Superseding Indictment in case no. 20-cr-278: (1) the elements of the charged offenses, (2) a statement of facts necessary to support a guilty plea, (3) a summary of the government's latest plea offer, and (4) Mr. Berman's preliminary Sentencing Guidelines calculation.

**ELEMENTS OF THE OFFENSES**[2]

**I.  Count One**

Count One in the Superseding Indictment charges Mr. Berman with Securities Fraud under 15 U.S.C. §§ 78j & 78ff, as well as 17 C.F.R. § 240.10b5, which carries a statutory maximum sentence of imprisonment of not more than twenty years, a fine not to exceed $5,000,000, or both. To prove this offense, the government must prove beyond a reasonable doubt that:

(1) The defendant did any of the following:

    a. Employed a device, scheme, or artifice to defraud, or

    b. Made an untrue statement of a material fact or omitted to state a material fact that made what was said, under the circumstances, misleading, or

---

[1] The government voluntarily dismissed Count Four in the Superseding Indictment on November 10, 2023. ECF No. 153.

[2] The following statement of the elements substantially mirrors this Court's draft preliminary jury instructions, which were transmitted to counsel on December 5, 2023.

      c. Engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

(2) The defendant acted willfully, knowingly, and with the intent to defraud; and

(3) The defendant knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

## II. Count Two

Count Two in the Superseding indictment charges Mr. Berman with Wire Fraud under 18 U.S.C. § 1343, which carries a statutory maximum sentence of imprisonment of not more than thirty years, a fine not to exceed $1,000,000, or both. To prove this offense, the government must prove beyond a reasonable doubt that:

(1) The defendant knowingly devised or knowingly participated in a scheme to defraud or to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises;

(2) The defendant did so with the intent to defraud; and

(3) In advancing, furthering, or carrying out this scheme to defraud, the defendant caused the transmission of any writing, signal, or sound by means of a wire, radio, or television communication in interstate or foreign commerce.

## III. Count Three

Count Three of the Superseding Indictment charges Mr. Berman with Obstruction of an Agency Proceeding under 18 U.S.C. § 1505, which carries a statutory maximum sentence of imprisonment of not more than five years, a fine not to exceed $250,000, or both. To prove this offense, the government must prove beyond a reasonable doubt that:

(1) A proceeding was pending before any agency of the United States;

(2) The defendant knew of that proceeding;

(3) The defendant influenced, obstructed, or impeded, or endeavored to influence, obstruct, or impede, the due and proper administration of the law under which that proceeding was being had; and

(4) The defendant did so corruptly, or by threats of force, or by a threatening letter or communication.

## STATEMENT OF FACTS

Mr. Berman agrees to the following facts to provide a basis for a plea to Counts One, Two, and Three in the Superseding Indictment.

Between March 2020 and April 2020, Mr. Berman, the Chief Executive Officer of his publicly-traded company, Decision Diagnostics Corp. ("DECN"), released several press releases discussing DECN's development of a test capable of detecting COVID-19 in a sample of blood. Mr. Berman, who had a longstanding history of developing blood-glucose monitoring and testing devices, worked with the company that manufactured his glucose tests, The Bio, to develop the COVID-19 blood test and additional glucose tests, including tests that utilized impedance technology. Mr. Berman believed that he could leverage the technology DECN used for decades in its glucose monitoring and testing devices—impedance technology—to develop a groundbreaking product that could detect COVID-19 in blood. The press releases DECN issued were distributed to the public via the Internet, and were viewable by anyone, including investors and potential investors. Mr. Berman was personally involved in issuing the press releases, in which he willfully and intentionally made materially misleading statements, with the intent to defraud, about the progress and status of DECN's development of its COVID-19 blood test. The press releases were issued to generate favorable publicity in an effort to attract a larger corporate partner.

On April 23, 2020, the Securities and Exchange Commission ("SEC") suspended trading of DECN stock due to questions about the accuracy of DECN's press releases on its COVID-19 blood test. At that same time, the SEC had an open investigation into DECN and Mr. Berman, which Mr. Berman was aware of. Between May and June 2020, Mr. Berman, using an alias, sent private messages to an investor on the website Investors Hangout to influence the investor to draft

an independent "shareholder letter" accusing the SEC of misconduct for its actions against DECN and Mr. Berman. Mr. Berman, through his alias, assisted with the review of the shareholder letter and authorized its submission to the SEC. Mr. Berman also used his alias to recruit shareholders to sign the letter. The letter levied allegations of bias and collusion against SEC investigators, and asserted that the SEC's actions between April and June 2020 were "damaging to humanity" because they impeded the creation, development, and approval of Mr. Berman's COVID-19 blood test. Mr. Berman did not reveal to shareholders or the SEC that he was behind the alias. Mr. Berman engaged in this conduct to influence the SEC to end its investigation into DECN and Mr. Berman.

## PLEA OFFER

The parties engaged in plea negotiations in this case. The government's most recent plea offer, reflected in an email on December 5, 2023, was as follows:

- Mr. Berman pleads guilty to Counts One (securities fraud) and Three (obstruction of an official proceeding) in the Superseding Indictment.

- The parties agree to the following Sentencing Guidelines calculation:

  - Base Offense Level of 7. U.S.S.G. § 2B1.1(a)

  - Loss Amount of more than $25,000,000 (+22 to the Offense Level). U.S.S.G. § 2B1.1(b)(1)(L)

  - 10 or more victims (+2 to the Offense Level). U.S.S.G. § 2B1.1(b)(1)(L)

  - The parties reserve their rights to argue whether the "Sophisticated Means" enhancement applies. U.S.S.G. § 2B1.1(b)(10)(C)

  - Obstruction enhancement (+2 to the Offense Level). U.S.S.G. § 3C1.1

  - Acceptance of Responsibility (-2 to the Offense Level). U.S.S.G. § 3E1.1

  - The government agrees not to seek any other enhancements.

  - Adjustment for Zero-Point Offenders (-2 to the Offense Level). U.S.S.G. § 4C1.1.

- For a sentencing guidelines range of 87-108 (without sophisticated means) or 108-135 (with sophisticated means).

## SENTENCING GUIDELINES CALCULATION

The parties have a number of disputes over the application of the Sentencing Guidelines to Mr. Berman. Mr. Berman requests an evidentiary hearing to determine the application of the various factors in the Sentencing Guidelines to his case. Among the issues, there is significant disagreement between the parties about the applicable "loss amount" under the Sentencing Guidelines that will require both the presentation of evidence and testimony. Mr. Berman outlines below what he expects his Sentencing Guidelines calculation should be, with the caveat that the Court must determine loss amount under U.S.S.G. § 2B1.1(b)(1) at sentencing.

- Base Offense Level of 7. U.S.S.G. § 2B1.1(a)(1).
- Loss Amount to be determined by the Court at sentencing. U.S.S.G. § 2B1.1(b)(1).
- 10 or more victims (+2 to the Offense Level). U.S.S.G. § 2B1.1(b)(2).
- Obstruction enhancement (+2 to the Offense Level). U.S.S.G. § 3C1.1.
- Acceptance of Responsibility (-2 to the Offense Level). U.S.S.G. § 3E1.1.
- Adjustment for Zero-Point Offenders (-2 to the Offense Level). U.S.S.G. § 4C1.1.
- Criminal History Category I. U.S.S.G. § 4A1.1.

DATED:  December 7, 2023            Respectfully submitted,

 /s/*Kevin B. Collins*
Kevin B. Collins (D.C. Bar No. 445305)
Nicholas J. Xenakis (D.C. Bar No. 90001123)
Jose J. Ramos (*pro hac vice*)
Lori Taubman (D.C. Bar No. 1673026)
Jonah T. Panikar (D.C. Bar No. 90006218)
José Girón (*pro hac vice*)
Brandon Howell (D.C. Bar No. 1671396)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-5598

Michelle Peterson (D.C. Bar No. 438930)
Assistant Federal Public Defender
For the District of Columbia
625 Indiana Avenue, N.W.
Washington, DC 20004

*Counsel for Keith Berman*