IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, ) CRIMINAL ACTION NO.:
) 20-278-TNM
Plaintiff, )
vs. )
)
KEITH BERMAN, ) Washington, D.C.
) December 7th, 2023
Defendant. ) 3:08 p.m.
______________________________)

TRANSCRIPT OF PLEA HEARING
BEFORE THE HONORABLE TREVOR N. McFADDEN
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government: Christopher R. Fenton, Esquire
Katherine McCarthy, Esquire
Matthew Reilly, Esquire
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20530

For the Defendant: Michelle M. Peterson, Esquire
Federal Public Defender
District of Columbia
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004

Kevin B. Collins, Esquire
Jonah Thomas Panikar, Esquire
Jose J. Ramos, Esquire
Nicholas Xenakis, Esquire
Covington & Burling, LLP
850 10th Street NW
Washington, DC 20001

Reported by: Christine T. Asif, RPR, FCRR
Official Court Reporter
United States District Court
for the District of Columbia

Proceedings recorded by machine shorthand; transcript produced by computer-aided transcription

P R O C E E D I N G S

THE CLERK: Your Honor, this is criminal case 20-278, United States of America versus Keith Berman.

Counsel, please come forward to identify yourselves for the record, starting with the government.

MR. FENTON: Good afternoon, Your Honor. Christopher Fenton, Kate McCarthy, and Matt Reilly for the United States.

THE COURT: Good afternoon, folks.

MR. COLLINS: Good afternoon, Your Honor. Kevin Collins from Covington on behalf of Mr. Berman. Joined by a number of my colleagues at counsel table. Next to Ms. Michelle Peterson and our co-counsel is Jose Ramos, next to him is Jonah Panikar, and across from Mr. Panikar is Mr. Nicholas Xenakis.

THE COURT: I'm really glad I'm not paying for all of your attorneys.

MR. COLLINS: Understood. So thank you for seeing us today.

THE COURT: Good afternoon, Mr. Collins. Good afternoon, folks. And good afternoon, Mr. Berman.

MS. PETERSON: Could we have just one moment.

THE COURT: Sure. Ms. Peterson, are you going to sign these folks up to help you out with some more cases?

MS. PETERSON: That would be nice.

THE COURT: Good.

Mr. Fenton, looks like I need your John Hancock.

All right. Mr. Collins, am I correct that your client intends to plead to the indictment?

MR. COLLINS: That's correct, Your Honor.

THE COURT: Okay. And, Mr. Berman, are you able to stand, sir? Why don't I ask you to come over to the lectern here, if you don't mind.

And obviously, Mr. Collins, you're welcome to come as well.

All right. Before we proceed further, I'll ask Ms. Chaclan to administer the oath to the defendant.

THE CLERK: Sir, raise your right hand.

(Defendant sworn.)

THE DEFENDANT: Yes.

THE CLERK: Thank you.

THE COURT: All right. Mr. Berman, before I let you plead, there are a few things that I need to explain to you and a number of questions I need to ask you. These are important because in order for me to accept your guilty plea, I need to be satisfied that you're capable of understanding all the implications that come with pleading guilty and that you're entering your plea voluntarily.

This is also important because when anyone chooses to plead guilty, he gives up many of his constitutional

rights. I want to make sure that you understand what rights you're giving up if you do decide to plead guilty today.

Finally, this hearing is important because before you decide to plead guilty, I want to make sure that you understand the charges against you and exactly how sentencing will work.

So if at any point during the hearing there's anything you don't understand, I want you to let me know, and I'll try to explain it better, or I'll give you an opportunity to consult with your attorneys. And if you do want to consult with them, just let me know, and we can certainly take a break for you to do that.

Let me start with a few questions. And I want to remind you that you're under oath, which means that you could be prosecuted for perjury if you do provide untruthful answers today.

What is your full name, sir?

THE DEFENDANT: Keith Morgan Berman.

THE COURT: Can I ask you to spell your middle name, sir?

THE DEFENDANT: Keith, K-e-i-t-h, Morgan, M-o-r-g-a-n, Berman, B-e-r-m-a-n.

THE COURT: And how old are you, sir?

THE DEFENDANT: 70.

THE COURT: How far did you go in school?

THE DEFENDANT: Please?

THE COURT: How far did you go in school?

THE DEFENDANT: Through graduate school.

THE COURT: And fair to say you can read and write?

THE DEFENDANT: Yes.

THE COURT: And where were you born, sir?

THE DEFENDANT: St. Louis, Missouri.

THE COURT: Have you taken any alcohol or drugs in the last 48 hours or any medicine that could affect your ability to understand what you are doing by pleading guilty?

THE DEFENDANT: No, just -- just prescription medication.

THE COURT: And does any of that make you feel drowsy at all?

THE DEFENDANT: No.

THE COURT: Anything that would interfere with your ability to think clearly?

THE DEFENDANT: I just had something to eat or else I was going to be in trouble with my blood sugar.

THE COURT: Okay. But you're -- you're feeling clear and coherent at that point?

THE DEFENDANT: Yes. Yes.

THE COURT: Okay. Have you received any treatment recently for any type of mental illness or emotional disturbance or addiction to narcotic drugs of any kind?

THE DEFENDANT: No.

THE COURT: Are you completely satisfied with the services of your multiple attorneys in this case?

THE DEFENDANT: Yes.

THE COURT: Have you had enough time to talk with them and discuss the charges and whether or not you should plead guilty?

THE DEFENDANT: Yes.

THE COURT: Have you received a copy of the indictment pending against you; that is, the written charges made against you in this case?

THE DEFENDANT: Yes.

THE COURT: Have you read the charges and fully discussed them and the case in general with your attorneys?

THE DEFENDANT: Yes.

THE COURT: Mr. Collins, do you have any question of the defendant's competence to plead at this time?

MR. COLLINS: No, Your Honor.

THE COURT: Mr. Fenton?

MR. FENTON: No, Your Honor.

THE COURT: Based on the answers that have been provided here, I find that the defendant is fully competent and capable of entering an informed plea.

Sir, I want to explain to you certain rights that you have in this matter, and find out whether you understand

these rights. Please listen carefully to my questions and be sure and let me know if there's anything you do not understand. Again, if you need to talk with your attorneys, you may do so briefly here or in private.

First, you have the right to plead not guilty and to have a jury trial in this case. If you had a trial, you would have the right to be represented by your attorney at that trial and at every other stage of the proceeding and, if necessary, have the Court appoint counsel for you. You'd have the right to call witnesses and to see, hear, and cross-examine the government's witnesses. You would have the right to testify and present evidence on your behalf if you wanted to, and the right not to testify if you didn't wish to. Do you understand all that, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that unless and until I accept your guilty plea, you're presumed by the law to be innocent, because it is the government's burden to prove your guilt beyond a reasonable doubt and until it does, you cannot be convicted at trial?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that if you went to trial and were convicted, you would have the right to appeal your conviction and to have an attorney help you prepare your appeal?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that by pleading guilty, you're giving up all your rights to appeal your conviction of guilt in this case and that there will be no trial?

THE DEFENDANT: Yes.

THE COURT: Do you also understand that by pleading guilty to felonies, you may later be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm?

THE DEFENDANT: Yes, I understand.

THE COURT: Having discussed your rights with me, do you still want to plead guilty in this case and give up all these rights?

THE DEFENDANT: I do, sir.

THE COURT: And, sir, is this your signature on this Waiver of Trial by Jury form?

THE DEFENDANT: It is.

THE COURT: All right. Let me ask you to have a seat just a moment while I talk with the attorneys about where we go from here.

I have a defendant statement in support of the guilty plea. Mr. Collins, is this -- and I also see a plea offer. This is kind of in a different format than I normally

see. I was under the impression this was a pleading to the indictment. Is that -- is that what's happening, or not?

MR. COLLINS: It is. There's three counts, and I think it's a plea to the remaining three counts.

THE COURT: Okay. So there's discussion of the plea offer here, but there's not a plea offer that is --

MR. COLLINS: No, he's pleading straight up to the remaining three counts.

THE COURT: Okay. And it looks like you've put together a statement of offense -- or statement of facts.

Mr. Fenton, do you agree that if the defendant acknowledges and agrees to the statement of facts that he would be pleading to the essential elements of the remaining charges?

MR. FENTON: Yes, Your Honor.

THE COURT: Okay. So why don't I have -- looks like this was prepared by you, Mr. Collins. Maybe if I can have you read the statement of facts.

MR. COLLINS: Sure.

"Mr. Berman agrees to the following facts to provide a basis for a plea to Counts 1, 2, and 3 in the superseding indictment. Between March 2020 and April 2020, Mr. Berman, the chief executive officer of his publicly traded company, Decision Diagnostics Corp., released several press releases discussing the acronym, DECN's, development of a test capable

of detecting COVID-19 in a sample of blood.  Mr. Berman, who had a long-standing history of developing blood glucose monitoring and testing devices, worked with the company that manufactured his glucose test, The Bio, to develop the COVID-19 blood test, an additional glucose test, including tests that utilized impedence technology.

"Mr. Berman believed that he could leverage the technology DECN used for decades in its glucose monitoring and testing devices' impedence technology to develop a groundbreaking product that could detect COVID-19 in blood. The press releases DECN issued were distributed to the public via the internet and were viewable by anyone, including investors and potential investors.  Mr. Berman was personally involved in issuing the press releases in which he willfully and intentionally made materially misleading statements with the intent to defraud about the progress and status of DECN's development of its COVID-19 blood test.  The press releases were issued to generate favorable publicity in an effort to attract a larger corporate partner.

"On April 23rd, 2020, the Securities and Exchange Commission, SEC, suspended trading of the DECN's stock due to questions about the accuracy of DECN's press releases on its COVID-19 blood test.  At that same time, the SEC had an open investigation into DECN and Mr. Berman, which Mr. Berman was aware of.

"Between May and June 2020, Mr. Berman, using an alias, sent private messages to an investor on the website, Investor's Hangout, to influence the investor to draft an independent shareholder letter accusing the SEC of misconduct for its actions against DECN and Mr. Berman. Mr. Berman, through his alias, assisted with the review of the shareholder letter and authorized its submission to the SEC. Mr. Berman also used his alias to recruit shareholders to sign the letter. The letter levied allegations of bias and collusion against the SEC investigators and asserted that the SEC's actions between April and June 2020 were, quote, damaging to humanity, end quote, because they impeded the creation, development, and approval of Mr. Berman's COVID-19 blood test.

"Mr. Berman did not reveal to shareholders or the SEC that he was behind the alias. Mr. Berman engaged in this conduct to influence the SEC to end its investigation into DECN and Mr. Berman."

THE COURT: And, Mr. Collins, am I correct in understanding that you've carefully gone over this statement of facts with your client?

MR. COLLINS: We have, Your Honor.

THE COURT: Okay. Mr. Berman, is that correct? You can just respond from where you are, sir.

THE DEFENDANT: Yes, Your Honor.

THE COURT: And have you -- did you, in fact, do the

things stated here in the statement of facts?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is there anything in this statement of facts that, to the best of your knowledge, is incorrect?

THE DEFENDANT: No, Your Honor.

THE COURT: All right. Mr. Fenton, are you satisfied?

MR. FENTON: Yes, Your Honor.

THE COURT: Okay. Thank you, Mr. Collins.

Mr. Fenton, can I ask you to state the elements of the offenses to which the defendant would plead.

MR. FENTON: Yes, Your Honor.

Count 1 is securities fraud, 15 U.S.C. Section 78(j) and 78(ff). To prove this offense, the government must prove, beyond a reasonable doubt, each of the following elements. First, in connection with the purchase or sale of a security, the defendant did any of the following:

A, employed a device, scheme, or artifice to defraud; or, B, made an untrue statement of material fact or omitted the stated material fact that made what was said under the circumstances misleading; or, C, engaged in an act, practice, or course of business that operated or would operate as a fraud or deceit upon a purchaser or seller.

Two, that the defendant acted willfully, knowingly, and with the intent to defraud; and, three, that the defendant

knowingly used or caused to be used any means or instruments of transportation or communication in interstate commerce or the use of mails in furtherance of fraudulent conduct -- in furtherance of the fraudulent conduct.

Count 2, wire fraud, under 18 U.S.C. Section 1343. To prove this offense, the government must prove, beyond a reasonable doubt, each of the following elements:

One, the defendant knowingly devised or knowingly participated in a scheme to defraud or to obtain money or property by means of a materially false or fraudulent pretenses, representations, or promises; two, that the defendant did so with the intent to defraud; and, three, that advancing, furthering, or carrying out the scheme to defraud, the defendant caused the transmission of any writing, signal, or sound by means of a wire, radio, or television communication in interstate or foreign commerce.

Count 3, obstruction of an agency proceeding under 18 U.S.C. 1505. To prove this offense, the government must prove, beyond a reasonable doubt, each of the elements -- each of the following elements.

One, a proceeding that was pending before any agency of the United States; two, the defendants knew -- that the defendant knew of that proceeding; three, that the defendant influenced, obstructed, or impeded or endeavored to influence, obstruct, or impede the due and proper administration of the

law under which that proceeding was being had; and, four, that the defendant did so corruptly or by threats of force or by a threatening letter or communication.

THE COURT: Thank you, Mr. Fenton.

Mr. Berman, did you understand the elements of each of those offenses? Those are the legal bases that the government would need to prove beyond a reasonable doubt had the case gone to trial.

THE DEFENDANT: I do, Your Honor.

THE COURT: All right. And, sir, can I ask you to retake the podium.

Sir, I understand that there had previously been plea negotiations between the parties, but do you understand that at this point there's no plea deal, that the government is not making any promises to you in connection with your pleading guilty to the remaining counts of the indictment?

THE DEFENDANT: Yes, I understand.

THE COURT: Sir, have you and your attorney talked about sentencing and how the statute of offense is and sentencing guidelines may apply to your case?

THE DEFENDANT: Yes.

THE COURT: Do you understand that you've been charged with securities fraud, wire fraud, and obstruction of an administrative proceeding?

THE DEFENDANT: I do.

THE COURT: Do you understand that the first offense carries a maximum sentence of 20 years imprisonment, the second year carries a maximum sentence of 20 years imprisonment, and the third offense carries a maximum sentence of five years imprisonment?

THE DEFENDANT: I do.

THE COURT: And, sir, it's important that you understand that I cannot sentence you to more than the maximum term of imprisonment for each offense.

Sir, do you understand that you may also be required to pay a fine of up to $5 million for the first events, $250,000 for the second offense, and $250,000 for the third offense?

THE DEFENDANT: I understand.

THE COURT: Do you understand that you'll be subject to a term of supervised release of not more than three years for each offense?

THE DEFENDANT: I understand.

THE COURT: Do you understand that you'll need to pay a $100 special assessment for each felony offense?

THE DEFENDANT: I understand.

THE COURT: Mr. Collins, do you agree that I've correctly or accurately stated the maximum exposure the defendant faces on these counts?

MR. COLLINS: I agree.

THE COURT: And do you agree, Mr. Fenton?

MR. FENTON: Yes, Your Honor.

THE COURT: Okay. Sir, in determining your sentence, I'm obligated to calculate and consider the applicable sentencing range recommended in the guidelines manual for your offense for a person with your criminal history. The guidelines manual applies in every federal criminal case. Have you and your attorneys talked about the Sentencing Guidelines and how they may apply to your case?

THE DEFENDANT: Yes, we have.

THE COURT: Do you understand that I will not be able to determine the guidelines sentence for your case until after the presentence report has been completed and after you and your attorney and the government have had an opportunity to object to any facts or conclusions of the probation officer?

THE DEFENDANT: Yes, I understand.

THE COURT: In other words, any estimate that your attorneys may have given you is just that, it's an estimate, and the actual guidelines may end up being different than you've discussed. Do you understand that, sir?

THE DEFENDANT: I do.

THE COURT: And do you understand that after I have decided what guideline applies to your case and what the advisory guideline range is, that I have the authority, in

some circumstances, to impose a sentence that is more severe or less severe than the sentence recommended by the guidelines?

THE DEFENDANT: I do.

THE COURT: The only thing I can't do is go outside the statutory maximum we talked about a couple moments ago.

THE DEFENDANT: (Nods.)

THE COURT: Do you understand that, sir?

THE DEFENDANT: I understand, yes.

THE COURT: Do you understand that you cannot withdraw your pleas simply because you do not like or agree with the sentence that is ultimately imposed in your case?

THE DEFENDANT: Yes, I understand.

THE COURT: Do you understand that if the sentence in this case ends up being more severe than you expected, you will still be bound by your plea and will have no right to withdraw it?

THE DEFENDANT: I understand.

THE COURT: Sir, let me give you a preview of the factors I will have to take into account in determining your sentence. In addition to the Sentencing Guidelines, I will consider the nature and circumstances of the offense, your particular history and characteristics, whether the sentence served the purpose of criminal sentencing; that is, whether it reflects the seriousness of the offense and provides just

punishment. Whether it deters you and others from engaging in criminal conduct. Whether it provides you with helpful treatment and services that might be available, the kinds of sentences available, the Sentencing Guidelines which we've already discussed, and I must ensure that the offense I give you is in line with sentences given to similar defendants who have been found guilty of similar conduct. Do you understand that the Court can and must consider all of these factors in selecting a sentence?

THE DEFENDANT: I understand.

THE COURT: Sir, do you understand that under some circumstances, the government may have the right to appeal the sentence that I impose if the government does not agree with it?

THE DEFENDANT: I do.

THE COURT: Do you understand that parole has been abolished for federal charges and that if you're sentenced to prison, you will serve the sentence I impose, with a possible reduction for good time, and that you will not be released early on parole as used to be the case?

THE DEFENDANT: I understand.

THE COURT: Sir, has anyone forced, threatened, or coerced you in any way into entering this plea of guilty?

THE DEFENDANT: No, sir.

THE COURT: Has anyone made any promises to you in

connection with your guilty plea?

THE DEFENDANT: No, sir.

THE COURT: Has anyone made any promises to you as to what sentence I will impose in this case if I accept your guilty plea?

THE DEFENDANT: No, sir.

THE COURT: Are you entering this plea of guilty voluntarily and of your own free will, because you are guilty and for no other reason?

THE DEFENDANT: That's true.

THE COURT: Is there anything you do not understand about this proceeding or about your plea in this case?

THE DEFENDANT: No, sir.

THE COURT: Is there anything you want to ask me or your attorney before you enter your plea?

THE DEFENDANT: I'd like a couple minutes to speak to them. Could I do that, please?

THE COURT: Of course. Yeah. Absolutely.

(Pause in the proceedings.)

MR. COLLINS: Thank you, Your Honor.

THE COURT: You're welcome.

Sir, are you ready to proceed?

THE DEFENDANT: I am.

THE COURT: Sir, let me ask you, as to Count 1 in the superseding indictment, charging you with securities fraud

under 15 U.S.C. 78(j) and 78(ff), what is your plea?

THE DEFENDANT: Guilty.

THE COURT: As to Count 2 in the superseding indictment, charging you with wire fraud under 18 U.S.C. 1343, what is your plea?

THE DEFENDANT: Guilty.

THE COURT: As to Count 3 of the superseding indictment, charging you with obstruction of an agency proceeding under 18 U.S.C. 1505, what is your plea?

THE DEFENDANT: Guilty.

THE COURT: I'm satisfied that the defendant is fully competent and capable of making a decision today, that he understands the nature of the charges and the consequences of the plea, that the plea of guilty is knowing and voluntary, that he's acting of his own free will in pleading guilty, and that there's an adequate factual basis containing each of the essential elements of his plea. Therefore, the guilty is entered and the defendant is now adjudged guilty of the offense set forth in the indictment.

Sir, you may have a seat.

And I will sign and date the waiver of trial by jury form, which the defendant and the attorneys have already signed.

MR. FENTON: Your Honor, just one procedural point.

THE COURT: Okay.

MR. FENTON: I believe the Court had not yet covered forfeiture or restitution with the defendant.

THE COURT: Okay. Sir, I should have also mentioned to you that you may be facing forfeiture for any ill-gotten gains as a result of your conduct and that you may be also ordered to pay restitution to any victims of your offenses. Do you understand that, sir?

THE DEFENDANT: I do.

THE COURT: And knowing that, does that make any difference in your wish to plead guilty to these offenses?

THE DEFENDANT: Could I have a moment?

THE COURT: Sure.

(Pause in the proceedings.)

THE COURT: Mr. Berman, knowing that, does that make any difference in your wish to plead guilty to these offenses?

THE DEFENDANT: It does not.

THE COURT: Okay. Do you believe I need to make any further inquiry, Mr. Fenton?

MR. FENTON: No, I do not.

THE COURT: All right. And, Mr. Collins?

MR. COLLINS: No, Your Honor.

THE COURT: Okay. I'm going to set the sentencing date. I'm looking at March 13th, 10:00 a.m. Does that work for the government?

MR. FENTON: Yes, Your Honor.

THE COURT: And, Mr. Collins, does that work for you?

MR. COLLINS: Your Honor, I actually have a murder trial. Let me just check. I think I have a murder trial --

THE COURT: Okay. That's --

MR. COLLINS: I can --

THE COURT: I'm happy to move it. You should --

MR. COLLINS: The other thing is, if the Court had a chance to read the submission, I think it's going to be a lengthy hearing. We have a number of disputes on sentencing guidelines, and we expect to call witnesses. I don't know if the government's going to call witnesses. So I suspect it's certainly going to be at least a day.

THE COURT: Oh, okay. So is your -- honestly, I've -- you're expecting to contest loss? Is that --

MR. COLLINS: That's a major dispute on the loss amount.

THE COURT: Okay. And honestly, I've not done this before. I'm wondering if it makes sense, and maybe Ms. Peterson would be interested in your thoughts on this, do we want to kind of bifurcate this?

MS. PETERSON: I think it would make sense to schedule an evidentiary hearing, have the hearing and then set a sentencing date after that, in case the Court wants

submissions from the parties.

THE COURT: Okay. So that might be -- I guess we don't necessarily need to wait -- well --

MS. PETERSON: I think it's going to take -- I don't know how long it will take the government to get its information ready for it, but I know it will take us some time to get the experts on board and have those discussions. So I still think we should do it sometime in March.

THE COURT: Okay.

MS. PETERSON: It may delay the sentencing slightly after that, but I think it -- we should do it in the normal course so that we can get the PSR going. The Court will have the benefit of what probation believes the guidelines to be. I don't think probation can weigh in on the loss amount because all they will know is what we say and what the government says. It will be an issue for the Court to decide. But the other sentencing factors might make some sense.

THE COURT: Okay. Mr. Fenton, do you agree with all that?

MR. FENTON: The government is agreeable to having an evidentiary hearing on the loss question.

THE COURT: Okay. So, Mr. Collins, I think -- sounds like you were going to have the trickiest schedule.

MR. COLLINS: Your Honor, I'm sorry, I missed a date. I thought it was the week of March 6th?

THE COURT: March 13th.

MR. COLLINS: Picking a jury in the murder case March 4th. Hopefully be done on the 13th.

THE COURT: Well, I would rather push it back and be sure to have you. I could do the 14th or the 20th.

MR. COLLINS: 20th works for the defense.

THE COURT: All right. Does that work for government?

MR. FENTON: Yes, Your Honor.

THE COURT: Okay. So we'll set this for an evidentiary hearing on March 20th. Just -- I think maybe I'll go ahead and set the sentencing date, especially given Mr. Collins' busy schedule. Probably makes sense to lock him in. How about 2:00 p.m. on April 12th? Does that work for the government?

MR. FENTON: Yes, Your Honor.

THE COURT: And does that work for defense?

MR. COLLINS: It works for me, Your Honor.

MS. PETERSON: That should work, Your Honor. I am standby counsel in a January 6th case that starts on the 8th of April, but I don't have a reason to believe it would take that long.

THE COURT: Okay. So let's set this for sentencing for April 12th. I'll ask for any memoranda in aid of sentencing to be filed by April 5th.

Mr. Berman, a written presentence report will be prepared by the probation office to assist me in sentencing. You'll be asked to give information for the report, and your attorneys may be present if you wish. You and your attorneys will have an opportunity to read the presentence report and file any objections to it before I see it. And again, before sentencing. You and your attorneys will have an opportunity to speak to me at your sentencing hearing, as would any victims of the offense.

Mr. Fenton, anything further we should be discussing today?

MR. FENTON: No, Your Honor.

THE COURT: And, Mr. Collins?

MR. COLLINS: Nothing from the defense, Your Honor.

THE COURT: All right. Thanks, folks.

Obviously, I'm vacating the trial date and any other dates that we did not just discuss now. I will see you all next year. Thanks for everybody's hard work on this. Thank you, folks.

(The proceedings were concluded at 3:40 p.m.)

I, Christine Asif, RPR, FCRR, do hereby certify that the foregoing is a correct transcript from the stenographic record of proceedings in the above-entitled matter.

_________/s/_____________
Christine T. Asif
Official Court Reporter

< Dates >.
April 11:11, 24:14, 24:24, 24:25.
April 2020, 9:22.
April 23rd, 2020, 10:20.
April, 24:21.
January 6th 24:20.
June 2020 11:11.
June 2020, 11:1.
March 21:24, 24:1, 24:3, 24:11.
March 2020 9:22.
March 6th 23:25.
May 11:1.
$100 15:20.
$250 15:12.
$5 15:11.
.
.
< 0 >.
00 21:24, 24:14.
000 15:12.
.
.
< 1 >.
1 9:21, 12:13, 19:24.
10 21:24.
10th 1:41.
12th 24:14, 24:24.
1343 13:5, 20:4.
13th 21:24, 24:1, 24:3.
1400 1:26.
14th 24:5.
15 12:13, 20:1.
1505 13:18, 20:9.
18 13:5, 13:18, 20:4, 20:9.
.
.
< 2 >.
2 9:21, 13:5, 20:3, 24:14.
20 15:2, 15:3.
20-278 2:3.
20-278-TNM 1:6.
20001 1:42.
20004 1:34.
2023 1:11.
20530 1:27.
20th 24:5, 24:6, 24:11.
.
.
< 3 >.
3 9:21, 13:17, 20:7, 25:21.
3:08 p.m. 1:12.
.
.
< 4 >.
40 25:21.
48 5:9.
4th 24:3.
.
.
< 5 >.
550 1:33.
5th 24:25.
.
.
< 6 >.
625 1:32.
.
.
< 7 >.
70 4:24.
78(ff 12:14, 20:1.
78(j 12:13, 20:1.
.
.
< 8 >.
850 1:41.
8th 24:21.
__________/s/_____________ 25:27.
.
.
< A >.
a.m. 21:24.
ability 5:10, 5:17.
able 3:6, 16:12.
abolished 18:17.
above-entitled 25:25.
Absolutely 19:18.
accept 3:20, 7:17, 19:4.
account 17:20.
accuracy 10:22.
accurately 15:23.
accusing 11:4.
acknowledges 9:12.
acronym 9:25.
across 2:14.
act 12:21.
acted 12:24.
acting 20:15.
ACTION 1:5.
actions 11:5, 11:11.
actual 16:20.
actually 22:4.
addiction 5:25.
addition 17:21.
additional 10:5.
adequate 20:16.
adjudged 20:18.
administer 3:12.
administration 13:25.
administrative 14:24.
advancing 13:13.
advisory 16:25.
affect 5:9.
afternoon 2:6, 2:9, 2:10, 2:20, 2:21.
agency 13:17, 13:21, 20:8.
ago 17:6.
agree 9:11, 15:22, 15:25, 16:1, 17:11, 18:13, 23:18.
agreeable 23:20.
agrees 9:12, 9:20.
ahead 24:12.
aid 24:24.
alcohol 5:8.
alias 11:2, 11:6, 11:8,

11:15.
allegations 11:9.
already 18:5, 20:22.
America 1:5, 2:3.
amount 22:18, 23:14.
answers 4:15, 6:21.
appeal 7:23, 7:25, 8:3, 18:12.
APPEARANCES 1:19.
applicable 16:5.
applies 16:7, 16:24.
apply 14:20, 16:9.
appoint 7:9.
approval 11:13.
artifice 12:18.
Asif 1:44, 25:23, 25:28.
asserted 11:10.
assessment 15:20.
assist 25:2.
assisted 11:6.
attorney 7:7, 7:24, 14:18, 16:14, 19:15.
attorneys 2:17, 4:10, 6:3, 6:14, 7:3, 8:21, 16:8, 16:19, 20:22, 25:4, 25:7.
attract 10:19.
authority 16:25.
authorized 11:7.
available 18:3, 18:4.
Avenue 1:26, 1:32.
aware 10:25.
.
.
< B >.
B-e-r-m-a-n 4:22.
B. 1:36.
back 24:4.
Based 6:21.
bases 14:6.
basis 9:21, 20:16.
behalf 2:11, 7:12.
behind 11:15.
believe 21:2, 21:18, 24:21.
believed 10:7.
believes 23:13.
benefit 23:13.
Berman 2:3, 2:11, 2:21, 3:6, 3:17, 4:18, 4:22, 9:20, 9:22, 10:1, 10:7, 10:13, 10:24, 11:1, 11:5, 11:7, 11:13, 11:14, 11:15, 11:22, 14:5, 21:15, 25:1.
Berman. 11:17.
best 12:4.
better 4:9.
beyond 7:19, 12:15, 13:6, 13:19, 14:7.
bias 11:9.
bifurcate 22:22.
Bio 10:4.
blood 5:19, 10:1, 10:2, 10:5, 10:10, 10:17, 10:23, 11:13.
board 23:7.
born 5:6.
bound 17:16.
break 4:11.
briefly 7:4.
burden 7:18.
Burling 1:40.
business 12:22.
busy 24:13.
.
.
< C >.
C. 1:10, 12:13, 13:5, 13:18, 20:1, 20:4, 20:9.
calculate 16:4.
call 7:10, 22:12, 22:13.
capable 3:21, 6:23, 9:25, 20:12.
carefully 7:1, 11:19.
carries 15:2, 15:3, 15:4.
carrying 13:13.
case 2:2, 6:3, 6:11, 6:14, 7:6, 8:4, 8:14, 14:8, 14:20, 16:8, 16:9, 16:12, 16:24, 17:12, 17:15, 18:20, 19:4, 19:12, 22:25, 24:2, 24:20.
cases 2:24.
caused 13:1, 13:14.
certain 6:24.
certainly 4:11, 22:14.
certify 25:23.
Chaclan 3:12.
chance 22:10.
characteristics 17:23.
charged 14:23.
charges 4:5, 6:6, 6:10, 6:13, 9:14, 18:17, 20:13.
charging 19:25, 20:4, 20:8.
check 22:5.
chief 9:23.
chooses 3:24.
Christine 1:44, 25:23, 25:28.
Christopher 1:21, 2:7.
circumstances

12:21, 17:1, 17:22, 18:12.
civil 8:9.
clear 5:21.
clearly 5:17.
CLERK 2:2.
client 3:4, 11:20.
co-counsel 2:13.
coerced 18:23.
coherent 5:21.
colleagues 2:12.
Collins 1:36, 2:11, 2:20, 3:3, 3:9, 6:16, 8:24, 9:17, 11:18, 12:9, 15:22, 21:21, 22:2, 23:22, 24:13, 25:13.
collusion 11:9.
COLUMBIA 1:2.
Columbia 1:31, 1:47.
commerce 13:2, 13:16.
Commission 10:21.
communication 13:2, 13:16, 14:3.
company 9:23, 10:3.
competence 6:17.
competent 6:22, 20:12.
completed 16:13.
completely 6:2.
computer-aided 1:50.
concluded 25:21.
conclusions 16:15.
conduct 11:16, 13:3, 13:4, 18:2, 18:7, 21:6.
connection 12:16, 14:15, 19:1.
consequences 20:13.
consider 16:4, 17:22, 18:8.
constitutional 3:25.
consult 4:10.
containing 20:16.
contest 22:16.
convicted 7:20, 7:23.
conviction 7:24, 8:4.
copy 6:9.
Corp. 9:24.
corporate 10:19.
correct 3:3, 3:5, 11:18, 11:22, 25:24.
correctly 15:23.
corruptly 14:2.
Counsel 2:4, 2:12, 7:9, 24:20.
Count 12:13, 13:5, 13:17, 19:24, 20:3, 20:7.
Counts 9:3, 9:4, 9:8, 9:21, 14:16, 15:24.
couple 17:6, 19:16.
course 12:22, 19:18, 23:12.
covered 21:2.
COVID-19 10:1, 10:5, 10:10, 10:17, 10:23, 11:13.
Covington 1:40, 2:11.
creation 11:12.
Criminal 1:5, 1:25, 2:2, 16:6, 16:8, 17:24, 18:2.
cross-examine 7:11.
.
.
< D >.
damaging 11:11.
date 20:21, 21:24, 22:25, 23:25, 24:12, 25:17.
dates 25:18.
day 22:14.
DC 1:27, 1:34, 1:42.
deal 14:14.
decades 10:8.
deceit 12:23.
December 7th 1:11.
decide 4:2, 4:4, 23:16.
decided 16:24.
Decision 9:24, 20:12.
DECN 9:25, 10:8, 10:11, 10:16, 10:21, 10:22, 10:24, 11:5, 11:17.
DEFENDANT 1:12, 1:29, 3:12, 3:14, 3:15, 5:5, 6:17, 6:22, 8:23, 9:11, 12:11, 12:17, 12:24, 12:25, 13:8, 13:12, 13:14, 13:23, 14:2, 14:25, 15:24, 19:23, 20:6, 20:11, 20:18, 20:22, 21:3.
defendants 13:22, 18:6.
Defender 1:30.
defense 24:6, 24:17, 25:14.
defraud 10:16, 12:19, 12:25, 13:9, 13:12, 13:13.

delay 23:10.
Department 1:24.
deprived 8:8.
detect 10:10.
detecting 10:1.
determine 16:12.
determining 16:3, 17:20.
deters 18:1.
develop 10:4, 10:9.
developing 10:2.
development 9:25, 10:17, 11:13.
device 12:18.
devices 10:3, 10:9.
devised 13:8.
Diagnostics 9:24.
difference 21:11, 21:16.
different 8:25, 16:20.
discuss 6:6, 25:18.
discussed 6:14, 8:13, 16:21, 18:5.
discussing 9:25, 25:10.
discussion 9:5.
discussions 23:7.
dispute 22:17.
disputes 22:11.
distributed 10:11.
District 1:1, 1:2, 1:17, 1:31, 1:46, 1:47.
disturbance 5:25.
Division 1:25.
doing 5:10.
done 22:19, 24:3.
doubt 7:19, 12:15, 13:7, 13:19, 14:7.
draft 11:3.
drowsy 5:14.
drugs 5:8, 5:25.
due 10:21, 13:25.
during 4:7.
.
.
< E >.
early 18:20.
eat 5:18.
effort 10:18.
elements 9:13, 12:10, 12:15, 13:7, 13:19, 13:20, 14:5, 20:17.
emotional 5:24.
employed 12:18.
end 11:12, 11:16, 16:20.
endeavored 13:24.
ends 17:15.
engaged 11:15, 12:21.
engaging 18:1.
enough 6:5.
ensure 18:5.
enter 19:15.
entered 20:18.
entering 3:23, 6:23, 18:23, 19:7.
especially 24:12.
Esquire 1:21, 1:22, 1:23, 1:29, 1:36, 1:37, 1:38, 1:39.
essential 9:13, 20:17.
estimate 16:18, 16:19.
events 15:11.
everybody 25:19.
evidence 7:12.
evidentiary 22:24, 23:21, 24:11.
exactly 4:5.
Exchange 10:20.
executive 9:23.
expect 22:12.
expected 17:15.
expecting 22:16.
experts 23:7.
explain 3:18, 4:9, 6:24.
exposure 15:23.
.
.
< F >.
faces 15:24.
facing 21:5.
fact 11:25, 12:19, 12:20.
factors 17:20, 18:8, 23:17.
facts 9:10, 9:12, 9:18, 9:20, 11:20, 12:1, 12:4, 16:15.
factual 20:16.
fair 5:4.
false 13:10.
far 4:25, 5:2.
favorable 10:18.
FCRR 1:44, 25:23.
Federal 1:30, 16:7, 18:17.
feel 5:13.
feeling 5:20.
felonies 8:8.
felony 15:20.
Fenton 1:21, 2:7, 3:2, 6:19, 9:11, 12:6, 12:10, 14:4, 16:1, 21:19, 23:18, 25:10.
few 3:18, 4:13.
file 25:6.
filed 24:25.

Finally 4:3.
find 6:22,
   6:25.
fine 15:11.
firearm
   8:11.
First 7:5,
   12:16, 15:1,
   15:11.
five 15:5.
folks 2:9,
   2:21, 2:24,
   25:16,
   25:20.
following
   9:20, 12:15,
   12:17, 13:7,
   13:20.
force 14:2.
forced
   18:22.
foregoing
   25:24.
foreign
   13:16.
forfeiture
   21:3,
   21:5.
form 8:18,
   20:22.
format 8:25.
forth 20:19.
forward 2:4.
found 18:7.
four 14:1.
Fraud 1:25,
   12:13,
   12:23, 13:5,
   14:23,
   19:25,
   20:4.
fraudulent
   13:3, 13:4,
   13:10.
free 19:8,
   20:15.
full 4:17.
fully 6:13,
   6:22,
   20:12.

furtherance
   13:3,
   13:4.
furthering
   13:13.
.
.
< G >.
gains 21:6.
general
   6:14.
generate
   10:18.
give 4:9,
   8:14, 17:19,
   18:5,
   25:3.
given 16:19,
   18:6,
   24:12.
gives 3:25.
giving 4:2,
   8:3.
glad 2:16.
glucose 10:2,
   10:4, 10:5,
   10:8.
Government
   1:21, 2:5,
   7:11, 7:18,
   12:14, 13:6,
   13:18, 14:7,
   14:14,
   16:14,
   18:12,
   18:13,
   21:25,
   22:13, 23:5,
   23:16,
   23:20, 24:8,
   24:15.
graduate
   5:3.
groundbreaking
   10:10.
guess 23:2.
guideline
   16:24,
   16:25.
Guidelines

14:20, 16:5,
   16:7, 16:9,
   16:12,
   16:20, 17:3,
   17:21, 18:4,
   22:12,
   23:13.
guilt 7:19,
   8:4.
Guilty 3:20,
   3:22, 3:25,
   4:2, 4:4,
   5:10, 6:7,
   7:5, 7:17,
   8:3, 8:8,
   8:14, 8:24,
   14:16, 18:7,
   18:23, 19:1,
   19:5, 19:7,
   19:8, 20:2,
   20:6, 20:10,
   20:14,
   20:15,
   20:17,
   20:18,
   21:11,
   21:16.
.
.
< H >.
Hancock 3:2.
hand 3:13.
Hangout
   11:3.
happening
   9:2.
happy 22:8.
hard 25:19.
hear 7:10.
hearing 4:3,
   4:7, 22:11,
   22:24,
   23:21,
   24:11,
   25:8.
help 2:24,
   7:24.
helpful
   18:2.
hereby

25:23.
history 10:2,
   16:7,
   17:23.
hold 8:9.
honestly
   22:15,
   22:19.
Honor 2:2,
   2:6, 2:10,
   3:5, 6:18,
   6:20, 7:15,
   7:21, 8:1,
   9:15, 11:21,
   11:24, 12:2,
   12:5, 12:8,
   12:12, 14:9,
   16:2, 19:20,
   20:24,
   21:22, 22:1,
   22:4, 23:24,
   24:9, 24:16,
   24:18,
   24:19,
   25:12,
   25:15.
HONORABLE
   1:16.
Hopefully
   24:3.
hours 5:9.
humanity
   11:12.
.
.
< I >.
identify
   2:4.
ill-gotten
   21:5.
illness
   5:24.
impede
   13:25.
impeded 11:12,
   13:24.
impedence
   10:6,
   10:9.
implications

3:22.
important
  3:20, 3:24,
  4:3, 15:7.
impose 17:1,
  18:13,
  18:18,
  19:4.
imposed
  17:12.
impression
  9:1.
imprisonment
  15:2, 15:4,
  15:5,
  15:9.
in. 24:14.
including
  10:5,
  10:12.
incorrect
  12:4.
independent
  11:4.
Indiana
  1:32.
indictment
  3:4, 6:10,
  9:2, 9:22,
  14:16,
  19:25, 20:4,
  20:8,
  20:19.
influence
  11:3, 11:16,
  13:24.
influenced
  13:24.
information
  23:6,
  25:3.
informed
  6:23.
innocent
  7:18.
inquiry
  21:19.
instruments
  13:1.
intends 3:4.

intent 10:16,
  12:25,
  13:12.
intentionally
  10:15.
interested
  22:21.
interfere
  5:16.
internet
  10:12.
interstate
  13:2,
  13:16.
investigation
  10:24,
  11:16.
investigators
  11:10.
Investor 11:2,
  11:3.
investors
  10:13.
involved
  10:14.
issue 23:16.
issued 10:11,
  10:18.
issuing
  10:14.
.
.
< J >.
J. 1:38.
John 3:2.
Joined 2:11.
Jonah 1:37,
  2:14.
Jose 1:38,
  2:13.
JUDGE 1:17.
Jury 7:6,
  8:10, 8:18,
  20:21,
  24:2.
Justice
  1:24.
.
.
< K >.

K-e-i-t-h
  4:21.
Kate 2:7.
Katherine
  1:22.
Keith 2:3,
  4:18,
  4:21.
KEITH BERMAN
  1:10.
Kevin 1:36,
  2:10.
kind 5:25,
  8:11, 8:25,
  22:22.
kinds 18:3.
knowing 20:14,
  21:10,
  21:15.
knowingly
  12:24, 13:1,
  13:8.
knowledge
  12:4.
.
.
< L >.
larger
  10:19.
last 5:9.
later 8:8.
law 7:17,
  14:1.
least 22:14.
lectern 3:7.
legal 14:6.
lengthy
  22:11.
less 17:2.
letter 11:4,
  11:7, 11:9,
  14:3.
leverage
  10:7.
levied 11:9.
line 18:6.
listen 7:1.
LLP 1:40.
lock 24:13.
long 23:5,

24:22.
long-standing
  10:2.
looking
  21:24.
looks 3:2,
  9:9, 9:16.
loss 22:16,
  22:17,
  23:14,
  23:21.
Louis 5:7.
.
.
< M >.
M-o-r-g-a-n
  4:22.
M. 1:29.
machine
  1:49.
mails 13:3.
major 22:17.
manual 16:6,
  16:7.
manufactured
  10:4.
March 23:8.
material
  12:19,
  12:20.
materially
  10:15,
  13:10.
Matt 2:7.
matter 6:25,
  25:25.
Matthew
  1:23.
maximum 15:2,
  15:3, 15:4,
  15:8, 15:23,
  17:6.
Mccarthy 1:22,
  2:7.
means 4:14,
  13:1, 13:10,
  13:15.
medication
  5:12.
medicine

5:9.
memoranda 24:24.
mental 5:24.
mentioned 21:4.
messages 11:2.
Michelle 1:29, 2:13.
middle 4:19.
million 15:11.
mind 3:8.
minutes 19:16.
misconduct 11:4.
misleading 10:15, 12:21.
missed 23:24.
Missouri 5:7.
moment 2:22, 8:21, 21:12.
moments 17:6.
money 13:9.
monitoring 10:3, 10:8.
Morgan 4:18, 4:21.
move 22:8.
MR. COLLINS 2:10, 2:18, 3:5, 6:18, 9:3, 9:7, 9:19, 11:21, 15:25, 19:20, 21:22, 22:4, 22:7, 22:9, 22:17, 23:24, 24:2, 24:6, 24:18, 25:14.
MR. FENTON 2:6, 6:20, 9:15, 12:8, 12:12, 16:2, 20:24, 21:2, 21:20, 22:1, 23:20, 24:9, 24:16, 25:12.
MS 2:13, 2:23, 3:12, 22:21, 22:23, 23:10.
MS. PETERSON 2:22, 2:25, 23:4, 24:19.
multiple 6:3.
murder 22:4, 22:5, 24:2.
.
.
< N >.
name 4:17, 4:19.
narcotic 5:25.
nature 17:22, 20:13.
necessarily 23:3.
necessary 7:9.
need 3:2, 3:18, 3:19, 3:21, 7:3, 14:7, 15:19, 21:18, 23:3.
negotiations 14:13.
New 1:26.
Next 2:12, 2:13, 25:19.
nice 2:25.
Nicholas 1:39, 2:15.
NO. 1:5.
Nods. 17:7.
normal 23:11.
normally 8:25.
Nothing 25:14.
number 2:12, 3:19, 22:11.
NW 1:26, 1:32, 1:41.
.
.
< O >.
oath 3:12, 4:14.
object 16:15.
objections 25:6.
obligated 16:4.
obstruct 13:25.
obstructed 13:24.
obstruction 13:17, 14:23, 20:8.
obtain 13:9.
Obviously 3:9, 25:17.
offense 9:10, 12:14, 13:6, 13:18, 14:19, 15:1, 15:4, 15:9, 15:12, 15:13, 15:17, 15:20, 16:6, 17:22, 17:25, 18:5, 20:19, 25:9.
offenses 12:11, 14:6, 21:7, 21:11, 21:16.
offer 8:25, 9:6.
office 8:10, 25:2.
officer 9:23, 16:16.
Official 1:45, 25:29.
Okay 3:6, 5:20, 5:23, 9:5, 9:9, 9:16, 11:22, 12:9, 16:3, 21:1, 21:4, 21:18, 21:23, 22:6, 22:15, 22:19, 23:2, 23:9, 23:18, 23:22, 24:10, 24:23.
old 4:23.
omitted 12:20.
One 2:22, 13:8, 13:21, 20:24.
open 10:23.
operate 12:22.
operated 12:22.
opportunity 4:9, 16:14, 25:5, 25:7.
order 3:20.
ordered 21:7.
others 18:1.
outside 17:5.
own 19:8, 20:15.
.
.
< P >.

p.m. 24:14,
   25:21.
Panikar 1:37,
   2:14.
parole 18:16,
   18:20.
participated
   13:9.
particular
   17:23.
parties 14:13,
   23:1.
partner
   10:19.
Pause 19:19,
   21:14.
pay 15:11,
   15:20,
   21:7.
paying 2:16.
pending 6:10,
   13:21.
perjury
   4:15.
person 16:6.
personally
   10:13.
PETERSON 1:29,
   2:13, 2:23,
   22:21,
   22:23,
   23:10.
Picking
   24:2.
Plaintiff
   1:7.
plea 3:20,
   3:23, 6:23,
   7:17, 8:24,
   9:4, 9:5,
   9:6, 9:21,
   14:13,
   14:14,
   17:16,
   18:23, 19:1,
   19:5, 19:7,
   19:12,
   19:15, 20:1,
   20:5, 20:9,
   20:14,

   20:17.
PLEA HEARING
   1:15.
plead 3:4,
   3:18, 3:25,
   4:2, 4:4,
   6:7, 6:17,
   7:5, 8:14,
   12:11,
   21:11,
   21:16.
pleading 3:22,
   5:10, 8:2,
   8:7, 9:1,
   9:7, 9:13,
   14:16,
   20:15.
pleas 17:11.
Please 2:4,
   5:1, 7:1,
   19:17.
podium
   14:11.
point 4:7,
   5:21, 14:14,
   20:25.
possess
   8:11.
possible
   18:18.
potential
   10:13.
practice
   12:22.
prepare
   7:24.
prepared 9:17,
   25:2.
prescription
   5:11.
present 7:12,
   25:4.
presentence
   16:13, 25:1,
   25:5.
press 9:24,
   10:11,
   10:14,
   10:17,
   10:22.

presumed
   7:17.
pretenses
   13:11.
preview
   17:19.
previously
   14:12.
prison
   18:18.
private 7:4,
   11:2.
Probably
   24:13.
probation
   16:15,
   23:13,
   23:14,
   25:2.
procedural
   20:24.
proceed 3:11,
   19:22.
proceeding
   7:8, 13:17,
   13:21,
   13:23, 14:1,
   14:24,
   19:12,
   20:9.
Proceedings
   1:49, 25:21,
   25:25.
proceedings.
   19:19,
   21:14.
produced
   1:49.
product
   10:10.
progress
   10:16.
promises
   13:11,
   14:15,
   18:25,
   19:3.
proper
   13:25.
property

   13:10.
prosecuted
   4:15.
prove 7:18,
   12:14, 13:6,
   13:18,
   13:19,
   14:7.
provide 4:15,
   9:20.
provided
   6:22.
provides
   17:25,
   18:2.
PSR 23:12.
Public 1:30,
   8:10,
   10:11.
publicity
   10:18.
publicly
   9:23.
punishment
   18:1.
purchase
   12:16.
purchaser
   12:23.
purpose
   17:24.
push 24:4.
put 9:9.
.
.
< Q >.
question 6:16,
   23:21.
questions
   3:19, 4:13,
   7:1,
   10:22.
quote 11:11,
   11:12.
.
.
< R >.
R. 1:21.
radio 13:15.
raise 3:13.

Ramos 1:38, 2:13.
range 16:5, 16:25.
rather 24:4.
read 5:4, 6:13, 9:18, 22:10, 25:5.
ready 19:22, 23:6.
really 2:16.
reason 19:9, 24:21.
reasonable 7:19, 12:15, 13:7, 13:19, 14:7.
received 5:23, 6:9.
recently 5:24.
recommended 16:5, 17:2.
record 2:5, 25:25.
recorded 1:49.
recruit 11:8.
reduction 18:19.
reflects 17:25.
Reilly 1:23, 2:7.
release 15:16.
released 9:24, 18:19.
releases 9:24, 10:11, 10:14, 10:17, 10:22.
remaining 9:4, 9:8, 9:13, 14:16.
remind 4:14.
report 16:13, 25:1, 25:3, 25:5.
Reported 1:44.
Reporter 1:45, 25:29.
representations 13:11.
represented 7:7.
required 15:10.
respond 11:23.
restitution 21:3, 21:7.
result 21:6.
retake 14:11.
reveal 11:14.
review 11:6.
rights 4:1, 6:24, 7:1, 8:3, 8:9, 8:13, 8:15.
RPR 1:44, 25:23.
.
.
< S >.
S. 1:24.
sale 12:16.
sample 10:1.
satisfied 3:21, 6:2, 12:7, 20:11.
says 23:16.
schedule 22:24, 23:23, 24:13.
scheme 12:18, 13:9, 13:13.
school 4:25, 5:2, 5:3.
seat 8:21, 20:20.
SEC 10:21, 10:23, 11:4, 11:7, 11:10, 11:15, 11:16.
second 15:3, 15:12.
Section 1:25, 12:13, 13:5.
Securities 10:20, 12:13, 14:23, 19:25.
security 12:16.
seeing 2:18.
selecting 18:9.
seller 12:23.
sense 22:20, 22:23, 23:17, 24:13.
sent 11:2.
sentence 15:2, 15:3, 15:4, 15:8, 16:4, 16:12, 17:1, 17:2, 17:12, 17:14, 17:21, 17:23, 18:9, 18:13, 18:18, 19:4.
sentenced 18:17.
sentences 18:4, 18:6.
Sentencing 4:5, 14:19, 14:20, 16:5, 16:9, 17:21, 17:24, 18:4, 21:23, 22:11, 22:25, 23:10, 23:17, 24:12, 24:23, 24:25, 25:2, 25:7, 25:8.
seriousness 17:25.
serve 8:10, 18:18.
served 17:24.
services 6:3, 18:3.
set 20:19, 21:23, 22:24, 24:10, 24:12, 24:23.
several 9:24.
severe 17:1, 17:2, 17:15.
shareholder 11:4, 11:6.
shareholders 11:8, 11:14.
shorthand 1:49.
sign 2:24, 11:8, 20:21.
signal 13:14.
signature 8:17.
signed 20:23.
similar 18:6, 18:7.
simply

17:11.
Sir 3:7, 3:13, 4:17, 4:20, 4:23, 5:6, 6:24, 7:14, 8:16, 8:17, 11:23, 14:10, 14:12, 14:18, 15:7, 15:10, 16:3, 16:21, 17:8, 17:19, 18:11, 18:22, 18:24, 19:2, 19:6, 19:13, 19:22, 19:24, 20:20, 21:4, 21:8.
slightly 23:10.
sometime 23:8.
sorry 23:24.
sound 13:15.
sounds 23:23.
special 15:20.
spell 4:19.
St. 5:7.
stage 7:8.
stand 3:7.
standby 24:20.
start 4:13.
starting 2:5.
starts 24:20.
state 12:10.
stated 12:1, 12:20, 15:23.
statement 8:23, 9:10, 9:12, 9:18, 11:19, 12:1, 12:3, 12:19.
statements 10:15.
States 1:1, 1:5, 1:17, 1:46, 2:3, 2:8, 13:22.
status 10:16.
statute 14:19.
statutory 17:6.
stenographic 25:24.
stock 10:21.
straight 9:7.
Street 1:41.
subject 15:15.
submission 11:7, 22:10.
submissions 23:1.
sugar 5:19.
Suite 1:33.
superseding 9:21, 19:25, 20:3, 20:7.
supervised 15:16.
support 8:23.
suspect 22:13.
suspended 10:21.
sworn. 3:14.
.
.
< T >.
T. 1:44, 25:28.
table 2:12.
talked 14:18, 16:8, 17:6.
technology 10:6, 10:8, 10:9.
television 13:15.
term 15:9, 15:16.
test 9:25, 10:4, 10:5, 10:17, 10:23, 11:13.
testify 7:12, 7:13.
testing 10:3, 10:9.
tests 10:6.
Thanks 25:16, 25:19.
THE CLERK 3:13, 3:16.
third 15:4, 15:12.
Thomas 1:37.
thoughts 22:21.
threatened 18:22.
threatening 14:3.
threats 14:2.
three 9:3, 9:4, 9:8, 12:25, 13:12, 13:23, 15:16.
today 2:19, 4:2, 4:16, 20:12, 25:11.
together 9:10.
traded 9:23.
trading 10:21.
TRANSCRIPT 1:15, 1:49, 25:24.
transcription 1:50.
transmission 13:14.
transportation 13:2.
treatment 5:23, 18:3.
TREVOR N. McFADDEN 1:16.
Trial 7:6, 7:8, 7:20, 7:23, 8:5, 8:18, 14:8, 20:21, 22:5, 25:17.
trickiest 23:23.
trouble 5:19.
true 19:10.
try 4:9.
Two 12:24, 13:11, 13:22.
type 5:24.
.
.
< U >.
ultimately 17:12.
understanding 3:21, 11:19.
understands 20:13.
Understood 2:18.
United 1:1, 1:5, 1:17, 1:46, 2:3, 2:8, 13:22.
unless 7:16.
until 7:16,

7:19,
16:12.
untrue
12:19.
untruthful
4:15.
using 11:1.
utilized
10:6.
.
.
< V >.
vacating
25:17.
valuable
8:8.
versus 2:3.
via 10:12.
victims 21:7,
25:9.
viewable
10:12.
voluntarily
3:23,
19:8.
voluntary
20:14.
vote 8:9.
vs 1:8.
.
.
< W >.
wait 23:3.
Waiver 8:18,
20:21.
wanted 7:13.
wants 22:25.
Washington
1:10, 1:27,
1:34,
1:42.
website
11:2.
week 23:25.
weigh 23:14.
welcome 3:9,
19:21.
Whether 6:6,
6:25, 17:23,
17:24, 18:1,

18:2.
will 4:6, 8:4,
16:11,
17:16,
17:20,
17:21,
18:18,
18:19, 19:4,
19:8, 20:15,
20:21, 23:5,
23:6, 23:12,
23:15,
23:16, 25:1,
25:5, 25:7,
25:18.
willfully
10:14,
12:24.
wire 13:5,
13:15,
14:23,
20:4.
wish 7:13,
21:11,
21:16,
25:4.
withdraw
17:11,
17:17.
witnesses
7:10, 7:11,
22:12,
22:13.
wondering
22:20.
words 16:18.
work 4:6,
21:24, 22:2,
24:7, 24:14,
24:17,
24:19,
25:19.
worked 10:3.
works 24:6,
24:18.
write 5:4.
writing
13:14.
written 6:10,
25:1.

.
.
< X >.
Xenakis 1:39,
2:15.
.
.
< Y >.
year 15:3,
25:19.
years 15:2,
15:3, 15:5,
15:16.
York 1:26.
yourselves
2:4.