```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - x
THE UNITED STATES OF AMERICA,
                                      Criminal Action No.
              Plaintiff,              1:20-cr-00278-TNM-1
                                      Wednesday, March 15, 2023
vs.                                   1:18 p.m.

KEITH BERMAN,

              Defendant.
- - - - - - - - - - - - - - - - x
_____

                   TRANSCRIPT OF STATUS CONFERENCE
          HELD BEFORE THE HONORABLE TREVOR N. McFADDEN
                     UNITED STATES DISTRICT JUDGE
_____

APPEARANCES:

For the United States:        CHRISTOPHER RICHARD FENTON, ESQ.
                              U.S. DEPARTMENT OF JUSTICE
                              CRIMINAL DIVISION, FRAUD SECTION
                              1400 New York Avenue, NW
                              Washington, DC 20530
                              (202) 514-0561
                              christopher.fenton@usdoj.gov

For the Defendant:            KEVIN B. COLLINS, ESQ.
                              NICK XENAKIS, ESQ.
                              ELIZABETH ERTLE, ESQ.
                              COVINGTON & BURLING LLP
                              One CityCenter
                              850 Tenth Street, NW
                              Washington, DC 20001
                              (202) 662-5598
                              kcollins@cov.com

                              MICHELLE M. PETERSON, ESQ.
                              FEDERAL PUBLIC DEFENDER FOR D.C.
                              625 Indiana Avenue, NW,
                              Suite 550
                              Washington, DC 20004
                              (202) 208-7500 ext 125
                              shelli_peterson@fd.org
(CONTINUED)
```

```
APPEARANCES (CONTINUED):

Court Reporter:              Lisa A. Moreira, RDR, CRR
                             Official Court Reporter
                             U.S. Courthouse, Room 6718
                             333 Constitution Avenue, NW
                             Washington, DC  20001
                             (202) 354-3187
```

```
 1                    P R O C E E D I N G S
 2              THE COURTROOM DEPUTY:  Your Honor, this is
 3    Criminal Case 20-278, United States of America vs. Keith
 4    Berman.  Can the parties please introduce yourselves
 5    starting with the government.
 6              MR. FENTON:  Good afternoon, Your Honor;
 7    Christopher Fenton and Kate McCarthy for the United States.
 8              THE COURT:  Good afternoon, folks.
 9              MR. COLLINS:  For the defense, Your Honor; Kevin
10    Collins from Covington.  We just entered our appearance I
11    think yesterday.  I'm joined by a couple of my Covington
12    colleagues, Elizabeth Ertle, Nick Xenakis, and we're also
13    pleased to be joined by Shelli Peterson from the federal
14    defender's office as well.
15              THE COURT:  Good afternoon, folks.
16              All right.  And good afternoon, Mr. Berman.
17              Why don't we -- Ms. Peterson, are you looking to
18    withdraw at this point, or are you going to continue on?
19              MS. PETERSON:  Your Honor, I will remain on the
20    case, but Covington & Burling will be taking over.
21              THE COURT:  All right.  Well, I'm happy to have
22    all of you on the case.  Thank you for your presence here.
23              I think the main thing we should discuss, now that
24    we have clarity of defense counsel, is the trial schedule.
25    We've got a trial scheduled for the week of July 10th.
```

1              Mr. Collins, does that date still work for
2     defense?
3              MR. COLLINS:  It does not, Your Honor.  We had a
4     brief phone call with the government lawyers yesterday where
5     we tried to explore schedules between counsel, obviously
6     subject to the Court's approval, but I have a -- I do a
7     number of these cases.
8              I have a murder trial in Rockville the week after
9     the initial date, so I know that this date would run over,
10    so there's an immediate conflict.
11             In addition, we -- I think we've received, you
12    know, 400,000 pages worth of discovery yesterday, so we have
13    some work to do.
14             And so we'd be looking to move and continue the
15    trial date.
16             THE COURT:  And how long do you think you would
17    need, Mr. Collins?
18             MR. COLLINS:  Well, I have a series of these
19    cases, including a two-week or an eight-day trial in
20    Rockville in the middle of September.  So the dates we were
21    looking at, Your Honor, were end of October, end of
22    November.
23             THE COURT:  All right.  Well, what's the
24    government's position on that?
25             MR. FENTON:  Thank you, Your Honor.

1                    The government -- just for the record, the
2     government strongly believes that the case should proceed to
3     trial on July 10th.  Covington is obviously one of the most
4     sophisticated, largest, resource-rich law firms in the
5     country, in the world.  We think that they can certainly
6     prepare for a trial that's four months away.
7                    It's our understanding that it's only -- that
8     there are four Covington attorneys who are staffed to this
9     matter, plus the First Assistant Federal Public Defender.
10    Only one has a conflict in July, which leaves the other four
11    that do not.  And it's our understanding that counsel is
12    new.  They have not done any work on this case yet.  There's
13    no institutional knowledge, and as far as we're aware.  You
14    know, Mr. Collins is not an indispensable member of this
15    team.
16                   And the other thing I would note is that
17    Covington, being as large as it is, has 700 attorneys in
18    D.C. to choose from who could also be staffed in this case,
19    and 1,300 worldwide.
20                   So given the history of this case and the fact
21    that, you know, we have been waiting to try this case for a
22    very long time, and given Covington's ability and resources,
23    we think that it would be appropriate to go to trial on July
24    10th.
25                   But if Your Honor were to disagree with that, we

1    can certainly discuss alternative dates and availability.
2               THE COURT:  Well, Mr. Collins, I think
3    Mr. Fenton just made a big plug for your law firm there.  I
4    certainly -- you know, I think some of the points are -- do
5    not persuade me, but I think he's right that you all
6    obviously have just joined the case, and there are multiple
7    attorneys present.
8               MR. COLLINS:  Your Honor --
9               THE COURT:  It would be helpful for me to
10   understand a little more why we're talking late fall.  That
11   feels longer than I was expecting, and frankly longer than
12   I'd like to go.
13              MR. COLLINS:  I'm happy to explain, Your Honor,
14   and elaborate.
15              So I do a number of these cases with younger
16   litigators as a means of professional development.  I've
17   done, I don't know, probably 50 criminal felony trials in
18   federal and state court.  I'm in charge of this matter.  I'd
19   be the lead Covington lawyer.  I do think I'm indispensable.
20              I have murder trials scheduled for April, May,
21   June, one starting in July in Charles County on the 17th.  I
22   have a family wedding in August, a two-week trial
23   essentially in September.
24              We're just getting into the case, and while I
25   recognize that we have hundreds of lawyers, a hundred

1      lawyers haven't entered their appearance in this case.
2               I had discussions with the government yesterday.
3      We've had discussions with the federal defender.  We're
4      happy to jump into this case, but there's got to be some
5      recognition that we have other cases that we're staffed on
6      and other things, and it's not 1,700 lawyers jumping into
7      this case.
8               THE COURT:  Yes, I recognize that, sir.  What two
9      weeks in September are you in trial?
10              MR. COLLINS:  It's the 18th and the 25th.  It's a
11     multidefendant murder trial in Rockville before McCally.
12              THE COURT:  All right.  So I'm looking at right
13     after Columbus Day, October 10th.  Is there any reason you
14     couldn't be ready then?
15              MR. COLLINS:  My preference -- I'm not -- the
16     answer is I could be ready.  My preference is October 30th,
17     but if the Court's inclined to make it on the 10th, I guess
18     we'll make it work.
19              THE COURT:  Mr. Fenton -- well, actually,
20     Ms. Peterson, does that work for you?
21              MS. PETERSON:  Yes, Your Honor.  Either of those
22     dates work for me.  My recollection was someone -- I thought
23     the government had a conflict that week, which is why we
24     were looking at October 30th.
25              THE COURT:  All right.  I haven't gotten to them

1    yet.
2            Mr. Fenton.
3            MR. FENTON:  Yes, Your Honor, and I just -- I
4    really do want to underscore and emphasize for the Court the
5    fact that the prosecutors who will be trying this case have
6    really scheduled their time, their other trials, around this
7    July trial date, so Mr. Reilly and myself, for example, we
8    have a trial in Miami in September.  It begins September
9    11th.  We have a trial in Hawaii, which probably sounds more
10   fun than it will be, which begins on October 17th.
11           So the date that we would be available -- we could
12   do a trial in November, which, again, is not what we want to
13   do.  But what I would hate to happen is to have these -- you
14   know, we've scheduled these other trials around the July
15   date.  I'd hate to now have this trial move to now conflict
16   with those because I do anticipate that those other trials
17   will go at that time.
18           MS. PETERSON:  I'll point out, Your Honor, that
19   Mr. Fenton -- as Mr. Fenton has noted, the government has
20   more lawyers working for it than Covington has, and perhaps
21   Mr. Fenton is the one who is not indispensable.
22           THE COURT:  All right.  All right.
23           I understand the government's frustration.  I
24   also -- I think there have been some very unusual
25   circumstances here.

1       Ms. Peterson knows anyway I like to move things
2  along.  I try to keep firm dates.  But we've had the
3  defendant's health situation that has obviously been out of
4  anybody's control, and, you know, his former attorneys have
5  also -- are no longer available also, you know, through no
6  fault of the defendant.  So I think under the circumstances
7  it's not really fair to hold the defense to the July date,
8  and I think I indicated to Ms. Peterson that I recognized we
9  needed to be flexible with that when I asked her to step in.
10       So my -- yeah, I feel like I have a lot of dates,
11  trials, in 2023, but I have not booked out to November yet.
12       So what's your -- what date are you suggesting,
13  Mr. Fenton?  Recognizing that I'm denying your -- well, I'm
14  granting the defense motion for a continuance.
15       MR. FENTON:  I appreciate that, Your Honor.
16       We did have a conversation with defense counsel,
17  and I think that November 27th, which is the Monday
18  following -- the week following Thanksgiving, would be a
19  good time for us to start.
20       I believe it was agreeable for everybody.
21       THE COURT:  All right.  Of the very few things I
22  do have scheduled, I have an Administrative Office of the
23  Court meeting a couple of days in the following week, and I
24  wouldn't want to disrupt the trial there.
25       So I can either start on the 11th of December or

```
 1    we can move it back earlier in November.  What's your
 2    preference?
 3            MR. COLLINS:  Your Honor, I have a hard conflict
 4    the 15th, 16th, and 17th of November, and that's sort of
 5    where we ended up on the 27th.  So if it has to be December
 6    11th, right before the holidays, I guess that's what we'll
 7    do.
 8            If it works for Your Honor and obviously
 9    government.
10            THE COURT:  Yeah, Mr. Fenton, if we do the second
11    half of -- actually, what I'd do is plan to pick a jury on
12    Friday, December 8th, and we'd get started then -- well, I'd
13    want us to be ready to start on the 8th, but really looking
14    to the next couple of weeks for trial.
15            Does that work for the government?
16            MR. FENTON:  Yes, Your Honor.
17            THE COURT:  All right.  So I'm granting what I
18    understand to be the defense motion for a continuance.
19            Am I correct on that, Mr. Collins?
20            MR. COLLINS:  Yes, Your Honor.
21            THE COURT:  All right.  I am granting the defense
22    motion for a continuance in light of the fact that we now
23    have new attorneys on the case.  We're scheduling the trial
24    date for Friday, December 8th, at 9:00 a.m. in Courtroom 2.
25            Let's push back to a -- pick some other dates
```

1    right now.
2            How about -- did you -- are you available on
3    November 17th for a pretrial conference, Mr. Collins?  I
4    think you said you were not available.
5            MR. COLLINS:  I am not.  On the 15th, 16th, and
6    17th I'm actually out of the country.
7            THE COURT:  Okay.  So how about July -- I'm sorry,
8    November 13th at 10:00 a.m.?  Does that work for a pretrial
9    conference for the government?
10           MR. FENTON:  Yes, Your Honor.
11           THE COURT:  And for the defense?
12           MR. COLLINS:  It works for Covington.
13           THE COURT:  Ms. Peterson?
14           Great.  All right.  So we'll set a pretrial
15   conference for November 13th.
16           I think I'm not going to -- that is still a
17   significant ways from now.  I'm not going to set
18   intermediate dates.  I think maybe the attorneys can be
19   discussing a briefing schedule that makes sense to the
20   parties in light of that, but at this point I think let's
21   just set another status conference in maybe about a month
22   and see where things are, and we can go from there.
23           I think we have a status conference set April 28th
24   at 10:00 a.m.  Am I correct about that, Mr. Fenton?
25           MR. FENTON:  Yes, Your Honor.

```
 1                THE COURT:  All right.  So, Mr. Collins, does that
 2     still work for defense?
 3                MR. COLLINS:  It works for me, Your Honor, and
 4     we'll get the Covington team to be present.
 5                THE COURT:  And, Ms. Peterson, does that still
 6     work for you?
 7                MS. PETERSON:  Yes, Your Honor.
 8                THE COURT:  Okay.  So I think I'll just leave
 9     things where they are, and we'll come back on April 28th to
10     discuss intermediate schedules.
11                I take it, Mr. Fenton, you're making sure that
12     discovery is getting over to new defense counsel?
13                MR. FENTON:  Yes, Your Honor.  I'm happy to report
14     that we've already provided discovery.
15                THE COURT:  Great.
16                All right.  Mr. Fenton, do you have a motion?
17                MR. FENTON:  I do, Your Honor.  The government
18     moves to exclude time under the Speedy Trial Act from July
19     10th to December 8th in the interests of justice because of
20     the complexity of the case and to allow the defense adequate
21     time to prepare for trial.
22                THE COURT:  Mr. Collins?
23                MR. COLLINS:  No objection, I think.
24                Is that right, Ms. Peterson?
25                MS. PETERSON:  Yes.
```

```
 1              THE COURT:  All right.  I think it is appropriate
 2   for us to toll the speedy trial clock until December 8th in
 3   light of the defense continuance, including the need for a
 4   new defense team to get up to speed on the trial, and
 5   frankly the defense counsel's schedule, which I think is an
 6   appropriate justification under the speedy trial clock to
 7   toll.  I understand why Mr. Berman wants to be able to take
 8   advantage of Mr. Collins's services, and I also understand
 9   Mr. Collins has a busy schedule.  I think it is appropriate
10   for the clock to toll until December 8th, and I find that
11   the interests of justice outweigh the interests of the
12   public and the defense in a speedy trial to the extent that
13   I will toll until the 28th.
14              Mr. Collins, anything further for defense?
15              MR. COLLINS:  Not today, Your Honor.  Thank you
16   very much.
17              THE COURT:  Thanks, folks.  I will see you on
18   April 28th.
19              MR. COLLINS:  Thank you, Your Honor.
20              MR. FENTON:  Thank you.
21                  (Whereupon the hearing was
22                     concluded at 1:34 p.m.)
23
24
25
```

**CERTIFICATE OF OFFICIAL COURT REPORTER**

I, LISA A. MOREIRA, RDR, CRR, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

**NOTE:** This hearing was held remotely by Zoom or some other virtual platform and is subject to the technological limitations of court reporting remotely.

Dated this 5th day of June, 2024.

/s/Lisa A. Moreira, RDR, CRR
Official Court Reporter
United States Courthouse
Room 6718
333 Constitution Avenue, NW
Washington, DC 20001