```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


United States of America,    ) Criminal Action
                             ) No. 20-cr-278
            Plaintiff,       )
                             ) BOND REVOCATION HEARING
vs.                          )
                             ) Washington, DC
Keith Berman,                ) April 11, 2023
                             ) Time:  10:05 a.m.
            Defendant.       )
_____

          TRANSCRIPT OF BOND REVOCATION HEARING
                      HELD BEFORE
         THE HONORABLE JUDGE TREVOR N. McFADDEN
              UNITED STATES DISTRICT JUDGE
_____

                    A P P E A R A N C E S

For Plaintiff:       Christopher Fenton
                     Katherine McCarthy
                     Matthew Reilly
                     U.S. Department of Justice
                     1400 New York Avenue, NW
                     Washington, DC  20530

For Defendant:       Michelle Peterson
                     Office of Federal Public Defender
                     625 Indiana Avenue, NW, Suite 550
                     Washington, DC  20004
                     Kevin Collins
                     Nick Xenakis
                     Covington & Burling LLP
                     One CityCenter
                     850 Tenth Street, NW
                     Washington, DC  20001

Pretrial Services: Christine Schuck
_____

Court Reporter:         Janice E. Dickman, RMR, CRR, CRC
                        Official Court Reporter
                        United States Courthouse, Room 6523
                        333 Constitution Avenue, NW
                        Washington, DC  20001
                        202-354-3267
```

```
 1            *  *  *  *  *  * *P R O C E E D I N G S*  *  *  *  *  *
 2                  THE COURTROOM DEPUTY:  Your Honor, this is criminal
 3       case 20-278, United States of America versus Keith Berman.
 4                  From pretrial, Officer Christine Schuck.
 5                  Counsel, please come forward to identify yourselves
 6       for the record, starting with the government.
 7                  MR. FENTON:  Good morning, Your Honor.  Christopher
 8       Fenton, Kate McCarthy, and Matt Reilly for the United States.
 9       And with us here we have U.S. Postal Inspector Kevin Powers.
10                  THE COURT:  Good morning, folks.
11                  MR. COLLINS:  Good morning, Your Honor.  Kevin
12       Collins, from Covington & Burling, joined by my colleagues
13       Elizabeth Ertle, Nicholas Xenakis, and our co-counsel Michelle
14       Peterson from the Public Defender's Office.
15                  THE COURT:  And we have Mr. Berman appearing by video
16       conference.  Mr. Collins, have you discussed with your client
17       proceeding virtually -- well, his virtual appearance for
18       purposes of today's hearing?
19                  MR. COLLINS:  Yes, Your Honor.  And, in fact, he's
20       joined by an assistant federal defender, Jon Aminoff, from the
21       Central District in California.
22                  THE COURT:  Am I correct, Mr. Berman, that you want
23       to proceed virtually for today's bond revocation hearing?
24                  THE DEFENDANT:  Yes.
25                  THE COURT:  Mr. Collins, have you also had an
```

1  opportunity to talk with your client about potentially
2  transferring this case to California?
3          MR. COLLINS:  Yes, Your Honor.  We -- we're inclined
4  to move the case to California.  We've talked to the government
5  about it.  And, so, given the medical conditions and everything
6  else, we would propose doing that.
7          THE COURT:  Okay.  I haven't done this before --
8  well, what's your understanding of what that process looks like
9  and what standard needs to be met?
10         MR. COLLINS:  I don't have a good understanding of
11 that, Your Honor.  This is something that -- we've had a
12 difficult time communicating with Mr. Berman.  He's in the
13 hospital.  We can't call him.  He's called us a few times over
14 the last couple weeks.  That's among the reasons we want to
15 move the case.  We will stay on it as counsel, but I don't have
16 a good answer for Your Honor right now.
17         THE COURT:  All right.  Mr. Fenton, do you know?
18         MR. FENTON:  I do, Your Honor.  The motion would have
19 to be made to the defendant.  It would be pursuant to Rule
20 21(b).  And the government -- we just spoke to counsel about
21 this issue for the first time yesterday, early afternoon; late
22 morning, early afternoon.  So we have still not formulated a
23 position.
24         The government's concern, of course, is now that we
25 have a firm trial date, now that the defendant is in custody,

1   you know, we see a clear path toward proceeding the trial on
2   December 8th, particularly given the medical records that were
3   recently submitted, which seem to confirm that the defendant is
4   okay and getting the treatment that he requires.  But, we have
5   not formulated a position yet.  So it may be the case that the
6   government opposes it and -- opposes any such motion and seeks
7   to proceed in this court on December 8th.
8            THE COURT:  All right.  So let me tell you what my
9   instinct is, is that we give you all, I'm thinking, about a
10  week to figure out -- I guess my instinct is not to proceed
11  with a revocation hearing, if this is going to another judge
12  elsewhere.  I think that that judge should make the decision.
13  I know things have been moving a little quickly for everyone
14  and, so, I guess my instinct is to continue this, maybe for
15  about a week, to give the defense an opportunity to move for
16  transfer and for the government to formulate its view on
17  whether or not transfer would -- whether they would consent to
18  it.  Does that make sense to you, Mr. Collins?
19           MR. COLLINS:  Just -- that works for the defense.
20  We'll file an appropriate motion.
21           THE COURT:  Okay.  So just looking at the calendar
22  here -- I don't to leave Mr. Berman just kind of in limbo here
23  indefinitely.
24           I guess, I would suggest setting -- continuing this
25  hearing for, maybe, 10 a.m. next Thursday, and asking -- is

1     this -- so, Mr. Fenton, is this something -- do you have to
2     consent or do I hear your view and then decide?
3              MR. FENTON:  My understanding -- and this is subject
4     to us just double checking the law -- but my understanding is
5     that you would hear our view and then decide.
6              THE COURT:  Okay.  So how quickly could you file
7     something Mr. Collins?
8              MR. COLLINS:  We will have something in by the end of
9     this week.
10             THE COURT:  Okay.  And can I ask -- well, first does
11    next Thursday morning work for continued hearing, sir?
12             MR. FENTON:  Your Honor, it would be preferable if we
13    could do it early the following week, if all -- all things
14    being equal.  Perhaps the 24th or the 25th?
15             THE COURT:  I could do 10 a.m. on April 24th.
16             MR. COLLINS:  Your Honor, I'm out of town on the
17    24th.  I'm in town on the 25th.
18             THE COURT:  Okay.  On the 25th, 10 a.m. the 25th.
19             MR. FENTON:  Yes, Your Honor.  Thank you.
20             THE COURT:  All right.  Just so we've got our
21    schedules, we're all on the same page, Mr. Collins is going to
22    file his motion by the 14th.  I'll ask the government to file
23    its response, I think would be the appropriate term, on the
24    20th.  And then let's be back together on the 25th.  I think --
25    I'll ask you to have your witness available, to the extent that

| | |
|---|---|
| 1 | you're not consenting.  If you're consenting, you don't need to |
| 2 | have your witness available.  But if you're not, I think I |
| 3 | would first hear argument, to the extent we need to hear |
| 4 | argument, and then at least give you an opportunity to reply to |
| 5 | their opposition.  And then if I'm keeping the case, we would |
| 6 | move right to the revocation hearing.  Does that make sense, |
| 7 | Mr. Collins? |
| 8 |     MR. COLLINS:  Sounds fine, Your Honor. |
| 9 |     THE COURT:  Does that make sense to you, sir? |
| 10 |     MR. FENTON:  Yes, Your Honor. |
| 11 |     THE COURT:  I think we already have the speedy trial |
| 12 | tolled, so I don't think there's anything else I need to do at |
| 13 | this point.  Do you agree, Mr. Fenton? |
| 14 |     MR. FENTON:  Yes, Your Honor. |
| 15 |     THE COURT:  And Mr. Collins? |
| 16 |     MR. COLLINS:  Yes, Your Honor. |
| 17 |     THE COURT:  Great.  Thank you, gentlemen.  I'll see |
| 18 | you on -- I guess it's Tuesday, April 25th. |
| 19 |     MS. PETERSON:  Does the Court have something |
| 20 | immediately after this?  Or could we keep Mr. Berman in a Zoom |
| 21 | call for a moment? |
| 22 |     THE COURT:  I do have something, but it's live -- are |
| 23 | we next at 10:30?  This went much fast than expected. |
| 24 |     MS. PETERSON:  If you could put us in a breakout room |
| 25 | and I will join and then we'll just sit someplace where we can |

1    talk with him outside of the courtroom, if that works.  Thank
2    you, Your Honor.
3              THE COURT:  I'll take a 15-minute break.
4                              *  *  *
5
6
7
8
9            CERTIFICATE OF OFFICIAL COURT REPORTER
10
11      I, JANICE DICKMAN, do hereby certify that the above and
12   foregoing constitutes a true and accurate transcript of my
13   stenographic notes and is a full, true and complete transcript
14   of the proceedings to the best of my ability.
15                   Dated this 29th day of July, 2024
16
17
18                            _____
19                            Janice E. Dickman, CRR, CMR, CCR
                              Official Court Reporter
20                            Room 6523
                              333 Constitution Avenue, N.W.
21                            Washington, D.C.  20001
22
23
24
25