UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) CRIMINAL NO. 20-CR-278-TNM |
| v. | ) |
| | ) |
| KEITH BERMAN, | ) |
| | ) |
| Defendant. | ) |

**KEITH BERMAN'S NOTICE OF CHANGE IN ECONOMIC CIRCUMSTANCES AND
MOTION FOR RECONSIDERATION OF RESTITUTION ORDER**

**INTRODUCTION**

On May 16, 2025, this Court issued an Order requiring prisoner Keith Berman to pay a monthly sum of $100 in restitution. ECF No. 217 at 16. The Court ruled that Mr. Berman had to start paying immediately, while in prison, noting that he could use "prison funds and earnings to pay the restitution award." *Id.*; *see also* 18 U.S.C. § 3664(f)(2) (providing that sentencing courts shall set the "schedule according to which[] the restitution is to be paid"). But while in prison, Mr. Berman has never earned more than $80 in a month, let alone the $100 he must pay under the Court's Order. Ex. A (Federal Bureau of Prisons, TRULINCS Account Transactions).[1] Mr. Berman's meagre earnings are not the result of an unwillingness to work. On the contrary, since being imprisoned, he has taught other inmates and worked on a team that monitors prisoners at risk of suicide. Simply put, Mr. Berman, through no fault of his own, lacks the earnings to pay the sums by himself. Mr. Berman does receive $100.00 per month from a non-profit, but those funds are not guaranteed, and in any event, he spends them on toiletries and to communicate with the outside world. *Id.* Accordingly, pursuant to 18 U.S.C. § 3664(k), Mr. Berman respectfully requests that the monthly restitution payment be reduced to $25 per month.

**BACKGROUND**

On December 7, 2023, Keith Berman pleaded guilty to securities-related offenses. ECF No. 170. A few months later, this Court sentenced Mr. Berman to 84 months in prison. ECF No. 197. In June and July, the parties briefed the amount of restitution each thought was due under the Mandatory Victims Restitution Act. ECF No. 209. At the time, however, Mr. Berman was confined in the District of Columbia jail. Only after the briefs were filed, did the Bureau of Prisons

---

[1] Exhibit A is a record generated by the Federal Bureau of Prisons. Mr. Berman respectfully requests that this court take judicial notice of its contents.

transfer Mr. Berman to his current place of confinement at the Federal Medical Center in Fort Worth.

Since being incarcerated, Mr. Berman has worked for the prison and his fellow inmates. Mr. Berman teaches three hour-long classes, each one requiring three hours of preparation. He also hosts office hours for four hours every Saturday. In total then, Mr. Berman spends about 16 hours every week using his education to rehabilitate fellow inmates. Next semester, Mr. Berman will add an additional class to his schedule.

Separately, Mr. Berman works on the suicide watch team. During each 4-hour shift, Mr. Berman monitors prisoners at risk of harming themselves. On average, Mr. Berman works 4 shifts each week. For this work, he is compensated at a rate of 80 cents per hour.

On May 16, 2025, this Court issued an Order resolving the restitution issue. ECF No. 217. The Order provides that Mr. Berman "shall pay restitution in the amount of $613,286.08." *Id.* at 17. Although this Court recognized that Mr. Berman's "financial situation is dire," *id.* at 15, it directed him to "use prison funds and earnings to pay [$100 per month] until his release," *id.* at 16.

## ARGUMENT

This Court *can* amend the Restitution Order. After all, the Mandatory Victims Restitution Act provides that sentencing courts can "adjust the payment schedule, . . . as the interests of justice require" when parties alert those courts about "material change[s] in the defendant's economic circumstances." 18 U.S.C. § 3664(k); *see also id.* § 3664(o) (listing ways that restitution orders can be modified).

Second, this Court *should* amend the order. Mr. Berman's earning potential amounts to a "material change" in his "economic circumstances." At the time parties briefed the issue of restitution, Mr. Berman had not yet been transferred to his current place of confinement, FMC Fort

Worth. Therefore, neither counsel nor Mr. Berman could accurately estimate his prison earnings. Nor could Mr. Berman foretell the monthly payment this Court would set in the restitution schedule. Accordingly, both his earning potential and the insufficiency of those earnings were not known at the time the parties briefed the restitution issue.

Moreover, the interests of justice counsel a reduction in his monthly payments. As detailed in Bureau of Prison records, Mr. Berman lacks the means with which to comply with the Court's order. Ex. A (Federal Bureau of Prisons, TRULINCS Account Transactions). And as this Court has itself noted, "Mr. Berman's financial situation is dire," and he "appears to have negative net worth." ECF No. 215 at 15 (quoting the Presentence Investigation Report, ECF No. 191, at 21). What's more, Mr. Berman faces real consequences if he, through no fault of his own, fails to come up with the Order's monthly sum. As another judge in this Court observed, "the penalties for defaulting on a criminal fine or restitution payment can be severe." *United States v. Vollongco.*, 2016 U.S. Dist. LEXIS 89285, at *17 (D.D.C. July 11, 2016). After all, the Act provides that defendants "in default" may be "h[e]ld in contempt of court," have their "probation" revoked, or their "term of supervised release" modified. 18 U.S.C. § 3613A(a)(1).[2]

The caselaw supports Mr. Berman's request. Several appellate courts, for instance, have reversed district court orders that require payments that a defendant cannot afford. *See United States v. McGlothlin*, 249 F.3d 783, 784 (8th Cir. 2001); *United States v. Myers*, 198 F.3d 160, 168-69 (5th Cir. 1999); *United States v. Grant*, 715 F.3d 552, 560 (4th Cir. 2013) (vacating restitution order "when a court imposes payment obligations that are untethered from the defendant's ability

---

[2] To be sure, the Act provides that this Court must order restitution of all the victim's losses, "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). But that command only means the court must tally the total amount of restitution by focusing on the victim's losses, not the defendant's ability to pay. By contrast, a court is allowed to consider such circumstances when determining the monthly payment amounts.

3

to meet those obligations"). Other judges in this Court have followed suit. In *United States v. Armstrong*, for example, a court had ordered a prisoner to pay $25 every three months in restitution. 2018 U.S. Dist. LEXIS 193018, at *1 (D.D.C. Nov. 13, 2018). But as the prisoner's family began to contribute to her commissary account, her payments ballooned, first to $135 per month and ultimately to $271.00 per month. *Id.* at *1-2. Making matters worse, the prison offered no job that paid anywhere near the amount the prisoner needed to satisfy the restitution order. *Id.* at *8. The court reduced the restitution amount, noting that the onerous payment prevented the prisoner from purchasing "hygiene, food and other necessary items from the commissary." *Id.* at *19. Just as in *Armstrong*, Mr. Berman does not make enough on his own to comply with this Court's Order. And just as in *Armstrong*, Mr. Berman receives some external support, which he spends on toiletries and food. Mr. Berman requests that this Court modify its Order so that Mr. Berman pay $25 per month.

DATED: May 30, 2025                                    Respectfully submitted,


/s/Kevin B. Collins
Kevin B. Collins (D.C. Bar No. 445305)
Nicholas J. Xenakis (D.C. Bar No. 90001123)
Jonah T. Panikar (D.C. Bar No. 90006218)
José F. Girón (D.C. Bar No. 90020611)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-5598

Michelle Peterson (D.C. Bar No. 438930)
Assistant Federal Public Defender
For the District of Columbia
625 Indiana Avenue, N.W.
Washington, DC 20004


*Counsel for Keith Berman*

## **CERTIFICATE OF SERVICE**

     I hereby certify that I caused copies of the foregoing to be transmitted to counsel registered to receive electronic service.


                                                       */s/ Kevin B. Collins*
                                                       Kevin B. Collins (D.C. Bar No. 445305)

                                                       *Counsel for Keith Berman*