UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**,<br><br>　　　　v.<br><br>**KEITH BERMAN**,<br><br>　　　　　Defendant. | No. 20-cr-00278 (TNM) |

**MEMORANDUM ORDER**

　　　Two years ago, Keith Berman pled guilty to wire fraud, securities fraud, and obstructing an SEC proceeding. *See* ECF No. 170. For these offenses, the Court sentenced Berman to 84 months' imprisonment, followed by supervised release. ECF No. 197 at 3–4. The Court also ordered Berman to pay $613,286.08 in restitution to his victims. Mem. Order at 17, ECF No. 217; *see* 18 U.S.C. § 3663A(c)(1)(A)(ii), (c)(1)(B) (requiring restitution for Berman's crimes). The payment schedule took account of Berman's "dire" financial situation. Mem. Order at 15. Berman must pay $100 each month, using his "prison funds and earnings" to satisfy his obligation while incarcerated. *Id.* at 16. Berman moved to modify those payment terms two weeks after the Court imposed them. Mot. for Reconsideration, ECF No. 218. He asks the Court to reduce his monthly payments to $25. *Id.* at 2. The Court denies that request.

　　　The Mandatory Victims Restitution Act permits courts to adjust a restitution payment schedule based on a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k).[1] Lacking D.C. Circuit

---

[1] The United States has not weighed in on Berman's motion. Without input from the Government, the Court could not grant the reconsideration request. The Mandatory Victims Restitution Act allows the Court to "adjust the payment schedule" only after the Attorney General "certif[ies] to the court that the victim or victims owed restitution by the defendant have

guidance on the meaning of a "material change," the Court finds persuasive the Second Circuit's direction that Section 3664(k) requires "an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000) (holding that the unfreezing of a bank account was a material change); *see United States v. Fields*, No. 99-CR-0286 (KBJ), 2020 WL 32990, at *2 (D.D.C. Jan. 2, 2020) (endorsing this test). The focus on whether a change has occurred means that difficulty making payments alone is not enough. *See, e.g.*, *Fields*, 2020 WL 32990, at *3.

Berman has not shown that his financial situation materially changed. He points to his transfer to Federal Medical Center in Fort Worth, Texas, as a material change in his circumstances. Mot. for Reconsideration at 3–4. Because Berman arrived at the facility only after the parties briefed the restitution issue, he says, they could not estimate his earning potential in prison. *Id.* But Berman's financial condition is objectively unchanged. *See Grant*, 235 F.3d at 100. When the Court imposed Berman's payment schedule, Berman was "incarcerated with no monthly cash flow." Mem. Order at 15 (citation omitted). So the Court assumed that Berman would use his "prison funds and earnings" to pay restitution each month. Mem. Order at 16. That is the exact situation Berman finds himself in now. *See* Mot. for Reconsideration at 2.

And though the parties may have been unaware of Berman's exact income potential when they briefed the restitution issue, Berman's latest filing suggests that his "prison funds and earnings" can satisfy his payment obligation. Mem. Order at 16; *see* Ex. A at 7, ECF No. 218-1 (showing Berman's prison account balance of $269.17 as of May 21, 2025). Most importantly, Berman receives $100 each month from a nonprofit. Mot. for Reconsideration at 2. He has also

---

been notified of the change in circumstances." 18 U.S.C. § 3364(k). But that language does not require certification before the Court *denies* a motion to alter the payment schedule.

earned up to $76 per month by teaching classes and working on the suicide watch team. *Id.* at 2–3; *see* Ex. A at 7. (showing a $76.05 payroll deposit on May 8, 2025). Berman's desire to spend more of this cash on toiletries and phone calls, Mot for Reconsideration at 2, does not work a material change in his financial situation, *see, e.g.*, *United States v. Locke*, No. 09-cr-259, 2012 WL 1154084, at *3 (D.D.C. Apr. 9, 2012) (refusing to suspend restitution payments based on the defendant's arguments that "her institutional earnings are insufficient and that funds provided by her family should be solely for her own use"). The Court assumed Berman would have limited financial resources when it imposed his payment plan. Mem. Order at 15.

Nor does it matter that Berman's monthly $100 stipend "is not guaranteed." Mot. for Reconsideration at 2. Berman received that gift five months in a row. *See* Ex. A at 2–6. The possibility that it could be cut off in future is not an "*immediate* change in his economic circumstances." *United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005). On that point, *Vanhorn* is instructive. There, the Eighth Circuit concluded that the district court had not abused its discretion by holding that the defendant's HIV diagnosis did not work a material change in his financial circumstances because the government paid for his medication. *Id.* That was true even though the defendant said he needed to save money while in prison so he could afford his "drug regimen after his release." *Id.* As in *Vanhorn*, Berman's hypothetical future financial condition is a question for another day.

For these reasons, the [218] Motion for Reconsideration of Restitution Order is **DENIED**.

**SO ORDERED.**

Dated: December 15, 2025                              TREVOR N. McFADDEN, U.S.D.J.